BONNIE E. ESKENAZI (SBN 119401) BEskenazi@ggfirm.com
ELISABETH A. MORIARTY (SBN 156569) EMoriarty@ggfirm.com
RICARDO P. CESTERO (SBN 203230) RCestero@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610; Fax: 310.553.0687

Attorneys for Plaintiffs

FILED
2012 NOV 19 PM 4:39
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FOURTH AGE LIMITED, a United Kingdom corporation; PRISCILLA MARY ANNE REUEL TOLKIEN, as TRUSTEE OF THE TOLKIEN TRUST, a United Kingdom Charitable Trust; THE J.R.R. TOLKIEN ESTATE LIMITED, a United Kingdom corporation; HARPERCOLLINS PUBLISHERS, LTD., a United Kingdom corporation; UNWIN HYMAN LTD., a United Kingdom corporation; and GEORGE ALLEN & UNWIN (PUBLISHERS) LTD., a United Kingdom corporation,

Plaintiffs,

v.

WARNER BROS. DIGITAL DISTRIBUTION, INC., a division of WARNER BROS. HOME ENTERTAINMENT, INC., a Delaware corporation; WARNER BROS. ENTERTAINMENT, INC., a Delaware corporation, as successor-in-interest to New Line Cinema Corp.; WARNER BROS. CONSUMER PRODUCTS, INC., a Delaware corporation; WARNER BROS. INTERACTIVE ENTERTAINMENT, INC., a division of WARNER BROS. HOME ENTERTAINMENT, INC., a Delaware corporation; NEW LINE PRODUCTIONS, INC., a California corporation, THE SAUL ZAENTZ COMPANY d/b/a Middle-earth Enterprises, a Delaware corporation; and DOES 1-10, inclusive,

Defendants.

Case No. CV 12 9912-ABC (SHx)

**COMPLAINT FOR:**

**(1) COPYRIGHT INFRINGEMENT;**

**(2) BREACH OF CONTRACT**

**(3) DECLARATORY RELIEF – Gambling Games and Downloadable Games; and**

**(4) DECLARATORY RELIEF – Trademarks, Service Marks and Services Licensing**

**REQUEST FOR JURY TRIAL**

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Plaintiffs Fourth Age Limited, a United Kingdom corporation; Priscilla Mary Anne Reuel Tolkien, as Trustee of The Tolkien Trust, a United Kingdom Charitable Trust; The J.R.R. Tolkien Estate Limited, a United Kingdom corporation; HarperCollins Publishers, Ltd., a United Kingdom corporation; Unwin Hyman Ltd., a United Kingdom corporation; and George Allen & Unwin (Publishers) Limited., a United Kingdom corporation (collectively, "plaintiffs") allege as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1338(a), and the principles of pendent jurisdiction pursuant to 28 U.S.C. § 1367(a).

2. Venue in this Judicial District is proper under 28 U.S.C. §§ 1391(b) and (c), and § 1400(a) because a substantial part of the events giving rise to the plaintiffs' claims occurred in this Judicial District, one or more defendants resides and may be found in this District, and because defendants are subject to personal jurisdiction in this District by virtue of their residing, transacting and/or soliciting business in this District.

**INTRODUCTION**

3. This case involves merchandising rights in and to *The Lord of the Rings* and *The Hobbit*. Professor J.R.R. Tolkien's seminal work "*The Lord of the Rings*" is one of the most esteemed literary properties of all time. This epic story is widely considered among the greatest literary works of twentieth century imaginative fiction, and is reported to be the second most-read book in the United States after the Bible. Professor Tolkien's *The Hobbit* is equally beloved and revered as a treasured literary classic.

4. From 2000 to 2003 (and pursuant to a limited license obtained by its predecessors-in-interest, one of which is defendant The Saul Zaentz Company), defendant Warner Bros. Entertainment, Inc., through its subsidiary, New Line

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Cinema and other affiliated companies, produced and distributed three motion pictures (the "Films") based on *The Lord of the Rings*. Defendants also obtained film rights to *The Hobbit*, and three motion pictures based on *The Hobbit* are scheduled to be released in December 2012, December 2013 and July 2014.

5. When plaintiffs' predecessors-in-interest sold the film rights to *The Lord of the Rings* and *The Hobbit* in 1969, they also granted defendants' predecessors-in-interest limited merchandising rights. Specifically, defendants' predecessors-in-interest obtained the ***limited*** right to use the characters, places, objects and events referred to in *The Lord of the Rings* and *The Hobbit* "solely and only upon and in connection with the manufacture, sale and distribution of … any and all ***articles of tangible personal*** property, other than novels, paperbacks and other printed published matter…" (emphasis added). The original contracting parties thus contemplated a limited grant of the right to sell consumer products of the type regularly merchandised at the time (such as figurines, tableware, stationery items, clothing, and the like). They did not include any grant of exploitations such as electronic or digital rights, rights in media yet to be devised or other intangibles such as rights in services. To emphasize the limited nature of the grant, plaintiffs' predecessors-in-interest specifically reserved "the right to utilize and/or dispose of all rights and/or interests not herein specifically granted."

6. The sale of legitimate Tolkien-related merchandise has, over the years, generated millions of dollars in revenue. Goods which incorporate elements from Tolkien's *The Lord of the Rings* and *The Hobbit* books continue to be hugely in demand world-wide.

7. However, in recent years, and particularly in the aftermath of the unprecedented financial and critical success of the Films, defendants have, with increasing boldness, engaged in a continuing and escalating pattern of usurping rights to which they are not entitled — rights which belong exclusively to plaintiffs. For example, although their limited merchandising license only gives them the right

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

to sell *tangible* merchandise, defendants have developed, licensed and/or sold (and continue to develop, license and/or sell) downloadable video games based on *The Lord of the Rings* and *The Hobbit*, available only by downloading and/or access via the Internet, via mobile apps, tablet apps or other similar digital distribution channels, or through other online interconnectivity such as Facebook. There is no physical or tangible item of merchandise sold to the consumer with these games. Defendants also have asserted and continue to assert that they have rights relating to a wide variety of goods and services beyond "articles of tangible personal property" and have registered trademarks and/or filed "intent to use" applications in those same categories, including without limitation hotels, restaurants, travel agencies, ringtones, online/downloadable games and housing developments — categories of rights which plainly have not been granted to them.

