BONNIE E. ESKENAZI (SBN 119401)
BEskenazi@ggfirm.com
ELISABETH A. MORIARTY (SBN 156569)
EMoriarty@ggfirm.com
RICARDO P. CESTERO (SBN 203230)
RCestero@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California  90067-4590
Telephone:  310.553.3610
Fax:  310.553.0687

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOURTH AGE LIMITED, a United Kingdom corporation; PRISCILLA MARY ANNE REUEL TOLKIEN, as TRUSTEE OF THE TOLKIEN TRUST, a United Kingdom Charitable Trust; THE J.R.R. TOLKIEN ESTATE LIMITED, a United Kingdom corporation; HARPERCOLLINS PUBLISHERS, LTD., a United Kingdom corporation; UNWIN HYMAN LTD., a United Kingdom corporation; and GEORGE ALLEN & UNWIN (PUBLISHERS) LTD., a United Kingdom corporation, <br><br> Plaintiffs, <br><br> v. <br><br> WARNER BROS. DIGITAL DISTRIBUTION, INC., a division of WARNER BROS. HOME ENTERTAINMENT, INC., a Delaware corporation; WARNER BROS. ENTERTAINMENT, INC., a Delaware corporation, as successor-in-interest to New Line Cinema Corp.; WARNER BROS. CONSUMER PRODUCTS, INC., a Delaware corporation; WARNER BROS. INTERACTIVE ENTERTAINMENT, INC., a division of WARNER BROS. HOME ENTERTAINMENT, INC.; NEW LINE PRODUCTIONS, INC., a California corporation; THE SAUL ZAENTZ COMPANY d/b/a Middle-earth Enterprises, a Delaware corporation; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.  CV 12-09912 ABC (SHx) <br><br> Audrey B. Collins <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS OF THE WARNER PARTIES** <br><br> **[F.R.C.P. 12(b)(6)]** <br><br> **[Special Motion to Strike filed concurrently herewith]** <br><br> Date:  May 13, 2013 <br> Time:  10:00 a.m. <br> Courtroom:  680 |

*GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP*
*1900 Avenue of the Stars, 21st Floor*
*Los Angeles, California 90067-4590*

MOTION TO DISMISS WARNER PARTIES'
COUNTERCLAIMS

AND RELATED COUNTERCLAIMS.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on May 13, 2013, at 10:00 a.m. or as soon thereafter as counsel may be heard in Courtroom 680 of the above-entitled Court, located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, CA 90012, Plaintiffs and Counterclaim Defendants Fourth Age Limited, Priscilla Mary Anne Reuel Tolkien, as Trustee of the Tolkien Trust, The J.R.R. Tolkien Estate Ltd., Harper Collins Publishers, Ltd., Unwin Hyman Ltd. and George Allen & Unwin (Publishers), Ltd. (collectively, the "Tolkien/HC Parties") will, and hereby do, move the Court to dismiss the purported First Amended Counterclaims of Defendants and Counterclaimants Warner Bros. Home Entertainment, Inc., Warner Bros. Entertainment, Inc., Warner Bros. Consumer Products Inc. and New Line Productions, Inc. (collectively, the "Warner Parties"), with prejudice and without leave to amend, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Motion is made on the grounds that: (1) the Warner Parties' Amended First Counterclaim for Breach of Contract fails to state a claim upon which relief can be granted, because the Warner Parties do not and cannot allege sufficient facts to support a claim under any cognizable legal theory; (2) the Amended First Counterclaim is absolutely barred by the litigation privilege under California Civil Code section 47(b); and (3) the Amended Second Counterclaim for Declaratory Relief is redundant and duplicative, in that it unnecessarily seeks declarations on issues already before the Court by virtue of the Tolkien/HC Parties' Complaint and the Warner Parties' affirmative defenses.

The Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Special Motion to Strike the Warner Parties' Amended First Counterclaim Pursuant to California Code of Civil Procedure section 425.16, the records, pleadings and papers on file in

MOTION TO DISMISS WARNER PARTIES'
COUNTERCLAIMS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  this action, any reply papers that may be filed in connection herewith, and on such

2  other evidence and argument as may be presented to the Court at or before the

3  hearing on this matter.

4      This Motion is made following a telephonic conference of counsel for the

5  parties pursuant to Local Rule 7-3, which took place on March 14, 2013.

6

7  DATED:  March 28, 2013          GREENBERG GLUSKER FIELDS
                                   CLAMAN & MACHTINGER LLP
8

9

10                                 By:  /s/ Bonnie E. Eskenazi
                                       BONNIE E. ESKENAZI (SBN 119401)
11

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................... 1

II. STATEMENT OF RELEVANT FACTS ..................................................... 4

III. ARGUMENT .......................................................................................... 7

    A.    The Warner Parties Have Not Pleaded Facts Sufficient to Support a Claim for Breach of Contract ........................................ 7

    B.    The Warner Parties' Contrived Breach of Contract Claim Constitutes an Improper Attempt to Make an End Run Around the Stringent Malicious Prosecution Standards .................................. 11

    C.    The Purported Conduct Upon Which the Warner Parties Base Their Claim is Absolutely Privileged ......................................... 15

    D.    The Warner Parties' Amended Second Counterclaim for Declaratory Relief is Redundant and Superfluous ........................... 17

IV. CONCLUSION ..................................................................................... 20

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION TO DISMISS WARNER PARTIES'
COUNTERCLAIMS

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Allstate Insurance Co. v. Pira*,
2012 U.S. Dist. LEXIS 77234 (N.D. Cal. 2012) ................................. 17

*Andrews v. Metro North Committees Railroad Co.*,
882 F.2d 705 (2d Cir. 1989) ................................. 9

*Baker Driveway Co., Inc. v. Bankhead Enterprises*,
478 F.Supp. 857 (E. D. Mich. 1979) ................................. 14

*Berger v. Seyfarth Shaw, LLP*,
2008 U.S. Dist. LEXIS 93496 (N.D. Cal. 2008) ................................. 17

*C.B.C. Enter., Inc. v. United States*,
24 Cl.Ct. 1 (Cl.Ct. 1991) ................................. 14

*Daily v. Federal Insurance Co.*,
2005 U.S. Dist. LEXIS 46001 (N.D. Cal. 2005) ................................. 17

*Englewood Lending, Inc. v. G&G Coachella Investments, LLC*,
651 F.Supp.2d 1141 (C.D. Cal. 2009) ................................. 17

