# United States District Court
# Central District of California

**Fourth Age Limited**

**Plaintiff(s),**

**v.**

**Warner Bros Digital Distribution Inc.**

**Defendant(s).**

**CASE NO. CV 12-9912 ABC (SHx)**

**CIVIL JURY TRIAL ORDER**

The above matter is set for trial before the Honorable Audrey B. Collins, Courtroom 680, Roybal Federal Building, 255 East Temple Street, Los Angeles, CA 90012.

**PRETRIAL AND TRIAL DATES**

1. The Court orders the following dates:

a. Cut-off date for filing motions to join other parties or amend the pleadings is July 8, 2013.

b. Discovery cut-off is November 15, 2013.

c. Cut-off date for motions to be filed is Monday, March 14, 2014.

d. Final Pretrial Conference is set for Monday, June 16, 2014 at 10:00 a.m.

e. Trial is set for Tuesday, July 1, 2014 at 8:30 a.m.

**DISCOVERY**

2. The Court has ordered the above cut-off date for discovery in this action. *The non-expert discovery cut-off date means the last day by which all depositions must be completed and responses to all previously served written discovery must be provided. It does not mean the last day to initiate discovery or to file a motion with the magistrate judge seeking to compel discovery*. A deposition commenced at least five (5) days before the cut-off date may continue beyond the cut-off date. Discovery should be kept to a minimum and focus only on issues genuinely in dispute. Counsel are expected to resolve substantially all discovery problems without the assistance of the Court. If discovery disputes cannot be resolved, the Court requires strict compliance with Local Rule 37.

**LAW AND MOTION**

3. The Court has ordered the above cut-off date for the filing of motions in this action. Electronic filing ("efiling") is mandatory in this district. *See* Local Rule ("L.R.") 5-4.1. Local Rule 5-4, "Filing Documents," sets forth how efiling works in this district. **Counsel must familiarize themselves with this rule.** Following the filing of any document, one mandatory chambers copy of the document must be delivered directly to chambers by 12:00 p.m. (noon) of the next court day. Chambers copies do not need to be blue-backed. *For security reasons, chambers copies should be removed from envelopes or folders before being placed in the chambers drop-box*.

4. All motions must comply with Local Rule 7. **Counsel must comply with Local Rule 7-3, Conference of Counsel Prior to Filing of Motions**. See detailed discussion in the Court's Order Re: Scheduling Conference.

5. For motions for summary judgment, the Court encourages the moving party to provide more than the minimum twenty-eight (28) days' notice. The movant must send to chambers's email address, in Wordperfect or MS Word format, the Statement of Uncontroverted Facts and

Conclusions of Law. Chambers's email address is abc_chambers@cacd.uscourts.gov .

6. If the Court will not require oral argument, counsel will be so advised the week before the hearing date. If the Court will require oral argument, the Court generally provides a tentative ruling or an outline of issues on which argument should concentrate. The Deputy Courtroom Clerk will distribute the tentative ruling or outline before the hearing, usually when counsel check in.

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**

7. As set forth in Local Rule 16-15.1, every case must attempt Alternative Dispute Resolution ("ADR"). This Court participates in the Court-Directed ADR Program. Therefore, at the Scheduling Conference, all civil cases will presumptively be referred either to the Mediation Panel or to a private dispute resolution process. A settlement conference with a magistrate judge is generally not available for cases within the Court-Directed ADR Program. (See General Order 11-10 for a full description of the program.) Counsel must comply with Local Rule 26-1.(c) and General Order 11-10 sections 5.1 and 5.2, which order counsel to furnish and discuss with their clients the Notice to Parties of Court-Directed ADR Program in preparation for the Fed. R. Civ. P. 26(f) conference of parties. Plaintiff's counsel received this Notice at the time the Complaint was filed and must serve all parties with this notice.

8. The undersigned will not conduct a settlement conference in non-jury cases that she is to try. In jury cases, the undersigned will conduct a settlement conference if three conditions exist:
    a. Counsel are satisfied that the fact issues in the case will be tried to a jury;
    b. All significant pretrial rulings that the Court must make have been made;
    c. All counsel desire the undersigned to conduct the conference, understanding that if settlement fails, the undersigned will try the case.
If all three conditions exist, counsel must submit to this Court a proposed stipulation

requesting a settlement conference date.

9. Unless otherwise ordered by the judge or magistrate judge conducting a settlement conference, the parties shall follow the "Requirements for ADR Procedures" set forth in Local Rule 16-15.5.

