ORIGINAL

1   BONNIE E. ESKENAZI (SBN 119401)
    BEskenazi@ggfirm.com
2   ELISABETH A. MORIARTY (SBN 156569)
    EMoriarty@ggfirm.com
3   RICARDO P. CESTERO (SBN 203230)
    RCestero@ggfirm.com
4   GREENBERG GLUSKER FIELDS CLAMAN &
    MACHTINGER LLP
5   1900 Avenue of the Stars, 21st Floor
    Los Angeles, California  90067-4590
6   Telephone:  310.553.3610
    Fax:  310.553.0687
7
    Attorneys for Plaintiffs
8
9               UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11  FOURTH AGE LIMITED, a United Kingdom        Case No.  CV 12-09912
    corporation; PRISCILLA MARY ANNE REUEL      ABC (SHx)
12  TOLKIEN, as TRUSTEE OF THE TOLKIEN
    TRUST, a United Kingdom Charitable Trust; THE   Hon. Audrey B. Collins
13  J.R.R. TOLKIEN ESTATE LIMITED, a United
    Kingdom corporation; HARPERCOLLINS          **DECLARATION OF**
14  PUBLISHERS, LTD., a United Kingdom corporation;   **RICARDO P.**
    UNWIN HYMAN LTD., a United Kingdom          **CESTERO IN**
15  corporation; and GEORGE ALLEN & UNWIN       **SUPPORT OF**
    (PUBLISHERS) LTD., a United Kingdom         **PLAINTIFFS' EX**
16  corporation,                                **PARTE**
                                                **APPLICATION TO**
17              Plaintiffs,                      **FILE CERTAIN**
                                                **EXHIBITS UNDER**
18        v.                                     **SEAL**

19  WARNER BROS. DIGITAL DISTRIBUTION, INC.,
    a division of WARNER BROS. HOME
20  ENTERTAINMENT, INC., a Delaware corporation;
    WARNER BROS. ENTERTAINMENT, INC., a
21  Delaware corporation, as successor-in-interest to New
    Line Cinema Corp.; WARNER BROS. CONSUMER
22  PRODUCTS, INC., a Delaware corporation;
    WARNER BROS. INTERACTIVE
23  ENTERTAINMENT, INC., a division of WARNER
    BROS. HOME ENTERTAINMENT, INC.; NEW
24  LINE PRODUCTIONS, INC., a California
    corporation; THE SAUL ZAENTZ COMPANY d/b/a
25  Middle-earth Enterprises, a Delaware corporation; and
    DOES 1-10, inclusive,
26
                Defendants.
27
28  AND RELATED COUNTERCLAIMS.

84971-00003/1919831.1

DECL OF CESTERO RE EX PARTE APP TO
FILE DOCUMENTS UNDER SEAL

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# DECLARATION OF RICARDO P. CESTERO

I, Ricardo P. Cestero, declare:

1.     I am an attorney duly licensed to practice in all of the courts of the State of California and I am a Partner of Greenberg Glusker Fields Claman & Machtinger LLP ("Greenberg Glusker"), attorneys of record for plaintiffs Fourth Age Limited, Priscilla Mary Anne Reuel Tolkien, as Trustee of the Tolkien Trust, The J.R.R. Tolkien Estate Ltd., Harper Collins Publishers, Ltd., Unwin Hyman Ltd. and George Allen & Unwin (Publishers), Ltd. (collectively, the "Plaintiffs") herein. The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2.     Plaintiffs filed this action on November 19, 2012. On January 18, 2013, Defendants Warner Bros. Home Entertainment, Inc., Warner Bros. Entertainment, Inc., Warner Bros. Consumer Products, Inc. and New Line Productions, Inc. (collectively, the Warner Parties") and Defendant the Saul Zaentz Company ("Zaentz") filed counterclaims alleging, among other things, breach of contract arising out of Plaintiffs' assertion of their claims in this lawsuit.

3.     On February 21, 2013, my partner Elisabeth Moriarty and I met and conferred with counsel for the Warner Parties and Zaentz and explained that Plaintiffs intended to file anti-SLAPP motions pursuant to California Code of Civil Procedure §425.16 to strike the breach of contract counterclaims (the anti-SLAPP Motions").

