1  DANIEL M. PETROCELLI (S.B. #97802)
   dpetrocelli@omm.com
2  VICTOR H. JIH (S.B. #186515)
   vjih@omm.com
3  MOLLY M. LENS (S.B. #283867)
   mlens@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, California  90067-6035
   Telephone:   (310) 553-6700
6  Facsimile:    (310) 246-6779

7  Attorneys for the Warner Parties

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOURTH AGE LTD., *et al*,<br><br>            Plaintiffs,<br><br>     v.<br><br>WARNER BROS. DIGITAL DISTRIBUTION, *et al*,<br><br>            Defendants.<br><br>WARNER BROS. DIGITAL DISTRIBUTION INC., *et al*,<br><br>            Counterclaim Plaintiffs,<br><br>     v.<br><br>FOURTH AGE LTD., *et al*,<br><br>            Counterclaim Defendants. | Case No. 12-9912-ABC (SHx)<br><br>**WARNER'S *EX PARTE* APPLICATION TO HAVE EXHIBIT 1 TO THE SUPPLEMENTAL DECLARATION OF RICARDO CESTERO FILED UNDER SEAL**<br><br>**Judge**: Hon. Audrey B. Collins<br>**Magistrate**: Hon. Stephen J. Hillman<br><br>[Declaration of Molly M. Lens and [Proposed] Order filed concurrently herewith] |

**TO ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that defendants and counterclaim plaintiffs Warner Bros. Home Entertainment Inc., Warner Bros. Entertainment Inc., Warner Bros. Consumer Products Inc., and New Line Productions, Inc. (collectively, "Warner") hereby apply *ex parte* for an order permitting Exhibit 1 to the Supplemental Declaration of Ricardo P. Cestero, (Docket No. 69-1), to be filed under seal.  This application is brought pursuant to Central District Local Rule 79-5.1 and the Court's inherent power to control proceedings before it.  Warner brings this application because Exhibit 1 contains confidential settlement terms and sensitive business information, the public disclosure of which would be harmful to Warner.

Warner provided notice of this application on April 29 and 30, 2013 to counsel for plaintiffs and counterclaim defendants Fourth Age Ltd., Priscilla Mary Anne Reuel Tolkien, The J.R.R. Tolkien Estate Ltd., HarperCollins Publishers, Ltd., Unwin Hyman Ltd., and George Allen & Unwin (Publishers), Ltd. (collectively, the "Tolkien/HC Parties") and counsel for defendant and counterclaim plaintiff The Saul Zaentz Company ("Zaentz"), respectively.  Both the Tolkien/HC Parties and Zaentz have confirmed that they do not oppose this application.   The Tolkien/HC Parties are represented by Bonnie Eskenazi, Elisabeth Moriarty, and Ricardo Cestero of Greenberg Glusker Fields Claman & Machtinger LLP, located at 1900 Avenue of the Stars, Los Angeles, CA 90067. Ms. Eskenazi, Ms. Moriarty, and Mr. Cestero can be reached at (310) 553-3610 and their respective email addresses are BEskenazi@ggfirm.com, EMoriarty@ggfirm.com, and RCestero@ggfirm.com.

Warner's application is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Molly M. Lens and exhibits attached thereto filed concurrently herewith, all pleadings and papers on file in this action, and such further evidence and argument as may be presented to the Court.

Dated: May 1, 2013

DANIEL M. PETROCELLI
VICTOR H. JIH
MOLLY M. LENS
O'MELVENY & MYERS LLP

By: /s/ Daniel M. Petrocelli
   Daniel M. Petrocelli

Attorneys for Warner Defendants and Counterclaim Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND FACTUAL SUMMARY

On April 29, 2013, the Tolkien/HC Parties unilaterally, intentionally, and without providing Warner any notice, publicly filed Warner's confidential settlement agreement with Microgaming Software Systems Ltd. as Exhibit 1 to Ricardo P. Cestero's Supplemental Declaration. (Docket No. 69-1). Upon receiving electronic notification of the Tolkien/HC Parties' filing, Warner immediately contacted counsel for the Tolkien/HC Parties, who confirmed that they intentionally filed this document publicly notwithstanding the document's confidential designation. (Lens Decl. ¶ 8.) Despite apologizing for their failure to give Warner advance notice, and despite agreeing to telephonically request that the PACER link to their filing be deactivated, counsel for the Tolkien/HC Parties refused to withdraw Exhibit 1 or move to have it filed under seal. (*Id.* ¶¶ 8-9.) The Tolkien/HC Parties' actions have left Warner with no option but to move *ex parte* to have their confidential information removed from the public record.

