DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
VICTOR H. JIH (S.B. #186515)
vjih@omm.com
MOLLY M. LENS (S.B. #283867)
mlens@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, California  90067-6035
Telephone:   (310) 553-6700
Facsimile:   (310) 246-6779

Attorneys for the Warner Parties

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOURTH AGE LTD., *et al*,<br><br>                    Plaintiffs,<br><br>        v.<br><br>WARNER BROS. DIGITAL DISTRIBUTION, *et al*,<br><br>                    Defendants. | Case No. 12-9912-ABC (SHx)<br><br>**DECLARATION OF MOLLY M. LENS IN SUPPORT OF WARNER'S *EX PARTE* APPLICATION TO HAVE EXHIBIT 1 TO THE SUPPLEMENTAL DECLARATION OF RICARDO CESTERO FILED UNDER SEAL**<br><br><br>**Judge**: Hon. Audrey B. Collins<br>**Magistrate**: Hon. Stephen J. Hillman |
| WARNER BROS. DIGITAL DISTRIBUTION INC., *et al*,<br><br>                    Counterclaim<br>                    Plaintiffs,<br><br>        v.<br><br>FOURTH AGE LTD., *et al*,<br><br>                    Counterclaim<br>                    Defendants. | |

I, Molly M. Lens, the undersigned, hereby declare:

1.      I am a member in good standing of the State Bar of California, an attorney in the law firm of O'Melveny & Myers LLP, and counsel for defendants and counterclaim plaintiffs Warner Bros. Home Entertainment Inc., Warner Bros. Entertainment Inc., Warner Bros. Consumer Products Inc., and New Line Productions, Inc. (collectively, "Warner").  I submit this declaration in support of Warner's *Ex Parte* Application to Have Exhibit 1 to the Supplemental Declaration of Ricardo Cestero Filed under Seal.  I have personal knowledge of the facts set forth herein and, if called to testify, could and would testify competently thereto.

2.      On March 1, 2013, my colleague Victor Jih and I met and conferred with Ricardo Cestero, counsel for plaintiffs and counterclaim defendants Fourth Age Ltd., Priscilla Mary Anne Reuel Tolkien, The J.R.R. Tolkien Estate Ltd., HarperCollins Publishers, Ltd., Unwin Hyman Ltd., and George Allen & Unwin (Publishers), Ltd. (collectively, the "Tolkien/HC Parties").  During that call, the parties agreed on the need to enter into a stipulated protective order in this case, and Mr. Cestero proposed that the parties work from a protective order entered in a previous litigation between Warner and the Tolkien/HC Parties.

3.      On March 14, 2013, when he circulated the proposed, model protective order, Mr. Cestero explained that the Tolkien/HC Parties "would be agreeable to having a similar order entered in this case."  Attached hereto as **Exhibit A** is a true and correct copy of Mr. Cestero's March 14 email and the attached protective order.

4.      On March 28, 2013, Warner made its first production of documents to the Tolkien/HC Parties.  To date, Warner is the only party to have begun producing documents.  As I explained in Warner's production cover letter, Warner made its initial production "in reliance on the entry of a protective order in this case and, accordingly, [the documents] are designated 'Confidential.'"  Attached hereto as **Exhibit B** is a true and correct copy of my March 28, 2013 cover letter to the Tolkien/HC Parties.

5.      Warner's initial production included a copy of a May 2, 2011 settlement agreement between Warner Bros. Home Entertainment Inc. and Microgaming Software Systems Ltd. (the "Microgaming Settlement Agreement"). The Microgaming Settlement Agreement was designated and stamped confidential.

6.      On April 29, 2013, the Tolkien/HC Parties electronically filed their Reply in Support of Special Motion to Strike the Warner Parties' First Amended Counterclaim Pursuant to Code of Civil Procedure § 425.16 (the "Reply").   In support of the Reply, the Tolkien/HC Parties filed the Supplemental Declaration of Ricardo P. Cestero, to which they attached as Exhibit 1 a copy of the Microgaming Settlement Agreement ("Exhibit 1").

7.      The Tolkien/HC Parties did not provide Warner with any advance notice that they intended to file the Microgaming Settlement Agreement.

8.      Immediately upon receiving electronic notice of the Tolkien/HC Parties' filing on April 29, 2013, and upon my discovery that the Tolkien/HC Parties had publicly filed the Microgaming Settlement Agreement, I contacted Mr. Cestero.  In this conversation, Mr. Cestero confirmed that he had intentionally filed the Microgaming Settlement Agreement publicly notwithstanding its confidentiality designation.  During a subsequent conversation on this same day, Mr. Cestero apologized for failing to give Warner advance notice of the filing and agreed to request that the Court deactivate the PACER link to Exhibit 1.  Mr. Cestero further agreed to deliver the Chambers courtesy copies in a sealed envelope.

9.      Mr. Cestero, however, refused to withdraw Exhibit 1 from the public record or move to have it filed under Seal.  Mr. Cestero justified his refusal by stating that the Tolkien/HC Parties did not believe Exhibit 1 needed to be filed under seal because certain financial information had been redacted.  Mr. Cestero also incorrectly asserted that the proposed protective order did not require the receiving party, here the Tolkien/HC Parties, to file confidential documents under

1   seal but rather included a notice provision whereby the producing party, here

2   Warner, had the burden of moving for permission to file under seal.

3          10.     In light of the Tolkien/HC Parties' position, I informed Mr. Cestero of

4   Warner's intention to file an *ex parte* application to seal Exhibit 1 and explained

5   that Warner reserved the right to seek appropriate sanctions in connection with any

6   such application, including our attorneys' fees in preparing and filing the *ex parte*

7   application.

