DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
VICTOR H. JIH (S.B. #186515)
vjih@omm.com
MOLLY M. LENS (S.B. #283867)
mlens@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, California  90067-6035
Telephone:   (310) 553-6700
Facsimile:    (310) 246-6779

Attorneys for the Warner Parties

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOURTH AGE LTD., *et al*,<br><br>    Plaintiffs,<br><br>  v.<br><br>WARNER BROS. DIGITAL DISTRIBUTION, *et al*,<br><br>    Defendants. | Case No. 12-9912-ABC (SHx)<br><br>**WARNER'S RESPONSES TO THE TOLKIEN/HC PARTIES' EVIDENTIARY OBJECTIONS**<br><br>**Judge**: Hon. Audrey B. Collins<br>**Magistrate**: Hon. Stephen J. Hillman |
| WARNER BROS. DIGITAL DISTRIBUTION INC., *et al*,<br><br>    Counterclaim Plaintiffs,<br><br>  v.<br><br>FOURTH AGE LTD., *et al*,<br><br>    Counterclaim Defendants. | **Hearing Date**:  May 13, 2013<br>**Hearing Time**:   10:00 a.m.<br>**Courtroom**:         680<br><br>[Declaration of Nikolas A. Primack filed concurrently herewith] |

Defendants and counterclaim plaintiffs Warner Bros. Entertainment Inc., Warner Bros. Entertainment Inc., Warner Bros. Consumer Products Inc., and New Line Productions, Inc. (collectively, "Warner") respectfully submit the following responses (the "Responses") to The Tolkien/HC Parties' Objections to the Declarations of Molly M. Lens and Monica Kim Submitted in Support of the Warner Parties' Opposition to the Tolkien/HC Parties' Special Motion to Strike (the "Objections"), which were filed on April 29, 2013 by plaintiffs and counterclaim defendants Fourth Age Ltd., Priscilla Mary Anne Reuel Tolkien, The J.R.R. Tolkien Estate Ltd., HarperCollins Publishers, Ltd., Unwin Hyman Ltd., and George Allen & Unwin (Publishers), Ltd. (collectively, the "Tolkien/HC Parties"). Warner's evidence is admissible in its entirety for each of the reasons set forth below. Accordingly, Warner requests that the Court overrule all of the Tolkien/HC Parties' Objections.

## DECLARATION OF MOLLY M. LENS

**1.    General Objection**

GROUNDS: Lack of Perjury Subscription.

WARNER'S RESPONSE TO OBJECTION 1: Warner filed a Notice of Errata and attached a corrected copy of the Declaration of Molly M. Lens ("Lens Declaration") on April 30, 2013 (Docket Nos. 72, 72-1), rendering this objection moot.

**2.    Paragraph 2, Exhibit 1:** February 27, 2013 email from Victor Jih to Ricardo Cestero and Elisabeth Moriarty, in which Mr. Jih explained that Warner's counterclaim is "the result of Counterclaim Defendants' underlying breach and their 'position' that the Warner Defendants do not have the right to continue with their existing exploitation," and also explained that Warner amended its counterclaim "to avoid any ambiguity and unnecessary motion practice" and "to make it even

more clear that the conduct which underlies Counterclaim Defendants' claim for breach of contract is not the Estate's filing of its complaint, but rather the Estate's conduct in repudiating [Warner's] rights."

GROUNDS: Hearsay (F.R.E. 802); Argumentative, Improper Legal Conclusion; Improper Opinion (F.R.E. 701).

WARNER'S RESPONSE TO OBJECTION 2: The statements are not hearsay because they are offered not for their truth, but merely for the fact that such statements were communicated to the Tolkien/HC Parties. Nor are the statements offered as argument, legal conclusions, or opinions.

3. **Paragraph 3, Exhibit 2:** Article entitled "Bonnie E. Eskenazi" in which Ms. Eskenazi is quoted as saying, "New Line is claiming they have the right to use 'Lord of the Rings' in online gambling and slot machines … We believe that they don't have the right to do that."

4. **Paragraph 4, Exhibit 3**: Article entitled "Taking Licensing License" in which Ms. Eskenazi is quoted as saying, "Anyone seeking to exploit the rights in the works of Professor Tolkien that they don't own should be prevented from doing so … That is precisely what happened with the 'Age of Hobbits' movie and is precisely what we are trying to do in our case."

