ARNOLD & PORTER LLP
MARTIN R. GLICK (No. 40187)
marty.glick@aporter.com
JOHN C. ULIN (No. 165524)
john.ulin@aporter.com
SEAN M. CALLAGY (No. 255230)
sean.callagy@aporter.com
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone: 415.471.3100
Facsimile: 415.471.3400

Attorneys for Defendant and Counterclaim Plaintiff THE SAUL ZAENTZ COMPANY d/b/a Middle-earth Enterprises, a Delaware corporation'

O'MELVENY & MYERS LLP
DANIEL M. PETROCELLI (No. 97802)
dpetrocelli@omm.com
VICTOR H. JIH (No. 186515)
vjih@omm.com
MOLLY M. LENS (No. 283867)
mlens@omm.com
1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-6035
Telephone: 310.553.6700
Facsimile: 310.246.6779

Attorneys for Defendants and Counterclaim Plaintiffs WARNER PARTIES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOURTH AGE LIMITED, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>WARNER BROS. DIGITAL DISTRIBUTION, INC., *et al.*,<br><br>　　　　Defendants. | Case No. 12-cv-09912-ABC (SHx)<br><br>Hon. Audrey B. Collins<br><br>**THE SAUL ZAENTZ COMPANY'S AND WARNER'S NOTICE OF EN BANC PROCEEDINGS**<br><br>Date:　　　July 22, 2013<br>Time:　　　10:00am<br>Courtroom:　680 |

Defendants and Counterclaim Plaintiffs The Saul Zaentz Company ("Zaentz") and the Warner Parties ("Warner") wish to bring to the Court's attention developments in the Ninth Circuit relevant to Counterclaim Defendants' Special Motions to Strike pursuant to California Code of Civil Procedure Section 425.16 (Dkt. Nos. 42 & 43), which are presently set to be heard by this Court on July 22.

In *Makaeff v. Trump University, LLC*, No. 11-55016 (Apr. 17, 2013), two judges of the Ninth Circuit expressed the view that *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963 (9th Cir. 1999), which allows special motions to strike under Section 425.16 of the California Code of Civil Procedure (the "California anti-SLAPP statute") to be brought in federal court, was wrongly decided and should be overruled. Slip. Op. at 33-40 (Kozinski, J., concurring); *id.* at 40-42 (Paez, J., concurring).

Judges Kozinski and Paez called for the Court of Appeals to rehear the *Makaeff* case en banc for the purpose of reconsidering whether the California anti-SLAPP statute may be invoked in federal court. *Id.* at 40 (Kozinski, J., concurring). Appellee Trump University subsequently petitioned for rehearing en banc. And the Ninth Circuit has ordered Appellant Tarla Makaeff to file a response to the petition, which is due by June 13, 2013. In light of these developments, it appears that there is a substantial chance that the Ninth Circuit will reconsider *Newsham* and the availability of the special motion to strike procedure in federal court.

If rehearing en banc is granted and the Ninth Circuit overrules *Newsham*, Counterclaim Defendants' Special Motions to Strike will have to be denied as improperly seeking to invoke a state-law procedural mechanism that is not available to litigants in federal courts. Counterclaimants therefore request that the Court defer ruling on Counterclaim Defendants' special motions to strike until such time as: (a) the Ninth Circuit resolves the petition for rehearing in *Makaeff*, or (b) if rehearing en banc is granted, the court decides the question of whether the anti-SLAPP procedure that Counterclaim Defendants purport to invoke is actually available in federal litigation.

No party will be adversely affected should the Court elect to await further guidance from the Ninth Circuit. Counterclaim Defendants will still be able to pursue resolution of their motion to dismiss under Fed. R. Civ. P. 12(b)(6) and will preserve their ability to have their special motion to strike resolved, in the event that the Ninth Circuit decides it is an available procedure in federal court. In the meantime, the Court will not need to spend time resolving a motion that the Ninth Circuit may conclude is not available in this case. Moreover, given the overlap in the facts underlying the claims and counterclaims in this case, no party's discovery burdens should be significantly affected if the Court defers resolving the special motion to strike. The parties will need to conduct essentially the same discovery regardless of how the Court rules. Indeed, discovery, which is not stayed by the pendency of a special motion to strike in federal court, *see Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845 (9th Cir. 2001), is already underway.

For all of these reasons, the Court should defer ruling on Counterclaim Defendants' special motion to strike until after the Ninth Circuit either resolves the question of whether such motions are available in federal court in the *Makaeff* case or decides not to rehear the case en banc.[1]

---

[1] Should the Court so order, Zaentz and Warner will provide the Court with additional briefing showing why Counterclaim Defendants' Motions to Strike are procedurally improper in this forum.

| | | |
|---|---|---|
| 1 | Dated: May 29, 2013 | ARNOLD & PORTER LLP |
| 2 | | |
| 3 | | By: /s/ John C. Ulin |
| 4 | | Attorneys for Defendant and Counterclaim Plaintiff THE SAUL ZAENTZ COMPANY d/b/a Middle-earth Enterprises, a Delaware corporation |
| 5 | | |
| 6 | Dated: May 29, 2013 | O'MELVENY & MYERS LLP |
| 7 | | |
| 8 | | By: /s/ Daniel M. Petrocelli |
| 9 | | Attorneys for Defendants and Counterclaim Plaintiffs WARNER PARTIES |

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.