UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9912 ABC (SJHx) | Date | July 11, 2013 |
|---|---|---|---|
| Title | Fourth Age Limited et al. v. Warner Bros. Digital Distribution Inc et al. | | |

| Present: The Honorable | Audrey B. Collins, United States District Judge | | |
|---|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** ORDER DENYING MOTIONS TO DISMISS AND SPECIAL MOTIONS TO STRIKE   (In Chambers)

     Pending before the Court are Motions to Dismiss Amended Counterclaims and Special Motions to Strike Amended Counterclaims (docket nos. 40, 41, 42, and 43) filed by Plaintiffs and Counterclaim Defendants Fourth Age Limited, Ltd., et al. ("Fourth Age") on March 28, 2013.  Defendants and Counterclaimants The Saul Zaentz Company ("Zaentz") and the Warner Parties filed Oppositions and Fourth Age filed Replies.  The Court finds the Motions appropriate for disposition without oral argument and therefore **VACATES** the hearing set for July 22, 2013.  See Fed. R. Civ. P. 78, Local Rule 7-15.  For the foregoing reasons, the Motions are **DENIED**.

**I.  BACKGROUND**

     By an agreement entered into in 1969, Fourth Age granted to United Artists merchandising and other rights to *The Lord of the Rings* and *The Hobbit*.  Zaentz and the Warner Parties are successors in interest to United Artists with respect to these rights.  At various times since 1969, the operative agreements have been amended or superceded.  The present litigation concerns the scope of the rights Zaentz and the Warner Parties now hold.

     On November 19, 2012, Fourth Age sued Zaentz and the Warner Parties for copyright infringement, breach of contract, and declaratory relief, arguing that the Defendants exceeded the scope of their rights.  On March 11, 2013, Zaentz filed an Amended Counterclaim against Fourth Age for declaratory relief, breach of the implied covenant of good faith and fair dealing, and quantum meruit.  Also on March 11, 2013, the Warner Parties filed an Amended Counterclaim against Fourth Age for breach of contract and declaratory relief.

     Fourth Age moves to dismiss both of the Warner Parties' counterclaims and Zaentz's counterclaims for declaratory relief and for breach of the implied covenant for failure to state a claim.  Fourth Age also seeks dismissal of both declaratory relief counterclaims as redundant of its own claim for declaratory relief.  Fourth Age also moves to strike the counterclaims for breach of contract and breach of the implied covenant under Cal. C. Civ. Proc. § 425.16, the anti-SLAPP statute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9912 ABC (SJHx) | Date | July 11, 2013 |
|---|---|---|---|
| Title | Fourth Age Limited et al. v. Warner Bros. Digital Distribution Inc et al. | | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9912 ABC (SJHx) | Date | July 11, 2013 |
|---|---|---|---|
| Title | Fourth Age Limited et al. v. Warner Bros. Digital Distribution Inc et al. | | |

## II. DISCUSSION

**A.  Fourth Age's Anti-SLAPP Motions are DENIED.**

**1.  Legal Standard for an anti-SLAPP Motion**

A Strategic Lawsuit Against Public Participation, or "SLAPP," is "a meritless suit filed primarily to chill the defendant's exercise of First Amendment rights." Wilcox v. Superior Court, 27 Cal. App. 4th 809, 815 n.2 (Ct. App. 1994), *disapproved on other grounds by* Equilon Enters., LLC v. Consumer Cause, Inc., 29 Cal. 4th 53, 68 n.5 (2002). To "provide a procedural remedy to dispose of lawsuits that are brought to chill the valid exercise of constitutional rights," Rusheen v. Cohen, 37 Cal. 4th 1048, 1055-56 (2006), the California legislature enacted the anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, which provides, in relevant part:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Code Civ. Proc. § 425.16(b)(1).

