| | |
|---|---|
| 1 | BONNIE E. ESKENAZI (SBN 119401) |
| | BEskenazi@ggfirm.com |
| 2 | ELISABETH A. MORIARTY (SBN 156569) |
| | EMoriarty@ggfirm.com |
| 3 | RICARDO P. CESTERO (SBN 203230) |
| | RCestero@ggfirm.com |
| 4 | GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP |
| 5 | 1900 Avenue of the Stars, 21st Floor |
| | Los Angeles, California 90067-4590 |
| 6 | Telephone: 310.553.3610 |
| | Fax: 310.553.0687 |
| 7 | |
| | Attorneys for Plaintiffs |

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOURTH AGE LIMITED, a United Kingdom corporation; PRISCILLA MARY ANNE REUEL TOLKIEN, as TRUSTEE OF THE TOLKIEN TRUST, a United Kingdom Charitable Trust; THE J.R.R. TOLKIEN ESTATE LIMITED, a United Kingdom corporation; HARPERCOLLINS PUBLISHERS, LTD., a United Kingdom corporation; UNWIN HYMAN LTD., a United Kingdom corporation; and GEORGE ALLEN & UNWIN (PUBLISHERS) LTD., a United Kingdom corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER BROS. DIGITAL DISTRIBUTION INC., a division of WARNER BROS. HOME ENTERTAINMENT INC., a Delaware corporation; WARNER BROS. ENTERTAINMENT INC., a Delaware corporation, as successor-in-interest to New Line Cinema Corp.; WARNER BROS. CONSUMER PRODUCTS INC., a Delaware corporation; WARNER BROS. INTERACTIVE ENTERTAINMENT INC., a division of WARNER BROS. HOME ENTERTAINMENT INC.; NEW LINE PRODUCTIONS, INC., a California corporation; THE SAUL ZAENTZ COMPANY d/b/a Middle-earth Enterprises, a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV 12-09912 ABC (SHx)<br><br>Hon. Audrey B. Collins<br><br>**STIPULATION TO: (1) VACATE SCHEDULING ORDER AND STAY TRIAL PENDING APPEAL; AND (2) ALLOW DISCOVERY TO PROCEED PENDING APPEAL**<br><br>[[Proposed] Order on Stipulation To: (1) Vacate Scheduling Order and Stay Trial Pending Appeal; and (2) Allow Discovery to Proceed Pending Appeal filed concurrently herewith] |

84971-00003/1969452.3

STIPULATION RE STAY PENDING APPEAL, ETC.

1  Plaintiffs and Counterclaim Defendants Fourth Age Limited, Priscilla Mary
2  Anne Reuel Tolkien, as Trustee of the Tolkien Trust, The J.R.R. Tolkien Estate
3  Ltd., Harper Collins Publishers, Ltd., Unwin Hyman Ltd. and George Allen &
4  Unwin (Publishers), Ltd. (collectively, the "Tolkien/HC Parties") and Defendants
5  and Counterclaim Plaintiffs Warner Bros. Home Entertainment Inc., Warner Bros.
6  Entertainment Inc., Warner Bros. Consumer Products Inc. and New Line
7  Productions, Inc. (collectively, the "Warner Parties") and The Saul Zaentz
8  Company ("Zaentz"), by and through their respective counsel of record, hereby
9  stipulate and agree as follows:
10  WHEREAS, on March 28, 2013, the Tolkien/HC Parties filed Special
11  Motions to Strike the Warner Parties' Counterclaim for breach of contract and
12  Zaentz's Counterclaim for breach of the implied covenant pursuant to California
13  Code of Civil Procedure §425.16 (the "anti-SLAPP Motions");
14  WHEREAS, on July 11, 2013, the Court denied the anti-SLAPP Motions;
15  WHEREAS, on August 2, 2013, the Tolkien/HC Parties appealed the Court's
16  denial of the anti-SLAPP Motions;
17  WHEREAS, the Ninth Circuit has ordered that the Tolkien/HC Parties file
18  their Opening Brief by no later than January 13, 2014, that the Warner Parties and
19  Zaentz file their Respondents' Briefs by no later than February 12, 2014 and that
20  the Tolkien/HC Parties' file their Reply Brief fourteen days after the Respondents'
21  Briefs are filed;
22  WHEREAS, given the briefing schedule set by the Ninth Circuit, the appeal
23  will not be resolved until after all the discovery cutoff dates in this case have passed
24  and it is highly unlikely the appeal will be resolved before the currently scheduled
25  trial date of July 1, 2014;
26  WHEREAS, the parties disagree as to whether and to what extent the filing
27  of the notice of appeal does or should stay the Court's ability to proceed. On one
28  hand, the Tolkien/HC Parties point to cases like *Griggs v. Provident Consumer*

