1  BONNIE E. ESKENAZI (SBN 119401)
   BEskenazi@ggfirm.com
2  ELISABETH A. MORIARTY (SBN 156569)
   EMoriarty@ggfirm.com
3  RICARDO P. CESTERO (SBN 203230)
   RCestero@ggfirm.com
4  GREENBERG GLUSKER FIELDS CLAMAN &
   MACHTINGER LLP
5  1900 Avenue of the Stars, 21st Floor
   Los Angeles, California  90067-4590
6  Telephone:  310.553.3610
   Fax:  310.553.0687
7
   Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOURTH AGE LIMITED, a United Kingdom corporation; PRISCILLA MARY ANNE REUEL TOLKIEN, as TRUSTEE OF THE TOLKIEN TRUST, a United Kingdom Charitable Trust; THE J.R.R. TOLKIEN ESTATE LIMITED, a United Kingdom corporation; HARPERCOLLINS PUBLISHERS, LTD., a United Kingdom corporation; UNWIN HYMAN LTD., a United Kingdom corporation; and GEORGE ALLEN & UNWIN (PUBLISHERS) LTD., a United Kingdom corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER BROS. DIGITAL DISTRIBUTION, INC., a division of WARNER BROS. HOME ENTERTAINMENT, INC., a Delaware corporation; WARNER BROS. ENTERTAINMENT, INC., a Delaware corporation, as successor-in-interest to New Line Cinema Corp.; WARNER BROS. CONSUMER PRODUCTS, INC., a Delaware corporation; WARNER BROS. INTERACTIVE ENTERTAINMENT, INC., a division of WARNER BROS. HOME ENTERTAINMENT, INC.; NEW LINE PRODUCTIONS, INC., a California corporation; THE SAUL ZAENTZ COMPANY d/b/a Middle-earth Enterprises, a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No.  CV 12-09912 ABC (SHx)<br><br>**DISCOVERY MATTER**<br><br>Hon. Audrey B. Collins<br><br>Magistrate Stephen J. Hillman<br><br>**DECLARATION OF JULIA R. HAYE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO WARNER PARTIES' MOTION TO COMPEL DOCUMENTS AND PRIVILEGE LOG AND REQUEST FOR SANCTIONS AGAINST THE WARNER PARTIES AND THEIR COUNSEL IN THE AMOUNT OF $9,525**<br><br>Date:  Feb. 24, 2013<br><br>Time:  2:00 p.m. |

# DECLARATION OF JULIA R. HAYE

I, Julia R. Haye, declare:

1. I am an attorney duly licensed to practice in all of the courts of the State of California and I am a Partner of Greenberg Glusker Fields Claman & Machtinger LLP, attorneys of record for Fourth Age Limited, Priscilla Mary Anne Reuel Tolkien, as Trustee of the Tolkien Trust, the J.R.R. Tolkien Estate Limited, Harper Collins Publishers, Ltd., Unwin Hyman, Ltd. and George Allen & Unwin (Publishers), Ltd. (the "Tolkien/HC Parties") herein. The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto under oath.

2. On or about January 7, 2014, Molly M. Lens, counsel for defendants Warner Bros. Digital Distribution, Inc., Warner Bros. Home Entertainment, Inc., Warner Bros. Consumer Products, Inc., Warner Bros. Interactive Entertainment, Inc., and New Line Productions, Inc. (collectively referred to herein as "Warner") wrote to Rachel Valadez, counsel for the Tolkien/HC Parties, to address several issues regarding plaintiffs' document collection efforts and to request a meet and confer conference. Attached hereto as Exhibit "A" is a true and correct copy of Ms. Lens' January 7th letter.

3. On or about January 16, 2014, Ms. Valadez wrote to Ms. Lens via email explaining that, given the breadth of issues raised by Warner, including certain issues being raised by Warner for the first time, the Tolkien/HC Parties requested a few additional days to prepare for the meet and confer conference. Attached hereto as Exhibit "B" is a true and correct copy of Ms. Valadez's January 16th email to Ms. Lens.

4. Attached hereto as Exhibit "C" is a true and correct copy of a January 21, 2014 email from Ms. Lens to Ms. Valadez in which Warner agreed to schedule the meet and confer for Thursday, January 23, 2014.

5. On or about January 22, 2014, Ms. Valadez wrote to Ms. Lens explaining that, due to numerous depositions and related travel, plaintiffs requested to postpone the meet and confer for one week to allow them time to obtain the information necessary to respond. Attached hereto as Exhibit "D" is a true and correct copy of Ms. Valadez's January 22nd email to Ms. Lens.

6. Counsel for all parties were scheduled to conduct a meet and confer conference to discuss the issues raised in Ms. Lens' January 7th letter – several of which are now the subject of Warner's Motion to Compel Documents and Privilege Log (the "Motion") – on Thursday, January 30, 2014. Attached hereto as Exhibit "E" is a true and correct copy of an email dated January 23, 2014 from Ms. Lens to Ms. Valadez, confirming the parties' meet and confer conference on January 30, 2014.

7. On or about January 28, 2014, two days prior to the parties' scheduled meet and confer conference regarding the issues raised in Ms. Lens' January 7th letter, counsel for the Tolkien/HC Parties' received an email from the District Court's CM/ECF system notifying them that Warner had unilaterally filed its purported Motion. That same day, I wrote to Ms. Lens to inform Warner of the Tolkien/HC Parties' shock in receiving the Motion in light of the parties' upcoming scheduled meet and confer conference, and informing Warner, among other things, that plaintiffs viewed the Motion as premature and procedurally improper and that it should be withdrawn at once. Attached hereto as Exhibit "F" is a true and correct copy my January 28th letter to Ms. Lens.

