ORIGINAL

1 DANIEL M. PETROCELLI (S.B. #97802)
  dpetrocelli@omm.com
2 VICTOR JIH (S.B. #186515)
  vjih@omm.com
3 MOLLY M. LENS (S.B. #283867)
  mlens@omm.com
4 O'MELVENY & MYERS LLP
  1999 Avenue of the Stars, 7th Floor
5 Los Angeles, California 90067-6035
  Telephone: (310) 553-6700
6 Facsimile: (310) 246-6779

7 Attorneys for the Warner Parties

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10 FOURTH AGE LTD., et al,                    Case No. 12-9912-ABC (SHx)

11          Plaintiffs,                       **DISCOVERY MATTER**

12     v.                                     **DECLARATION OF NIKOLAS
                                              A. PRIMACK IN SUPPORT OF
13 WARNER BROS. DIGITAL                       WARNER'S APPLICATION TO
   DISTRIBUTION, et al,                       FILE PAGES 33-34 TO THE
14                                            DECLARATION OF MOLLY M.
            Defendants.                       LENS AND DECLARATION OF
15                                            JULIA R. HAYE UNDER SEAL

16
17                                            **Judge:** Hon. Audrey B. Collins
                                              **Magistrate:** Hon. Stephen J. Hillman
18 WARNER BROS. DIGITAL
   DISTRIBUTION INC., et al,
19                                            **Hearing Date:** March 17, 2014
            Counterclaim                      **Hearing Time:** 2:00 p.m.
20          Plaintiffs,
                                              **Discovery Cut-Off:** Apr. 15, 2014
21     v.

22 FOURTH AGE LTD., et al,

23          Counterclaim
            Defendants.
24

25
26
27
28
                                        PRIMACK DECLARATION IN SUPPORT
                                        OF WARNER'S APPLICATION TO SEAL
                                        CASE N0. 12-9912-ABC (SHX)

I, Nikolas A. Primack, the undersigned, hereby declare:

1.     I am a member in good standing of the State Bar of California, an attorney in the law firm of O'Melveny & Myers LLP, and counsel for defendants and counterclaim plaintiffs Warner Bros. Home Entertainment Inc., Warner Bros. Entertainment Inc., Warner Bros. Consumer Products Inc., and New Line Productions, Inc. (collectively, "Warner"). I submit this declaration in support of Warner's Application to File Pages 33-34 to the Declaration of Molly M. Lens and Declaration of Julia R. Haye Under Seal. I have personal knowledge of the facts set forth herein and, if called to testify, could and would testify competently thereto.

2.     Attached hereto as **Exhibit 1** is a true and correct copy of the Stipulated Protective Order among the parties in this action, which was entered by Hon. Audrey B. Collins on June 4, 2013.

3.     Section V.A. of the Stipulated Protective Order provides that if a brief or paper submitted to the Court contains Confidential Information, a party shall file the Confidential Information under seal.

4.     Pursuant to section III.E. of the Stipulated Protective Order, a party may designate deposition information as "Confidential" by giving written notice to all Parties and to the court reporter on or before the date that the signed transcript and/or errata are due.

5.     Attached hereto as **Exhibit 2** is a true and correct copy of correspondence between the parties in which counsel for the Tolkien/HC Parties proposed that certain portions of the deposition transcripts for Cathleen Blackburn and Steven Maier be designated Confidential. Warner did not object to these designations, but reserved its rights to object to the Tolkien/HC Parties' assertions of privilege or to later challenge the Tolkien/HC Parties' confidentiality designations.

1      I declare under penalty of perjury that the foregoing is true and correct.

2 Executed on February 19, 2014, at Los Angeles, California.

3

4                                  _____

5                                      Nikolas A. Primack

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRIMACK DECLARATION IN SUPPORT
OF WARNER'S APPLICATION TO SEAL
CASE N0. 12-9912-ABC (SHX)

# EXHIBIT 1

1 DANIEL M. PETROCELLI (S.B. #97802)
  dpetrocelli@omm.com
2 VICTOR H. JIH (S.B. #186515)
  vjih@omm.com
3 MOLLY M. LENS (S.B. #283867)
  mlens@omm.com
4 O'MELVENY & MYERS LLP
  1999 Avenue of the Stars, 7th Floor
5 Los Angeles, California 90067-6035
  Telephone: (310) 553-6700
6 Facsimile: (310) 246-6779

