| | |
|---|---|
| 1 | BONNIE E. ESKENAZI (SBN 119401) |
|   | BEskenazi@ggfirm.com |
| 2 | ELISABETH A. MORIARTY (SBN 156569) |
|   | EMoriarty@ggfirm.com |
| 3 | RICARDO P. CESTERO (SBN 203230) |
|   | RCestero@ggfirm.com |
| 4 | GREENBERG GLUSKER FIELDS CLAMAN & |
|   | MACHTINGER LLP |
| 5 | 1900 Avenue of the Stars, 21st Floor |
|   | Los Angeles, California  90067-4590 |
| 6 | Telephone:  310.553.3610 |
|   | Fax:  310.553.0687 |

Attorneys for Plaintiffs and Counterclaim Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOURTH AGE LIMITED, et al., | Case No.  CV 12-09912 ABC (SHx) |
| Plaintiffs, | *Hon. Audrey B. Collins* |
| v. | *Hon. Mag. Stephen J. Hillman* |
| WARNER BROS. DIGITAL DISTRIBUTION, INC., et al., | **DISCOVERY MATTER** |
| Defendants. | **REDACTED DECLARATION OF JULIA R. HAYE IN SUPPORT OF JOINT STIPULATION RE: MOTION TO COMPEL THE SAUL ZAENTZ COMPANY TO PRODUCE IMPROPERLY CLAWED BACK DOCUMENT** |
| WARNER BROS. DIGITAL DISTRIBUTION, INC., et al., | |
| Counterclaim Plaintiffs, | **[UNREDACTED EXHIBIT A CONCURRENTLY FILED PROVISIONALLY UNDER SEAL]** |
| v. | **[JOINT STIPULATION, DECLARATIONS OF SEAN M. CALLAGY AND JOHN C. ULIN, AND [PROPOSED] ORDER FILED AND/OR LODGED CONCURRENTLY HEREWITH]** |
| FOURTH AGE LIMITED, et al., | |
| Counterclaim Defendants. | |
| | **Hearing Date**: April 14, 2014 |
| | **Hearing Time**: 2:00 p.m. |
| | **Hearing Place**: Ctrm. 550, Roybal Building |
| | **Discovery Cut-Off**: April 15, 2014 |
| | **Action Filed**: November 19, 2012 |
| | **Trial, Pretrial Conf., and Motion Cutoff**: Vacated |

# DECLARATION OF JULIA R. HAYE

I, Julia R. Haye, declare:

1. I am an attorney duly licensed to practice in all of the courts of the State of California and I am a Partner of Greenberg Glusker Fields Claman & Machtinger LLP, attorneys of record for Fourth Age Limited, Priscilla Mary Anne Reuel Tolkien, as Trustee of the Tolkien Trust, the J.R.R. Tolkien Estate Limited, Harper Collins Publishers, Ltd., Unwin Hyman, Ltd. and George Allen & Unwin (Publishers), Ltd. (the "Tolkien/HC Parties") herein. The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto under oath.

2. Attached hereto as Exhibit "A" is a true and correct copy of a document dated October 8, 1997, from Jon Beck, of Sierra Publishing, to Tolkien Enterprises, bates labeled SZC0028286-SZC0028291, which was produced by defendant The Saul Zaentz Company ("Zaentz") in this action (the "Document"). The Document consists of a fax cover sheet, a one-page letter from Mr. Beck to Laurie Battle, Director of Licensing for Zaentz (formerly known as Tolkien Enterprises), and an attached three-page memo which contains Ms. Battle's highlighting and a handwritten note. This Document was originally produced in this action by Zaentz on or about August 30, 2013. However, on the morning of January 17, 2014, immediately prior to the start of the deposition of Ms. Battle, John Ulin, counsel for Zaentz, pulled my partner, Bonnie Eskenazi, aside and informed her that Zaentz was clawing back the Document on the basis that the document was purportedly protected by the attorney-client privileged and/or attorney work product doctrine. Pursuant to the terms of the parties' Stipulated Protective Order in this action (ECF No. 87), plaintiffs hereby submit the Document to the Court under seal for the determination of this motion.

3. On January 17, 2014, Laurie Battle's deposition was taken in this

1  action. Attached hereto as Exhibit "B" is a true and correct copy of excerpts from
2  the certified copy of Ms. Battle's deposition transcript.
3      4. Plaintiffs first objected to Zaentz's improper privilege assertions with
4  respect to the Document during the deposition of Laurie Battle (see Exhibit "B"
5  hereto, at 160:8-165:8). Thereafter, during the course of the parties' meet and
6  confer discussions, plaintiffs twice informed Zaentz that they would be challenging
7  Zaentz's privilege assertions with respect to the Document, in letters dated January
8  30, 2014 and February 7, 2014.
9      5. Following up on plaintiffs' earlier objections to Zaentz's improper
10 privilege assertion, on March 10, 2014, I sent John Ulin, counsel for Zaentz, a
11 detailed letter challenging, among other items, Zaentz's privilege assertions,
12 explaining the basis for plaintiffs' contention that Zaentz improperly clawed back
13 the Document, and demanding that Zaentz immediately produce an unredacted
14 copy of the Document. Attached hereto as Exhibit "C" is a true and correct copy of
15 my March 10, 2014 letter to Mr. Ulin.
16     6. Attached hereto as Exhibit "D" is a true and correct copy of a letter
17 dated March 12, 2014 from Sean Callagy, counsel for Zaentz, to me, concerning
18 Zaentz's privilege assertions. In this letter, Mr. Callagy asserts, without any
19 explanation or support, that Ms. Battle's highlighting and handwritten note on the
20 Document "reflect[] advice provided to Ms. Battle from outside counsel."
21     7. Attached hereto as Exhibit "E" is a true and correct copy of a letter
22 dated March 13, 2014 to Mr. Callagy from me further challenging Zaentz's
23 improper privilege assertions.
24     8. On March 13, 2014, the parties held a meet and confer telephone
25 conference to discuss various outstanding discovery issues. Mr. Callagy
26 participated on behalf of Zaentz. My colleagues, Ricardo Cestero and Rachel
27 Valadez, and I participated on behalf of the Tolkien/HC Parties. Mr. Cestero
28 questioned Mr. Callagy regarding the basis for Zaentz's privilege assertion with

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

respect to the Document. Mr. Callagy did not claim that Ms. Battle's annotations on the Document were made at the direction of counsel. Nor did Mr. Callagy claim that Ms. Battle discussed the document with counsel prior to, or contemporaneously with, making her annotations. Rather, Mr. Callagy explained that the basis for Zaentz's privilege assertion was that, in the "days leading up to" Ms. Battle's receipt of the Document from Mr. Beck, she had discussions with counsel regarding certain topics and that her annotations purportedly reflect the advice provided by counsel in conversations which occurred days prior to Ms. Battle's receipt of the Document.

9. Attached hereto as Exhibit "F" is a true and correct copy of a letter dated March 13, 2014, from Mr. Callagy to me concerning Zaentz's privilege assertions. This letter, however, provided no explanation regarding the basis for Zaentz's privilege assertions with respect to the Document at issue.

10. Attached hereto as Exhibit "G" is a true and correct copy of the Court's April 8, 2012 order establishing the initial case schedule in this matter.

11. Attached hereto as Exhibit "H" is a true and correct copy of the Court's August 28, 2013 order vacating the trial date in this matter and extending the discovery cutoff to April 15, 2014.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of March, 2014 at Los Angeles, California.

/s/ Julia R. Haye
Julia R. Haye