**Bonnie E. Eskenazi**

D: 310.785.6857
F: 310.201.2357
BEskenazi@GreenbergGlusker.com
File Number: 84971-3

GREENBERG GLUSKER
The Counsel You Keep™

April 25, 2014

Hon. Stephen J. Hillman, Magistrate Judge
United States District Court
Central District of California
Roybal Building
255 East Temple Street, Courtroom 550
Los Angeles, CA  90012

      Re: *Fourth Age Limited, et al. v. Warner Bros. Digital Distribution, Inc., et al.*, USDC Case No. 12-CV-9912 ABC (SJHx)

Your Honor:

      Plaintiffs hereby submit the following response to defendant The Saul Zaentz Company's ("Zaentz") letter brief, dated April 18, 2014, regarding its obligation to produce a complete privilege log by April 30, 2014, pursuant to the Magistrate's February 24, 2014 ruling and subsequent March 24, 2014 Order, and the Court's April 14, 2014 Order.[1]  By its letter brief, Zaentz improperly seeks to be relieved of its obligation to log documents contained in the files of two law firms who performed services on its behalf, Howard Rice Nemerovski Canady Faulk & Rabkin PC and Arnold & Porter LLP ("Howard Rice/A&P").[2]

      Zaentz's request hinges on three faulty presumptions: (1) that plaintiffs are attempting hide behind improper privilege assertions, (2) that the privileged documents collected from the Howard Rice/A&P files are "likely" duplicative of the privilege documents collected from Zaentz's files (they are not), and (3) that, unlike Zaentz, plaintiffs do not have any files independent of those maintained by their outside counsel.  As is set forth below, each of Zaentz's assumptions is demonstrably untrue.  There is no legitimate basis for granting the relief Zaentz seeks.  This is particularly true, given that Zaentz wants an advantage over plaintiffs — it asks for relief from the Court's Order, while demanding full compliance from plaintiffs.  This is wholly inappropriate.  And, Zaentz's request is untimely.  It waited weeks to file its brief, filing

---

[1] Plaintiffs Fourth Age Limited, Priscilla Mary Anne Reuel Tolkien, as Trustee of the Tolkien Trust, The J.R.R. Tolkien Estate Ltd. are collectively referred to herein as the "Tolkien Parties." Harper Collins Publishers, Ltd., Unwin Hyman Ltd. and George Allen & Unwin (Publishers), Ltd. are collectively referred to herein as the "HC Parties." The Tolkien Parties and HC Parties are collectively referred to herein as "plaintiffs."  Defendants Warner Bros. Digital Distribution, Inc., Warner Bros. Home Entertainment, Inc., Warner Bros. Consumer Products, Inc., Warner Bros. Interactive Entertainment, Inc., and New Line Productions, Inc. are collectively referred to herein as "Warner."  Zaentz and Warner are collectively referred to herein as "defendants."
[2] On January 1, 2012, Howard Rice became part of Arnold & Porter.  The two firms are collectively referred to herein as "Howard Rice/A&P."

Greenberg Glusker Fields Claman & Machtinger LLP
1900 Avenue of the Stars, 21st Floor, Los Angeles, California 90067
T: 310.553.3610 | F: 310.553.0687
84971-00003/2154814.4

GreenbergGlusker.com

Hon. Stephen J. Hillman, Magistrate Judge
April 25, 2014
Page 2

it on the eve of the compliance deadline. For each of these independent reasons, explained in more detail below, Zaentz's request should be denied.

**1.** **It is Zaentz, not Plaintiffs, who attempts to hide behind the privilege to shield documents from disclosure.** Contrary to Zaentz's assertions, plaintiffs are <u>not</u> attempting to avoid their obligations to produce complete privilege logs. Rather, plaintiffs contend that <u>all</u> parties should be required to properly log <u>all</u> documents that are being withheld from production on privilege grounds. Indeed, in compliance with the Magistrate's Order, plaintiffs are currently in the process of preparing a voluminous privilege log, which <u>includes</u> documents collected from the files of their current and former outside law firms such as Manches LLP and Maier Blackburn LLP ("Manches/MP"). Zaentz, in stark contrast, has unilaterally refused to comply with the Magistrate's Order, informing plaintiffs' counsel that it will not provide a complete privilege log by the Court's April 30 deadline. (*See* Exh. F.)[3] Zaentz, not plaintiffs, is seeking to exclude broad categories of documents from its log, thwarting plaintiffs' ability to analyze and potentially challenge the assertion of privilege. It is Zaentz, not plaintiffs, who seeks to hide behind the privilege and shield documents from disclosure.