8. To make matters worse, plaintiffs discovered that defendants have, in excess of the limited rights granted to them, begun licensing the production and distribution of gambling games (both over the Internet and in brick-and-mortar casinos) featuring characters and story elements from *The Lord of the Rings*. Gambling constitutes a further category of rights which have never been granted to defendants (and which plaintiffs themselves would intend never to exploit). Not only does the production of gambling games patently exceed the scope of defendants' rights, but this infringing conduct has outraged Tolkien's devoted fan base, causing irreparable harm to Tolkien's legacy and reputation and the valuable goodwill generated by his works. Fans have publicly expressed confusion and consternation at seeing *The Lord of the Rings* associated with the morally-questionable (and decidedly non-literary) world of online and casino gambling. Rampant are comments such as "I actually feel angry about this…this insults Tolkien…[and] is a nasty, greedy, ugly act…Whoever is responsible should be ashamed of themselves," and "if this isn't prostituting art, I don't know what is." The damage to the goodwill that plaintiffs have painstakingly cultivated over the

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

decades is patent.

9. Plaintiffs never agreed to grant defendants unlimited and infinite rights to exploit *The Lord of the Rings* or *The Hobbit* generally and in perpetuity. Plaintiffs did not bargain for (nor did they obtain any purchase price for) defendants' progressive usurpation of plaintiffs' valuable intellectual property rights.

10. Plaintiffs have done everything in their power to appeal to defendants to stop this unlawful exploitation without resort to litigation. In good faith, plaintiffs engaged in lengthy settlement discussions with defendants, all to no avail. Defendants have made it abundantly clear that they have no intention of ceasing their infringing and wrongful conduct. To the contrary, plaintiffs believe that defendants intend to pursue similar extra-contractual licensing activity in the future, both with respect to *The Lord of the Rings* and *The Hobbit.* If left unchecked, defendants will unilaterally convert their narrow contractual grant of rights into an unlimited entitlement to exploit *The Lord of the Rings* and *The Hobbit* in any way they desire, for their own financial enrichment and with cynical disregard of the categories of rights that have been retained by plaintiffs.

11. Plaintiffs have no choice but to seek relief in the courts.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**THE PARTIES**

12. Plaintiff Fourth Age Limited ("Fourth Age") is a corporation created and existing under the laws of the United Kingdom.

13. The Tolkien Trust, constituted by a deed of trust dated April 1, 1977, is a registered charity in the United Kingdom that benefits a wide range of charitable causes throughout the world, which have included Save the Children Fund, The Darfur Appeal, Asia Earthquake Appeal, The Niger Appeal, The National Campaign for Homeless People (Great Britain), Breakthrough Breast Cancer, Alzheimer's Society, Foundation for Children with Leukemia, National Library for the Blind, Rebuilding Sri Lanka, World Cancer Research Foundation,

Climate Outreach Information Network, Friends of the Earth Trust, UNICEF, World Wildlife Foundation, The Poetry Trust, Performing Rights Society and many other worthy causes.

14. Plaintiff Priscilla Mary Anne Reuel Tolkien is a Trustee of The Tolkien Trust and she is a citizen and resident of the United Kingdom.

15. Plaintiffs The Tolkien Trust and Fourth Age, and each of them, are successors to J.R.R. Tolkien with respect to his copyright interests in *The Lord of the Rings* literary work.

16. Plaintiff The J.R.R. Tolkien Estate Limited is a corporation created and existing under the laws of the United Kingdom. The J.R.R. Tolkien Estate Limited is the successor to J.R.R. Tolkien with respect to his copyright interests in *The Hobbit* literary work.

17. Plaintiff HarperCollins Publishers, Ltd. ("HarperCollins") is a corporation created and existing under the laws of the United Kingdom. HarperCollins is the worldwide exclusive licensee of the book publishing rights in *The Lord of the Rings* and *The Hobbit*. Plaintiff Unwin Hyman Ltd. is a corporation created and existing under the laws of the United Kingdom and is a wholly owned subsidiary of HarperCollins. Plaintiff George Allen & Unwin (Publishers) Ltd. is the successor, by way of name change, of George Allen & Unwin Ltd. and is a wholly owned subsidiary of Unwin Hyman Ltd. Certain rights to proceeds from the July 8, 1969 contract between George Allen & Unwin (Publishers) Ltd. and United Artists, described below, were assigned to Unwin Hyman Ltd. and HarperCollins Publishers, Ltd.

18. Plaintiffs are informed and believe, and based thereon allege that defendant Warner Bros. Digital Distribution, Inc. ("WB Digital Distribution") is a division of Warner Bros. Home Entertainment, Inc., a corporation organized and existing under the laws of the State of Delaware, doing business in Los Angeles, California.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

19.     Plaintiffs are informed and believe, and based thereon allege that defendant Warner Bros. Interactive Entertainment, Inc. ("WB Interactive") is a division of Warner Bros. Home Entertainment, Inc.,  a corporation organized and existing under the laws of the State of Delaware, doing business in Los Angeles, California.

20.     Plaintiffs are informed and believe, and based thereon allege that defendant Warner Bros. Entertainment, Inc. ("Warner Bros. Entertainment") is the parent company of WB Digital Distribution and WB Interactive, and is organized and existing under the laws of the State of Delaware, doing business in Los Angeles, California.  Plaintiffs are further informed and believe, and based thereon allege that Warner Bros. Entertainment, including its subsidiaries, WB Digital Distribution and WB Interactive, is an entertainment conglomerate, engaged in the business of, *inter alia*, the development, production and distribution of motion pictures, television programming, and digital content, as well as various licensing activities in connection therewith.  Plaintiffs are further informed and believe, and based thereon allege that Warner Bros. Entertainment is the successor in interest to New Line Cinema Corporation ("New Line Cinema"), a surrendered Delaware corporation, previously engaged in the business of developing, producing and distributing motion pictures.