*Fireman's Fund Ins. Co. v. Ignacio*,
860 F.2d 353 (9th Cir. 1988) ................................. 18

*Ford Motor Co. v. Obsolete Ford Parts, Inc.*,
318 F.Supp.2d 516 (E. Dist. Mich. 2004) ................................. 14

*Green Bay Packaging, Inc. v. Hoganson & Assocs., Inc.*,
362 F. Supp. 78 (N.D. Ill. 1973) ................................. 18

*In re Cypress Semiconductor Securities Litigation*,
864 F.Supp. 957 (N.D. Cal. 1994) ................................. 11

*In re Verifone Securities Litigation*,
11 F.3d 865 (9th Cir. 1993) ................................. 11

*Microsoft Corp. v. BEC Computer Co., Inc.*,
818 F.Supp. 1313 (C.D. Cal. 1992) ................................. 15

*Morales v. Cooperative of American Physicians, Inc.*,
180 F.3d 1060 (9th Cir. 1999) ................................. 15

*Resolution Trust Corp. v. Ryan*,
801 F. Supp. 1545 (S.D. Miss. 1992) ................................. 17

*Stickrath v. Globalstar, Inc.*,
2008 U.S. Dist. LEXIS 95127 (N.D. Cal. 2008) ................................. 17

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

ii

MOTION TO DISMISS WARNER PARTIES'
COUNTERCLAIMS

**TABLE OF AUTHORITIES**
(continued)

Page

*U.S. v. McKeon*,
  738 F.2d 26 (2d Cir. 1984) ...................................................................... 9

*Unicom Systems, Inc. v. Electronic Data Systems, Corp.*,
  2005 U.S. Dist. LEXIS 45707 (C.D. Cal. 2005) .................................... 9

**STATE CASES**

*Abraham v. Lancaster Community Hospital*,
  217 Cal.App.3d 796 (1990) ......................................................... 10, 12, 15

*Adams v. Superior Court*,
  2 Cal.App.4th 521 (1992) ......................................................................... 15

*Atkinson v. District Bond Co.*,
  5 Cal.App.2d 738 (1935) ............................................................................ 7

*Babb v. Superior Court*,
  3 Cal.3d 841 (1971) .......................................................................... 13, 14

*British Films Do Brasil, Ltda v. London Film Productions, Inc.*,
  166 N.Y.S.2d 703 (N.Y. Sup. Ct. 1957) .................................................... 7

*Digerati Holdings, LLC v. Young Money Entertainment, LLC*,
  194 Cal.App.4th 873 (2011) ...................................................................... 15

*Dove Audio, Inc. v. Rosenfeld Meyer & Sussman*,
  47 Cal.App.4th 777 (1996) ....................................................................... 15

*Drasin v. Jacoby & Meyers*,
  150 Cal.App.3d 481 (1984) ................................................................ 12, 13

*Gittlitz v. Lewis*,
  212 N.Y.S.2d 219 (N.Y. Sup. Ct. 1961) ..................................................... 7

*Hagberg v. California Federal Bank*,
  32 Cal.4th 350 (2004) .............................................................................. 15

*Hendy v. Losse*,
  54 Cal.3d 723 (Cal. 1991) .......................................................................... 9

*Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*,
  42 Cal.3d 1157 (1986) ......................................................... 11, 12, 13, 14

*Pacific Gas & Electric Co. v. Bear Stearns & Co.*,
  50 Cal.3d 1118 (1990) ........................................................................ 12, 13

*Ramona Unified School Dist. v. Tsiknas*,
  135 Cal.App.4th 510 (2005) ............................................................... 12, 13

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION TO DISMISS WARNER PARTIES'
COUNTERCLAIMS

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Silberg v Anderson*,
50 Cal.3d 205 (1990) ........................................................................... 10

*Taylor v. Johnston*,
15 Cal.3d 130 (Cal. 1975) ..................................................................... 7

*Wentland v. Wass*,
126 Cal.App.4th 1484 (2005) .............................................................. 16

**FEDERAL STATUTES**

28 U.S.C. § 2201 .................................................................................. 18

**STATE STATUTES**

Cal. Civ. Code § 47 ................................................................................ 3

Cal. Civ. Code § 47(b) .................................................................... 10, 15

**RULES**

F.R.C.P. 12(f) ...................................................................................... 17

Local Rule 7-3 .................................................................................... 3, 5

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

iv

MOTION TO DISMISS WARNER PARTIES'
COUNTERCLAIMS

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3   ## I.   INTRODUCTION

4        On November 19, 2012, Plaintiffs and Counterclaim Defendants Fourth Age

5   Limited, Priscilla Mary Anne Reuel Tolkien, as Trustee of the Tolkien Trust, The

6   J.R.R. Tolkien Estate Ltd., Harper Collins Publishers, Ltd., Unwin Hyman Ltd. and

7   George Allen & Unwin (Publishers), Ltd. (collectively, the "Tolkien/HC Parties")

8   filed their Complaint against Defendants Warner Bros. Digital Distribution, Inc.,

9   Warner Bros. Entertainment Inc., Warner Bros. Consumer Products Inc., Warner

10  Bros. Interactive Entertainment, Inc., New Line Productions, Inc. (collectively, the

11  "Warner Parties") and The Saul Zaentz Company ("Zaentz"), asserting claims for

12  copyright infringement, breach of contract and declaratory relief (the "Complaint").

13  The dispute involves merchandising rights in and to Professor J.R.R. Tolkien's

14  seminal literary works *The Lord of the Rings* and *The Hobbit* (the "Tolkien

15  Works").[1]  The Complaint alleges that defendants exceeded the scope of the limited

16  merchandise rights licensed to their predecessors-in-interest by the Tolkien/HC

17  Parties' predecessors-in-interest.  Specifically, the Complaint alleges that the

18  defendants, among other things, improperly developed, licensed and/or sold

19  gambling games (both over the Internet and in brick-and-mortar casinos) and video

20  games based on the Tolkien Works that are delivered otherwise than by way of

21  physical media such as DVD or cartridge, including (but not limited to) games

22  delivered by way of electronic download, mobile telephone networks or social

23  media websites (the "Intangible Video Games").

24        Rather than simply answering the Complaint and asserting any colorable

25  affirmative defenses, the Warner Parties filed counterclaims asserting: (i) a

26  purported claim for breach of contract that attempts to sue the Tolkien/HC Parties

27

28  _____
    [1] The Tolkien/HC Parties are the successors to J.R.R. Tolkien with respect to his copyright interests in and to the Tolkien Works.