10. If a settlement is reached, it shall be reported immediately to this Court as required by Local Rule 16-15.7.

**FINAL PRETRIAL CONFERENCE**

11. Unless this case is exempt from a Final Pretrial Conference pursuant to Local Rule 16-12, or the Court expressly waived pretrial procedures pursuant to Local Rule 16-11, this case has been placed on calendar for a Final Pretrial Conference ("FPTC"), as stated above , pursuant to Fed. R. Civ. P. 16(e) and Local Rule 16. Unless excused for good cause, each party appearing in this action shall be represented at the FPTC and all pretrial meetings by that party's lead trial attorney. *See* L.R. 16-8.

12. The Court will not continue the FPTC merely on stipulation of the parties. L.R. 16-9. Counsel should plan to do the necessary pretrial work on a schedule that will ensure its completion with time to spare before the FPTC, and in accordance with Local Rule 16. Failure to complete discovery is not a ground for a continuance.

13. At the FPTC, counsel must be ready to discuss how to streamline the trial, including, but not limited to bifurcation, presentation of non-critical testimony by deposition, stipulations as to the content of testimony, and qualification of experts by admitted resumes. In those rare cases in which the Court has waived the FPTC, counsel must follow Local Rule 11-2.

**PREPARATION FOR FINAL PRETRIAL CONFERENCE**

14. The Court requires compliance with all elements of Local Rule 16. Carefully prepared Memoranda of Contentions of Fact (which may also serve as the trial brief), Witness Lists, Joint Exhibit Lists, and a Proposed Final Pretrial Conference Order ("FPTCO") shall be prepared and submitted in accordance with the timing and other provisions of Local Rules 16-2 through 16-7.

In addition, motions in limine must be noticed for hearing at the FPTC.

**Note that counsel must confer in preparation for the FPTC no later than forty (40) days because the FPTC. Service and filing of trial documents begins 21 days before the FPTC. L.R. 16-4.**

Also note that Rule 16 contains specific requirements for the presentation of deposition testimony (L.R. 16-2.7) and the disclosure of graphic and illustrative material (L.R. 16-3).

15. As required by Local Rule 16-7.2, the FPTCO should follow the format shown in Pretrial Form No. 1. *See* Local Rules Appendix A, "Pretrial Form No. 1".

16. In addition, the parties must file a Status Report Re: Settlement at the time that they lodge the Proposed Pre-Trial Conference Order, indicating whether they have conducted the Local Rule 16 ADR Procedure and/or what additional steps are being taken to achieve settlement.

**MOTIONS IN LIMINE**

17. Motions in limine on classes of evidence that are appropriate for preliminary rulings must be filed by the Monday twenty-one (21) days before the date of the Final Pretrial Conference. Oppositions shall be filed seven (7) days later. Replies are not ordinarily filed for motions in limine. The Court does not appreciate mass filings of such motions and may limit those heard if parties abuse the process.

**JURY INSTRUCTIONS & SPECIAL VERDICT FORMS**

18. The parties must jointly submit proposed jury instructions as described below. Counsel need only submit proposed **substantive** instructions. The Court will propound its own **general** instructions taken from the current Manual of Model Civil Jury Instructions (Thompson West) for the Ninth Circuit. The parties must also propose a special verdict form.

19. Seven (7) calendar days prior to the Local Rule 16-2 meeting of counsel, counsel shall exchange proposed substantive jury instructions and special verdict forms.

20. Within seven (7) calendar days, Counsel shall exchange any objections to the instructions and special verdict forms. Counsel shall meet and confer prior to the FPTC with the goal of reaching agreement on a set of joint instructions and one special verdict form.

21. Three (3) calendar days before the FPTC, the parties shall file two copies of their joint jury instructions. The joint jury instructions shall be filed in the following form:

a. the agreed upon instructions;

b. Plaintiff's proposed instructions, to which defendant objects; and

c. Defendant's proposed instructions, to which plaintiff objects.

22. Each requested jury instruction shall be numbered and set forth in full on a separate page, citing the authority or source of the requested instruction.

23. Objections to disputed instructions shall be filed by the date of the FPTC. Any and all objections shall first set forth the proposed instruction in its entirety. The objection shall be specific and contain citation to authority and/or a concise argument supporting the view that the instruction is improper. If applicable, the objecting party shall submit an alternative instruction on a separate page.

24. An index shall accompany all jury instructions submitted to the Court. The index shall indicate the following:

    a. the number of the instruction;

    b. a brief title of the instruction;

    c. the source of the instruction and any relevant case citations; and

    d. the page number of the instruction.