4.     Later that day, I sent an email to counsel for the Warner Parties and Zaentz stating that Plaintiffs that would be filing:(1) a copy of the Binding Term Sheet dated as of August 21, 2009, which resolved prior litigation between certain of the Plaintiffs and certain of the Warner Parties (the "Binding Term Sheet"); (2) a copy of the Hobbit Binding Term Sheet dated as of September 1, 2010, which carried out certain terms of the Binding Term Sheet and resolved other claims between the parties (the "Hobbit Binding Term Sheet"); and (3) a copy of the

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  Agreement dated as of September 1, 2010 regarding certain rights in The Lord of

2  the Rings and The Hobbit (the "Regrant Agreement") in support of their anti-

3  SLAPP Motions.

4        5.      On February 28, 2013, counsel for the Warner Parties and Zaentz each

5  emailed me and informed Plaintiffs that they would each be filing amended

6  counterclaims.

7        6.      On March 1, 2013, I received a call from Victor Jih and Molly Lens,

8  counsel for the Warner Parties, to discuss the filing of the Binding Term Sheet, the

9  Hobbit Binding Term Sheet and the Regrant Agreement. Counsel for the Warner

10  Parties stated that, if Plaintiffs still intended to file a motion containing those

11  documents as exhibits, only redacted copies should be filed and the Warner Parties

12  would request that they be filed under seal. I requested that counsel for the Warner

13  Parties provide Plaintiffs with the redacted copies they wanted submitted. Counsel

14  for the Warner Parties agreed.

15        7.      On March 12, 2013, the Warner Parties and Zaentz filed their amended

16  counterclaims. On March 14, 2013, Ms. Moriarty and I again informed counsel for

17  the Warner Parties and Zaentz that Plaintiffs would still attack the amended

18  counterclaims by way of anti-SLAPP Motions.

19        8.      As of March 26, 2013, two days before Plaintiffs' anti-SLAPP

20  Motions were due to be filed, the Warner Parties had still not delivered redacted

21  copies of the agreements to Plaintiffs. On that date, I sent an email to Mr. Jih and

22  Ms. Lens requesting that they provide redacted copies of the agreement if the

23  Warner Parties still insisted on having redacted copies filed. Mr. Jih responded to

24  my email that same day and indicated that he would promptly provide redacted

25  copies, but said nothing about filing under seal.

26        9.      On March 28, 2013, the day the motions were due, Plaintiffs still had

27  not received the proposed redacted copies from the Warner Parties. At

28  approximately 10:30 a.m., I sent an email to counsel for the Warner Parties and

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  Zaentz stating that, if the Warner Parties did not promptly provide redacted copies,

2  Plaintiffs would proceed with filing their own redacted copies, which removed all

3  financial terms.

4      10.    In response, to my email, counsel for the Warner Parties insisted that,

5  in addition to redacted copies, Plaintiffs were required to file a request to have the

6  documents filed under seal. This was the first time either Mr. Jih or Ms. Lens had

7  ever suggested that it was Plaintiffs' sole obligation to seek to have these

8  documents filed under seal. A true and correct copy of my email exchange with

9  Ms. Lens on March 28, 2013 is attached hereto as Exhibit 1.

10     11.    After 4:00 p.m. on March 28, 2013, counsel for the Warner Parties

11 finally provided redacted copies of the Hobbit Binding Term Sheet and the Regrant

12 Agreement. However, the Warner Parties refused to make an application to have

13 the exhibits filed under seal and took the position that it was solely Plaintiffs'

14 obligation to do so. At no time during this discussion did counsel for Zaentz

15 indicate a position regarding the sealing of Exhibits H, I and J.

16     12.    In an effort to allow the parties to resolve the issue amicably, Plaintiffs

17 agreed that Exhibits H, I and J could be omitted from Plaintiffs initial filing in order

18 to permit the parties to seek to have the documents filed under seal. Since then, I

19 have heard nothing from the Warner Parties, and no application to file the exhibits

20 under seal has been filed.

21     13.    Exhibits H, I and J are necessary and important to the Court's

22 evaluation of Plaintiffs' motion because they establish facts relevant to both prongs

23 of the anti-SLAPP analysis. Exhibits H, I and J are submitted concurrently

24 herewith in a sealed envelope.

25     14.    On April 10, 2013, I sent an email to counsel for the Warner Parties

26 and Zaentz informing them of Plaintiffs' intention to file this *ex parte* application.

27 Counsel for Zaentz responded that same day indicated that they did not oppose the

28 application. A true and correct copy of my email is attached hereto as Exhibit 2.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  Counsel for the Warner Parties subsequently responded and also indicated that they

2  did not oppose the request.