Consistent with this Court's directive in its January 30, 2013 Order that the parties commence discovery prior to the April 8, 2013 scheduling conference, (Docket No. 25), Warner made its first production of documents on March 28. (Lens Decl. ¶ 4.) To date, Warner is the only party to have begun producing documents. (*Id.*) As Warner expressly advised the Tolkien/HC Parties in its production cover letter, Warner's production of documents was made "*in reliance on the entry of a protective order in this case.*" (*Id.* ¶ 4, Ex. B.) (emphasis added). Exhibit 1 was included in this initial production and was designated—and stamped—confidential. (*Id.* ¶ 5.)

At the time of Warner's initial production, the parties had already agreed on the need for a stipulated protective order to govern the production and filing of confidential information. (*Id.* ¶ 2.) Indeed, counsel for the Tolkien/HC Parties had recently circulated a protective order from a prior litigation, explaining that they

"*would be agreeable to having a similar order entered in this case.*"  (*Id.* ¶ 3, Ex. A) (emphasis added).  The Tolkien/HC Parties' proposed protective order provides that "[i]n the event that any brief, memorandum, or other paper to be submitted to the Court by or on behalf of a Receiving Party contains Confidential Information of another party or third party, *the Receiving Party shall file the Confidential Information provisionally under seal ….*"  (*Id.* Ex. A, p. 6) (emphasis added).

The Tolkien/HC Parties gave two reasons why they did not respect Exhibit 1's confidentiality designation.  First, they argued that their redaction of certain financial terms should have alleviated Warner's confidentiality concerns.  (*Id.* ¶ 9.)  Second, the Tolkien/HC Parties argued that, in any event, it was Warner's obligation, and not theirs, to seek to have Exhibit 1 filed under seal.  (*Id.*)  Warner disagrees with both.  Even in its redacted state, Exhibit 1 contains sensitive, confidential information, such as the scope of the releases Warner negotiated with one of its licensees.  And, even if the Tolkien/HC Parties believed Warner should have to make the application, that does not give the Tolkien/HC Parties the right to unilaterally file confidential documents *without* notice to Warner.

The Tolkien/HC Parties' conduct has not only put Warner's confidential business information at risk, but has also forced Warner to prepare and file this motion.  Accordingly, Warner respectfully requests that the Court issue an order requiring the Tolkien/HC Parties—to the extent they wish to rely on the Microgaming Settlement Agreement in support of their anti-SLAPP motion—to file Exhibit 1 under seal.  Warner reserves the right to seek its fees in connection with this motion.

## II. ARGUMENT

A Court has the inherent power to issue orders sealing documents relevant to proceedings before it.  *See* Central District Local Rule 79-5.1; *U.S. v. Mann*, 829 F.2d 849, 853 (9th Cir. 1987) ("The district court has the inherent power to seal affidavits filed with the court in appropriate circumstances"); *Hagestad v.*

*Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). While there is a general presumption that the public has a right to judicial records, courts are justified in ordering documents sealed if the documents at issue could be "sources of business information that might harm a litigant's competitive standing." *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (U.S. 1978). "[F]ilings under seal are the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' legitimate expectation that confidential business information … will not be publicly disseminated." *In re Adobe Systems, Inc. Sec. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992).

The settlement agreement at issue is exactly the type of material that should be sealed. *See Proinsurance Grp. v. Liberty Mut. Grp.*, 2011 WL 704456, *1 (N.D. Cal. Feb. 18, 2011); *Felix v. Davis Moreno Constr.*, 2008 WL 3009867, at *1 (E.D. Cal. Aug. 1, 2008). This document is not publicly available and, if disclosed, could be used to inflict competitive harm on Warner. The propriety of sealing such documents is reflected in this Court's recent order allowing other settlement agreements to be filed under seal. (Docket No. 60.)

It is appropriate for the Court to decide this request on an *ex parte* basis. Warner's request cannot be heard on regular notice before the Court hears argument on the Tolkien/HC Parties' anti-SLAPP motion on May 13, 2013. Although Warner does not believe Exhibit 1 is necessary to the determination of the Tolkien/HC Parties' anti-SLAPP motion, the burden has fallen to Warner to protect confidential information that it neither planned to disclose, nor had any reason to expect would be disclosed.

III. **CONCLUSION**

For the foregoing reasons, Warner respectfully requests that the Court issue an order permitting Exhibit 1 to the Supplemental Declaration of Ricardo P. Cestero to be filed under seal.

Dated: May 1, 2013

DANIEL M. PETROCELLI
VICTOR H. JIH
MOLLY M. LENS
O'MELVENY & MYERS LLP

By: /s/ Daniel M. Petrocelli
      Daniel M. Petrocelli

Attorneys for Warner Defendants and Counterclaim Plaintiffs