8          11.     Mr. Cestero confirmed that he would not oppose our *ex parte*

9   application.  The following day, on April 30, 2013, counsel for The Saul Zaentz

10  Company ("Zaentz") confirmed that they would similarly not oppose Warner's *ex*

11  *parte* application

12         12.     On April 29, 2013, shortly after our initial call, Mr. Cestero and I

13  jointly called the help line for the court's electronic filing system ("ECF") to

14  request that the link to Exhibit 1 on PACER be deactivated.  The ECF clerk

15  informed us that she would email this Court's deputy courtroom clerk, Angela

16  Bridges to notify her of the issue.

17         13.     Pursuant to the ECF clerk's instructions, Mr. Cestero and I then called

18  Ms. Bridges.  After reaching Ms. Bridge's voicemail, we left her a voicemail

19  detailing the situation.  On the morning of April 30, 2013, Ms. Bridges returned my

20  call and informed me that the Court would deactivate the PACER link to Exhibit 1.

21  Ms. Bridges confirmed that Warner should file an *ex parte* application and

22  [proposed] order to support the deactivation of the PACER link.

23

24

25

26

27

28

DECL. OF MOLLY M. LENS
CV12-9912-ABC (SHX)

14.     On April 30, 2013, Warner and Zaentz provided the Tolkien/HC Parties with their proposed revisions to the protective order that Mr. Cestero previously circulated.  Warner hopes that the stipulated protective order will be presented to the Court shortly for its approval so that Warner can continue to produce documents with the assurance that its confidential information will be protected.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May ⌐, 2013, at Los Angeles, California.

_____
Molly M. Lens

DECL. OF MOLLY M. LENS
CV12-9912-ABC (SHX)

# EXHIBIT A

**Primack, Nikolas A.**

| | |
|---|---|
| **From:** | Cestero, Ricardo <rcestero@greenbergglusker.com> |
| **Sent:** | Thursday, March 14, 2013 10:43 AM |
| **To:** | John.Ulin@APORTER.COM; Marty.Glick@aporter.com; Lens, Molly; Petrocelli, Daniel; Jih, Victor |
| **Cc:** | beskenazi@greenbergglusker.com; EMoriarty@greenbergglusker.com; rvaladez@greenbergglusker.com |
| **Subject:** | Fourth Age v. Warner Bros. |
| **Attachments:** | GGDOCS1-#1674439-v1-Stipulated_Protective_Order.PDF |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Counsel-

Attached is the protective order that was used in the LOTR accounting case.  Obviously, this was previously agreed to by the Plaintiffs and the Warner side.  Plaintiffs would be agreeable to having a similar order entered in this case.

Best regards,
Ricardo

**Ricardo P. Cestero**  |  **Attorney at Law** | Biography
D: 310.785.6809  |  F: 310.201.2309  |  RCestero@greenbergglusker.com

**Greenberg Glusker Fields Claman & Machtinger LLP**
1900 Avenue of the Stars, 21st Floor, Los Angeles, CA 90067
O: 310.553.3610  |  GreenbergGlusker.com

**IRS Circular 230 Disclosure:**
To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax related penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message is intended solely for the use of the addressee(s) and is intended to be privileged and confidential within the attorney client privilege. If you have received this message in error, please immediately notify the sender at Greenberg Glusker and delete all copies of this email message along with all attachments. Thank you.

COPY

**ORIGINAL FILED**

RECEIVED

DEC 1 8 2008

G G F C M

DEC 1 1 2008

**LOS ANGELES SUPERIOR COURT**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CHRISTOPHER REUEL TOLKIEN, PRISCILLA MARY ANNE REUEL TOLKIEN, JOAN ANNE REUEL TOLKIEN, and BAILLIE JEAN TOLKIEN, as TRUSTEES OF THE TOLKIEN TRUST; a United Kingdom Charitable Trust; CHRISTOPHER REUEL TOLKIEN, PRISCILLA MARY ANNE REUEL TOLKIEN, MICHAEL GEORGE REUEL TOLKIEN, BAILLIE JEAN TOLKIEN, ALAN GRAHAM POULTER, and SIMON MARIO REUEL TOLKIEN, as TRUSTEES OF THE JRR TOLKIEN 1967 DISCRETIONARY SETTLEMENT, a United Kingdom Trust; HARPERCOLLINS PUBLISHERS, LTD.. a United Kingdom corporation; UNWIN HYMAN LTD.. a United Kingdom corporation; and GEORGE ALLEN & UNWIN (PUBLISHERS) LTD.. a United Kingdom corporation,

Plaintiffs,

vs.

NEW LINE CINEMA CORP., a Delaware corporation; and DOES 1 to 50, inclusive,

Defendants.