5. **Paragraph 5, Exhibits 4 and 5:** A French version and English translation of an article entitled "My Father's 'Eviscerated' Work – Son of Hobbit Scribe J.R.R. Tolkien Finally Speaks Out," which says: "'We are in the back seat,' Cathleen Blackburn comments. In other words, the Estate can do little but watch the scenery, except in extreme cases—for example, preventing the use of the name *Lord of the Rings* on Las Vegas slot machines, or for amusement parks. 'We were able

1         to prove that nothing in the original contract dealt with that sort of
2         exploitation.'"

3     GROUNDS: Hearsay (F.R.E. 802); Irrelevant (F.R.E. 402)

4     WARNER'S RESPONSE TO OBJECTIONS 3-5: These press statements are relevant as one way the Tolkien/HC Parties manifested their repudiation of Warner's rights. These are not inadmissible hearsay. The statements are offered not for their truth, but merely for the fact that the Tolkien/HC Parties' representatives made the statements. The press accounts of those statements is the best evidence available to Warner now. They are more "probative on th[at] point … than any other evidence which the proponent can procure through reasonable efforts" at this time, F.R.E. 807, since Warner has not yet had the chance to depose the reporters themselves, Ms. Eskenazi, or Ms. Blackburn. The statements also meet the required "circumstantial guarantees of trustworthiness" required by F.R.E. 807, since the Tolkien/HC Parties have had the opportunity to deny the fact of the statements but have not yet done so.

    Further, the objections improperly focus on the current form of Warner's evidence instead of its likely admissibility at trial. Even if the current form of the evidence is technically deficient, that is not a reason to exclude it for purposes of evaluating the likelihood of prevailing. The "proper view of 'admissible evidence' for purposes of the SLAPP statute … looks to trial, and the evidence that will be presented at that time." *Fashion 21 v. Coalition for Humane Immigrant Rights of Los Angeles*, 117 Cal. App. 4th 1138, 1147-48 (2004) (emphasis added). Thus, "evidence that is made inadmissible only because the plaintiff failed to satisfy a precondition to its admissibility could support a judgment for the plaintiff assuming the precondition could be satisfied" by the time of trial. *Id.*; *cf. Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("[W]e need not decide whether the diary itself is admissible. It would be sufficient if the contents of the diary are admissible at

trial, even if the diary itself may be inadmissible. At the summary judgment stage, we do not focus on the admissibility of the evidence's form."); *Fonseca v. Sysco Food Servs. of Ariz.*, 374 F.3d 840, 846 (9th Cir. 2004) ("Even the declarations that do contain hearsay are admissible for summary judgment purposes because they 'could be presented in admissible form at trial.'"). The *Gallagher v. Connell* case, 123 Cal. App. 4th 1260 (2004), is directly on point. In *Gallagher*, the plaintiff, in response to an anti-SLAPP motion, offered a newspaper article as evidence that the defendant had made a particular statement. The court held that even if the defendant "had objected to the newspaper article as hearsay when offered to prove she made the statement attributed to her, [plaintiff] would have had the opportunity to cure the defect in his evidence. He could have obtained a declaration from the reporter or another witness testifying [defendant] made the statement." *Id.* at 1269. As *Gallagher* explained, "this is not the sort of evidentiary problem a plaintiff will be incapable of curing by the time of trial." *Id.*; *see generally* Declaration of Nikolas A. Primack filed concurrently with these Responses.

To the extent the Court is concerned about the ultimate admissibility of this evidence, the proper course is to give Warner "a continuance, on conditions the court believes just, to show the predicate facts necessary to overcome the objection." *See Fashion 21*, 117 Cal. App. 4th at 1148; *cf*. FRCP 56(d).

## DECLARATION OF MONICA KIM

### 1. General Objection

GROUNDS: Lack of Perjury Subscription.

WARNER'S RESPONSE TO OBJECTION 1: Warner filed a Notice of Errata and attached a corrected copy of the Declaration of Monica Kim ("Kim Declaration") on April 30, 2013 (Docket Nos. 72, 72-2), rendering this objection moot.