A litigant may bring an anti-SLAPP motion in federal court. See United States ex rel. Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963, 971-73 (9th Cir. 1999); see also Thomas v. Fry's Elecs., Inc., 400 F.3d 1206, 1206-07 (9th Cir. 2005) (per curiam) (reaffirming Lockheed). To determine whether the motion should be granted, the Court engages in a two-step inquiry: "the movant must first make a threshold showing that the challenged cause of action arises from an act in furtherance of the right of petition or free speech in connection with a public issue"; once that showing is made, "the plaintiff must demonstrate a probability of prevailing on the claim." Christian Research Inst. v. Alnor, 148 Cal. App. 4th 71, 80 (Ct. App. 2007) (internal quotation marks omitted).

"'Reasonable probability' in the anti-SLAPP statute has a specialized meaning." Mindys Cosmetics, Inc. v. Dakar, 611 F.3d 590, 598 (9th Cir. 2010) (internal citation omitted). It requires that the plaintiff show a "'minimum level of legal sufficiency and triability'"; the plaintiff "need only 'state and substantiate a legally sufficient claim.'" Id.

**2.  The Contract-Related Counterclaims are Not SLAPP Claims.**

Fourth Age contends that the Warner Parties' breach of contract counterclaim and Zaentz's counterclaim for breach of the implied covenant are SLAPP claims because the Warner Parties and Zaentz filed their claims to punish Fourth Age for exercising its fundamental right to petition the court, which it did when it filed this lawsuit in November 2012. Indeed, the anti-SLAPP statute specifically

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9912 ABC (SJHx) | Date | July 11, 2013 |
|---|---|---|---|
| Title | Fourth Age Limited et al. v. Warner Bros. Digital Distribution Inc et al. | | |

identifies "(1) any written or oral statement or writing made before a legislative, executive or judicial proceeding . . ., [and] (2) any written or oral statement or writing made in connection with an issue under
consideration or review by a legislative, executive or judicial proceeding . . ." as protected activity. Cal. Code Civ. Proc. § 425.16 (e).

However, the Court has reviewed the contract-related claims in the original Counterclaims and in the Amended Counterclaims, and has considered Fourth Age's characterization of them, and is simply not convinced that these claims "arise from" Fourth Age's filing of its own Complaint or its other litigation-related conduct. The contract-related counterclaims arise out of the parties' disagreement about the scope of the Counterclaimants' contractual rights. That Fourth Age filed suit first does not turn the counterclaims into SLAPP actions. Certainly the Counterclaimants' interpretation of the various agreements will necessarily be litigated through Fourth Age's claims against them. But the Counterclaimants could not assert their interpretation of these agreements as affirmative claims, and could not seek damages for breach, unless they also filed suit. Stated differently, the counterclaims are the vehicle by which the Counterclaimants can seek damages for what they contend is Fourth Age's breach, apart from whatever affirmative defenses they may assert against Fourth Age's claims. At bottom, this aspect of the litigation is a routine contract dispute that gave rise to claims and counterclaims because all advocates of the competing interpretations are seeking affirmative relief.

"The hallmark of a SLAPP lawsuit is that it is filed to obtain a financial advantage over one's adversary by increasing litigation costs until the adversary's case is weakened or abandoned." Metabolic Research, Inc. v. Ferrell, 693 F.3d 795, 796 n.1 (9th Cir. 2012) (citing Lockheed). The contract-related counterclaims here simply lack the hallmark characteristics of SLAPP suits. For example, it does not appear that by filing the contract-related counterclaims, the Warner Parties and Zaentz obtained any meaningful financial advantage over Fourth Age. The counterclaims are wholly related to Fourth Age's claims and turn on the same issues, and thus will not entail extraordinarily greater expense to litigate. It defies belief that the plaintiffs would find the additional incremental cost of litigating the counterclaims to be so unbearable that they would choose to abandon their entire suit instead of incurring these costs, as, notably, all of the plaintiffs appear to be companies (or a trust) with significant financial resources.

Fourth Age's anti-SLAPP motions are therefore **DENIED**.