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

*Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402 (1982); *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); and *Varian Medical Systems, Inc. v. Delfino*, 35 Cal.4th 180, 195, 25 Cal.Rptr.3d 298 (2005), to argue that the notice of appeal stays proceedings on the Warner Parties' and Zaentz's Counterclaims. On the other hand, Zaentz and the Warner Parties disagree with the Tolkien/HC Parties' interpretation of the above cases and rely on *Britton v. Co-Op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990); *Schering Corp. v. First DataBank, Inc.*, 2007 WL 1747115, at *4 (N.D. Cal. June 18, 2007); and *Bulletin Displays, LLC v. Regency Outdoor Adver.,* Case No. 54 SACV 05-01083, Docket No. 54 (C.D. Cal. Oct. 13, 2006), to argue otherwise.

WHEREAS, the parties agree that claims at issue in the Tolkien/HC Parties' appeal from the anti-SLAPP Motions could affect the determination of other claims in the case and *vice versa*; and

WHEREAS, the parties wish to avoid motion practice and agree that, at this time, it is in the interest of judicial efficiency to allow the parties to proceed with and complete discovery, which commenced several months ago, is currently ongoing, and can be completed in an orderly fashion in the coming months.

IT IS THEREFORE STIPULATED AND AGREED AS FOLLOWS:

1. That the Court vacate the Scheduling Order issued on April 8, 2013, including all discovery and motion cutoff dates, the Final Pretrial Conference Date and the Trial Date;

2. That the Court issue an order staying the trial and all litigation on the merits of the parties' claims (including Motions for Summary Judgment, Motions in Limine, Motions for Preliminary Injunctions, and the like) for twelve (12) months from the date of this stipulation (the "Stay Period");

3. That the parties reserve all rights with respect to whether any or all of the claims in the case should remain stayed after the Stay Period expires and will meet and confer in good faith to determine whether an extension of the Stay Period

1   is appropriate.  For clarity, the parties agree that this stipulation shall create no
2   presumptions one way or the other regarding whether any matters shall be stayed
3   following the expiration of the Stay Period;

4       4.   That the Court set a status conference for a date shortly after the
5   conclusion of the Stay Period in order to determine the status of the appeal;

6       5.   That the parties be permitted to proceed with percipient discovery,
7   whether by deposition, written discovery or otherwise, on all claims and causes of
8   action, and that such percipient discovery be completed no later than April 15,
9   2014;

10      6.   That the Court retain jurisdiction to adjudicate any discovery disputes
11  that arise during the Stay Period, including ruling on Motions to Compel and/or
12  Motions for Protective Orders as necessary; and

13      7.   Following the conclusion of percipient discovery, the parties will meet
14  and confer in good faith regarding proceeding with expert discovery at that time.

DATED: August 27, 2013      GREENBERG GLUSKER FIELDS
                            CLAMAN & MACHTINGER LLP


                            By: /s/ Bonnie E. Eskenazi
                                BONNIE E. ESKENAZI (SBN 119401)

DATED: August 27, 2013      O'MELVENY & MYERS LLP


                            By: /s/ Victor Jih
                                VICTOR JIH (SBN 186515)

DATED: August 27, 2013      ARNOLD & PORTER LLP


                            By: /s/ John C. Ulin
                                JOHN C. ULIN (SBN 165524)