8. Attached hereto as Exhibit "G" is a true and correct copy of Ms. Lens's January 29, 2014 response to my January 28th letter.

9. Attached hereto as Exhibit "H" is a true and correct copy of my January 29, 2014 response to Ms. Lens's January 29th letter.

10. On the morning of January 30, 2014, in advance of the meet and confer conference scheduled for 3:30pm that afternoon, I wrote to Ms. Lens and

John C. Ulin, counsel for defendant The Saul Zaentz Company ("Zaentz"), stating the Tolkien/HC Parties' position with respect to the issues raised in Ms. Lens' January 7th letter to Ms. Valadez. Attached hereto as Exhibit "I" is a true and correct copy of my January 30th letter to Ms. Lens and Mr. Ulin.

11. Thereafter, on the afternoon of January 30th, I participated in a telephonic meet and confer conference with counsel for Zaentz, Warner and several other Greenberg Glusker lawyers to discuss the issues outlined in Ms. Lens' January 7th letter and my January 30th letter. During that conference, although the parties resolved and/or significantly narrowed the issues in dispute, Warner continued to make several one-sided demands on the Tolkien/HC Parties. Specifically, counsel for Warner insisted that the Tolkien/HC Parties produce a privilege log regardless of whether all other parties agreed to do so. In response, counsel for the Tolkien/HC Parties stated that while they continued to believe a privilege log was more burdensome than beneficial, they would agree to produce a log, provided that all parties agree to produce a log. During the telephonic meet and confer conference, counsel for the Tolkien/HC Parties reiterated many of the points made in my January 30th letter, including that Warner should withdraw its Motion.

12. At or about 2:31pm on January 31, 2014, I received an email from Victor Jih, counsel for Warner, in which Mr. Jih made a series of unrealistic, one-sided demands on the Tolkien/HC Parties in exchange for Warner's agreement to withdraw the Motion. Mr. Jih demanded, among other things, that the Tolkien/HC Parties, and only the Tolkien/HC Parties, produce a privilege log. Attached hereto as Exhibit "J" is a true and correct copy of Mr. Jih's 2:31pm, January 31st email to me.

13. Later that afternoon, at or around 4:45pm, I responded to Mr. Jih's 2:30 pm email. Attached hereto as Exhibit "K" is a true and correct copy of my 4:45pm, January 31st email to Mr. Jih.

14. Early in the case during the parties' meet and confer discussions, the parties agreed to forego the production of privilege logs, while reserving their respective rights to re-raise the issue at a later date. Warner's counsel confirmed this agreement on several occasions, including in an October 2, 2013 letter from Ms. Lens to Ms. Valadez. Attached hereto as Exhibit "L" is a true and correct copy of Ms. Lens' October 2nd letter to Ms. Valadez, where Ms. Lens states that Warner had previously agreed to forego attorney-client privilege logs in the case.

15. In the course of this case, Warner and Zaentz have made numerous questionable privilege assertions. For example, Warner has made numerous unfounded assertions with respect to Benjamin Zinkin, an attorney who acted in both a legal and business capacity, and David Imhoff, a marketing executive who is not an attorney. Warner has also improperly redacted communications between non-lawyer representatives of Warner and Zaentz. Similarly, Zaentz has asserted that all communications between Al Bendich, an attorney who worked in a business capacity, and any Zaentz employees are privileged, and has in fact, clawed back documents that, on their face, contradict Zaentz's purported privilege claims – even while questions were pending of a witness at deposition regarding such documents.

16. During the early meeting of counsel, all parties agreed that discovery would be directed broadly to the Tolkien/HC Parties, and need not be directed to individual persons or entities.

17. Attached hereto as Exhibit "M" is a true and correct copy of an email from Ms. Lens to Ms. Valadez dated October 9, 2013.

18. On October 25, 2013, Ms. Lens disclosed for the first time that much of the ESI maintained by New Line Cinema, Inc., the predecessor in interest to New Line Cinema, LLC, had not been searched for production in this case. Specifically, Ms. Lens noted that New Line Cinema, Inc.'s servers were taken "off-line" when New Line became a wholly owned subsidiary of Warner Bros. and were not restored. In subsequent meet and confer discussions, Ms. Lens disclosed that the

same was true of New Line's backup systems. Ms. Lens took the position that Warner should not be required to restore these servers and backup tapes because the cost would far exceed the benefit of searching these files. Attached hereto as Exhibit "N" is a true and correct copy of an October 25, 2013 letter from Ms. Lens to Ms. Valadez informing the Tolkien/HC Parties of the non-inclusion of much of New Line Cinema, Inc.'s ESI in the production in this case. Attached hereto as Exhibit "O" is a true and correct copy of a November 25, 2013 email from Ms. Lens to the Tolkien/HC Parties' counsel, Ricardo P. Cestero, informing him that Warner should not be required to restore New Line's servers and backup tapes because the cost would exceed the benefit of searching these files.

19. I have spent fifteen (15) hours preparing the opposition and supporting declarations and exhibits in response to Warner's Motion. My billing rate is $495 per hour. Ms. Eskenazi anticipates spending an additional three (3) hours preparing for and attending the hearing on this matter. Ms. Eskenazi's billing rate is $700 per hour. Accordingly, the Tolkien/HC Parties will incur $9,525 in fees in connection with opposing Warner's Motion. For purposes of their sanctions request, the Tolkien/HC Parties have not included additional fees incurred in connection with work performed in connection with this opposition by other Greenberg Glusker attorneys or paralegals.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of February, 2014 at Los Angeles, California.

/s/ Julia R. Haye
Julia R. Haye