7 Attorneys for the Warner Parties

8

9                 **UNITED STATES DISTRICT COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11 FOURTH AGE LTD., *et al*,                    Case No. 12-9912-ABC (SHx)

12                       Plaintiffs,             **[PROPOSED] STIPULATED
                                                 PROTECTIVE ORDER
13          v.                                   GOVERNING CONFIDENTIAL
                                                 INFORMATION**
14 WARNER BROS. DIGITAL
   DISTRIBUTION, *et al*,
15
                         Defendants.             **Judge**: Hon. Audrey B. Collins
16                                               **Magistrate**: Hon. Stephen J. Hillman

17 WARNER BROS. DIGITAL
   DISTRIBUTION INC., *et al*,
18
                       Counterclaim
19                     Plaintiffs,

20          v.

21 FOURTH AGE LTD., *et al*,

22                     Counterclaim
                       Defendants.
23

24

25

26

27

28

                    [PROPOSED] STIPULATED PROTECTIVE ORDER
                              **EXHIBIT 1**
                                  **3**

WHEREAS Plaintiffs and Counterclaim Defendants Fourth Age Ltd., Priscilla Mary Anne Reuel Tolkien, The Tolkien Trust, The J.R.R. Tolkien Estate Ltd., HarperCollins Publishers Ltd., Unwin Hyman Ltd., and George Allen & Unwin (Publishers) (collectively, "Plaintiffs"); Defendants and Counterclaim Plaintiffs Warner Bros. Home Entertainment Inc., Warner Bros. Entertainment Inc., Warner Bros. Consumer Products Inc., and New Line Productions, Inc. (collectively, the "Warner Parties"); and Defendant and Counterclaim Plaintiff The Saul Zaentz Company ("Zaentz," and collectively with Plaintiffs and the Warner Parties, the "Parties") contemplate that certain Confidential Information (as defined below) may be exchanged between them or produced by third parties during the course of discovery;

WHEREAS the Parties desire such information to retain its confidential status notwithstanding the pendency of this lawsuit;

NOW, THEREFORE, IT IS HEREBY STIPULATED BY AND AMONG THE PARTIES HERETO AND THEIR COUNSEL OF RECORD THAT the following order should be entered by the Court:

**I. SCOPE**

This order shall apply to and govern documents, information, and other matter produced or furnished during the course of discovery in the above-captioned proceedings pursuant to the Federal Rules of Civil Procedure, the Local Rules of the above-entitled Court ("Local Rules"), or otherwise, to the extent such materials are designated as constituting or containing Confidential Information pursuant to Section III of this order. This order does not affect the enforceability of any existing confidentiality agreements, confidentiality provisions, or protective orders governing documents, information or other matter produced in connection with this Action, including, but not limited to, confidentiality agreements, protective orders or restrictions on the dissemination of materials collected or created in the course of other litigation.

## II. DEFINITIONS

A. "Action" shall refer to the above-entitled proceedings in the United States District Court for the Central District of California.

B. "Designating Party" shall mean a party or third party that designates information confidential pursuant to Section III below.

C. "Furnishing Party" shall mean a party to the Action, or a third party subject to subpoena, on behalf of which documents, things, or information are furnished or produced in connection with the Action.

D. "Receiving Party" shall mean a party to the Action to which documents, things, or information are furnished or produced in connection with the Action.

E. "Confidential Information" shall mean confidential or proprietary business, personal, or technical information that is not generally known and that the Designating Party would not normally reveal to third parties, or would cause or require third parties to maintain in confidence, that is designated with a legend set forth in Section III hereof.

F. "Counsel" shall mean counsel of record for a party to this action, in-house or other corporate counsel working on the Action, and secretarial, clerical, and paralegal personnel assisting such counsel. "Counsel" shall not include persons engaged or retained by or on behalf of any party as an Expert Consultant.

G. "Expert Consultant" shall mean any person other than Counsel who is retained or sought to be retained by or on behalf of a party to the Action to advise and assist in the preparation and presentation of the party's case. For purposes of this order, Expert Consultants shall include individuals retained as experts, whether or not designated to testify at trial.