Nor are plaintiffs withholding <u>all</u> communications with their outside attorneys regardless of whether they contain legitimately privileged content, as Zaentz suggests. Contrary to Zaentz's unsupported assertions, Ms. Blackburn and Mr. Maier primarily act in a legal capacity; they do not act in a business capacity to any greater extent than Zaentz's Howard Rice/A&P attorneys Tom Magnani, Carole Barrett and Paul Rogers. There is no justification for treating communications with these firms differently. Nevertheless, plaintiffs are painstakingly reviewing each potentially privileged document on a case-by-case basis, including communications with the Tolkien Parties' outside attorneys Cathleen Blackburn and Steven Maier, and are making privilege assertions as appropriate. If any of the potentially-privileged documents reflect non-legal, business communications, they will be produced by plaintiffs (or redacted/produced, if appropriate) by the production deadline.

**2.** **Zaentz's claim that Howard Rice/A&P's privileged documents are "likely" duplicative of Zaentz's privileged documents is belied by the evidence.** Zaentz suggests that its request is only a matter of convenience – that it should not be required to log documents from the Howard Rice/A&P files because those documents are "likely" duplicative of the documents which are contained in Zaentz's files. Zaentz's representations that the documents are "likely" duplicative is mere speculation; its statement that "virtually all" of the documents are contained in Zaentz's files only confirms that there <u>are</u> some documents that would <u>not</u> be logged if the Howard Rice/A&P files are excluded. "Virtually all" is not all. Indeed, Zaentz's assertion that its outside counsel's files are duplicative of its own is objectively not credible — more likely than not, Howard Rice/A&P communicated with third parties or internally (by internal memoranda, emails, etc.), without necessarily copying in its client. Zaentz's claims are in fact flatly contradicted by the deposition testimony of its own witnesses. For example, the testimony

---

[3] All Exhibits are attached directly to this letter brief.

Hon. Stephen J. Hillman, Magistrate Judge
April 25, 2014
Page 3

of key Zaentz executive Al Bendich regarding Zaentz's objection to Warner's exploitation of the Tolkien Works in connection with gambling activities – one of the critical disputed issues in this case – is inconsistent with Zaentz's assertion that the Howard Rice/A&P privileged documents are likely to be duplicative of the Zaentz privileged documents.

Specifically, Mr. Bendich testified that he did not receive copies of a critical August 30, 2004 email from Howard Rice attorney Carole Barrett to New Line executives Amy Goodman and David Imhoff regarding New Line's gambling activities. (Deposition of Al Bendich ("Bendich Depo."), at 147:15-149:19, Exhs. A-B.) Nor did Mr. Bendich recall receiving a copy of Howard Rice attorney Doug Winthrop's critical September 1, 2004 letter to New Line's General Counsel Ben Zinkin, wherein Mr. Winthrop on behalf of Zaentz objects to Warner's exploitation of the Tolkien Works in connection with gambling activities. (Bendich Depo., at 152:18-161:22, Exhs. A, C.) And these are mere examples.

Even a brief examination of Mr. Bendich's deposition testimony reveals that Zaentz continues to artfully shift its position regarding the documents which may, or may not be, contained in its files. On the one hand, where it perceives it to be beneficial for its witnesses to deny seeing or receiving critical documents from Howard Rice/A&P, Zaentz's witnesses contend that they may not have receive copies of all critical correspondence generated by Howard Rice/A&P. Yet, on the other hand, for purposes of defeating its obligation to prepare a complete privilege log, Zaentz argues that its files are "virtually identical" to the files of Howard Rice/A&P. Zaentz's gamesmanship should not be tolerated. Plaintiffs should not be forced to take Zaentz's word that the documents are "likely" duplicative, particularly in light of the inconsistent deposition testimony of its key witness Al Bendich. Plaintiffs are entitled to test for themselves each of Zaentz's privilege assertions, as well as its specious claim that the documents are "likely" duplicative – particularly given Zaentz's chameleon-like approach to what is, or is not, in particular files.