21.     Plaintiffs are informed and believe, and based thereon allege, that defendant Warner Bros. Consumer Products, Inc. ("WBCP") is a corporation organized and existing under the laws of the State of Delaware, doing business in Los Angeles, California.  Plaintiffs are further informed and believe, and based thereon allege, that WBCP is a wholly-owned subsidiary of Warner Bros. Entertainment, engaged in the business of, *inter alia*, licensing merchandising rights based on motion pictures produced by Warner Bros. Entertainment.

22.     Plaintiffs are informed and believe, and based thereon allege, that defendant New Line Productions, Inc. ("New Line Productions") is a corporation

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

organized and existing under the laws of the State of California, with its principal place of business in Los Angeles, California. Plaintiffs are further informed and believe, and based thereon allege that New Line Productions was a wholly owned subsidiary of New Line Cinema prior to its surrender, and New Line Productions is currently a wholly owned subsidiary of Warner Bros. Entertainment, engaged in the business of, *inter alia*, the development, production and distribution of motion pictures, as well as licensing activities in connection therewith. New Line Productions, New Line Cinema, WB Digital Distribution, WB Interactive, WBCP and Warner Bros. Entertainment are collectively referred to herein as "Warner Bros."

23. Plaintiffs are informed and believe, and based thereon allege, that defendant The Saul Zaentz Company d/b/a Middle-earth Enterprises ("Zaentz") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Berkeley, California, doing business in Los Angeles, California. Plaintiffs are further informed and believe, and based thereon allege that Zaentz engages in the business of, *inter alia*, the development and production of motion pictures, as well as licensing activities in connection therewith.

24. The true names and capacities of the defendants named herein as DOES 1 through 10, inclusive, whether individual, corporate, associate or otherwise, are presently unknown to plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will seek leave to amend their complaint to allege the true names and capacities of said defendants when plaintiffs have ascertained the same. On information and belief, plaintiffs allege that each of the fictitiously named defendants was responsible in some manner for the acts and omissions alleged herein and are liable to plaintiffs therefor.

25. Plaintiffs are informed and believe, and based thereon allege that in doing the acts and things hereinafter alleged, each defendant acted individually for himself and itself, and as the agent, employee, and/or representative of each of the

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

other defendants and, in doing the things hereinafter alleged, each was at all times acting within the course and scope of said agency, representation or employment relationship with the advance knowledge, acquiescence or subsequent ratification of each and every other defendant.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

**The Literary Works.**

26. J.R.R. Tolkien (1892 – 1973) was a writer, poet, philologist and University professor at Oxford University. He is the world-famous author and original copyright owner of the fantasy classics "The Hobbit: or There And Back Again" ("The Hobbit") and the three volume work known as "The Lord of the Rings," which consists of "The Fellowship of the Ring," "The Two Towers" and "The Return of the King" (collectively, "*The Lord of the Rings*").

27. Professor Tolkien's literary works have been translated into numerous different languages and are widely considered to be among the most popular and influential works in 20th-century literature. *The Lord of the Rings* has repeatedly been voted the "Book of the 20th Century" by various publications worldwide. Since their first publication more than 50 years ago, *The Hobbit* and each volume of *The Lord of the Rings* have been among the best-selling fictional works of all time.

28. *The Lord of the Rings* and *The Hobbit* are set in Professor Tolkien's fictional world of Middle-earth, inhabited by his own imaginary characters and populated by his own imaginary places, scenes, elements, situations and events. The language and lore of Middle-earth, and the fantasy-realm Professor Tolkien created in these literary works, have delighted readers around the world and have permeated our popular culture. The international following generated by Professor Tolkien's literary works have helped make *The Lord of the Rings* and *The Hobbit*, and the characters, places, scenes, elements, situations and events depicted therein distinctive and famous throughout the world.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

29. Plaintiffs have complied in all respects with the copyright laws of the United States, and all other laws governing copyright, and, as Professor Tolkien's heirs and assigns, are the owners of the exclusive rights and privileges in and to the copyrights in *The Lord of the Rings* and *The Hobbit*, as well as in and to numerous *Lord of the Rings* and *Hobbit*-related copyrights.

30. Plaintiffs own the rights, subject to certain licenses, to exploit trademarks and service marks based on *The Lord of the Rings* and *The Hobbit*.

31. As a result of plaintiffs' dedicated efforts and the phenomenal success of Professor Tolkien's literary works, *The Lord of the Rings* and *The Hobbit* (and associated and proprietary characters, elements and marks) are among the most famous and valuable marks in the world. Plaintiffs have established an excellent reputation and developed highly valuable goodwill in *The Lord of the Rings* and *The Hobbit* (and associated characters, elements and marks) and in the products, goods and services featuring them.

**Zaentz's Acquisition of Film and Limited Merchandising Rights in *The Lord of the Rings* and *The Hobbit.***

32. Plaintiffs' predecessors-in-interest, Sassoon Trustee and Executor Corporation, Ltd. ("Sassoon") and George Allen & Unwin, Ltd. ("GAU"), and Zaentz's and Warner Bros.' predecessor-in-interest, United Artists Corporation ("United Artists"), entered into a pair of contemporaneously written contracts, dated as of July 8, 1969 regarding, *inter alia*, certain motion picture rights in *The Lord of the Rings* and *The Hobbit*. One of these agreements was between Sassoon and United Artists (the "1969 Sassoon Agreement") and the other was between GAU and United Artists (the "1969 GAU Agreement"). These two agreements are collectively referred to herein as the "1969 Agreements." Each of the 1969 Agreements states that it is to be governed by New York law.

33. Under the 1969 Agreements, United Artists obtained, *inter alia*, the right to make films based on *The Lord of the Rings* and agreed, among other things,

to pay GAU and Sassoon a total of 7.5% participation in defined "Gross Receipts" from any films based upon *The Lord of the Rings*.