MOTION TO DISMISS WARNER PARTIES'
COUNTERCLAIMS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

for asserting claims in this action; and (ii) a second count for declaratory relief that is purely derivative of the Warner Parties' affirmative defenses and the declaratory relief claim asserted by the Tolkien/HC Parties in their Complaint.

The Warner Parties' Amended First Counterclaim is devoid of any factual allegation showing that the Tolkien/HC Parties refused to perform the entirety of the relevant agreements.  To the contrary, the Warner Parties' own allegations establish that they have been exploiting the fruits of the contracts for decades, and that the parties now have a dispute as to the scope of the parties' respective contractual rights. (First Amended Counterclaim ("FACC"), ¶¶ 3-4, 21-29, 33, 39-40).  Even if the Warner Parties' contract interpretation differs from that of the Tolkien/HC Parties, the Tolkien/HC Parties' position and alleged conduct plainly springs from an attempt to *enforce* the relevant contract and their reserved rights thereunder, not to repudiate it.

What, then, is the true crux of the Warner Parties' counterclaim?  The Warner Parties complain that without any legitimate justification for doing so, the Tolkien/HC Parties have, in pre-litigation and litigation communications, asserted claims which challenge the scope of Zaentz's and the Warner Parties' rights.  Put another way, the Warner Parties have sued the Tolkien/HC Parties simply for suing them.

The Warner Parties' claims are patently absurd.  The Warner Parties have no present claim for any relief at all, let alone a viable contractual claim for breach of contract.  The alleged wrongdoing — the purported bad faith assertion of claims against the Warner Parties in litigation and pre-litigation communications —is not actionable other than as a claim for malicious prosecution at the appropriate time, provided all of the stringent prerequisites for such a claim can be met (they cannot). The Warner Parties should not be allowed to avoid the protective limitations placed on pleading malicious prosecution simply by changing the label of their claim for relief.  Indeed, the courts have consistently rejected such attempts.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION TO DISMISS WARNER PARTIES'
COUNTERCLAIMS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   Additionally, the purported conduct about which the Warner Parties

2   complain is absolutely privileged under the litigation privilege codified in

3   California Civil Code section 47.  The Warner Parties' Amended First

4   Counterclaim for breach of contract is <u>exactly</u> the type of claim the litigation

5   privilege was designed to prohibit.

6   Apparently aware that its claim is fatally flawed, the Warner Parties amended

7   their original counterclaim after the Tolkien/HC Parties announced their intention

8   to file Motions to Dismiss and to Strike and discussed with the Warner Parties'

9   counsel the merits of those motions in accordance with Central District Local Rule

10   7-3.  Hoping to avoid such dispositive pleading motions, the Warner Parties simply

11   omitted their prior charging allegations — which complained that the Tolkien/HC

12   Parties have breached the contract by "challenging" the Warner Parties' rights and

13   "denying" that they have the right to exploit gambling games or Intangible Video

14   Games based on the Tolkien Works— and replaced them with vague allegations of

15   "repudiation."  As is set forth below, the Warner Parties cannot breathe life into

16   their flawed counterclaim simply by omitting relevant facts which made the prior

17   pleading legally and fatally defective.  There has been no repudiation; the so-called

18   "repudiation" is nothing more than the Tolkien/HC Parties' assertion of their own

19   rights under the parties' agreements in claims against the Warner Parties.  The

20   Court should read the omitted allegations into the Amended Counterclaim.  Taken

21   together, the original and amended allegations make clear that the Amended First

22   Counterclaim is based entirely on conduct taken in anticipation of or in connection

23   with this litigation.  The Amended First Counterclaim thus fails as a matter of law.

24   Finally, the Warner Parties' Amended Second Counterclaim for Declaratory

25   Relief is entirely duplicative of the Tolkien/HC Parties' Third and Fourth Claims

26   for Declaratory Relief contained in their Complaint, as well as numerous of the

27   Warner Parties' own affirmative defenses.  This is not a proper use of the

28   declaratory relief remedy.

For each of these independent reasons, the Motion to Dismiss should be granted in its entirety, with prejudice and without leave to amend.[2]

## II.   STATEMENT OF RELEVANT FACTS

A detailed recitation of the relevant facts is set forth in full in the accompanying Special Motion to Strike.  In the interests of brevity, those detailed facts will not be repeated here.  Briefly, the relevant facts as alleged in the Warner Parties' Amended Counterclaim are:[3]

The Tolkien/HC Parties' predecessors-in-interest and the Warner Parties' predecessor-in-interest, United Artists Corporation ("United Artists"), entered into a pair of contemporaneously written contracts, dated as of July 8, 1969 (the "1969 Agreements") regarding, inter alia, certain motion picture rights in Professor Tolkien's literary works *The Lord of the Rings* and *The Hobbit* (the "Tolkien Works").  (FACC, ¶ 20).

The Warner Parties allege that pursuant to the 1969 Agreements, Zaentz and Warner Bros. obtained the rights to exploit online/downloadable video games and gambling games based on the Tolkien Works.  (FACC, ¶¶ 3-4, 21-29).  The Warner Parties further allege that "for years," and with the Tolkien/HC Parties' knowledge and consent, they (and Zaentz) have exploited online video games and gambling, and that the Tolkien/HC Parties have long known of and agreed to such exploitation.  (FACC, ¶¶ 3-4, 21-29).

The Warner Parties further allege that to the extent the 1969 Agreements did not originally convey rights to Zaentz and the Warner Parties to online video games, the 1969 Agreements were amended in 1998 to include those rights by virtue of counsel for the Tolkien Estate's failure to object to and/or confirmation of such exploitation in 1998.  (FACC, ¶¶ 33, 40).

---

[2] Zaentz has filed similar counterclaims, which are the subject of separate, concurrently-filed Motions to Dismiss and to Strike.
[3] Although the Tolkien/HC Parties do not concede the truth of the Warner Parties' alleged facts, for purposes of this Motion, they are assumed to be true as required by law.

4

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    The Warner Parties allege that in 2010, the parties reached an agreement (the

2    "2010 Regrant Agreement") in which the Tolkien/HC Parties and others revoked

3    the rights granted under copyright laws pursuant to the 1969 Agreements and re-

4    granted all the rights that had been previously granted, on the same terms and

5    conditions as existed previously.  (FACC, ¶ 32).  Accordingly, the Warner Parties

6    contend, the 2010 Regrant Agreement conveyed the rights to online video games

7    and gambling games. (FACC, ¶¶ 33, 40).  The Warner Parties further allege that

8    they are an intended third-party beneficiary to the rights granted to Zaentz under the

9    2010 Regrant Agreement.  (FACC, ¶ 42).