EXAMPLE OF JURY INSTRUCTION INDEX ENTRY:

| Number | Title | Source | Page |
|---|---|---|---|
| 1 | Burden of Proof | 9th Cir. 1.3 | 5 |

25. The Court prefers Counsel to use the instructions from the Manual of Model Civil Jury Instructions (Thompson West) for the Ninth Circuit. Where California law applies and the Ninth Circuit instructions are inapplicable, the Court expects counsel to use California Civil Jury Instructions ("CACI"). If neither of the above sources is applicable, counsel are directed to use the instructions from Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions or California Forms of Jury Instructions. Each requested jury instruction shall be numbered and set forth in full on a separate page, citing the authority or source of the requested instruction.

26. In addition to filing their proposed instructions and providing courtesy copies, counsel must email their proposed instructions in Wordperfect or MS Word to chambers, abc_chambers@cacd.uscourts.gov .

**EXHIBITS**

27. Counsel must prepare their exhibits for presentation at trial by placing them in 3-hole binders with tabs down the side showing the exhibit numbers. These binders are to be prepared in an original (for the Courtroom Deputy Clerk) and two copies. These shall be delivered to the Courtroom Deputy Clerk no later than 8:15 a.m. on the first day of trial. The

originals shall each be tagged with the appropriate exhibit tags in the upper or lower right-hand corner of the first page of each exhibit. Each binder shall include a list of each exhibit it contains. The exhibits shall be listed and numbered in numerical order in accordance with Local Rule 16-6. Counsel shall supply three extra copies of their individual or joint exhibit lists and witness lists to the Courtroom Deputy Clerk at the trial.

28. In jury cases involving many exhibits, the Court encourages counsel, preferably by agreement, to consider ways in which testimony about exhibits may be clarified for the jury while it is being presented. For example, counsel may consider using enlargements of important exhibits. Counsel may not provide exhibits or copies of exhibits to the jury during the trial.

29. Counsel must meet at least ten (10) calendar days before trial to stipulate as far as is possible to foundation, waiver of the best evidence rule, and which exhibits may be received into evidence at the start of trial. The exhibits to be so received will be noted on the extra copies of the exhibit lists.

**THE CONDUCT OF TRIAL**

30. If counsel need to arrange for the installation of their own additional equipment, notify the Courtroom Deputy Clerk **no later than 4:30 p.m. two days before trial** so that the necessary arrangements may be made.

31. Counsel shall arrive at the Courtroom not later than 8:15 on the first day of trial. Counsel must be on time as the Court starts promptly.

32. Trial days are Tuesday through Friday, 8:30 a.m. to 4:30 p.m., with a morning and an afternoon break, and a lunch recess from approximately 12:00 p.m. to 1:15 p.m. Each day before trial commences, the Court will give counsel an opportunity to discuss administrative

matters and anticipated procedural or legal problems outside of the presence of the jury. Counsel are urged to anticipate matters that may need discussion or hearing outside of the presence of the jury and to raise them during this period.  During the trial, if there are any matters you wish to discuss, please inform the Courtroom Deputy Clerk.

33. Avoid discussing the law or arguing the case in opening statements.

34. Do no refer to your client, other litigants, or witnesses by their first names.

35. When objecting, state only that you are objecting and the legal ground of the objection, e.g., hearsay, irrelevant, etc.  If you wish to argue an objection, ask for permission to do so outside of the hearing of the jury.

36. Do not approach the Courtroom Deputy Clerk or the witness box without the Court's permission.  Please return to the lectern when your purpose has been accomplished.

37. Please rise when addressing the Court.  In jury cases, please rise when the jury enters or leaves the courtroom.

38. Address all remarks to the Court.  Do not directly address the Courtroom Deputy Clerk, the court reporter, or opposing counsel.  If you wish to speak with opposing counsel, ask permission to talk to him or her off the record.  All requests to re-read questions or answers, or to have an exhibit placed in front of a witness, shall be addressed to the Court.

39. While court is in session, do not leave the counsel table to confer with investigators, secretaries, or witnesses in the back of the courtroom unless permission is granted in advance.

40. When a party has more than one lawyer, only one may conduct the examination of a

given witness and only that same lawyer may handle objections during the testimony of that witness.

41. If a witness was on the stand at a recess or adjournment, have the witness back on the stand and ready to proceed when Court resumes.

42. Do not run out of witnesses. If you run out of witnesses and there is more than a brief delay, the Court may deem you to have rested.

43. The Court attempts to accommodate witnesses who have scheduling constraints and will, except in extraordinary circumstances, permit them to be put on out of sequence. Anticipate any such possibility and discuss it with opposing counsel. If there is an objection, confer with the Court in advance.

Dated: April 8, 2013

Audrey B. Collins
___________________________
AUDREY B. COLLINS
United States District Judge