3       I declare under penalty of perjury under the laws of the United States of

4  America that the foregoing is true and correct.

5       Executed this ___||___ day of April, 2013 at Los Angeles, California.

6

7                                                    Ricardo P. Cestero

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

DECL OF CESTERO RE EX PARTE APP TO
FILE DOCUMENTS UNDER SEAL

**EXHIBIT 1**

**Massing, Robert**

| | |
|---|---|
| **From:** | Cestero, Ricardo |
| **Sent:** | Thursday, March 28, 2013 4:58 PM |
| **To:** | Lens, Molly |
| **Cc:** | Petrocelli, Daniel; Moriarty, Elisabeth; Eskenazi, Bonnie; Primack, Nikolas A.; Sean.Callagy@aporter.com; John.Ulin@APORTER.COM; Marty.Glick@aporter.com; Jih, Victor |
| **Subject:** | RE: Today's filings |

Molly-

First, you and Victor do not have the authority to require that documents be filed under seal. Only the Court has that authority. And, the Court will only make such orders if a party makes an appropriate motion. The party who believes such an order is necessary or appropriate has the obligation to bring that motion.

Second, there is a difference between a protective order, which we agree should be entered, and an order allowing documents to be filed under seal, which we do not agree should be entered. We have never agreed to file anything under seal, nor do we believe such an order is warranted. Once the documents have been redacted to remove financial terms, Plaintiffs see nothing in any of these agreements that would justify a sealing order and do not believe a motion to file them under seal would be proper. Therefore, Plaintiffs cannot and will not make a motion to have the documents filed under seal. If either Warner or Zaentz believes it can make a reasonable argument for why these documents should be sealed, it is free to do so.

Third, your suggestion that the 1969 Agreements, Schedules D, the various amendments thereto and the Zaentz assignment are confidential and subject to redaction is entirely without merit. All of these documents, with the possible exception of the 1975 Amendment and the 1981 Amendment were publicly filed in various proceedings in the Lord of the Rings litigation. They are therefore part of the public record and, by definition, not confidential. Further, none of these agreements contain confidentiality provisions and none contains any confidential information. Accordingly, we do not agree that they should be redacted.

Fourth, we are happy to use your redacted versions of the Hobbit Binding Term Sheet and the Regrant Agreement. However, you did not send us a redacted copy of the Binding Term Sheet. What is tilted the original Binding Term Sheet is actually another copy of the Hobbit Binding Term Sheet.

Finally, while I would like to pursue a compromise solution to these issues, we cannot do so unless we are certain that it will not prejudice Plaintiffs' position. In that regard, I appreciate that you have "confirmed" that your client will not argue that our exhibits were filed late or claim any prejudice therefrom, but you do not represent Zaentz and therefore cannot make that "confirmation" for them. Unless we receive written confirmation from someone on the Zaentz team **in the next 15 minutes** that they agree that we can file our motions without the Binding Term Sheet, the Hobbit Binding Term Sheet and the Regrant Agreement while we continue to try and find a solution, we will have to proceed with our filing.

Regards,
Ricardo

**From:** Lens, Molly [mailto:mlens@omm.com]
**Sent:** Thursday, March 28, 2013 4:11 PM
**To:** Cestero, Ricardo
**Cc:** Petrocelli, Daniel; Moriarty, Elisabeth; Eskenazi, Bonnie; Primack, Nikolas A.; Sean.Callagy@aporter.com;

John.Ulin@APORTER.COM; Marty.G......@aporter.com; Jih, Victor
**Subject:** RE: Today's filings

Ricardo -

Your recitation of the record is incomplete and inaccurate. When we met and conferred with you on March 1 about this issue, we specifically advised you that the documents would have to be filed under seal and redacted. You responded by confirming that you "understood our client's sensitivity." Indeed, it was during this conversation that we first discussed the need to enter into a protective order in this case and you agreed to circulate the protective order used in the previous litigation (which you did two weeks later). Accordingly, we strongly disagree with your attempt to characterize this as "our problem."

With respect to the three conditions that you seek to impose, it is not Warner's or Zaentz's obligation to file a motion for a protective order. Warner and Zaentz do not agree to do so on an ex parte basis or otherwise. Moreover, as you stated during our March 1 meet and confer, the issue of confidentiality is going to keep arising in this case. The parties should be able to finalize a protective order shortly, which will resolve this issue, rendering item number 2 moot. Finally, I can confirm that Warner and Zaentz agree not to argue that your exhibits were filed late or claim any prejudice therefrom.

Finally, to be clear, it is also Warner's and Zaentz's position that the earlier agreements must also be filed under seal with their financial terms redacted. To that end, I have attached below the redacted versions of the list of agreements in your email of March 26. Please note that we have not redacted the 1975 amendment.