CASE NO.  BC 385294

**STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION; [~~PROPOSED~~] ORDER**

| | |
|---|---|
| Judge: | Hon. Ann I. Jones |
| Department: | 40 |
| Date action filed: | Feb. 11, 2008 |
| Trial date: | October 19, 2009 |

05562265.1

STIPULATED PROTECTIVE ORDER

WHEREAS Plaintiffs Christopher Reuel Tolkien, Priscilla Mary Anne Reuel Tolkien, Joan Anne Reuel Tolkien, and Baillie Jean Tolkien, as Trustees of The Tolkien Trust; Christopher Reuel Tolkien, Priscilla Mary Anne Reuel Tolkien, Michael George Reuel Tolkien, Baillie Jean Tolkien, Alan Graham Poulter, and Simon Mario Reuel Tolkien, as Trustees of The JRR Tolkien 1967 Discretionary Settlement; HarperCollins Publishers, Ltd.; Unwin Hyman Ltd.; and George Allen & Unwin (Publishers) Ltd. ("Plaintiffs") and Defendant New Line Cinema Corp. ("Defendant" or "New Line"; collectively, the "Parties") to the above-captioned action contemplate that certain Confidential Information (as defined below) may be exchanged between them or produced by third parties during the course of discovery, and/or in connection with any audit(s) (the "Audit") conducted by Plaintiffs relating to the films entitled "The Lord of the Rings: The Fellowship of the Ring," "The Lord of the Rings: The Two Towers" and "The Lord of the Rings: The Return of the King" (the "Films");

WHEREAS the parties desire such information to retain its confidential status notwithstanding the pendency of this lawsuit;

NOW, THEREFORE, IT IS HEREBY STIPULATED BY AND AMONG THE PARTIES HERETO AND THEIR COUNSEL OF RECORD THAT the following order should be entered by the Court:

## I. SCOPE

This order shall apply to and govern documents, information, and other matter produced or furnished during the course of discovery in the above-captioned proceedings pursuant to the Code of Civil Procedure, the California Rules of Court ("CRC"), the Local Rules of the above-entitled Court ("Local Rules"), in connection with an Audit, or otherwise, to the extent such materials are designated as constituting or containing Confidential Information pursuant to Section III of this order. This order does not affect the enforceability of any existing confidentiality agreements or protective orders governing documents, information or other matter produced in connection with this Action or an Audit, including, but not limited to, confidentiality

6562265.1

- 1 -

STIPULATED PROTECTIVE ORDER

1  agreements, protective orders or restrictions on the dissemination of materials collected or created

2  in the course of other audits or other litigation.

## II. DEFINITIONS

3

4      A.    "Action" shall refer to the above-entitled proceedings in the Superior Court

5  of the State of California for the County of Los Angeles.

6      B.    "Designating Party" shall mean a party or third party that designates

7  information confidential pursuant to Section III below.

8      C.    "Furnishing Party" shall mean a party to the Action, or a third party subject

9  to subpoena, on behalf of which documents, things, or information are furnished or produced in

10  connection with the Action or the Audit.

11      D.    "Receiving Party" shall mean a party to the Action to which documents,

12  things, or information are furnished or produced in connection with the Action or the Audit.

13      E.    "Confidential Information" shall mean confidential or proprietary business,

14  personal, or technical information that is not generally known and that the Designating Party

15  would not normally reveal to third parties, or would cause or require third parties to maintain in

16  confidence, that is designated with a legend set forth in section III hereof.

17      F.    "Counsel" shall mean counsel of record for a party to this action, in-house

18  or other corporate counsel working on the Action or the Audit, and secretarial, clerical, and

19  paralegal personnel assisting such counsel. "Counsel" shall not include persons engaged or

20  retained by or on behalf of any party as an Expert Consultant or Auditor.

21      G.    "Expert Consultant" shall mean any person other than Counsel who is

22  retained or sought to be retained by or on behalf of a party to the Action to advise and assist in the

23  preparation and presentation of the party's case. For purposes of this order, Expert Consultants

24  shall include individuals retained as experts, whether or not designated to testify at trial.

25      H.    "Auditor" shall mean any person other than Counsel who is retained or

26  sought to be retained by or on behalf of a party to the Action to conduct or assist with the Audit.

27

28

6562265.1

- 2 -

STIPULATED PROTECTIVE ORDER

### III.  DESIGNATION OF INFORMATION

A.      Documents, information, and other matter produced or furnished during the course of the Action, including, without limitation, documents, information and matter produced in response to requests for production of documents, to interrogatories, to requests for admissions, to subpoenas, or to requests made in connection with the Audit, or during depositions, may be designated as constituting or containing Confidential Information, prior to producing or furnishing the documents or things, by placing on each page and each thing to which the designation applies a legend stating "CONFIDENTIAL," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."  The Designating Party shall make this designation based on its good faith determination that such designation applies.

B.      The parties agree that all internal financial or accounting records of Defendant or Warner Bros. Entertainment Inc. which are produced in connection with the Action or the Audit constitute Confidential Information and are provisionally designated as such.  Such internal financial or accounting records shall include, but are not limited to:  participation statements rendered to any participant in the Films; information contained in or reflected by such participation statements, documents created or exchanged in connection with any audit conducted with regards to the Films, including participants' audits and Defendants' audits of third parties; general ledger statements or any portion thereof, whether produced in paper form, database form, or otherwise; revenues generated by exploiting and distributing the Films in any medium by any person anywhere in the world; and costs associated with exploiting and distributing the Films in any medium by any person anywhere in the world.  Pursuant to section VII below, any inadvertent failure of Defendant to mark such materials as constituting or containing Confidential Information shall not constitute a waiver of its claim to confidentiality.