1  **2.** **Paragraph 3, lines 14-17**: "Online gambling games are one of the ways that Warner exploits intellectual property rights that Warner either owns or has licensed. For example, online gambling games exist based on the motion pictures *Clash of the Titans*, *The Dark Knight*, and *Nightmare on Elm Street*."

GROUNDS: Lacks Foundation/Personal Knowledge (F.R.E. 602).

WARNER'S RESPONSE TO OBJECTION 2: The Kim Declaration sets forth the basis for Ms. Kim's knowledge and foundation. In paragraph 2, Ms. Kim declares that "[a]s part of [her] responsibilities as Senior Counsel, [she] help[s] negotiate and draft license agreements with third-party developers of online gambling games."

**3.** **Paragraph 3, lines 17-19:** "Online gambling games are becoming increasingly popular, and, in turn, are becoming an increasingly lucrative form of exploitation of Warner's brands."

GROUNDS: Lacks Foundation/Personal Knowledge (F.R.E. 602); Improper Opinion (F.R.E. 701); Calls for Speculation.

WARNER'S RESPONSE TO OBJECTION 3: The Kim Declaration sets forth the basis for Ms. Kim's knowledge and foundation. In paragraph 2, Ms. Kim declares that "[a]s part of [her] responsibilities as Senior Counsel, [she] help[s] negotiate and draft license agreements with third-party developers of online gambling games." Ms. Kim is not offering a legal opinion or conclusion.

**4.** **Paragraph 5, lines 24-26:** "In late 2010, I learned that the Tolkien/HC Parties had disavowed Warner's rights to online games and gambling games and that Warner would be ceasing its exploitation of online gambling games based on *The Lord of the Rings*."

GROUNDS: Hearsay (F.R.E. 802); Improper Opinion/Conclusion (F.R.E. 701).

1       WARNER'S RESPONSE TO OBJECTION 4: This statement is not hearsay.
2  It is not offered for the truth of the matter asserted, but merely to demonstrate the
3  fact that the Tolkien/HC Parties' disavowal of Warner's rights was communicated
4  to Ms. Kim, and to show Ms. Kim's state of mind.  Ms. Kim is not offering a legal
5  opinion or conclusion.

6       **5.**     **Paragraph 5, line 27:** "Accordingly, I was asked to terminate the
7                  Microgaming License."

8       GROUNDS: Hearsay (F.R.E. 802); Irrelevant (F.R.E. 402).

9       WARNER'S RESPONSE TO OBJECTION 5:  This statement is not
10 hearsay.  It is not offered for the truth of the matter asserted, but merely to
11 demonstrate that the directive to terminate the Microgaming License was
12 communicated to Ms. Kim, and to show Ms. Kim's state of mind.  This statement is
13 relevant to show the harm caused by the Tolkien/HC Parties' repudiation.

14      **6.**     **Paragraph 6, lines 1-5:** "The Microgaming License was based on
15                 WBDD's representation that it had the rights to create, distribute and
16                 promote online games of chance based on *The Lord of the Rings*
17                 properties.  WBDD also specifically represented and warranted that
18                 Microgaming's games would not violate or infringe the rights of any
19                 third person or entity."

20      GROUNDS: Hearsay (F.R.E. 802); Not Best Evidence (F.R.E. 1002).

21      WARNER'S RESPONSE TO OBJECTION 6:  This is not hearsay, but is
22 offered simply as evidence of the fact that these representations were made.  The
23 best evidence rule does not apply because the testimony does not seek to introduce
24 the specific language of a written instrument—it simply recounts the general
25 purpose and intent of the contract negotiated by the declarant.  *See generally*
26 *Waterloo Furniture Components, Ltd. v. Haworth, Inc.*, 467 F.3d 641, 648-49 (7th
27 Cir. 2006) (best evidence rule did not bar testimony of employee who negotiated
28

settlement agreement, because employee's statement was based on first-hand knowledge of negotiations). In any event, any concern is moot because Warner has attached a redacted copy of the language at issue.

    **7.** **Paragraph 6, lines 5-7:** "The repudiation of these rights by the Tolkien/HC Parties created uncertainty about WBDD's ability to stand behind these representations, which eventually led to the termination of the Microgaming License."