**B.     Fourth Age's Motions to Dismiss are DENIED.**

**1.     The Declaratory Relief Claims Are Not Clearly Wholly Redundant of Fourth Age's Declaratory Relief Claims.**

Fourth Age moves to dismiss the declaratory relief counterclaims on the ground that they are wholly redundant of its own declaratory relief claims. A court may dismiss counterclaims for declaratory relief that "are either the 'mirror image' of claims in the complaint or redundant of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9912 ABC (SJHx) | Date | July 11, 2013 |
|---|---|---|---|
| Title | Fourth Age Limited et al. v. Warner Bros. Digital Distribution Inc et al. | | |

affirmative defenses." Allstate Ins. Co. v. Pira, 2012 WL 1997212 *5 (N.D. Cal. 2012). "[T]his should only be done where the counterclaim truly serves no 'useful purpose' in addition to the claims in the complaint." Id. (citation omitted).

The Court has reviewed Fourth Age's declaratory relief claim and the declaratory relief counterclaims. Although these claims obviously overlap, it is not clear that the counterclaims are in fact entirely redundant of the claims. This case demonstrates that "it is very difficult to determine whether the declaratory-judgment counterclaim really is redundant prior to trial." 6 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1406, at 36 (2d ed. 1990). As such, rather than dismiss potentially non-redundant declaratory judgment counterclaims, "[t]he safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action." Id. Furthermore, where the parties' claims for declaratory relief consist of numerous and complex requests, the Court will not expend its limited resources – public resources – to sift through and parse them all merely to purge the pleadings of possible redundancy, especially where, as here, the presence of a redundant claim will not prejudice the movant.

### 2. Legal Standard for a Rule 12(b)(6) Motion to Dismiss

Fed. R. Civ. Proc. 8(a)(2) requires a pleading to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Fed. R. Civ. Proc. 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Thus, a pleading that does not satisfy Rule 8 is subject to dismissal under Rule 12(b)(6). Dismissal is proper under Rule 12(b)(6) where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 969, 699 (9th Cir. 1988).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and alterations omitted). Although this does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 555 U.S. 662, 678 (2009). A sufficiently-pled claim must be "plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. For purposes of a motion to dismiss, allegations of fact are taken as true and are construed in the light most favorable to the nonmoving party. See Newdow v. Lefevre, 598 F.3d 638, 642 (9th Cir. 2010).

#### a. The Contract Counterclaims are Adequately Pled.

For the reasons discussed above in connection with Fourth Age's anti-SLAPP motion, the Warner Parties' breach of contract counterclaim and Zaentz's counterclaim for breach of the covenant of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9912 ABC (SJHx) | Date | July 11, 2013 |
|---|---|---|---|
| Title | Fourth Age Limited et al. v. Warner Bros. Digital Distribution Inc et al. | | |

good faith do not arise out of protected speech, are not barred by the litigation privilege, and are not disguised claims for malicious prosecution. Simply stated, these claims arise out of the parties' divergent understanding of the Warner Parties' and Zaentz's rights to *The Lord of the Rings* and *The Hobbit*. They are routine contract-based claims and counterclaims. That Fourth Age filed its Complaint first does not render the counterclaims improper on these bases.

Fourth Age's argument that the breach of contract and breach of the implied covenant counterclaims are legally untenable because Fourth Age could not have "repudiated" any contract is also unavailing. Regardless of whether the legal term of art "repudiation" appropriately characterizes Fourth Age's conduct, the Warner Parties and Zaentz have alleged conduct to the effect that Fourth Age has revoked rights it already granted, or has disavowed its grant of those rights. Within their breach of contract claim, the Warner Parties have also adequately pled a claim for breach of the implied covenant. The Counterclaimants' allegations put Fourth Age on notice as to the conduct in issue, and the claims are not implausible. The Counterclaimants' use of the word "repudiate" does not render their counterclaims legally untenable and/or insufficiently pled.

The Motions to Dismiss Amended Counterclaims are therefore **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Fourth Age's Motions to Dismiss Amended Counterclaims and Special Motions to Strike Amended Counterclaims (docket nos. 40, 41, 42, and 43) are **DENIED**.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | AB | |