2

**III. DESIGNATION OF INFORMATION**

    A.    Documents, information, and other matter produced or furnished during the course of the Action, including, without limitation, documents, information and matter produced in response to requests for production of documents, to interrogatories, to requests for admissions, to subpoenas, or during depositions, may be designated as constituting or containing Confidential Information, prior to producing or furnishing the documents or things, by placing on each page and each thing to which the designation applies a legend stating "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." The Designating Party shall make this designation based on its good faith determination that such designation applies.

    B.    For information produced in some form other than documentary and for any other physical items, the Designating Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend stating "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

    C.    The Parties agree Confidential Information may include, but is in no way not limited to, non-public financial information, accounting records, financial and business models, and trade secrets. Pursuant to section VII below, any party's inadvertent failure to mark such materials as constituting or containing Confidential Information shall not constitute a waiver of its claim to confidentiality.

    D.    If a third party produces documents or information of any other kind pursuant to a subpoena or otherwise, all such documents shall be provisionally designated as Confidential Information subject to the provisions of Section IV.B ("Confidential"), until fifteen (15) days after all of the parties to the Action have received the documents, unless the parties otherwise agree in writing. If a party to the Action believes that any documents or information produced by a third party constitute or contain Confidential Information of the party or of its past or present

3

1    affiliates, employees, or customers, the party to the Action may designate it as

2    constituting or containing Confidential Information within fifteen (15) days of

3    receipt of the information by notifying the other parties of the documents or

4    information it deems to constitute or contain Confidential Information, and re-

5    producing the pages constituting or containing Confidential Information with one of

6    the legends set forth in paragraph III.A. Thereafter, the documents or information

7    will no longer be deemed Confidential Information for purposes of this Protective

8    Order, except to the extent so designated within such fifteen-day period.

9          E.   For information presented orally at deposition, a confidentiality

10    designation may be made on the record through a request that specific information

11    provided in response to questions be designated by the deposition reporter as

12    "Confidential" or "Highly Confidential — Attorneys' Eyes Only;" such a

13    designation made on the record shall be effective immediately. Additionally, a

14    party or third party may designate deposition information as "Confidential" or

15    "Highly Confidential —Attorneys' Eyes Only" by giving written notice (via e-mail,

16    letter or otherwise) transmitted to all Parties and to the court reporter on or before

17    the date that the signed transcript and/or errata are due. Those portions of the

18    transcript of a deposition session for which no designation was made on the record

19    shall be provisionally designated as "Confidential" and subject to the provisions of

20    Section IV.B until the date that the signed transcript and/or errata are due.

21    Thereafter, the transcript will no longer be deemed Confidential Information for

22    purposes of this Protective Order, except to the extent so designated at the

23    deposition or in a written notice, by letter, e-mail, or otherwise, transmitted to all

24    Parties and the court reporter within the time specified above.

25    **IV. DISCLOSURE OF CONFIDENTIAL INFORMATION**

26          A.   Confidential Information shall be used solely for the purpose of

27    conducting this Action and for no other purpose.

28

1                **B.**      Confidential Information designated as "CONFIDENTIAL"

2 may be disclosed to Counsel for the Receiving Party, including in-house counsel

3 supervising this matter, and may be disclosed by Counsel for the Receiving Party to

4 the following additional persons only:

5                (1)     The Parties and the current and former employees of such

6                         parties (or their parent, subsidiary, or other affiliated entity)

7                         whose assistance counsel requests for purposes of this litigation;

8                (2)     The Court, the jury, members of the staff of the Court and other

9                         persons present during trial whose functions reasonably

10                        necessitate access to Confidential Information, subject to the

11                        procedures set forth in paragraphs V.A through D, inclusive,

12                        hereof;

13                 (3)     Qualified court reporters taking testimony in the above-

14                        captioned proceedings, and necessary stenographic and clerical

15                        personnel thereof;

16                (4)     Percipient witnesses at deposition, or in preparation for

17                        deposition testimony or trial, provided that such witnesses are

18                        not permitted to retain the Confidential Information following

19                      the preparation session or deposition;

20                (5)     Expert Consultants, and their employees, of the Receiving Party;

21                (6)     Non-technical jury or trial consulting services retained by

22                      counsel for a party; and

23                (7)     The author of the document or the original source of the

24                      information, and those persons reasonably believed to have

25                      received the document or be knowledgeable about its contents in

26                      the ordinary course of business.