None of the cases cited by Zaentz support its request to be relieved of its obligation to provide a complete privilege log. *Mattel v. MGA Entertainment, Inc.*, 2010 WL 3705907, at *7 (C.D. Cal. Sept. 20, 2010), involved a dispute regarding requests for admission concerning the basis for defendant's privilege assertions with respect to two specific documents listed on defendant's privilege log. It did not involve a request to be excused from its obligation to log documents in the first instance. Likewise, *SEC v. Thrasher*, 1996 WL 125661, at *1-2 (S.D.N.Y. Mar. 20, 1996), concerned defendant's obligation to log documents in response to a request for all communications between defendant and defense counsel concerning the lawsuit – a request which on its face sought documents which were all likely to be privileged. It did not involve a request to log documents in response to requests which legitimately seek non-privileged information. Finally, Zaentz cites *ABC, Inc. v. Aereo, Inc.*, No. 1:12-cv-01540-AJN, EFC No. 128, at 3 (Jan. 11, 2013), for the proposition that "*internal* law firm communications or documents" are likely to be privileged. This statement is equally applicable to plaintiffs' outside counsel's documents and does not provide a basis for treating Zaentz's outside counsel's documents differently from plaintiffs' outside counsel's documents.

Hon. Stephen J. Hillman, Magistrate Judge
April 25, 2014
Page 4

### 3. **Plaintiffs maintain files separate from their outside counsel.**

Zaentz's contention that its files are somehow different from plaintiffs' files because plaintiffs' files are "kept solely in the files of MB/Manches" is misleading and inaccurate. The Tolkien Parties have in fact collected documents from each of their individual directors, and have undertaken the burden of reviewing and logging any privileged documents obtained from these custodians. And, HarperCollins, of course, is one of the world's leading publishers; it unquestionably maintains its own corporate files independent of outside legal counsel. Zaentz's representations are, plain and simple, untrue.

### 4. **Zaentz's recent improper privilege assertion further confirms that Zaentz should be required to provide a complete log.**

Significantly, Zaentz recently attempted to improperly claw back the handwritten notes of Laurie Battle (the former Director of Licensing at Zaentz) on the critical "tangibility" issue based on purportedly privileged communications with Howard Rice/A&P. As the Court will recall, one of the most significant disputes relates to the licensing and sale of video games based on the Tolkien Works that are delivered otherwise than by way of physical media such as DVD or cartridge, including (but not limited to) games delivered by way of electronic download, mobile telephone networks or social media websites (the "Intangible Video Games"). The Tolkien/HC Parties contend that Intangible Video Games do not fall within the right to make "articles of tangible personal property" licensed to defendants' predecessors in interest. Zaentz improperly attempted to claw back Ms. Battle's notes which clearly demonstrate that Zaentz knew and understood, over fifteen years before this dispute arose, that its contractual right to license video games based on the Tolkien Works was limited to games which required a tangible item (such as a disk, cartridge or cassette) in order to be played.

Zaentz's privilege assertions – which were rejected by the Court – were based primarily on other purportedly privileged communications with Howard Rice/A&P. (April 9, 2014 Order, Exh. D.) Zaentz relied upon, and submitted to the Court, a partial log of Howard Rice/A&P communications which it claimed justified its improper claw back of Ms. Battle's handwritten notes. Zaentz's partial log of Howard Rice/A&P communications demonstrates that Howard Rice/A&P attorney Paul Rogers was involved in all aspects of the business communications surrounding the Sierra Online negotiations, including direct business communications with Ms. Battle. Given Mr. Bendich's testimony regarding his alleged failure to receive documents from Howard Rice/A&P, there is no other way to determine that all privileged communications regarding this key disputed issue are contained in Zaentz's files. Unless Zaentz properly logs all of its Howard Rice/A&P documents, plaintiffs will have no basis to determine what other documents Zaentz may be improperly withholding. That is the entire purpose of the log ordered by the Court. Given that Zaentz has improperly designated at least one document as privileged based in part on other purportedly privileged communications with Howard Rice/A&P, plaintiffs are entitled to a complete record of all Howard Rice/AP documents being withheld by Zaentz so that they have an opportunity to analyze and potentially test the assertion of privilege as to these other related documents.

Hon. Stephen J. Hillman, Magistrate Judge
April 25, 2014
Page 5

**5.     Any limitation on the parties' obligations to log outside counsel documents must be equally applied to the Tolkien Parties.**  Litigation must be conducted on a level playing field, and the rules of discovery should apply equally to all sides.  Zaentz wants to have one set of rules apply to its outside counsel's documents and a different, more onerous set of rules applied to plaintiffs' outside counsel's documents.  Indeed, Zaentz admits that, if the choice is between an order which allows <u>both</u> plaintiffs and Zaentz to be relieved of their respective obligations to log documents from the files of their outside counsel (Howard Rice/A&P for Zaentz, and Manches/MB for plaintiffs), then Zaentz would prefer to simply comply with its obligation to log <u>all</u> documents, including those of its outside counsel.  As the Court has already recognized, it is wholly inappropriate for a party to attempt to set an uneven playing field.  The same rules should apply to all parties.  (*See* February 24, 2014 Hearing Transcript, at 11:4-5, 30:8-9, Exh. E.)  If Zaentz is willing to forego its request and comply with its obligation solely to avoid an order which would treat plaintiffs' outside counsel documents in the same manner as Zaentz's outside counsel documents, then it should simply comply with its obligation to do so.  Zaentz has not demonstrated, and cannot demonstrate, that Howard Rice/A&P should be treated any differently than Manches/MB.