34. Further, under Schedule D to the 1969 Agreements (subsequently executed by the parties), United Artists additionally obtained certain ***limited*** merchandising rights in connection with *The Lord of the Rings* and *The Hobbit*. Schedule D to the 1969 GAU Agreement (the "GAU Schedule D") and Schedule D to the 1969 Sassoon Agreement (the "Sassoon Schedule D") are collectively referred to herein as the "Merchandising Agreements." The Tolkien Trust and Fourth Age are the successors-in-interest to Sassoon under the 1969 Sassoon Agreement and Sassoon Schedule D. HarperCollins is the successor-in-interest to GAU under the 1969 GAU Agreement and GAU Schedule D.

35. The crux of the parties' agreement with respect to merchandising was that United Artists obtained the limited right to use the characters, places, objects and events referred to in The Lord of the Rings, "***solely and only upon and in connection with*** the manufacture, sale and distribution of…any and all ***articles of tangible personal property***, other than novels, paperbacks and other printed published matter..."

36. To underscore the limited nature of the rights being conveyed, the 1969 Agreements contain a broad and open-ended reservation of rights clause, by which plaintiffs' predecessors-in-interest expressly reserved "the right to utilize and/or dispose of ***all rights*** and/or interests ***not herein specifically granted***…"

37. Paragraph 15 of the Merchandising Agreements additionally contains a "No Waiver, etc..." clause, which states, *inter alia*, "None of the terms of this agreement can be waived or modified except by an express agreement in writing signed by both parties."

38. The Merchandising Agreements were amended on or about October 20, 1975 (the "1975 Amendment"). The 1975 Amendment further clarifies the scope of the limited merchandising rights granted under the 1969 Agreements and

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

was intended to "provide general guidance in determining the rights in other such articles as to which questions may arise in the future." In providing such guidance, the 1975 Amendment lays out several categories of products as illustrative examples of the types of "articles of tangible personal property" the parties intended to be included in the limited 1969 merchandising rights grant (such as drawing books, posters, stationery items, figurines, calendars and similar items using primarily artwork from the films and not the printed word or any other artwork). The articles specifically referenced in these agreements make clear that the parties always intended that the merchandising rights grant encompass only items of tangible property of the type sold to consumers.

39. Thereafter, pursuant to a written agreement and assignment dated as of December 2, 1976 between United Artists and Zaentz, Zaentz acquired from United Artists, all of United Artists' right, title and interest in and to The Lord of the Rings under and pursuant to the 1969 Agreements and the Merchandising Agreements (the "Zaentz/UA Agreement").

40. In or about November 16, 1981, the Merchandising Agreements were further amended (the "1981 Amendment"). Collectively, the 1969 Agreements, the Merchandising Agreements, the 1975 Amendment and the 1981 Amendment shall be referred to herein as the "Merchandising License."

**<u>Warner Bros.' Acquisition of Limited Film-Related Merchandising Rights under the Merchandising License.</u>**

41. Thereafter, through a series of written agreements, New Line Cinema succeeded to many of the rights, interests and obligations of United Artists and Zaentz under the 1969 Agreements and the Merchandising License.

42. New Line Cinema ultimately produced and distributed three films based on *The Lord of the Rings*: "The Lord of the Rings: The Fellowship of the Ring" ("Film 1"), "The Lord of the Rings: The Two Towers" ("Film 2"), and "The Lord of the Rings: The Return of the King" ("Film 3") (collectively, the "Films").

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

The three Films, released for theatrical distribution in 2001, 2002 and 2003, respectively, met with virtually unprecedented critical and financial success.

43. The Films generated a reported $6 billion in world wide revenue and which, plaintiffs are informed and believe, and based thereon allege, earned billions of dollars for New Line Cinema and its parent company, Warner Bros. Entertainment. Plaintiffs are further informed and believe, and based thereon allege, that the Films have additionally earned Zaentz and Warner Bros. millions of dollars in legitimate merchandising licensing revenue.

44. Plaintiffs are informed and believe, and based thereon allege, that in or about 2008, New Line Cinema and New Line Productions merged with and/or became wholly owned subsidiaries of Warner Bros. Entertainment.

**The Unlawful Online Slots.**

45. In or about September 2010, plaintiffs, for the first time, learned of an online slot game known as the "Lord of the Rings: Fellowship of the Ring: Online Slot Game," which prominently features and uses characters, events, images and story elements from the first volume of Professor Tolkien's *The Lord of the Rings* and from Film 1 (the "Online Slots"). The Online Slots are a digital simulation of an actual, physical slot machine, and (in various jurisdictions of the world) allow players to gamble real money. Plaintiffs learned of the Online Slots when one of their attorneys by chance received a "spam" email advertising an "Online Casino Palace" featuring the Online Slots. Plaintiffs are informed and believe, and based thereon allege, that the email received by plaintiffs' counsel was merely one out of millions in a widespread spam email campaign used to advertise the Online Slots.

46. Upon further investigation, Plaintiffs are informed and believe, and based thereon allege, that defendants have purported to license, and continue to provide content and approvals in connection with, the development, distribution and marketing of the Online Slots.

47. Plaintiffs are informed and believe, and based thereon allege, that due

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

to the success of the Online Slots, defendants may currently be working to develop similar virtual gambling games based upon the two subsequent volumes in *The Lord of the Rings* (*The Two Towers* and *The Return of the King*) and *The Hobbit.*

**The Unlawful Casino Slot Machine.**

48. Plaintiffs are informed and believe, and based thereon allege, that defendants also have purported to license, and continue to provide content and approvals in connection with, a *Lord of the Rings*-themed casino slot machine, featuring the characters, events and imagery from the work (the "Casino Slot Machine"). Plaintiffs are informed and believe, and based thereon allege, that defendants purported to license the right to develop, manufacture and distribute the Casino Slot Machine to WMS Gaming, Inc., which, in turn, has licensed and distributed, and continues to manufacture, license and distribute the Casino Slot Machine to casinos across the world, including in California.

49. Plaintiffs are informed and believe, and based thereon allege, that one feature of the Casino Slot Machine allows players to continue to view and interact with the content featured on the Casino Slot Machine once a player has left the casino, by logging into a website over the Internet.