10   There presently exists between the parties an actual controversy and dispute

11   over whether the Warner Parties have the right to exploit video games accessible

12   only online or through download and gambling games based on the Tolkien Works.

13   (FACC, ¶ 47).  The Tolkien/HC Parties deny that the Warner Parties have such

14   rights.  (FACC, ¶ 47).  The Tolkien/HC Parties have sued the Warner Parties over

15   their exploitation activities.  (FACC, ¶ 48).

16   In their Original Counterclaim, the Warner Parties alleged that the

17   Tolkien/HC Parties "have materially breached the 2010 Regrant Agreement" by

18   "challenging Warner's exploitation of the broad rights granted to Zaentz and

19   Warner under the 2010 Regrant Agreement, which include online video games and

20   gambling games, and denying that the 2010 Regrant Agreement conveyed the rights

21   to exploit online video games and gambling games."  (Original Counterclaim, ¶

22   43).  The Warner Parties contended that the Tolkien/HC Parties' assertion of their

23   claims is unreasonable and in bad faith.  (Original Counterclaim, ¶ 35).

24   Pursuant to Central District Local Rule 7-3, the parties met and conferred

25   concerning the Motions to Dismiss and to Strike the Tolkien/HC Parties intended to

26   file directed at the original counterclaims, and specifically discussed that the

27   Warner Parties' Original First Counterclaim was nothing more than a disguised,

28   premature and defective claim for malicious prosecution and was barred by

California's litigation privilege.  Apparently recognizing the merits of the Tolkien/HC Parties' intended motions, the Warner Parties voluntarily amended their counterclaims to try to escape dismissal.  Attempting to obscure the defects in their pleading, the Warner Parties filed an amended pleading which simply omits the fatal allegations which proved their prior pleading defective, and replaced them with the word "repudiation":

| ORIGINAL COUNTERCLAIM | AMENDED COUNTERCLAIM |
|---|---|
| "Counterclaim Defendants have materially breached the 2010 Regrant Agreement by, among other things, ***challenging*** Warner's exploitation of the broad rights granted to Zaentz and Warner under the 2010 Regrant Agreement, which include online video games and gambling games, ***and denying*** that the 2010 Regrant Agreement conveyed the rights to exploit online video games and gambling games." (Original Counterclaim, ¶ 43, emphasis added.) | "Counterclaim Defendants have materially breached the 2010 Regrant Agreement by, among other things, ***repudiating*** their broad grant of rights under the 2010 Regrant Agreement to Zaentz (which Zaentz then licensed to Warner), which provide for Warner's exploitation of online video games and gambling games."  (FACC, ¶ 44, emphasis added.) |

Despite this semantic gamesmanship, the alleged breaching conduct by the Tolkien/HC Parties remains the same; the Tolkien/HC Parties' so-called "repudiation" is nothing more than the Tolkien/HC Parties' assertion of their own rights under the parties' agreements made during pre-litigation and litigation communications, challenging the scope of the Warner Parties' contractual rights.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   **III.   ARGUMENT**

2       **A.   The Warner Parties Have Not Pleaded Facts Sufficient to Support**

3           **a Claim for Breach of Contract.**

4       The Warner Parties allege that the Tolkien/HC Parties have breached the

5   1969 Agreements and the 2010 Regrant Agreement by repudiating them.  For a

6   party to repudiate a contract, an "essential element [] is that the repudiation by the

7   promisor occur before his performance is due under the contract." *Taylor v.*

8   *Johnston*, 15 Cal.3d 130, 137 (Cal. 1975).  Furthermore, the repudiation must be

9   "an unqualified and positive refusal to perform and must go to *the whole of the*

10  *contract*."  *Gittlitz v. Lewis*, 212 N.Y.S.2d 219, 220 (N.Y. Sup. Ct. 1961) (emphasis

11  added).  *See also*, *Taylor, supra*, at 140 (to constitute an express repudiation "the

12  refusal to perform must be of the whole contract") (internal quotations omitted);

13  *Atkinson v. District Bond Co.*, 5 Cal.App.2d 738, 743 (1935) ("refusal to perform

14  *must be of the whole contract* or of a covenant going to the whole consideration")

15  (emphasis added); *British Films Do Brasil, Ltda v. London Film Productions*, *Inc.*,

16  166 N.Y.S.2d 703, 706 (N.Y. Sup. Ct. 1957) (repudiation "must be entire, absolute

17  and unequivocal, covering the entire performance to which the contract binds the

18  promisor"). [4]

19      Here, there is no allegation that the Tolkien/HC Parties have failed to

20  perform in a manner going to the heart of the 1969 Agreements or the 2010 Regrant

21  Agreement, nor any contention that the Tolkien/HC Parties have manifested an

22  intent to "fully breach" the "entire" contract.  To the contrary, the Warner Parties'

23  allegations, if taken as true as they must be for purposes of this Motion, establish

24  that the Tolkien/HC Parties have performed for decades and that Zaentz and the

25  Warner Parties have long enjoyed numerous lucrative contractual benefits.  The

26  Warner Parties specifically allege that they obtained "broad rights" in the Tolkien

27  ────────────

28  [4] The 1969 Agreements are governed by New York substantive law.  The 2010
    Regrant Agreement is governed by California substantive law.  The law of the
    forum, California, applies to procedural questions.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  Works through the Tolkien/HC Parties, that they engaged in and exploited the

2  "customary activities that movie studios traditionally pursue to make large-scale

3  motion pictures both profitable and possible" and even that they have exploited the

4  right to license online video games and gambling games based on the Tolkien

5  Works for years, with the Tolkien/HC Parties' purported knowledge and consent.

6  (FACC, ¶¶ 3-4, 21-29, 35).