Thanks,

Molly

---

**Molly M. Lens**
**O'Melveny & Myers LLP**
1999 Avenue of the Stars
Los Angeles, CA 90067
Phone: (310) 246-8593
Fax: (310) 246-6779
mlens@omm.com

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

---

**From:** Cestero, Ricardo [mailto:rcestero@greenbergglusker.com]
**Sent:** Thursday, March 28, 2013 1:57 PM
**To:** Lens, Molly
**Cc:** Petrocelli, Daniel; Moriarty, Elisabeth; Eskenazi, Bonnie; Primack, Nikolas A.; Sean.Callagy@aporter.com; John.Ulin@APORTER.COM; Marty.Glick@aporter.com; Jih, Victor
**Subject:** RE: Today's filings

Molly-

We are aware of the confidentiality provisions and are complying with them in all respects. Your clients have placed these agreements at issue and Plaintiffs are fully entitled to present them to the Court.

Moreover, the remainder of your email is inaccurate and disingenuous in a number of respects. First, I raised this issue in writing <u>five weeks ago</u>, giving you and your clients ample opportunity to address any concerns you and they may have. You chose not to address the matter in a timely manner. Second, two weeks ago, I emailed you a copy of the

protective order that was used in the Lord of the Rings litigation and proposed that we enter into a similar protective order in this case. You have not responded at all to that email. Therefore, at this point, nothing is being negotiated because you have not indicated your position on the protective order at all. Third, since your client is the one who wants the documents filed under seal, by definition it was your obligation to make the necessary motion, not ours. That is why I raised the issue five weeks ago – to give you and your client time to make whatever motions you deemed appropriate. It is not our fault that you did not do so.

However, even though this is a problem of your creation, we would consider following your suggestion of not including the Binding Term Sheet, the Hobbit Binding Term Sheet or the 2010 Regrant Agreement in today's filing provided that Zaentz and the Warner Parties each agree, in writing, to the following three conditions:

(1) that one or both of Zaentz and the Warner Parties will immediately file an ex parte, emergency request for an order allowing these exhibits to be filed under seal and that all of Plaintiffs' rights with respect to any such application are reserved;
(2) that, should the Court not rule on the application to file these documents under seal by the date Plaintiff's Reply Briefs are due (April 29, 2013), Plaintiffs will be permitted to file unsealed redacted versions of the agreements in connection with their reply papers to ensure that the Court has the exhibits in order to prepare for the hearing; and
(3) that the failure to file these three exhibits at the time our moving papers were filed will not prejudice our motions in any way and Zaentz and the Warner Parties will not object to, or argue that they were prejudiced in any way by, the late filing of these exhibits.

Please let me know how you would like to proceed.

Regards,
Ricardo

**From:** Lens, Molly [mailto:mlens@omm.com]
**Sent:** Thursday, March 28, 2013 12:42 PM
**To:** Cestero, Ricardo
**Cc:** Petrocelli, Daniel; Moriarty, Elisabeth; Eskenazi, Bonnie; Primack, Nikolas A.; Callagy, Sean M. (Sean.Callagy@aporter.com); John.Ulin@APORTER.COM; Marty.Glick@aporter.com; Jih, Victor
**Subject:** RE: Today's filings

Ricardo -

Several of the agreements that you are proposing to publically file contain specifically negotiated confidentiality provisions. It is your obligation, not ours, to comply with those terms. You cannot avoid those obligations by unilaterally shifting to us a purported obligation to file a motion for a protective order for the documents that you wish to file. To the extent that you publically file these documents, regardless of whether certain terms are redacted, you will be in breach of those provisions. Warner and Zaentz accordingly reserve all rights.

The parties have agreed that a protective order is appropriate in this case. Because the terms of that protective order are still being negotiated, we propose that you file your motions today, minus the exhibits listed in your email below, along with a motion to file the agreements under seal. Your substantive motions could then be supplemented once the order to file under seal has been issued. Of course, Warner and Zaentz waive any objection to having the exhibits be filed at a later date.

We are finalizing the redactions now and will have them to you shortly.

Thanks,

Molly

Molly M. Lens
O'Melveny & Myers LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Phone: (310) 246-8593
Fax: (310) 246-6779
mlens@omm.com

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be*
*confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this*
*information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then*
*delete this message.*

**From:** Cestero, Ricardo [mailto:rcestero@greenbergglusker.com]
**Sent:** Thursday, March 28, 2013 11:14 AM
**To:** Lens, Molly; John.Ulin@APORTER.COM; Marty.Glick@aporter.com; Jih, Victor
**Cc:** Petrocelli, Daniel; Moriarty, Elisabeth; Eskenazi, Bonnie; Primack, Nikolas A.
**Subject:** RE: Today's filings

Molly-

We will review your comments on the Rule 26(f) report. Attached is our version which includes our statement of the case.