C.      If a third party produces documents or information of any other kind pursuant to a subpoena or otherwise, all such documents shall be provisionally designated as Confidential Information subject to the provisions of Section IV.B ("Confidential"), until fifteen

6562265.1

- 3 -

1   (15) days after all of the parties to the Action have received the documents, unless the parties

2   otherwise agree in writing.  If a party to the Action believes that any documents or information

3   produced by a third party constitute or contain Confidential Information of the party or of its past

4   or present affiliates, employees, or customers, the party to the Action may designate it as

5   constituting or containing Confidential Information within fifteen (15) days of receipt of the

6   information by notifying the other parties of the documents or information it deems to constitute

7   or contain Confidential Information, and re-producing the pages constituting or containing

8   Confidential Information with one of the legends set forth in paragraph III.A.  Thereafter, the

9   documents or information will no longer be deemed Confidential Information for purposes of this

10  Protective Order, except to the extent so designated within such fifteen-day period.

11          D.      For information presented orally at deposition, a confidentiality designation

12  may be made on the record through a request that specific information provided in response to

13  questions be designated by the deposition reporter as "Confidential – Subject to Protective Order"

14  or "Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order"; such a

15  designation made on the record shall be effective immediately.  Additionally, a party or third

16  party may designate deposition information as "Confidential – Subject to Protective Order" or

17  "Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order" by giving written

18  notice (via e-mail, letter or otherwise) transmitted to all Parties and to the court reporter within

19  thirty (30) days after the court reporter delivers the final deposition transcript (*i.e.*, not the rough

20  transcript often provided within a day or so of the deposition) to the parties (or within such other

21  time as the parties may agree).  Those portions of the transcript of a deposition session for which

22  no designation was made on the record shall be provisionally designated as "Confidential –

23  Subject to Protective Order" and subject to the provisions of Section IV.B for thirty (30) days

24  after the court reporter delivers the final deposition transcript to the Parties, unless the parties

25  otherwise agree in writing.  Thereafter, the transcript will no longer be deemed Confidential

26  Information for purposes of this Protective Order, except to the extent so designated at the

27  deposition or in a written notice, by letter, e-mail, or otherwise, transmitted to all Parties and the

28  court reporter within such 30-day period.

6562265 1

- 4 -

STIPULATED PROTECTIVE ORDER

## IV.  DISCLOSURE OF CONFIDENTIAL INFORMATION

A.     Confidential Information shall be used solely for the purpose of conducting this Action or for conducting an Audit and for no other purpose.

B.     Confidential Information designated as "CONFIDENTIAL" may be disclosed to Counsel for the Receiving Party, and may be disclosed by Counsel for the Receiving Party to the following additional persons only:

(1)     The Court, the jury, members of the staff of the Court and other persons present during trial whose functions reasonably necessitate access to Confidential Information, subject to the procedures set forth in paragraphs V.A through D, inclusive, hereof;

(2)     Qualified court reporters taking testimony in the above-captioned proceedings, and necessary stenographic and clerical personnel thereof;

(3)     Percipient witnesses at deposition, or in preparation for deposition testimony or trial, provided that such witnesses are not permitted to retain the Confidential Information following the preparation session or deposition;

(4)     Expert Consultants of the Receiving Party;

(5)     Auditors of the Receiving Party, but only in accordance with the procedures of Section VI below;

(6)     Non-technical jury or trial consulting services retained by counsel for a party; and

(7)     Parties and employees, former employees, agents, representatives or consultants of the parties whose assistance counsel requests for purposes of this litigation.

C.     Confidential Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed to Counsel for the Receiving Party, and may be disclosed by Counsel for the Receiving Party to the following additional persons only:

6562265 1

- 5 -

STIPULATED PROTECTIVE ORDER

      (1)    The Court, the jury, members of the staff of the Court and other persons present during trial whose functions reasonably necessitate access to Confidential Information, subject to the procedures set forth in paragraphs V.A through D, inclusive, hereof;

      (2)    Qualified court reporters taking testimony in the above-captioned proceedings, and necessary stenographic and clerical personnel thereof;

      (3)    Percipient witnesses at deposition, or in preparation for deposition testimony or trial, provided that such witnesses are not permitted to retain the Confidential Information following the preparation session or deposition;

      (4)    Expert Consultants of the Receiving Party;

      (5)    Auditors of the Receiving Party, but only in accordance with the procedures of Section VI below; and

      (6)    Non-technical jury or trial consulting services retained by counsel for a party.

      D.    Confidential Information may be disclosed to those persons identified in paragraphs B (4) through B (6) and C (4) through C (6) above, provided that, prior to the disclosure of any Confidential Information to such persons: (a) the person shall have been informed of the confidential nature of all Confidential Information and the need to limit its use strictly to the purposes permitted herein, and shall agree to be bound by such restrictions, and (b) execute and deliver to the party providing such Confidential Information (who shall retain the executed original in perpetuity and promptly provide an executed copy to the opposing party upon request) the written "Non-Disclosure Agreement" in the form attached hereto as Exhibit A.