GROUNDS: Improper Legal Conclusion; Lacks Foundation/Personal Knowledge (F.R.E. 602); Calls for Speculation.

WARNER'S RESPONSE TO OBJECTION 7: The Kim Declaration sets forth the basis for Ms. Kim's knowledge and foundation. In paragraph 2, Ms. Kim declares that "[a]s part of [her] responsibilities as Senior Counsel, [she] help[s] negotiate and draft license agreements with third-party developers of online gambling games." Ms. Kim is not offering a legal conclusion, but is testifying about how the Tolkien/HC Parties' position affected Warner's ability to exploit its rights.

    **8.** **Paragraph 7, lines 8-14:** "The termination of the Microgaming License resulted in two settlement agreements with Microgaming in 2011. Pursuant to these settlement agreements, WBDD was obligated to repay Microgaming millions of dollars in advances as well as more than half a million dollars to reimburse Microgaming for some of its development and advertising costs. In addition to these out-of-pocket costs, Warner also lost the ability to earn potentially significant additional revenue from the exploitation of online gambling games under the Microgaming License."

GROUNDS: Hearsay (F.R.E. 802); Not Best Evidence; Lacks Foundation/Personal Knowledge.

WARNER'S RESPONSE TO OBJECTION 8: The Kim Declaration sets forth the basis for Ms. Kim's knowledge and foundation. In paragraph 2, Ms. Kim declares that "[a]s part of [her] responsibilities as Senior Counsel, [she] help[s] negotiate and draft license agreements with third-party developers of online gambling games." This is not hearsay, but is offered simply as evidence of the effect of the Tolkien/HC Parties' repudiation. The best evidence rule does not apply because the testimony does not seek to introduce the specific language of a written instrument—it simply recounts the general purpose and intent of the contract negotiated by the declarant. *See generally Waterloo Furniture*, 467 F.3d at 648-49 (best evidence rule did not bar testimony of employee who negotiated settlement agreement, because employee's statement was based on first-hand knowledge of negotiations). In any event, any concern is moot, as the Tolkien/HC Parties themselves have introduced the Microgaming Settlement into the record. (Docket No. 69-1.)

**9.    Paragraph 8, lines 15-17:** "Because of the Tolkien/HC Parties' repudiation of Warner's rights to online gambling games, Warner has not negotiated any new licenses for online gambling games based on *The Lord of the Rings* or *The Hobbit*."

GROUNDS: Improper Legal Conclusion; Lacks Foundation/Personal Knowledge.

WARNER'S RESPONSE TO OBJECTION 9: The Kim Declaration sets forth the basis for Ms. Kim's knowledge and foundation. In paragraph 2, Ms. Kim declares that "[a]s part of [her] responsibilities as Senior Counsel, [she] help[s] negotiate and draft license agreements with third-party developers of online gambling games." Ms. Kim is not offering a legal conclusion, but is testifying about her observation that Warner has not entered into any new license agreements for online gambling games as a result of the Tolkien/HC Parties' repudiation.

**10.     Paragraph 8, lines 17-20:** "This has harmed Warner significantly in the form of lost license revenue—an amount likely to have been substantial in light of Warner's plans to release multiple *Hobbit* films over the next few years."

GROUNDS: Lacks Foundation/Personal Knowledge; Calls for Speculation.

WARNER'S RESPONSE TO OBJECTION 1: The Kim Declaration sets forth the basis for Ms. Kim's knowledge and foundation. In paragraph 2, Ms. Kim declares that "[a]s part of [her] responsibilities as Senior Counsel, [she] help[s] negotiate and draft license agreements with third-party developers of online gambling games." Ms. Kim is testifying to the harm already caused to Warner as a result of the Tolkien/HC Parties' repudiation.

For the foregoing reasons, Warner's evidence is admissible in its entirety. Warner respectfully requests that the Court overrule all of the Tolkien/HC Parties' Objections.

Respectfully submitted,

Dated:  May 6, 2013

DANIEL M. PETROCELLI
VICTOR H. JIH
MOLLY M. LENS
O'MELVENY & MYERS LLP


By:   /s/ Daniel M. Petrocelli
            Daniel M. Petrocelli

Attorneys for Warner Defendants and Counterclaim Plaintiffs