27             **C.**      Confidential Information designated as "HIGHLY

28 CONFIDENTIAL — ATTORNEYS' EYES ONLY" may be disclosed to Counsel

5

1    for the Receiving Party, including in-house counsel supervising this matter, and

2    may be disclosed by Counsel for the Receiving Party to the following additional

3    persons only:

4           (1)    The Court, the jury, members of the staff of the Court and other

5                  persons present during trial whose functions reasonably

6                  necessitate access to Confidential Information, subject to the

7                  procedures set forth in paragraphs V.A through D, inclusive,

8                  hereof;

9           (2)    Qualified court reporters taking testimony in the above-

10                 captioned proceedings, and necessary stenographic and clerical

11                 personnel thereof;

12          (3)    Percipient witnesses at deposition, or in preparation for

13                 deposition testimony or trial, provided that such witnesses are

14                 not permitted to retain the Confidential Information following

15                 the preparation session or deposition;

16          (4)    Expert Consultants, and their employees, of the Receiving Party;

17          (5)    Non-technical jury or trial consulting services retained by

18                 counsel for a party; and

19          (6)    The author of the document or the original source of the

20                 information, and those persons reasonably believed to have

21                 received the document or be knowledgeable about its contents in

22                 the ordinary course of business.

23         D.    Confidential Information may be disclosed to those persons

24   identified in paragraphs B (5) through B (6) and C (4) through C (5) above,

25   provided that, prior to the disclosure of any Confidential Information to such

26   persons:  (a) the person shall have been informed of the confidential nature of all

27   Confidential Information and the need to limit its use strictly to the purposes

28   permitted herein, and shall agree to be bound by such restrictions, and (b) the

6

1    person shall execute and deliver to the party providing such Confidential

2    Information (who shall retain the executed original in perpetuity and promptly

3    provide an executed copy to the opposing party upon request) the written "Non-

4    Disclosure Agreement" in the form attached hereto as Exhibit A.

5    **V. USE OF CONFIDENTIAL INFORMATION**

6             A.     In the event that any brief, memorandum, or other paper to be

7    submitted to the Court by or on behalf of a Receiving Party contains Confidential

8    Information of another party or third party, the Receiving Party shall file the

9    Confidential Information under seal. Once so-ordered by this Court, this Stipulated

10    Protective Order shall constitute the authority under Local Rule 79-5 allowing the

11    filing party to file the Confidential Information under seal. If the Furnishing Party

12    is a third party that produced information pursuant to subpoena and designated

13    some or all of that information as Confidential Information, the Receiving Party

14    submitting the Confidential Information to the Court shall provide

15    contemporaneous notice to the Furnishing Party that its Confidential Information

16    has been submitted to the Court under seal.

17             B.     All documents and copies of documents, made, drafted or

18    prepared by or on behalf of a Receiving Party that contain, memorialize, or

19    summarize Confidential Information, including, without limitation, attorney notes

20    or abstracts or other derivative documents or things, shall be handled as if they were

21    designated pursuant to Section III hereof.

22             C.     Counsel for Receiving Parties and Expert Consultants of

23    Receiving Parties (1) shall maintain all documents and things containing

24    Confidential Information in a secure place that is reasonably inaccessible to anyone

25    other than those persons authorized under this Protective Order to receive such

26    information; and (2) shall take reasonable steps to ensure that such information is

27    not disclosed to such other persons.

28

D.    In the event of any disclosure of Confidential Information to any person or entity that is not permitted by the terms hereof, the Receiving Party that made the disclosure shall, upon learning of it:

    (1)    Immediately notify the person or entity to whom the disclosure was made that he, she or it has received Confidential Information subject to this Protective Order;

    (2)    Immediately make all reasonable efforts to preclude further dissemination or use by the person or entity to whom disclosure was made; and

    (3)    Immediately notify the Designating Party of the identity of the person(s) or entity to whom disclosure was made, the circumstances of the disclosure, and the steps taken to ensure against the dissemination or use of the information.

## VI. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A.    If a Receiving Party is served by a non-party with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing no more than ten (10) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

B.    The Receiving Party must also immediately inform in writing the non-party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the non-party in the other action that caused the subpoena or order to issue.

8

1         C.    The purpose of imposing these duties is to alert the interested

2    parties to the existence of this Stipulated Protective Order and to afford the

3    Designating Party in this case an opportunity to try to protect its confidentiality

4    interests in the court from which the subpoena or order issued. The Designating

5    Party shall bear the burdens and the expenses of seeking protecting in that court of

6    its confidential material – and nothing in these provisions should be construed as

7    authorizing or encouraging a Receiving Party in this Action to disobey a lawful

8    directive from another court.