Throughout the history of the Tolkien Parties' over 40-year relationship with Zaentz, first at the law firm of Morrell Peel & Gamlen LLP ("MPG"), then at Manches, and now at MB, the parties regularly interacted through their outside counsel.  Cathleen Blackburn and her former colleague Richard Williamson primarily handled matters for the Tolkien Parties.  Tom Magnani and Carole Barrett primarily handled matters for Zaentz.  Zaentz's assertion that the Howard Rice/A&P attorneys operated as "outside counsel" to any greater or lesser extent than MB/Manches (and their predecessor MB) is contradicted by the decades of communications and documents exchanged between the parties' counsel.  For years, unlike Ms. Blackburn (and earlier, Mr. Williamson) Zaentz's outside attorneys at Howard Rice/A&P, including Tom Magnani, as well as the earlier law firms hired by Zaentz, handled business matters concerning critical issues that are in dispute in this litigation, including, without limitation, business dealings between Zaentz and Warner, and trademark enforcement and monitoring with respect to Zaentz's limited interest in certain Tolkien-related trademarks.  Although Zaentz argues that Ms. Blackburn and Mr. Maier serve a business role, Zaentz provides no evidence supporting its assertions.  But there <u>is</u> evidence that Howard Rice/A&P attorneys, including Carole Barrett, Tom Magnani and Paul Rogers, did in fact act in a business capacity.

As a reasonable compromise, plaintiffs proposed that the parties forego logging outside <u>litigation</u> counsel documents from February 2008 forward.  Plaintiffs' proposal would only apply to the litigators at Howard Rice/A&P, and not transactional attorneys, and would also include Manches/MB's attorney Steven Maier, since Mr. Maier represents the Tolkien Estate in a litigation capacity.  Tellingly, Zaentz has failed to accept plaintiffs' proposal and, instead, has continued to insist that it be permitted to exclude all Howard Rice/A&P documents.  The fact that Zaentz would not even agree to plaintiffs' suggested compromise to allow all parties to exclude outside <u>litigation</u> counsel documents only further demonstrates that Zaentz is determined to create its own set of rules.

Hon. Stephen J. Hillman, Magistrate Judge
April 25, 2014
Page 6

Accordingly, if the Court is inclined to in any way modify the parties' obligation to provide complete privilege logs, documents from the files of Manches/MB and Howard Rice/A&P should be treated in exactly the same manner for the purposes of analyzing privilege issues. If defendants are proposing that they be permitted to exclude logging <u>all</u> outside counsel documents (whether litigation or transactional), then plaintiffs must also be permitted to exclude logging all of their outside counsel's documents, including MB/Manches documents.

**6.     Zaentz's request for relief is untimely.**  Pursuant to the Court's instruction during the February 24 hearing, on March 13, the parties held a telephonic meet and confer conference where, among other issues, the parties discussed Zaentz's request to be relieved of its obligation to log Howard Rice/A&P documents. Plaintiffs made clear during that call that they would not allow Zaentz to treat its outside counsel's documents differently than plaintiffs' outside counsel's documents. Plaintiffs reiterated that any compromise must treat all parties' outside counsel equally.

Accordingly, at the very latest, it was clear during the parties' March 13 meet and confer call that the parties had reached an impasse on this issue. Zaentz, however, chose to wait over a month – and only two weeks before the due date of its privilege log – to bring this issue to the attention of the Court. (Exh. F.) Plaintiffs should not be prejudiced by Zaentz's dilatory conduct. Nor should Zaentz be permitted to receive an extension on the due date of its privilege log.

For each of the foregoing reasons, Zaentz's request should be denied in its entirety. The Court should re-confirm Zaentz's obligation to provide a complete privilege log, including privileged documents contained in the files of Howard Rice/A&P, on or before April 30, 2014.

Sincerely,

*Bonnie Eskenazi*

Bonnie E. Eskenazi

BEE/rm