50. Shortly after discovering these infringing activities, plaintiffs put defendants on written notice that any purported licensing activity in connection with the Online Slots or Casino Slot Machines grossly exceeded their rights pursuant to the Merchandising License. Plaintiffs further informed defendants that such licensing activities constituted a material breach of the Merchandising License and a direct infringement of plaintiffs' rights in and to *The Lord of the Rings*.

51. Promptly after sending their breach and infringement notifications, plaintiffs engaged in extensive and detailed settlement discussions with defendants. These discussions were unsuccessful.

52. Not only do the Casino Slot Machines themselves fall outside the categories of rights granted to defendants, but defendants are additionally

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

authorizing, inciting and/or encouraging the purchaser or lessees of the Casino Slot Machines to provide gambling services to the general public in further infringement of plaintiffs' rights: the Casino Slot Machines are manufactured for no other purpose other than to facilitate these gambling services.

**The Unlawful Downloadable-Only (Non-gambling) Video Games.**

53. Plaintiffs are informed and believe, and based thereon allege that defendants have, without authorization from plaintiffs to do so, developed, licensed, sold, distributed and/or marketed a series of video games based on *The Lord of the Rings*, that do not require any tangible physical purchase, but can simply be acquired digitally by way of electronic download and/or accessed online, through a variety of digital platforms including without limitation in browsers, on social networks such as Facebook, through mobile phones and smart phone applications, internet-connected TVs and other portable devices such as iPads and tablets.

54. Plaintiffs are further informed and believe, and based thereon allege that defendants have, without authorization from plaintiffs to do so, developed, licensed, sold, distributed and/or marketed video games based on *The Hobbit* that are likewise accessible only online and/or through digital download.

55. Defendants do not have rights to such online and/or downloadable-only video games (the "Downloadable Games"). The grant of rights in the Merchandising License only gives Warner Bros. and Zaentz the right to create articles of tangible personal property. The Downloadable Games are not tangible merchandise. Defendants' exploitation of the Downloadable Games is unauthorized and an infringement of plaintiffs' valuable intellectual property rights.

**The Unlawful Exploitation of Services Licensing, Service Marks and Trademarks.**

56. The Merchandising License does not give Zaentz unlimited and infinite rights to exploit *The Lord of the Rings* or *The Hobbit* generally and in whatever manner it desires. To the contrary, Zaentz and Warner Bros. have only

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

limited merchandising rights and their trademark rights must strictly track their substantive merchandising rights under the Merchandising License. In other words, defendants can only register marks in the categories in which they have obtained legitimate rights to exploit *The Lord of the Rings* and *The Hobbit* merchandising, and must refrain from registering marks that preclude plaintiffs (the rightful owners of the marks) from exercising their own superior rights in the marks made famous by Professor Tolkien himself.

57. In spite of these restrictions, Zaentz has, slowly and consistently, begun to expand its trademark program to encroach upon areas of merchandise exploitation reserved to the plaintiffs, gradually eroding the defined contractual boundaries of the rights grant. One example of such encroachment involves Zaentz's registering trademarks and service marks for a wide variety of goods and services which plainly have not been licensed to Zaentz to exploit under the Merchandising License.

58. Additionally, despite express contractual language limiting defendants' merchandising and trademark rights to "articles of tangible personal property," defendants contend that they have obtained rights in a broad array of goods and services well beyond the limited grant contained in the Merchandising License. For example, defendants have taken the position that their merchandising and trademark rights extend to intangible items such as downloadable games and to services licensing such as travel agencies, hotels, restaurants, theme parks, housing developments and casino gambling.

59. Zaentz has even encroached on the one area of merchandising that has expressly been carved out of all negotiations and agreements between the parties from the very inception of the parties' relationship in the late 1960s — printed publications. Zaentz has unlawfully registered as the owner of trademarks in International Class 16 (paper goods and printed matter), with the effect thereby of excluding Plaintiffs from registering their own legitimate trademarks in that class.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

60. These are merely examples. Plaintiffs have taken all reasonable steps to appeal to defendants to curtail this unlawful exploitation without resort to litigation, including engaging in settlement discussions since the fall of 2010, all to no avail. Indeed, it was only upon plaintiffs' vehemently objecting to defendants' gambling activities that they asserted, not only that they fully intended to continue such activities, but also that they now claimed wide varieties of other categories of goods and services to which they had never been granted rights, including (without limitation) downloadable digital games and a variety of services. Defendants now suggest that they can and will continue to pursue similar extra-contractual trademark and service licensing activity in the future, both with respect to *The Lord of the Rings* and *The Hobbit.*

61. Plaintiffs are informed and believe, and based thereon allege, that in undertaking the conduct complained of in this action, defendants knowingly and intentionally violated plaintiffs' rights.

**FIRST CLAIM FOR RELIEF**

(Against all Defendants and Does 1-5 for Copyright Infringement)

62. Plaintiffs repeat and reallege, and incorporate herein by reference, the allegations contained in paragraphs 1 through 61, above, as though fully set forth herein.

63. Plaintiffs are the exclusive owners of the copyrights in and to *The Lord of the Rings* and *The Hobbit* (including the rights infringed by defendants). Plaintiffs have complied in all respects with the copyright laws of the United States, and all other laws governing copyright in *The Lord of the Rings* and *The Hobbit.*

64. Defendants have infringed plaintiffs' copyrights in *The Lord of the Rings* and *The Hobbit* by, without limitation, adapting, reproducing, distributing, exhibiting, and otherwise exploiting portions of *The Lord of the Rings* and *The Hobbit* in connection with the Online Slots, the Casino Slot Machine, and/or the Downloadable Games, and/or by authorizing, inducing, participating, causing or

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

materially contributing to the foregoing, with knowledge thereof.

65. At no time did defendants seek or obtain plaintiffs' permission or consent to exploit *The Lord of the Rings* and/or *The Hobbit* in the Online Slots, the Casino Slot Machine and/or the Downloadable Games.