7      There can be no repudiation on the facts alleged.  The difference of opinion

8  between the parties over the <u>scope</u> of the rights licensed to the Warner Parties and

9  Zaentz, and those contractually reserved by the Tolkien/HC Parties, cannot be read

10 as evincing a refusal by the Tolkien/HC Parties to perform the entirety of the 1969

11 Agreements or the 2010 Regrant Agreement or a breach which goes to the

12 agreements' very heart.  Indeed, the Warner Parties can point to no affirmative and

13 executory obligation of the Tolkien/HC Parties remaining to be performed.  <u>No</u>

14 performance whatsoever has been withheld from the Warner Parties; the Warner

15 Parties' own pleadings, on their face, allege that the entirety of the Tolkien/HC

16 Parties' required performance — the purported grant of rights based on the Tolkien

17 Works — was completed more than four decades ago.  The Warner Parties argue

18 only that the Tolkien/HC Parties' assertion that the Warner Parties have exceeded

19 the scope of their license by exploiting gambling and Intangible Video Games

20 violates the contractual duty of good faith and fair dealing.  But as a matter of law,

21 that does not constitute a "repudiation" of the entire contract.

22      Far from unequivocally repudiating the relevant agreements and treating

23 them as at an end, the Tolkien/HC Parties here seek to <u>enforce</u> the parties'

24 agreements, more specifically, the rights the Tolkien/HC Parties have expressly

25 reserved under those agreements. (Warner Answer, ¶36.)  The mere assertion of a

26 claim that a party has exceeded the scope of certain contractually granted rights

27 cannot be, and is not, a repudiation of the entirety of the contract.  Nor does it

28 constitute a breach.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION TO DISMISS WARNER PARTIES'
COUNTERCLAIMS

1    The Warner Parties know full well that there has been no "repudiation" by

2    the Tolkien/HC Parties; indeed, the Warner Parties did not even allege repudiation

3    in their original counterclaim.  It was only after the Tolkien/HC Parties discussed

4    the merits of their intended Motions to Dismiss and to Strike that the Warner

5    Parties amended their original pleading, and the word "repudiation" surfaced.

6        The Warner Parties' manipulative pleading practices — by which they have

7    attempted to eliminate from their amended pleading the allegations which show that

8    the alleged breaches of contract all involve communications by the Tolkien/HC

9    Parties made in anticipation of and in connection with the instant lawsuit — are

10   wholly improper and are ineffective to avoid the negative consequences of their

11   prior allegations.  *See U.S. v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984) ("A party

12   thus cannot advance one version of the facts in its pleadings, conclude that its

13   interests would be better served by a different version, and amend its pleadings to

14   incorporate that version, safe in the belief that the trier of fact will never learn of the

15   change in stories"), *citing*, *Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc.*,

16   32 F.2d 195, 198 (2d Cir. 1929).  *See also*, *Hendy v. Losse*, 54 Cal.3d 723, 742-43

17   (Cal. 1991) ("'Where a. . . complaint contains allegations destructive of a cause of

18   action, the defect cannot be cured in subsequently filed pleadings by simply

19   omitting such allegations without explanation.  In such a case, the original defect

20   infects the subsequent pleading so as to render it vulnerable'" to a pleading motion)

21   (internal citations omitted); *Unicom Systems, Inc. v. Electronic Data Systems,*

22   *Corp.*, 2005 U.S. Dist. LEXIS 45707 at *31 (C.D. Cal. 2005) (admission in original

23   complaint, though excluded in amended complaint, is "strong evidence of that"

24   admission).  The Warner Parties are bound by the allegations they pleaded in their

25   original counterclaim.  *Andrews v. Metro North Committees Railroad Co.*, 882 F.2d

26   705, 707 (2d Cir. 1989) ("The amendment of a pleading does not make it any the

27   less an admission of the party").

28       No matter how hard they try to mask it, the so-called "repudiation" alleged in

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION TO DISMISS WARNER PARTIES'
COUNTERCLAIMS

the Amended Second Counterclaim is nothing more than the Tolkien/HC Parties'
assertion of legal claims regarding the scope of the parties' respective rights under
the relevant agreements — conduct which, as is set forth more fully below and in
the concurrently filed Special Motion to Strike, is absolutely privileged under
California Civil Code § 47(b).   In other words, the only alleged "threat" to the
Warner Parties' exploitation of their rights is the present litigation, which creates
the possibility (indeed, plaintiffs contend, the likelihood) that there will be a
judicial determination that gambling games and Intangible Video Games were not
among the rights licensed to Zaentz and the Warner Parties, but were instead
expressly reserved to the Tolkien/HC Parties by contract.   The original and
amended counterclaims, taken together, demonstrate unequivocally that the Warner
Parties have sued the Tolkien/HC Parties for suing the Warner Parties and for
seeking to enforce their contractual rights.

The Warner Parties' novel theory of liability is not the law, and it runs
directly contrary to California's strong public policy protecting communications
made in connection with litigation, regardless of the litigant's motives or intent.
*See Silberg v Anderson*, 50 Cal.3d 205, 218-220 (1990); *Abraham v. Lancaster
Community Hospital*, 217 Cal.App.3d 796, 812-814 (1990).   The Warner Parties
can point to no California case in which the implied covenant of good faith and fair
dealing has been extended to the litigation of contract claims and defenses, to
preclude a party from asserting a claim based on a disagreement over the scope of a
particular license.

The Tolkien/HC Parties' attempt to enforce their contractual rights through
the filing of the present lawsuit simply is not actionable.   The trier of fact will
determine the scope of the parties' rights under the relevant agreements.   If the
Tolkien/HC Parties are found to be correct in their legal assertions, their rights will
be enforced and the Warner Parties must cease their infringing and extra-
contractual conduct.   If the Warner Parties are found to be correct, Zaentz and the

MOTION TO DISMISS WARNER PARTIES'
COUNTERCLAIMS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Warner Parties can continue to exploit gambling games and Intangible Video Games and the Warner Parties can attempt to file a malicious prosecution action at the appropriate time, assuming they can meet the stringent pleading requirements of that tort (they will not).  What the Warner Parties cannot do, however, is assert a breach of contract counterclaim for damages based on the Tolkien/HC Parties' claims against the Warner Parties (despite their unsupported allegations of bad faith), simply by invoking the concept of "repudiation."  For this independent reason, the Motion to Dismiss should be granted.[5]

**B.    The Warner Parties' Contrived Breach of Contract Claim Constitutes an Improper Attempt to Make an End Run Around the Stringent Malicious Prosecution Standards.**

Although characterized as a claim for breach of contract, at its core the Amended First Counterclaim is really nothing more than a thinly-veiled, deficient claim for malicious prosecution — the Warner Parties are challenging the Tolkien/HC Parties' substantive motivation for pursuing the instant litigation.  The Warner Parties, of course, cannot satisfy the stringent pleading requirements of such a claim.[6]  At the very minimum, that tort claim would be premature, in that the Warner Parties cannot possibly allege that the action has terminated in their favor

---

[5] That the Warner Parties have pleaded unsubstantiated legal conclusions such as that the Tolkien/HC Parties' "assertion that Warner and Zaentz do not have these rights is not reasonable and, upon information and belief, was not asserted in good faith" or that the Tolkien/HC Parties are "simply attempting to extract additional huge sums of money" (FACC ¶ 35) does not alter this conclusion.  The court need not accept as true allegations that are legal conclusions, even if cast in the form of factual allegations.  *E.g. In re Cypress Semiconductor Securities Litigation*, 864 F.Supp. 957, 958 (N.D. Cal. 1994), *citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2937, 2944, 92 L.Ed.2d 209 (1986).  "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."  *In re Verifone Securities Litigation*, 11 F.3d 865, 868 (9th Cir. 1993).