With respect to the exhibits to be attached to our motions, as I'm sure you are aware, a party is not permitted to file anything under seal without a prior court order. See local rule 79-5. We do not even have a protective order in the case, let alone an order permitting documents to be filed under seal. To the extent the WB parties believed a sealing order was appropriate, it was your obligation to obtain that order. Therefore, we will not be filing anything under seal today, however, we will consider your redactions if we receive them timely. I must note that you have had a full month to address this issue. We do not believe it is reasonable that you have waited until the very day the documents are due to be filed to address the issue.

Regards,
Ricardo

**From:** Lens, Molly [mailto:mlens@omm.com]
**Sent:** Thursday, March 28, 2013 10:43 AM
**To:** Cestero, Ricardo; John.Ulin@APORTER.COM; Marty.Glick@aporter.com; Jih, Victor
**Cc:** Petrocelli, Daniel; Moriarty, Elisabeth; Eskenazi, Bonnie; Primack, Nikolas A.
**Subject:** RE: Today's filings

Ricardo -

Per my previous email, you should have received our revisions to the Rule 26(f) joint report. We look forward to your comments and receiving your outstanding section of the document.

With respect to your request to attach confidential documents to your motions, we expect to provide you with the necessary redactions shortly. Please note that the redacted documents will also need to be filed under seal.

Thanks,

Molly

---

Molly M. Lens

O'Melveny & Myers LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Phone: (310) 246-8593
Fax: (310) 246-6779
mlens@omm.com

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Cestero, Ricardo [mailto:rcestero@greenbergglusker.com]
**Sent:** Thursday, March 28, 2013 10:32 AM
**To:** John.Ulin@APORTER.COM; Marty.Glick@aporter.com; Lens, Molly; Jih, Victor
**Cc:** Petrocelli, Daniel; EMoriarty@greenbergglusker.com; beskenazi@greenbergglusker.com
**Subject:** Today's filings

Counsel-

We have yet to receive any input from you on the joint report. Please immediately provide your comments so that we can make any necessary changes and have it prepared for filings.

In addition, we have still not received any proposed redactions on the agreements from WB counsel. Our intention is to redact the monetary terms only from the Binding Term Sheet, the Hobbit Binding Term Sheet and the Regrant Agreement. Unless we receive something from you this morning, we will proceed in that manner.

Regards,
Ricardo


**Ricardo P. Cestero | Attorney at Law |** Biography
D: 310.785.6809 | F: 310.201.2309 | RCestero@greenbergglusker.com

**Greenberg Glusker Fields Claman & Machtinger LLP**
1900 Avenue of the Stars, 21st Floor, Los Angeles, CA 90067
O: 310.553.3610 | GreenbergGlusker.com

**IRS Circular 230 Disclosure:**
To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax related penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message is intended solely for the use of the addressee(s) and is intended to be privileged and confidential within the attorney client privilege. If you have received this message in error, please immediately notify the sender at Greenberg Glusker and delete all copies of this email message along with all attachments. Thank you.

**EXHIBIT 2**

**Massing, Robert**

| | |
|---|---|
| **From:** | Cestero, Ricardo |
| **Sent:** | Wednesday, April 10, 2013 8:17 PM |
| **To:** | vjih@omm.com; Petrocelli, Daniel (dpetrocelli@omm.com); mlens@omm.com; Ulin, John C. (John.Ulin@APORTER.COM) (John.Ulin@APORTER.COM); Marty.Glick@aporter.com; Callagy, Sean M. (Sean.Callagy@aporter.com) (Sean.Callagy@aporter.com) |
| **Cc:** | Eskenazi, Bonnie; Moriarty, Elisabeth |
| **Subject:** | Fourth Age Ltd. v. Warner Bros, et al. |

Counsel-

Further to the discussions leading up to the filing of Plaintiffs' anti-SLAPP Motions, we are preparing an Ex Parte Application for an Order Permitting Exhibits H, I and J to the Declaration of Ricardo P. Cestero to be filed under seal. We intend to file first thing Friday morning. Given that it was the Warner Parties' desire to have these documents filed under seal in the first place, I presume they will not oppose the request. However, I would appreciate it if you could all please advise as soon as possible how you intend to respond to the proposed ex parte application so that I may include it in our papers.

Regards,
Ricardo