### V. USE OF CONFIDENTIAL INFORMATION

      A.    In the event that any brief, memorandum, or other paper to be submitted to the Court by or on behalf of a Receiving Party contains Confidential Information of another party or third party, the Receiving Party shall file the Confidential Information provisionally under seal pursuant to the provisions of CRC 2.550 and 2.551 and any applicable Local Rules of the Court.

n562265 1

- 6 -

If the Furnishing Party is a third party that produced information pursuant to subpoena and designated some or all of that information as Confidential Information, the Receiving Party submitting the Confidential Information to the Court shall provide contemporaneous notice to the Furnishing Party that its Confidential Information has been submitted to the Court under seal.

B.    All documents and copies of documents, made, drafted or prepared by or on behalf of a Receiving Party that contain, memorialize, or summarize Confidential Information, including, without limitation, attorney notes or abstracts or other derivative documents or things, shall be handled as if they were designated pursuant to Section III hereof.

C.    Counsel for Receiving Parties and Auditors and Expert Consultants of Receiving Parties (1) shall maintain all documents and things containing Confidential Information in a secure place that is reasonably inaccessible to anyone other than those persons authorized under this Protective Order to receive such information; and (2) shall take reasonable steps to ensure that such information is not disclosed to such other persons.

D.    In the event of any disclosure of Confidential Information to any person or entity that is not permitted by the terms hereof, the Receiving Party that made the disclosure shall, upon learning of it:

(1)    Immediately notify the person or entity to whom the disclosure was made that he, she or it has received Confidential Information subject to this Protective Order;

(2)    Immediately make all reasonable efforts to preclude further dissemination or use by the person or entity to whom disclosure was made; and

(3)    Immediately notify the Designating Party of the identity of the person(s) or entity to whom disclosure was made, the circumstances of the disclosure, and the steps taken to ensure against the dissemination or use of the information.

## VI. PROCEDURES RELATING TO AUDITORS

A.    During the course of any Audit, Auditor will have access to certain Confidential Information related to the Films to which Plaintiffs may have a right of access but to

- 7 -

6562265.1

STIPULATED PROTECTIVE ORDER

1   which another participant involved in the Films (including, without limitation, another person or

2   entity contractually entitled to receive a participation on any of the Films) may not because of: (a)

3   a difference in the scope of the other participant's audit rights; (b) a difference in the other

4   participant's participation; or (c) the expiration of the other participant's audit rights.  Auditor and

5   Plaintiffs agree that the Confidential Information will not be used by Auditor for any purpose

6   other than: (a) conducting the Audit on behalf of Plaintiffs; (b) preparing a written report for

7   submission to the parties containing the results of the Audit; (c) assisting with the Action or

8   otherwise resolving the claims raised in the Action.

9          B.      Subject to the terms of this Protective Order, Auditor may disclose

10  Confidential Information to Auditor's agents or employees, or any agent, manager, attorney or

11  other representative of Plaintiffs who is not otherwise bound by this Protective Order and is

12  directly involved in representing the party in connection with this Action or Audit (a "Permitted

13  Recipient"); provided, that, prior to the disclosure of any Confidential Information to a Permitted

14  Recipient: (a) such Permitted Recipient shall have been informed of the confidential nature of all

15  Confidential Information and the need to limit its use strictly to the purposes permitted herein,

16  and shall agree to be bound by such restrictions, and (b) execute and deliver to Plaintiffs (who

17  shall retain the executed original in perpetuity and promptly provide an executed copy to the

18  opposing party) the written "Non-Disclosure Agreement" in the form attached hereto as

19  Exhibit "A."

20         C.      If an Auditor engaged by Plaintiffs or any Permitted Recipient to whom

21  Auditor has disclosed Confidential Information produced by Defendant or a third party violates

22  the terms of this Agreement by reason of a disclosure or use of Confidential Information in a

23  manner not expressly permitted hereunder ("Non-Permitted Information"), New Line shall have

24  the right to: (a) require the Auditor to destroy (and promptly confirm such destruction in writing)

25  his or her self-created work-papers and any annotated copies of Defendant- or third party-

26  supplied material that include any references to, or are the product of, any information learned

27  through the improper disclosure of Non-Permitted Information; (b) be informed of the identity of

28  the person(s) to whom Non-Permitted Information was disclosed and what Non-Permitted

0562265.1                           - 8 -

STIPULATED PROTECTIVE ORDER

Information was disclosed; and (c) to apply to the Court to obtain injunctive relief against the Auditor, and in the event New Line does so, no person subject to the provisions of this Order shall assert as a defense thereto that New Line possesses an adequate remedy at law.

## VII. INADVERTENT FAILURE TO DESIGNATE CONFIDENTIAL INFORMATION

A. Inadvertent failure to designate documents or other information as Confidential Information at the time of production may be remedied by supplemental written notice. If such notice is given, the identified materials shall thereafter be fully subject to this Protective Order. A Furnishing Party's inadvertent or unintentional disclosure of Confidential Information, without the confidentiality designation, shall not be deemed a waiver in whole or in part of the Furnishing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto, on the same or related subject matter.

B. Any such inadvertently or unintentionally disclosed Confidential Information shall be designated as soon as reasonably possible after the Furnishing Party becomes aware of the inadvertent or unintentional disclosure. Counsel for the Furnishing Party with assistance of the Receiving Parties shall thereafter:

(1) Use reasonable efforts to retrieve all such particular documents, things or information and all copies thereof from any persons not authorized by this Order to receive such materials;

(2) Mark the particular documents, things, or information, and all copies thereof, with the appropriate legend as set forth in Section III; and

(3) Treat the document, thing or information, all copies thereof, and any notes or other documents incorporating such information in accordance with the designation.