9    **VII. INADVERTENT FAILURE TO DESIGNATE CONFIDENTIAL**

10   **INFORMATION**

11        A.    Inadvertent failure to designate documents or other information

12   as Confidential Information at the time of production may be remedied by

13   supplemental written notice. If such notice is given, the identified materials shall

14   thereafter be fully subject to this Protective Order. A Furnishing Party's

15   inadvertent or unintentional disclosure of Confidential Information, without the

16   confidentiality designation, shall not be deemed a waiver in whole or in part of the

17   Furnishing Party's claim of confidentiality, either as to the specific information

18   disclosed or as to any other information relating thereto, on the same or related

19   subject matter.

20        B.    Any such inadvertently or unintentionally disclosed Confidential

21   Information shall be designated as soon as reasonably possible after the Furnishing

22   Party becomes aware of the inadvertent or unintentional disclosure. Counsel for the

23   Furnishing Party with assistance of the Receiving Parties shall thereafter:

24        (1)    Use reasonable efforts to retrieve all such particular documents,

25              things or information and all copies thereof from any persons

26              not authorized by this Order to receive such materials;

27

28

9

(2) Mark the particular documents, things, or information, and all copies thereof, with the appropriate legend as set forth in Section III; and

(3) Treat the document, thing or information, all copies thereof, and any notes or other documents incorporating such information in accordance with the designation.

## VIII. CHALLENGES TO CONFIDENTIALITY DESIGNATION

A. If a Receiving Party disputes a designation of information as constituting or containing Confidential Information or disputes the level of protection designated for the information, the Receiving Party may at any time notify the Designating Party in writing of the particular designation that is disputed and the basis for disputing the designation. Such notice shall be delivered in a separate writing so as to notify the Designating Party of the documents so challenged, and shall set forth with particularity the grounds for the challenge to each document or category of documents.

B. In the event written notice of an objection to the designation of information as constituting or containing Confidential Information is served pursuant to the preceding paragraph, the disputants shall first attempt to resolve such dispute in good faith on an informal basis. The Designating Party shall, within forty-five (45) days after such written notice was provided or such other time to which the disputing parties may agree: (1) re-produce any documents as required to reflect a changed designation agreed upon by the parties; and/or (2) as to those documents for which the dispute cannot be resolved, either (a) produce the documents as demanded in the Receiving Party's notice of objection, or (b) file a motion with the Court seeking a determination that the information was properly designated. The Designating Party shall carry the burden of persuasion on such a motion to establish that the information was properly designated. Prior to the

1   determination of such motion, the Parties shall treat the disputed information as

2   though it were properly designated.

3           C.      Any party required to move this court for relief under the

4   provisions of VIII.B as a result of written objections asserted by a Receiving Party

5   prior to the entry of this Order shall have forty-five (45) days from the entry of this

6   Order to bring its motion.

7   **IX. INADVERTENT OR UNAUTHORIZED DISCLOSURE OF**

8   **PRIVILEGED INFORMATION**

9           The inadvertent or unauthorized disclosure of information or

10  documents that a Furnishing Party believes constitute, contain or reflect

11  information otherwise protected by the attorney-client privilege, the work product

12  doctrine or any other privilege or immunity from discovery ("Privileged

13  Information"), shall not constitute a waiver or estoppel with respect to such

14  Privileged Information, or generally of any such privilege or immunity or other

15  ground for withholding production to which the Furnishing Party or any other

16  person would otherwise be entitled. Upon learning of any such inadvertent or

17  unauthorized disclosure of Privileged Information, the Furnishing Party shall

18  promptly provide notice to the Receiving Party directing that all copies of

19  documents containing such Privileged Information be returned to the Furnishing

20  Party or destroyed and barring any Party from using or retaining those documents

21  or any copies thereof in the action or otherwise. All parties receiving such notice

22  shall immediately return all copies of the Privileged Documents described in the

23  notice, shall delete such material from any litigation-support or other database, shall

24  destroy all notes or other work product reflecting the contents of such material and

25  shall not use such Privileged Documents; provided, however, that any party

26  receiving such notice, after returning the Privileged Documents, may move within