66. Plaintiffs are informed and believe, and based thereon allege that defendants' infringing acts were, and continue to be, committed willfully and knowingly.

67. As a direct and proximate result of defendants' copyright infringement as alleged above, plaintiffs have suffered and will continue to suffer injury and damage in an amount to be determined according to proof, but which plaintiffs are informed and believe, and based thereon allege exceeds $80 million. Furthermore, plaintiffs are informed and believe, and based thereon allege, that defendants have received or will receive profits, gains or other benefits from their infringing activities, all of which should be disgorged to plaintiffs. In the alternative, plaintiffs reserve the right to seek statutory damages for defendants' intentional infringement of their copyrights.

68. Defendants' infringement of plaintiffs' copyrights in *The Lord of the Rings* and *The Hobbit* has caused and will continue to cause irreparable harm to plaintiffs which cannot be fully compensated by monetary damages. Plaintiffs have no adequate remedy at law. Plaintiffs are therefore entitled to injunctive relief preventing defendants from infringing plaintiffs' copyrights in *The Lord of the Rings* and *The Hobbit*, and recalling from the market all unauthorized uses of *The Lord of the Rings* and *The Hobbit* that have been made or authorized by defendants and/or their licensees.

69. Plaintiffs have incurred and will continue to incur attorneys' fees in pursuing this action, which plaintiffs are entitled to recover from defendants pursuant to 17 U.S.C. § 505.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**SECOND CLAIM FOR RELIEF**

(Against Warner Bros. Entertainment, Zaentz and Does 6-10 For Breach of Contract)

70. Plaintiffs repeat and reallege, and incorporate herein by reference, the allegations contained in paragraphs 1 through 69, above, as though fully set forth herein.

71. As set forth in detail above, pursuant to the terms of the Merchandising License, plaintiffs, through their predecessors-in-interest, granted to Zaentz and Warner Bros. Entertainment, through their predecessors-in-interest, certain limited merchandising rights in connection with *The Lord of the Rings* and the Films, and *The Hobbit*.

72. Further, there was at all times relevant herein, an implied covenant in the Merchandising License that Zaentz and Warner Bros. Entertainment would act in good faith and deal fairly with plaintiffs in all aspects of their contractual relationship, and would refrain from conduct that would result in destroying, frustrating, or injuring plaintiffs' rights under the Merchandising License.

73. Plaintiffs have fully performed all duties and obligations required to be performed on their part under the Merchandising License.

74. Zaentz and Warner Bros. Entertainment have materially breached and repudiated the Merchandising License by, among other things, engaging in a course of conduct which far exceeds the scope of the limited rights granted to them under the Merchandising License, in connection with, without limitation, the Online Slots, the Casino Slot Machine, the Downloadable Games, and/or the improper registration, exploitation, and/or use of service marks and trademarks, and/or the licensing and/or exploitation of services in connection with *The Lord of the Rings* and *The Hobbit* as hereinabove alleged.

75. Moreover, Zaentz and Warner Bros. Entertainment also have repeatedly breached the covenant of good faith and fair dealing contained in the

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Merchandising License by, among other things, exceeding the scope of the limited rights granted to them under the terms of the Merchandising License and engaging in numerous other wrongful acts and omissions as alleged hereinabove, all of which have deprived plaintiffs of the benefits of the Merchandising License.

76. As a direct and proximate result of Zaentz's and Warner Bros. Entertainment's acts of breach, plaintiffs have been damaged to date in a sum to be determined according to proof, but which plaintiffs are informed and believe, and on that basis allege exceeds $80 million. Plaintiffs' damages will only increase if Zaentz and Warner Bros. Entertainment continue their acts of breach.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## THIRD CLAIM FOR RELIEF

(Against all Defendants for Declaratory Judgment – Gambling Games and Downloadable Games Beyond Scope of Merchandising License)

77. Plaintiffs repeat and reallege, and incorporate herein by reference, the allegations contained in paragraphs 1 through 76, above, as though fully set forth herein.

78. By reason of the foregoing facts, an actual controversy has arisen between the parties as to whether the right to develop, produce, advertise, distribute and/or otherwise exploit (a) gambling games based on *The Lord of the Rings* and/or *The Hobbit* (such as the Online Slots and Casino Slot Machine) and (b) digital, downloadable-only video games based on *The Lord of the Rings* and *The Hobbit*, available for play only via the Internet or via download through digital platforms such as, for example, mobile apps, tablet apps or other similar digital distribution channels (such as the Downloadable Games) is beyond the scope of the merchandising rights granted to Warner Bros. and Zaentz pursuant to the terms of the Merchandising License and, therefore, whether such development, production, advertisement, distribution and/or other exploitation constitutes an infringement of plaintiffs' copyrights in *The Lord of the Rings* and *The Hobbit*. Plaintiffs contend,

and defendants dispute, that such development, production, advertisement, distribution and/or other exploitation is beyond the scope of the limited merchandising rights granted under the Merchandising License, and, therefore, such development, production, advertisement, distribution and/or other exploitation constitutes an infringement of plaintiffs' copyrights in and to *The Lord of the Rings* and *The Hobbit*.

79. In view of the foregoing, an actual controversy has arisen and exists between the plaintiffs and defendants within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201. Accordingly, plaintiffs hereby request a declaration of this Court under the provisions of 28 U.S.C. § 2201, setting forth the respective rights and other legal relations of plaintiffs and defendants. In particular, plaintiffs request a declaration that:

a. the right to develop, produce, advertise, distribute and/or otherwise exploit gambling games based on *The Lord of the Rings* and/or *The Hobbit* (including, without limitation, the Online Slots and Casino Slot Machine), is beyond the scope of the rights granted to Warner Bros. and Zaentz pursuant to the Merchandising License and, therefore, that such development, production, advertisement, distribution and/or other exploitation constitutes an infringement of plaintiffs' copyrights in and to *The Lord of the Rings* and/or *The Hobbit*, entitling plaintiffs to damages as well as permanent injunctive relief; and

b. the right to develop, produce, advertise, distribute and/or otherwise exploit downloadable-only/online/digital video games based on *The Lord of the Rings* and/or *The Hobbit* (including, without limitation, the Downloadable Games), is beyond the scope of the rights granted to Warner Bros. and Zaentz pursuant to the Merchandising License and, therefore, that such development, production, advertisement, distribution and/or other exploitation constitutes an infringement of

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

plaintiffs' copyrights in and to *The Lord of the Rings* and/or *The Hobbit*, entitling plaintiffs to damages as well as permanent injunctive relief.