[6] An action for malicious prosecution requires the plaintiff to establish that a prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination favorable to the plaintiff (2) was brought without probable cause; and (3) was initiated with malice.  *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*, 42 Cal.3d 1157, 1170 (1986), *citing Bertero v. National General Corp.*, 13 Cal.3d 43, 50 (1974).

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    — this case is in its infancy.

2         Plain and simple, under California law the Warner Parties have no present,

3    viable claim for relief against the Tolkien/HC Parties for suing the Warner Parties

4    or asserting claims against them, even if done in "bad faith" (which the Tolkien/HC

5    Parties dispute in any event).  The sole remedy available to the Warner Parties for

6    the conduct alleged (apart from Rule 11 sanctions) is a potential <u>future</u> claim for

7    malicious prosecution.  *See Abraham, supra,* at 824-825; *Oren Royal Oaks Venture*

8    *v. Greenberg, Bernhard, Weiss & Karma, Inc.*, 42 Cal.3d 1157, 1169 (1986).

9         Perhaps motivated by an attempt to gain some tactical leverage in the case,

10   and/or — equally likely — because the Warner Parties recognize that the

11   Tolkien/HC Parties will ultimately prevail in this case, the Warner Parties do not

12   want to wait until this action is concluded to assert their alleged claim.  The courts,

13   however, have consistently rejected similar attempts by litigants to avoid the

14   protective restrictions placed on pleading malicious prosecution simply by

15   changing the label of the asserted claim for relief.  *E.g  Oren Royal Oaks Venture*,

16   42 Cal.3d at 1169; *see also Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50

17   Cal.3d 1118, 1131, 1137 (1990)( "[u]nder existing law, the only common law tort

18   claim that treats the instigation or bringing of a lawsuit as an actionable injury is the

19   action for malicious prosecution." ); *Ramona Unified School Dist. v. Tsiknas*, 135

20   Cal.App.4th 510, 520-522 (2005) (where gravamen of claim asserts party was

21   injured by the initiation or continued pursuit of meritless litigation for malicious

22   purposes, the label of the claim must be disregarded and claim treated as one for

23   malicious prosecution); *Drasin v. Jacoby & Meyers*, 150 Cal.App.3d 481, 485

24   (1984) (even if legal malpractice complaint amounted to attempt to coerce

25   settlement, mere filing of complaint, without some more substantial use or misuse

26   of judicial process, did not amount to abuse of process).  As the Supreme Court in

27   *Oren Royal Oaks Venture* explained:

28        "The elements of the common law malicious-prosecution cause of

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

action have evolved over time as an appropriate accommodation between the freedom of an individual to seek redress in the courts and the interest of a potential defendant in being free from unjustified litigation.  In order to avoid an improper 'chilling' of the right to seek redress in court, the common law provides that to prevail in a tort action for malicious prosecution a party must demonstrate 'that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his ... favor ...; (2) was brought without probable cause ...; and (3) was initiated with malice....' [citation omitted]."  42 Cal.3d at 1169-70 (emphasis added).

The Court reasoned that the elements necessary to state a malicious prosecution claim strike the appropriate balance between the right to seek judicial relief and the right to be free from unjustified litigation.  *Id.*; *see Ramona Unified*, *supra*, at 521.  Because the prescribed elements of malicious prosecution — such as obtaining a favorable termination or lack of probable cause — play "a crucial role in protecting the right to seek judicial relief," courts have refused to abrogate such elements by expanding other causes of action to encompass the alleged improper or bad faith filing of a lawsuit.  *Oren*, *supra*, at 1169-1170.

The Warner Parties' transparent efforts to avoid the stringent malicious prosecution standards by disguising their claim as one for breach of contract likewise should be rejected.  Although *Pacific Gas & Electric* and *Oren Royal Oaks Venture* and their progeny involved mislabeled tort claims, the Court's reasoning applies with equal force to the manufactured contract claim asserted here.  If the filing of an action for an allegedly improper or bad faith purpose were itself sufficient to give rise to a breach of contract claim (other than a breach of a covenant not to sue), the "lack-of-probable-cause" element and other protections inherent in the elements applicable to a malicious prosecution claim would be completely negated.

Allowing the Warner Parties' purported Amended First Counterclaim to stand would allow every defendant in a breach of contract case to counterclaim for supposed "repudiation" based on the plaintiff's claim alone.  *See Babb v. Superior Court*, 3 Cal.3d 841, 846-847 (1971) ("Abolition of the requirement that malicious

prosecution suits be filed as separate actions after termination of the main litigation would surely increase the incidence of such suits, since filing a cross-action requires less time, expense and preparation than does initiation of a separate action").  Indeed, under the Warner Parties' reasoning, the Tolkien/HC Parties should now be allowed to amend their Complaint to state an additional new claim against the Warner Parties for breach of the implied covenant, since the Tolkien/HC Parties contend that the Warner Parties *know* the Tolkien/HC Parties asserted their claims in good faith, that the Warner Parties are the parties acting in bad faith and that the Amended First Counterclaim is merely a meritless defensive ploy designed to delay and harass.  This, obviously, is an untenable situation and thankfully, it is not the law.[7]

Because the Warner Parties' Amended First Counterclaim is nothing more than a thinly disguised malicious prosecution claim — the Warner Parties contend that the Tolkien/HC Parties asserted their claims unreasonably and in bad faith — the claim fails as a matter of law.  The Warner Parties cannot possibly satisfy the pleading requirements of a malicious prosecution claim, including the requirement that a prior action terminated in their favor.  Indeed, this defect cannot be cured by amendment because the Warner Parties cannot possibly obtain a favorable termination until this case is over.  *See e.g. Babb*, 3 Cal.3d at 846.  Accordingly, for