## VIII. CHALLENGES TO CONFIDENTIALITY DESIGNATION

A. If a Receiving Party disputes a designation of information as constituting or containing Confidential Information or disputes the level of protection designated for the information, the Receiving Party may at any time notify the Designating Party in writing of the particular designation that is disputed and the basis for disputing the designation. Such notice

6562265.1

- 9 -

STIPULATED PROTECTIVE ORDER

1    shall be delivered in a separate writing so as to notify the Designating Party of the documents so

2    challenged, and shall set forth with particularity the grounds for the challenge to each document

3    or category of documents.

4              B.      In the event written notice of an objection to the designation of information

5    as constituting or containing Confidential Information is served pursuant to the preceding

6    paragraph, the disputants shall first attempt to resolve such dispute in good faith on an informal

7    basis. The Designating Party shall, within forty-five (45) days after such written notice was

8    provided or such other time to which the disputing parties may agree: (1) re-produce any

9    documents as required to reflect a changed designation agreed upon by the parties; and/or (2) as

10   to those documents for which the dispute cannot be resolved, either (a) produce the documents as

11   demanded in the Receiving Party's notice of objection, or (b) file a motion with the Court seeking

12   a determination that the information was properly designated. The Designating Party shall carry

13   the burden of persuasion on such a motion to establish that the information was properly

14   designated. Prior to the determination of such motion, the Parties shall treat the disputed

15   information as though it were properly designated.

16             C.      Any party required to move this court for relief under the provisions of

17   VIII.B as a result of written objections asserted by a Receiving Party prior to the entry of this

18   Order shall have forty-five (45) days from the entry of this Order to bring its motion.

19   **IX. INADVERTENT FAILURE TO DESIGNATE PRIVILEGED INFORMATION**

20             The inadvertent disclosure of information or documents that a Furnishing Party

21   believes constitute, contain or reflect information otherwise protected by the attorney-client

22   privilege, the work product doctrine or any other privilege or immunity from discovery

23   ("Privileged Information"), shall not constitute a waiver or estoppel with respect to such

24   Privileged Information, or generally of any such privilege or immunity or other ground for

25   withholding production to which the Furnishing Party or any other person would otherwise be

26   entitled. In the event of such inadvertent disclosure of Privileged Information, a Furnishing Party

27   at any time may provide notice to the Receiving Party directing that all copies of documents

28   containing such inadvertently disclosed Privileged Information be returned to the Furnishing

6562265.1                                    - 10 -

1   Party or destroyed and barring any Party from using or retaining those documents or any copies

2   thereof in the action or otherwise.  All parties receiving such notice shall immediately return all

3   copies of the Privileged Documents described in the notice, shall delete such material from any

4   litigation-support or other database, shall destroy all notes or other work product reflecting the

5   contents of such material and shall not use such Privileged Documents; provided, however, that

6   any party receiving such notice, after returning the Privileged Documents, may move within thirty

7   (30) days after receiving such notice and on reasonable notice, and on grounds other than the

8   inadvertent production of such documents, for an order challenging the designation of such

9   documents as Privileged Documents.  If and only if, the party receiving notice of inadvertent

10  disclosure of Privileged Documents elects to move for such an order, that party shall be permitted

11  to keep only one copy of the Privileged Document for the sole purpose of filing such copy with

12  the Court under seal when making its motion.  The Parties agree that permission to keep the one

13  copy for the sole purpose of filing it with the Court under seal shall not be grounds for arguing

14  that the document is not privileged or that any privilege was waived.  The Parties agree that the

15  terms in this section do not in any way limit or alter the Parties' existing obligations under

16  California law.

## X. CONCLUSION OF LITIGATION

17

18          A.      No later than three (3) months after the final termination of the Action,

19  including the exhaustion of any appeals and cross-appeals and requests for discretionary review,

20  each person or party subject to the terms of this Protective Order shall either (1) return all

21  Confidential Information produced by other parties to each respective Furnishing Party (except to

22  the extent such designated information is maintained on electronic media and cannot be returned,

23  in which case such designated information shall be erased or otherwise destroyed); or (2) destroy

24  all Confidential Information produced by other parties.  Any such destruction of Confidential

25  Information shall be confirmed in writing within such three-month period by the party destroying

26  such documents.  Nothing herein shall obligate any person or party to destroy (i) attorney work

27  product, including, without limitation, attorney notes or memos and deposition summaries; (ii)

28

6562265 1                                    - 11 -

STIPULATED PROTECTIVE ORDER

1  any transcript of any deposition, hearing, or trial proceeding; or (iii) any pleading or paper served

2  on another party or filed with the Court in the Action.

3          B.      Notwithstanding the foregoing, a Receiving Party shall be permitted to

4  designate, in writing and no later than one (1) month after the final termination of the Action, any

5  Confidential Information it believes, in good faith, is necessary for its counsel to maintain after

6  the termination of the litigation for purposes of reference and use in the event of further disputes

7  or litigation between the parties regarding Plaintiffs' participation interests in revenues generated

8  by the Films.  The Furnishing Party shall consider in good faith any such designations and if the

9  Furnishing Party assents, counsel for Receiving Party may keep one (1) copy of any such

10 designated Confidential Information, subject to the on-going protections of this Protective Order.