27  thirty (30) days after receiving such notice and on reasonable notice, and on

28  grounds other than the inadvertent or unauthorized disclosure of such documents,

11

1    for an order challenging the designation of such documents as Privileged

2    Documents. If and only if, the party receiving notice of inadvertent or unauthorized

3    disclosure of Privileged Documents elects to move for such an order, that party

4    shall be permitted to keep only one copy of the Privileged Document for the sole

5    purpose of filing such copy with the Court under seal when making its motion. The

6    Parties agree that permission to keep the one copy for the sole purpose of filing it

7    with the Court under seal shall not be grounds for arguing that the document is not

8    privileged or that any privilege was waived. The Parties agree that the terms in this

9    section do not in any way limit or alter the Parties' existing obligations under the

10    applicable law.

11    **X. CONCLUSION OF LITIGATION**

12         A.    No later than three (3) months after the final termination of the

13    Action, including the exhaustion of any appeals and cross-appeals and requests for

14    discretionary review, each person or party subject to the terms of this Protective

15    Order shall either (1) return all Confidential Information produced by other parties

16    to each respective Furnishing Party (except to the extent such designated

17    information is maintained on electronic media and cannot be returned, in which

18    case such designated information shall be erased or otherwise destroyed); or

19    (2) destroy all Confidential Information produced by other parties. Any such

20    destruction of Confidential Information shall be confirmed in writing within such

21    three-month period by the party destroying such documents. Nothing herein shall

22    obligate any person or party to destroy (i) attorney work product, including, without

23    limitation, attorney notes or memos and deposition summaries; (ii) any transcript of

24    any deposition, hearing, or trial proceeding; or (iii) any pleading or paper served on

25    another party or filed with the Court in the Action.

26         B.    Notwithstanding the foregoing, a Receiving Party shall be

27    permitted to designate, in writing and no later than one (1) month after the final

28    termination of the Action, any Confidential Information it believes, in good faith, is

12

1 necessary for its counsel to maintain after the termination of the litigation for

2 purposes of reference and use in the event of further disputes or litigation between

3 the parties regarding Plaintiffs' participation interests in revenues generated by the

4 Films. The Furnishing Party shall consider in good faith any such designations and

5 if the Furnishing Party assents, counsel for Receiving Party may keep one (1) copy

6 of any such designated Confidential Information, subject to the on-going

7 protections of this Protective Order. If any disputes arise out of such designations,

8 the disputants shall attempt to resolve such disputes in good faith on an informal

9 basis. If a dispute cannot be so resolved, the Furnishing Party may, within forty-

10 five (45) days after such written designation was provided or such other time to

11 which the disputing parties may agree, file a motion with this Court seeking an

12 order requiring counsel for the Receiving Party to return all copies of the

13 Confidential Information in question. Prior to the determination of such motion,

14 the Receiving Party may keep one (1) copy of the Confidential Information it has

15 designated to keep, but shall return or destroy any other Confidential Information

16 pursuant to the terms set forth in Section X.A., above.

17         C.     This Court shall retain jurisdiction over the Action following its

18 termination (whether by judgment, settlement, or otherwise) for the purpose of

19 enforcing this Protective Order.

20 **XI. AMENDMENTS OR MODIFICATIONS**

21         A.     This Protective Order may be amended by agreement of counsel

22 for the Parties to this Order and approval of the Court in the form of a stipulation

23 that shall be filed with the Court. Any party may, on motion and for good cause

24 shown, apply to the Court for modification of this Protective Order.

25         B.     This Stipulation and Protective Order shall become effective

26 immediately upon its entry by the Court. The parties agree that, pending the entry

27 of this Order by the Court, any production of documents or information will be

28 subject to the terms of this Protective Order.

1        C.    Nothing in this Stipulation and Protective Order precludes the

2    entry of additional protective orders in the Action, if such additional protective

3    orders are appropriate.

4    **XII. MISCELLANEOUS**

5        A.    Nothing herein limits the ability of a party or third party to use

6    or to disclose its own Confidential Information.