**FOURTH CLAIM FOR RELIEF**

(Against all Defendants for Declaratory Judgment – Extra-Contractual Trademark, Service Marks and Services Licensing Activity)

80. Plaintiffs repeat and reallege, and incorporate herein by reference, the allegations contained in paragraphs 1 through 79, above, as though fully set forth herein.

81. The Merchandising License makes clear that the trademark rights being licensed to Zaentz and/or Warner Bros. are strictly limited to trademarks used in connection with the manufacture and sale of those "articles of tangible personal property" — and only those articles — for which they have been given the right to manufacture and sell pursuant to the Merchandising License.

82. Without any authorization from plaintiffs to do so, defendants have used (and/or asserted the right to use), applied for and/or received trademark and service mark registrations which fall outside the rights granted under the Merchandising License.

83. Additionally, defendants contend that they have obtained rights in a broad array of goods and services well beyond the limited grant contained in the Merchandising License, and have registered trademarks and/or service marks and/or filed "intent to use" applications in such categories. Merely by way of example, defendants contend, and Plaintiffs dispute, that they have obtained substantive rights to license others to use the "Name and Subject Marks" (as defined in the Merchandising License) in association with services, and that defendants have broad merchandising rights in such goods and/or services as, for example, "hotels, restaurants, travel agencies, ringtones, online games and housing developments," casino gambling and online/downloadable video games.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

84. Plaintiffs contend, and defendants dispute, that such license, use, registration or attempted registration, or other exploitation of Plaintiffs' intellectual property rights is beyond the scope of the limited merchandising rights granted under the Merchandising License, and, therefore, such development, production, advertisement, distribution and/or other exploitation as described hereinabove constitutes an infringement of plaintiffs' intellectual property rights in and to *The Lord of the Rings* and/or *The Hobbit*.

85. By reason of the foregoing facts, an actual controversy has arisen between the parties as to:

a. whether the right to license or exploit services in any categories, or the ability to register, use or exploit service marks in any categories (including without limitation hotels, restaurants, travel agencies, ringtones, online/downloadable games, housing developments, educational services, parties, festivals and cultural activities and/or amusement, theme parks and/or casino gambling) in connection with *The Lord of the Rings* and/or *The Hobbit*, is beyond the scope of the merchandising rights granted to Warner Bros. and/or Zaentz pursuant to the terms of the Merchandising License; and

b. what is the scope and extent of defendants' rights to register and/or use *Lord of the Rings* and/or *Hobbit*-related trademarks.

86. In view of the foregoing, an actual controversy has arisen and exists between the plaintiffs and defendants within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201. Accordingly, plaintiffs hereby request a declaration of this Court under the provisions of 28 U.S.C. § 2201, setting forth the respective rights and other legal relations of plaintiffs and Warner Bros. and Zaentz. In particular, plaintiffs request the following declarations:

a. That defendants do not have the right to license or exploit any services in any categories, nor the ability to register, use or exploit service

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

marks in any categories in connection with *The Lord of the Rings* and/or *The Hobbit*, and, therefore, that defendants' conduct as described hereinabove constitutes an infringement of plaintiffs' valuable intellectual property rights in and to *The Lord of the Rings* and/or *The Hobbit*, entitling plaintiffs to damages as well as permanent injunctive relief; and

b. Plaintiffs further desire a judicial determination of the parties' respective rights and obligations under the Merchandising License as they relate to the registration and/or use of *Lord of the Rings* and/or *Hobbit*-related marks.

87. A judicial declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray for judgment as follows:

1. On the First Claim for Relief, for defendants' knowing and willful infringement of plaintiffs' copyrights in *The Lord of the Rings* and *The Hobbit*:

a. For damages according to proof but which plaintiffs are informed and believe exceeds $80 million, or in the alternative, statutory damages;

b. For permanent injunctive relief to be determined by the Court at trial; and

c. For plaintiffs' reasonable attorneys' fees.

2. On the Second Claim for Relief, for Zaentz's and Warner Bros. Entertainment's breach of the Merchandising License:

a. For damages according to proof but which plaintiffs are informed and believe exceed $80 million; and

b. For interest at the maximum legal rate.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

3.    On the Third Claim for Relief:

    a.  for a declaration of the parties' rights regarding the scope of the Merchandising License;

    b.  for a declaration that defendants' development, production, advertisement, distribution and/or other exploitation of gambling games based on *The Lord of the Rings* and/or *The Hobbit* (including, without limitation, the Online Slots and Casino Slot Machine), constitutes an infringement of plaintiffs' copyrights and to in *The Lord of The Rings* and/or *The Hobbit*; and

    c.  for a declaration that defendants' development, production, advertisement, distribution and/or other exploitation of downloadable-only/online/digital video games based on *The Lord of the Rings* and/or *The Hobbit* (including, without limitation, the Downloadable Games), constitutes an infringement of plaintiffs' copyrights in and to *The Lord of The Rings* and/or *The Hobbit*.

4.    On the Fourth Claim for relief:

    a.  For a declaration that defendants do not have the right to license or exploit any services in any categories, nor the ability to register, use or exploit service marks in any categories in connection with *The Lord of the Rings* and/or *The Hobbit*; and

    b.  for a declaration of the parties' respective rights and obligations under the Merchandising License as they relate to the registration and/or use of *Lord of the Rings* and/or *Hobbit*-related trademarks and/or service marks and/or the ability to license or exploit services.

5.    On All Claims for Relief:

    a.  For plaintiffs' costs of suit herein; and

\\\\\

\\\\\

b. For such other and further relief as the Court may deem just and proper.