---

[7] Other jurisdictions are in accord.  *See Ford Motor Co. v. Obsolete Ford Parts, Inc.*, 318 F.Supp.2d 516, 518-520 (E. Dist. Mich. 2004)(granting motion to dismiss counterclaims for tortious breach of contract and other torts based on alleged bad faith demand letters and trademark infringement claim; counterclaim, although labeled otherwise, was a disguised malicious prosecution claim but defendant could not satisfy the essential element of a prior favorable ruling); *Baker Driveway Co., Inc. v. Bankhead Enterprises*, 478 F.Supp. 857, 859-60 (E. D. Mich. 1979) ) (cited with approval by the California Supreme Court in *Pacific Gas & Electric* and *Oren Royal Oaks Venture*) (dismissing intentional interference claim alleging that defendants intervened in a Patent Office proceeding regarding plaintiff's patent application despite knowing that their actions were legally groundless as a disguised malicious prosecution which was premature because the pending administrative proceeding had not yet concluded); *C.B.C. Enter., Inc. v. United States*, 24 Cl.Ct. 1 (Cl.Ct. 1991) (in which the United States Claims Court dismissed the plaintiffs' claim for breach of the implied covenant of good faith and fair dealing, finding that despite the label, the breach allegations substantively amounted to a claim for malicious prosecution and abuse of process).

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  this independent reason, the Motion to Dismiss should be granted without leave to

2  amend.

3

4

5        **C.**      **The Purported Conduct Upon Which the Warner Parties Base**

6                  **Their Claim is Absolutely Privileged.**

7        As is discussed in detail in the accompanying Special Motion to Strike, the

8  Warner Parties' allegations involve communications that concern this litigation,

9  were made in anticipation of this litigation, and were made to parties interested in

10  this litigation.  The purported conduct about which the Warner Parties complain is

11  thus privileged under California Civil Code § 47(b).  Section 47(b) provides an

12  absolute privilege for any communications made in, or in connection with, judicial

13  proceedings.  *Dove Audio, Inc. v. Rosenfeld Meyer & Sussman*, 47 Cal.App.4th

14  777, 784 (1996); *Digerati Holdings, LLC v. Young Money Entertainment, LLC*, 194

15  Cal.App.4th 873, 887-888 (2011).  The privilege is an absolute bar to claims other

16  than malicious prosecution.  *Hagberg v. California Federal Bank*, 32 Cal.4th 350,

17  360 (2004).   The privilege applies both to filings in a lawsuit and to

18  communications preliminary to a proposed judicial proceeding (such as a demand

19  letter).  *Dove Audio*, 47 Cal.App.4th at 781.

20        Courts interpreting the privilege have given it an expansive reach, holding

21  that the privilege is absolute, even if the result is inequitable.  *See Abraham*, 217

22  Cal.App.3d at 813 (privilege is absolute and is unaffected by a defendant's

23  motives); *Microsoft Corp. v. BEC Computer Co., Inc.*, 818 F.Supp. 1313, 1319

24  (C.D. Cal. 1992) ("[E]ven the filing of improper or meritless pleadings, with an

25  ulterior purpose, is privileged").  Any doubt as to whether the privilege applies

26  should be resolved in favor of applying it.  *Morales v. Cooperative of American*

27  *Physicians, Inc.*, 180 F.3d 1060, 1062 (9th Cir. 1999);  *Adams v. Superior Court*, 2

28  Cal.App.4th 521, 531 (1992).  Courts have applied the litigation privilege to breach

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  of contract cases when its application furthers the purposes behind the privilege.

2  *Wentland v. Wass*, 126 Cal.App.4th 1484, 1492 (2005).

3      From the face of the Amended First Counterclaim, all of the acts which

4  allegedly damaged the Warner Parties are communications made during the course

5  of, or preparatory to, this lawsuit.  The Warner Parties allege that the Tolkien/HC

6  Parties' claims are "not reasonable" and "not asserted in good faith."  (FACC, ¶ 35)

7  Moreover, the Warner Parties' original allegations, which the Warner Parties

8  cannot escape, contended that the Tolkien/HC Parties have asserted these rights

9  nevertheless, thereby "challenging Warner's exploitation of the broad rights granted

10  to Zaentz and Warner Bros. under the 2010 Regrant Agreement, which include

11  online video games and gambling games, and denying that the 2010 Regrant

12  Agreement conveyed the rights to exploit online video games and gambling

13  games." (Original Counterclaim, ¶ 43).

14      All of these allegations describe purported conduct made in connection with,

15  or preparatory to, this litigation.  The Warner Parties now omit the original

16  allegations, replacing "challenging Warner's exploitation" with "repudiation."  But

17  the purported conduct remains the same, and it is precisely the type of conduct that

18  the litigation privilege was designed to protect: the Tolkien/HC Parties' assertion of

19  their claims in anticipation of filing this lawsuit and in this very lawsuit itself.

20      Moreover, both the Original and Amended Counterclaim expressly allege

21  that the Tolkien/HC Parties have sued the Warner Parties over the Warner Parties'

22  exploitation activities, and acknowledge that there is a dispute among the parties in

23  that the Warner Parties claim the right to exploit gambling games and video games

24  accessible only online or through download based on the Tolkien Works and the

25  Tolkien/HC Parties deny that the Warner Parties have such rights.  (FACC, ¶ 47,

26  48).

27      Plainly, the purported conduct alleged by the Warner Parties is simply and

28  absolutely privileged.  Thus, for this independent reason as well, the Motion to

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   Dismiss the Amended First Counterclaim should be granted without leave to

2   amend.