11 If any disputes arise out of such designations, the disputants shall attempt to resolve such disputes

12 in good faith on an informal basis.  If a dispute cannot be so resolved, the Furnishing Party may,

13 within forty-five (45) days after such written designation was provided or such other time to

14 which the disputing parties may agree, file a motion with this Court seeking an order requiring

15 counsel for the Receiving Party to return all copies of the Confidential Information in question.

16 Prior to the determination of such motion, the Receiving Party may keep one (1) copy of the

17 Confidential Information it has designated to keep, but shall return or destroy any other

18 Confidential Information pursuant to the terms set forth in Section X.A., above.

19         C.      This Court shall retain jurisdiction over the Action following its

20 termination (whether by judgment, settlement, or otherwise) for the purpose of enforcing this

21 Protective Order.

22              **XI. AMENDMENTS OR MODIFICATIONS**

23         A.      This Protective Order may be amended by agreement of counsel for the

24 Parties to this Order and approval of the Court in the form of a stipulation that shall be filed with

25 the Court.  Any party may, on motion and for good cause shown, apply to the Court for

26 modification of this Protective Order.

27

28
6562365.1                              - 12 -

STIPULATED PROTECTIVE ORDER

Exhibit A
18

12-11-08    11:27am   From-LOEB & LOEB                310 2822200        T-157   P.015/016   F-351

B.     This Stipulation and Protective Order shall become effective immediately upon its entry by the Court. The parties agree that, pending the entry of this Order by the Court, any production of documents or information will be subject to the terms of this Protective Order.

C.     Nothing in this Stipulation and Protective Order precludes the entry of additional protective orders in the Action, if such additional protective orders are appropriate.

## XII.  MISCELLANEOUS

A.     Nothing herein limits the ability of a party or third party to use or to disclose its own Confidential Information.

DATED: December 11, 2008            MUNGER, TOLLES & OLSON LLP

                                    By: _____
                                         Lisa J. Demsky

                                    Attorneys for Defendant New Line Cinema Corp.

DATED: December 11, 2008            GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

                                    By: _____
                                         Bonnie E. Eskenazi

                                    Attorneys for Plaintiffs Trustees of the Tolkien Trust and Trustees of The J.R.R. Tolkien 1967 Discretionary Settlement

DATED: December 11, 2008            LOEB & LOEB LLP

                                    By: _____
                                         Michael Anderson

                                    Attorneys for Plaintiffs HarperCollins Publishers, Ltd., Unwin Hyman Ltd., and George Allen & Unwin (Publishers) Ltd.

IT IS SO ORDERED:

                                    **ANN I. JONES**

DATED: 12/12/08                     By: _____
                                         The Honorable Ann I Jones
                                         Los Angeles County Superior Court Judge

6562263.1                                    - 13 -

                          STIPULATED PROTECTIVE ORDER

RECEIVED TIME  DEC. 11.  11:18AM

## EXHIBIT "A"

## NON-DISCLOSURE AGREEMENT

I certify that I have carefully read the Stipulated Confidentiality Protective Order in the case of *Tolkien et al. v. New Line Cinema Corp. et al*, Case No. BC 385294, and that I fully understand the terms of the Order. I recognize that I am bound by the terms of this order and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the Los Angeles County Superior Court for any proceedings involving the enforcement of that Order.

Executed this day _____ of _____, 200_, at _____, _____.

_____
Signature

_____
Name

_____
Affiliation or Company

_____
Business Address

_____
Home Address

6562265.1

NON-DISCLOSURE AGREEMENT TO PROTECTIVE ORDER IN *TOLKIEN V. NEW LINE*

Exhibit A
20

## PROOF OF SERVICE

I am over the age of 18 and not a party to the within cause.  I am employed by **Time Machine Network, Inc.** in the County of Los Angeles, State of California.  My business address is 1533 Wilshire Blvd., Los Angeles, CA 90017.

On December 11, 2008, I served a true copy of the following documents entitled:

**STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION; [PROPOSED] ORDER**

☒ By placing ☐ the original(s) ☒ a true and correct copy(ies) thereof, as set out below, in an addressed, sealed envelope(s) clearly labeled to identify the person(s) being served at the address(es) set forth on the attached service list.

☐ **BY MAIL (AS INDICATED ON THE ATTACHED SERVICE LIST)** I placed such envelope(s) in interoffice mail for collection and deposit in the United States Postal Service at 355 South Grand Avenue, Thirty-Fifth Floor, Los Angeles, California, on that same date, following ordinary business practices.  I am familiar with Munger, Tolles & Olson LLP's practice for collection and processing correspondence for mailing with the United States Postal Service; in the ordinary course of business, correspondence placed in interoffice mail is deposited with the United States Postal Service with first class postage thereon fully prepaid on the same day it is placed for collection and mailing.

☐ **BY FEDERAL EXPRESS STANDARD OVERNIGHT DELIVERY (AS INDICATED ON ATTACHED SERVICE LIST)** I delivered the sealed Federal Express envelope(s) to an employee authorized by Federal Express to receive documents, with delivery fees paid or provided for.