7

8        Dated:    May 31, 2013    Respectfully submitted,

9        DANIEL M. PETROCELLI
    VICTOR H. JIH

10       MOLLY M. LENS
    O'MELVENY & MYERS LLP

11

12       By: /s/ Victor H. Jih

13           Victor H. Jih
    Attorneys for Warner

14       Defendants and Counterclaim Plaintiffs

15       Dated:    May 31, 2013    Respectfully submitted,

16       BONNIE ESKENAZI
    RICARDO CESTERO

17       ELISABETH MORIARTY
    GREENBERG GLUSKER FIELDS

18       CLAMAN & MACHTINGER LLP

19

20       By: /s/ Rachel Valadez

21           Rachel Valadez
    Attorneys for Plaintiffs and

22       Counterclaim Defendants

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

**EXHIBIT 1**

**17**

Dated:     May 31, 2013         Respectfully submitted,

MARTIN R. GLICK
JOHN C. ULIN
ARNOLD & PORTER LLP


By: /s/ John C. Ulin
                  John C. Ulin
Attorneys for Defendant and
Counterclaim Plaintiff The Saul Zaentz
Company

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

IT IS SO ORDERED:

DATED: _June 4, 2013_____     By: _____
                                                              The Honorable Audrey B. Collins

15

[PROPOSED] STIPULATED PROTECTIVE ORDER

**EXHIBIT 1**

## EXHIBIT "A"

## NON-DISCLOSURE AGREEMENT

I certify that I have carefully read the Stipulated Confidentiality Protective Order in the case of *Fourth Age Ltd., et al. v. Warner Bros. Digital Distribution, et al.*, Case No. 12-9912-ABC (SHx), and that I fully understand the terms of the Order. I recognize that I am bound by the terms of this order and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court for the Central District of California for any proceedings involving the enforcement of that Order.

Executed this day _____ of _____, 20___, at _____,

_____.

_____
Signature

_____
Name

_____
Affiliation or Company

_____
Business Address

_____
Home Address

NON-DISCLOSURE AGREEMENT TO PROTECTIVE ORDER IN *FOURTH AGE LTD.*

EXHIBIT 1
19

# EXHIBIT 2

**From:** Primack, Nikolas A.
**Sent:** Thursday, January 09, 2014 4:33 PM
**To:** 'Moriarty, Elisabeth'; Callagy, Sean M.; Lens, Molly
**Cc:** Eskenazi, Bonnie; Cestero, Ricardo; Valadez, Rachel; Glick, Martin R.; Ulin, John C.; Hallman, Robert D.; Petrocelli, Daniel; Jih, Victor
**Subject:** RE: Designation of Blackburn and Maier rough transcripts

Liz,

Subject to Molly's email below, Warner does not object to the proposed designations as reflected in the documents you circulated earlier today.

Best,
Nik

**From:** Moriarty, Elisabeth [mailto:emoriarty@greenbergglusker.com]
**Sent:** Thursday, January 09, 2014 12:56 PM
**To:** Callagy, Sean M.; Lens, Molly
**Cc:** Eskenazi, Bonnie; Cestero, Ricardo; Valadez, Rachel; Glick, Martin R.; Ulin, John C.; Hallman, Robert D.; Petrocelli, Daniel; Jih, Victor; Primack, Nikolas A.
**Subject:** RE: Designation of Blackburn and Maier rough transcripts

Counsel,

I understand from the court reporter that there is some confusion regarding the proposed designations, due to the way the rough transcripts were paginated and how they print out. For the avoidance of doubt, and to make sure everyone is on the same page, I've attached the actual designations in hard copy form.

I will authorize the reporter to proceed with preparing the final transcripts unless I hear otherwise from you before close of business today.

Thanks, all.

Best,
Liz

**From:** Callagy, Sean M. [mailto:Sean.Callagy@aporter.com]
**Sent:** Tuesday, January 07, 2014 8:03 AM
**To:** 'Lens, Molly'; Moriarty, Elisabeth
**Cc:** Eskenazi, Bonnie; Cestero, Ricardo; Valadez, Rachel; Glick, Martin R.; Ulin, John C.; Hallman, Robert D.; Petrocelli, Daniel; Jih, Victor; Primack, Nikolas A.
**Subject:** RE: Designation of Blackburn and Maier rough transcripts

Liz:

Zaentz joins Warner's response.

Best,
Sean

1
**EXHIBIT 2**
**20**

Best,
Liz

U.S. Treasury Circular 230 Notice

Any U.S. federal tax advice included in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding U.S. federal tax-related penalties or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

------------------------------------------------------------
For more information about Arnold & Porter LLP, click here:
http://www.arnoldporter.com