DATED: November 19, 2012

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: [signature]
BONNIE E. ESKENAZI (SBN 119401)
Attorneys' for the Tolkien-related Plaintiffs

**REQUEST FOR JURY TRIAL**

Plaintiffs hereby request a jury trial on all issues so triable.

DATED: November 19, 2012

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: [signature]
BONNIE E. ESKENAZI (SBN 119401)
Attorneys for the Tolkien-related Plaintiffs

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Audrey B. Collins and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

**CV12- 9912 ABC (SHx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

Bonnie E. Eskenazi (SBN 119401)
Elisabeth A. Moriarty (SBN 156569)
Ricardo P. Cestero (SBN 203230)
Greenberg Glusker Fields Claman & Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067
Tel.: (310) 553-3610; Fax: (310) 553-0687
beskenazi@greenbergglusker.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FOURTH AGE LIMITED, a United Kingdom corporation; PRISCILLA MARY ANNE REUEL TOLKIEN, as TRUSTEE OF THE TOLKIEN TRUST, a United Kingdom Charitable Trust; THE J.R.R. TOLKIEN ESTATE LIMITED, a United Kingdom corporation; HARPERCOLLINS PUBLISHERS, LTD., a United Kingdom corporation; UNWIN HYMAN LTD., a United Kingdom corporation; and GEORGE ALLEN & UNWIN (PUBLISHERS) LTD., a United Kingdom corporation,<br>PLAINTIFF(S)<br>v. | CASE NUMBER<br>CV 12 9912 -ABC(SHx) |
| WARNER BROS. DIGITAL DISTRIBUTION, INC., a division of WARNER BROS. HOME ENTERTAINMENT, INC., a Delaware corporation; WARNER BROS. ENTERTAINMENT, INC., a Delaware corporation, as successor-in-interest to New Line Cinema Corp.; WARNER BROS. CONSUMER PRODUCTS, INC., a Delaware corporation; WARNER BROS. INTERACTIVE ENTERTAINMENT, INC., a division of WARNER BROS. HOME ENTERTAINMENT, INC.; NEW LINE PRODUCTIONS, INC., a California corporation, THE SAUL ZAENTZ COMPANY d/b/a Middle-earth Enterprises, a Delaware corporation; and DOES 1-10, inclusive,<br>DEFENDANT(S). | **SUMMONS** |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you

American LegalNet, Inc.
www.FormsWorkFlow.com

must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Bonnie E. Eskenazi, of Greenberg Glusker Fields Claman & Machtinger, LLP, whose address is 1900 Avenue of the Stars, 21st Floor, Los Angeles, CA 90067. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: NOV 19 2012

By: _______________
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

American LegalNet, Inc.
www.FormsWorkFlow.com

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

FOURTH AGE LIMITED, a United Kingdom corporation; PRISCILLA MARY ANNE REUEL TOLKIEN, as TRUSTEE OF THE TOLKIEN TRUST, a United Kingdom Charitable Trust; THE J.R.R. TOLKIEN ESTATE LIMITED, a United Kingdom corporation; HARPERCOLLINS PUBLISHERS, LTD., a United Kingdom corporation; UNWIN HYMAN LTD., a United Kingdom corporation; and GEORGE ALLEN & UNWIN (PUBLISHERS) LTD., a United Kingdom corporation

**(b)** County of Residence of First Listed Plaintiff United Kingdom

*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Bonnie E. Eskenazi (SBN 119401)
Elisabeth A. Moriarty (SBN 156569)
Ricardo P. Cestero (SBN 203230)
Greenberg Glusker Fields Claman & Machtinger LLP
1900 Avenue of the Stars, 21st Floor, Los Angeles, CA 90067
(310) 553-3610

## DEFENDANTS

WARNER BROS. DIGITAL DISTRIBUTION, INC., a division of WARNER BROS. HOME ENTERTAINMENT, INC., a Delaware corporation; WARNER BROS. ENTERTAINMENT, INC., a Delaware corporation, as successor-in-interest to New Line Cinema Corp.; WARNER BROS. CONSUMER PRODUCTS, INC., a Delaware corporation; WARNER BROS INTERACTIVE ENTERTAINMENT, INC., a division of WARNER BROS. HOME ENTERTAINMENT, INC.; NEW LINE PRODUCTIONS, INC., a California corporation, THE SAUL ZAENTZ COMPANY d/b/a Middle-earth Enterprises, a Delaware corporation; and DOES 1-10, inclusive

County of Residence of First Listed Defendant ______

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Med. Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☒ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

COPY

CV 12 9912

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district *(specify)* ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity):***

Brief description of cause:

17 U.S.C. § 101 et seq. (copyright infringement); 28 U.S.C. § 2201 (declaratory judgment)

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** in excess of $80,000,000; declaratory relief

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE
November 19, 2012

SIGNATURE OF ATTORNEY OF RECORD
Bonnie Eskenazi

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| United Kingdom - All Plaintiffs | FOURTH AGE LIMITED; PRISCILLA MARY ANNE REUEL TOLKIEN, as TRUSTEE OF THE TOLKIEN TRUST, THE J.R.R. TOLKIEN ESTATE LIMITED, HARPERCOLLINS PUBLISHERS, LTD., UNWIN HYMAN LTD.; and GEORGE ALLEN & UNWIN (PUBLISHERS) LTD. |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County - All Warner Bros. entities<br><br>Alameda County - Saul Zaentz Company | WARNER BROS. DIGITAL DISTRIBUTION, INC., a division of WARNER BROS. HOME ENTERTAINMENT, INC.; WARNER BROS. ENTERTAINMENT, INC.; WARNER BROS. CONSUMER PRODUCTS, INC.; WARNER BROS. INTERACTIVE ENTERTAINMENT, INC.; WARNER BROS. HOME ENTERTAINMENT, INC.; NEW LINE PRODUCTIONS, INC.; THE SAUL ZAENTZ COMPANY |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): Bonnie Eskenazi **Date** 11-19-12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.FormsWorkflow.com