3

4       **D.**    **The Warner Parties' Amended Second Counterclaim for**

5              **Declaratory Relief is Redundant and Superfluous.**

6         The Court's authority under The Declaratory Judgment Act is entirely

7   discretionary – giving Courts "the authority to declare the rights and legal relations

8   of interested parties, but not a duty to do so." *Allstate Insurance Co. v. Pira*, 2012

9   U.S. Dist. LEXIS 77234 at *15 (N.D. Cal. 2012) (internal citations omitted).

10  Courts consistently use that discretion to dismiss counterclaims for declaratory

11  relief which "are either the 'mirror image' of claims in the complaint or redundant

12  of affirmative defenses." *Id.*; *see also Englewood Lending, Inc. v. G&G Coachella*

13  *Investments, LLC*, 651 F.Supp.2d 1141, 1145-1147 (C.D. Cal. 2009) (dismissing

14  two counterclaims seeking declaratory relief as redundant in light of plaintiff's

15  claims and unnecessary due to defendant's affirmative defenses); *Resolution Trust*

16  *Corp. v. Ryan*, 801 F. Supp. 1545, 1556 (S.D. Miss. 1992) (finding "redundant and

17  moot" defendants' counterclaims seeking an adjudication that they did not violate

18  the duties they were alleged to have violated in plaintiffs' complaint); *Berger v.*

19  *Seyfarth Shaw, LLP*, 2008 U.S. Dist. LEXIS 93496 at *6-7 (N.D. Cal. 2008)

20  (dismissing three "entirely redundant" declaratory relief counterclaims duplicative

21  of defendant's affirmative defenses).  *See also Stickrath v. Globalstar, Inc.*, 2008

22  U.S. Dist. LEXIS 95127 at *15-24 (N.D. Cal. 2008)[8] (striking as "superfluous"

23  defendant's declaratory relief counterclaim because duplicative of already alleged

24  affirmative defense); *Daily v. Federal Insurance Co.*, 2005 U.S. Dist. LEXIS 46001

25  at *14-21 (N.D. Cal. 2005) (striking declaratory relief counterclaims regarding

26  determination of insurance non-coverage as duplicative of plaintiff's declaratory

27  _____

[8] To the extent the Court may be inclined to find some portion of the Warner

28  Parties' counterclaims remains viable, the Court may strike all other redundant
and/or inappropriate portions pursuant to F.R.C.P. 12(f).

relief claim regarding coverage); *Green Bay Packaging, Inc. v. Hoganson & Assocs., Inc.*, 362 F. Supp. 78, 82 (N.D. Ill. 1973) (holding that counterclaim for declaratory relief which seeks a declaration as to claims already before the court was "repetitious and unnecessary" and should be stricken).

Indeed, declaratory relief was not created to allow a defendant to manufacture an affirmative claim out of defenses to a suit which has already been filed. The "central purpose of the Declaratory Judgment Act . . . is to provide the opportunity to clarify rights and legal relationships without waiting for an adversary to file suit." *Fireman's Fund Ins. Co. v. Ignacio*, 860 F.2d 353, 354 (9th Cir. 1988). Nor is the purpose of a declaratory judgment to provide for the resolution of a dispute which is not <u>already</u> the subject of pending litigation. "[T]he fact that another action, involving substantially the same issue, is pending in a state or federal court is a potent factor in discretionary refusal to assume jurisdiction" of a declaratory judgment claim. *Id*.

Not only are the issues underlying the Warner Parties' purported declaratory relief claim pending in "a state or federal court," they are at issue in <u>this very action</u>. Thus, for example, the Warner Parties "request a declaration of this Court setting forth the respective rights and other legal relations of Warner and Counterclaim Defendants." (FACC, ¶ 49). In their Complaint, the Tolkien/HC Parties request exactly the same relief (Complaint, ¶ 79: "plaintiffs hereby request a declaration of this Court under the provisions of 28 U.S.C. § 2201, setting forth the respective rights and other legal relations of plaintiffs and defendants."). The Warner Parties specifically request the following six declarations, all of which are already before the Court in connection with the Tolkien/HC Parties' declaratory relief claims and/or the Warner Parties' affirmative defenses:

(1) "Warner may exercise its rights to exploit online video games based on the Works" (FACC, ¶ 49(a)): This will be litigated in connection with the Tolkien/HC Parties' Third Claim for Declaratory Relief (Complaint, ¶¶ 78-79).

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

(2)  "Warner may exercise its rights to exploit gambling games based on the Works" (FACC, ¶ 49(b)):  This will be litigated in connection with the Tolkien/HC Parties' Third Claim for Declaratory Relief (Complaint, ¶¶ 78-79).

(3)  "Counterclaim Defendants are estopped from challenging Warner's exploitation of online video games (FACC, ¶ 49(c)):  This will be litigated in connection with the Tolkien/HC Parties' Third Claim for Declaratory Relief (Complaint, ¶¶ 78-79).  It is also an unnecessary restatement of the Warner Parties' Eighth Affirmative Defense (Answer, ¶ 95).

(4)  "Counterclaim Defendants are estopped from challenging Warner's exploitation of gambling games (FACC, ¶ 49(d)):  This will be litigated in connection with the Tolkien/HC Parties' Third Claim for Declaratory Relief (Complaint, ¶¶ 78-79).  It is also an unnecessary restatement of the Warner Parties' Eighth Affirmative Defense (Answer, ¶ 95).

(5)  "Counterclaim Defendants are precluded from asserting any claims based on conduct occurring prior to September 30, 2008" (FACC, ¶ 49(e)):  This is a superfluous restatement of the Warner Parties' Eleventh Affirmative Defense. (Answer, ¶ 98).  It also necessarily will be litigated in connection with the Tolkien/HC Parties' Third and Fourth Claims for relief.

(6)  "Counterclaim Defendants are precluded from asserting any claims based on conduct occurring prior to September 1, 2010" (FACC, ¶ 49(f)):  This is a superfluous restatement of the Warner Parties' Eleventh Affirmative Defense. (Answer, ¶ 98).  It also necessarily will be litigated in connection with the Tolkien/HC Parties' Third and Fourth Claims for relief.

Each of the judicial declarations which the Warner Parties' seek is already before the Court; all are therefore redundant.  The Warner Parties should not be permitted to state superfluous claims for relief simply for the sake of stating a counterclaim or being a counterclaimant.  Because the Warner Parties' Amended Counterclaim for Declaratory Relief is entirely duplicative of issues already in the

case, it should be dismissed without leave to amend.

IV.   **CONCLUSION**

The Warner Parties' Amended First Counterclaim fails to present any legitimate, actionable claim for relief and appears to have been filed solely as a litigation tactic in response to meritorious claims asserted against them by the Tolkien/HC Parties.  The Warner Parties' Amended Second Counterclaim is duplicative and unnecessary. For all the foregoing reasons, the Amended Counterclaim should be dismissed in its entirety, without leave to amend.

DATED:  March 28, 2013               GREENBERG GLUSKER FIELDS
                                     CLAMAN & MACHTINGER LLP


                                     By:  /s/ Bonnie E. Eskenazi
                                         BONNIE E. ESKENAZI (SBN 119401)