☐ **BY FACSIMILE (AS INDICATED ON ATTACHED SERVICE LIST)** I caused to be sent a true and correct copy(ies) of said document via facsimile transmission.  The transmission was reported as complete and without error.  A true and correct copy of the transmission was reported as complete and without error.  A true and correct copy of the machine's transmission report, indicating the date and time that the transmission was completed without error is attached to this proof of service and is incorporated herein by this reference.  The telephone number of the facsimile machine I used was (213) 683-9510.  This facsimile machine complies with Rule 2003(3) of the California Rules of Court.

☒ **BY HAND (AS INDICATED ON ATTACHED SERVICE LIST)** I caused such envelope(s) to be delivered by hand to the offices of the addressee.

☒ **(STATE)** I declare under penalty of perjury that the foregoing is true and correct.

☐ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

STIPULATED PROTECTIVE ORDER

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on **December 11, 2008**, at Los Angeles, California.

[Print Name]                          [Signature]

TIME MACHINE NETWORK, INC.

STIPULATED PROTECTIVE ORDER

**SERVICE LIST**

Bonnie E. Eskenazi
Elisabeth A. Moriarty
Ricardo P. Cestero
Rachel Valadez
Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA  90067-4590
Tel: 310-553-3610
Fax: 310-553-0687
beskenazi@ggfirm.com
emoriarty@ggfirm.com
rcestero@ggfirm.com
rvaladez@ggfirm.com
*Attorney for Plaintiffs*

Robert A. Meyer
Michael T. Anderson
Donald A. Miller
Loeb & Loeb LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, CA  90067
Tel: 310-282-2000
Fax: 310-282-2200
rmeyer@loeb.com
manderson@loeb.com
dmiller@loeb.com
*Attorneys for Plaintiffs*

STIPULATED PROTECTIVE ORDER

Exhibit A
23

## PROOF OF SERVICE

I, the undersigned, declare: that I am employed in the aforesaid County; I am over the age of 18 and not a party to the within action; my business address is 355 South Grand Avenue, Thirty-Fifth Floor, Los Angeles, California 90071-1560.

On December 16, 2008, I served upon the interested party(ies) in this action the foregoing document(s) described as: STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION; ORDER

☒    By placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope(s) addressed as stated on the attached service list.

☒    **BY MAIL (AS INDICATED ON THE ATTACHED SERVICE LIST)** I caused such envelope(s) to be deposited with postage thereon fully prepaid in the United States mail at a facility regularly maintained by the United States Postal Service at Los Angeles, California. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation dated or postage meter date is more than one day after dated of deposit for mailing, pursuant to this affidavit.

☐    **BY FACSIMILE (AS INDICATED ON ATTACHED SERVICE LIST)** By sending a copy of said document by facsimile machine for instantaneous transmittal via telephone line.

☒    **BY ELECTRONIC MAIL (AS INDICATED ON ATTACHED SERVICE LIST)** By sending a copy of said document by electronic mail for instantaneous transmittal via email.

☐    **BY FEDERAL EXPRESS PRIORITY OVERNIGHT DELIVERY (AS INDICATED ON ATTACHED SERVICE LIST)** I caused such envelope(s) to be placed for Federal Express collection and delivery at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for Federal Express mailing. Under that practice it would be deposited with the Federal Express office on that same day with instructions for overnight delivery, fully prepaid, at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the Federal Express delivery date is more than one day after dated of deposit with the local Federal Express office, pursuant to this affidavit.

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 16, 2008, at Los Angeles, California.

_____
Mary L. Pantoja

5803952.1

Exhibit A
24

**SERVICE LIST**

Bonnie E. Eskenazi
Elisabeth A. Moriarty
Ricardo P. Cestero
Rachel Valadez
Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA  90067-4590
Tel: 310-553-3610
Fax: 310-553-0687
beskenazi@ggfirm.com
emoriarty@ggfirm.com
rcestero@ggfirm.com
rvaladez@ggfirm.com
*Attorney for Plaintiffs*

Robert A. Meyer
Michael T. Anderson
Donald A. Miller
Loeb & Loeb LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, CA  90067
Tel: 310-282-2000
Fax: 310-282-2200
rmeyer@loeb.com
manderson@loeb.com
dmiller@loeb.com
*Attorneys for Plaintiffs*

STIPULATED PROTECTIVE ORDER

Exhibit A
25

# EXHIBIT B

# O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

HONG KONG

JAKARTA

LONDON

LOS ANGELES

NEWPORT BEACH

NEW YORK

1999 Avenue of the Stars
Los Angeles, California 90067-6035

TELEPHONE (310) 553-6700
FACSIMILE (310) 246-6779
www.omm.com

SAN FRANCISCO

SEOUL

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

March 28, 2013

WRITER'S DIRECT DIAL
(310) 246-8593

WRITER'S E-MAIL ADDRESS
mlens@omm.com

**VIA U.S. MAIL**

Ricardo Cestero
Greenberg Glusker Fields Claman & Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067

Re:     ***Fourth Age Ltd., et al. v. Warner Bros. Digital Distribution Inc., et al.***

Dear Ricardo:

Enclosed please find Warner's first production of documents.  The bates range for this production is WARNER0000001-WARNER0000357.  Please note that all of these documents are being produced in reliance on the entry of a protective order in this case and, accordingly, are designated "Confidential."  Warner reserves the right to re-designate these documents as appropriate once the protective order has been finalized and entered.

Sincerely,

Molly Lens

MML

Enclosure

In Association with Tonhman & Partners

Exhibit B
26

