ARNOLD & PORTER LLP
MARTIN R. GLICK (No. 40187)
marty.glick@aporter.com
JOHN C. ULIN (No. 165524)
john.ulin@aporter.com
SEAN M. CALLAGY (No. 255230)
sean.callagy@aporter.com
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone:  415.471.3100
Facsimile:   415.471.3400

Attorneys for Defendant and
Counterclaim Plaintiff
THE SAUL ZAENTZ COMPANY d/b/a Middle-
earth Enterprises, a Delaware corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOURTH AGE LIMITED, *et al.*,<br><br>                    Plaintiffs,<br><br>          v.<br><br>WARNER BROS. DIGITAL<br>DISTRIBUTION, INC., *et al.*,<br><br>                    Defendants.<br><br>_____<br><br>THE SAUL ZAENTZ COMPANY<br><br>                    Counterclaim Plaintiff,<br><br>v.<br><br>FOURTH AGE LIMITED, *et al.*<br><br>                    Counterclaim<br>                    Defendants, | Case No.: 12-9912-ABC (SHx)<br><br>*Hon. Audrey B. Collins*<br>*Hon. Mag. Stephen J. Hillman*<br><br>**DISCOVERY MATTER**<br><br>**ZAENTZ'S REPLY IN SUPPORT OF MOTION FOR REVIEW AND STAY OF NON-DISPOSITIVE ORDER**<br><br>**Hearing Date:**  June 2, 2014<br>**Time:**          10:00 a.m.<br>**Courtroom:**   680 - Roybal<br><br>**Discovery Cut-Off:** July 29, 2014 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

Page

I.     MS. BATTLE'S ANNOTATIONS ARE PRIVILEGED ................................... 1

II.    PLAINTIFFS' REQUEST FOR SANCTIONS SHOULD BE
      DENIED ............................................................................................................ 4

1   Notes a client makes for the purpose of seeking the legal advice of counsel are

2   protected by the attorney-client privilege.  The Saul Zaentz Company ("Zaentz") asks

3   the Court to apply this principle and vacate a non-final order of the Magistrate (ECF

4   149) holding otherwise based on a misunderstanding of both the relevant legal

5   standard and the testimony of Zaentz's former employee, Laurie Battle.  Plaintiffs'

6   Opposition ("Opp.", ECF 172) kicks up dust around the issue but does not

7   demonstrate that its underlying motion to compel (ECF 137 (Joint Stipulation), which

8   sought to pry into Zaentz's privileged materials, is well-taken.[1]  Zaentz's Motion for

9   Relief (ECF 160) should be granted.

10   **I.       MS. BATTLE'S ANNOTATIONS ARE PRIVILEGED**

11   In late 1997, Zaentz was seeking legal advice to guide its exploitation of rights

12   in online interactive video games, a nascent field.  On the afternoon of October 6,

13   1997, Zaentz employee Laurie Battle received a video game license proposal and

14   profit projection from Sierra Online, a third-party video game developer.  (That

15   document is not privileged and was produced long ago.)  Ms. Battle then annotated a

16   copy of the proposal.  Ms. Battle said she did so to organize her thoughts "for the

17   purpose of seeking advice from counsel."  Less than two days later, on the morning

18   of October 8, 1997, Ms. Battle met with both in-house and outside counsel to discuss

19   the legal ramifications of the proposal.

20   Many authorities cited by Zaentz to the Magistrate confirm that notes made by

21   a client for this reason—to focus her thoughts in order to seek legal advice—are

22   protected by the attorney-client privilege.  *See, e.g.*, ECF 137, at 13-14, *citing United*

23   *States v. DeFonte*, 441 F.3d 92, 96 (2d Cir. 2006) (per curiam) ("Certainly, an outline

24   of what a client wishes to discuss with counsel—and which is subsequently discussed

25   with one's counsel—would seem to fit squarely within our understanding of the

---

[1] Zaentz refers the Court to the Parties' Joint Stipulation for a fuller explanation of the relevant law and facts.  Only those facts and cases necessary to respond to Plaintiffs' Opposition are discussed herein.

ZAENTZ'S REPLY ISO MOTION FOR REVIEW AND STAY OF NON-DISPOSITIVE ORDER

privilege."); *Clark v. Buffalo Wire Works Co.*, 190 F.R.D. 93, 96 (W.D.N.Y. 1999) (notes made for purpose of seeking legal advice from an attorney were protected); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2009 WL 2905898, at *2 (N.D. Cal. Sept. 10, 2009) (notes taken by non-attorney employee to "remember things [he] wanted to discuss with the attorneys" protected as privileged). Because the privilege exists to protect the client's efforts to seek legal advice, it is imperative that the privilege apply to materials generated by the client for that purpose in advance of a meeting with counsel. *See United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1077 (N.D. Cal. 2002) ("Materials . . . that reflect matters about which the client intends to seek legal advice are comparable to notes a client would make to prepare for a meeting with her lawyer—notes which could serve as an agenda or set of reminders about things to ask or tell counsel. It would undermine the purpose of the attorney-client privilege not to extend protection to such notes."). Plaintiffs' sixteen-page opposition to Zaentz's four-page motion for relief does not refute or meaningfully engage these authorities, and Plaintiffs certainly have not cited a rule, case or treatise stating the contrary.

As Ms. Battle's testimony shows, her only stated motivation in making the annotations was to obtain the advice of counsel. This is so regardless of how one articulates the standard—"sole purpose," "primary purpose," "predominant purpose," *etc.* As Zaentz has shown, the possibility that other, business-related influences are at play when a client seeks legal advice (which is almost always the case—legal advice is not procured in a vacuum), does not negate the privilege *ex ante*. 1 Paul R. Rice, ATTORNEY-CLIENT PRIVILEGE IN THE UNITED STATES § 7:6 ("Although courts occasionally state that the client's communications to the attorney must be 'solely' for the purpose of seeking legal advice for the privilege to apply, there is general agreement that the protection of the privilege applies only if the primary or predominant purpose of the attorney-client consultation is to seek legal advice or assistance.") (emphasis in original). Plaintiffs cite no authority holding that only

1  documents reflecting purely legal analysis, with no possibility of a secondary or

2  tertiary purpose, are protectable.

3      As before, unable to rebut Zaentz's authorities, Plaintiffs dwell on a distinction

4  without difference: in two of the cases cited by Zaentz, the client prepared documents

5  at the request of counsel.  Opp. at 9-10 (citing *In re TFT-LCD (Flat Panel) Antitrust*

6  *Litig.* and *Bernbach v. Timex Corp.*, 174 F.R.D. 9, 10 (D. Conn. 1997)).  In neither of

7  these cases was counsel's request an element of the privilege itself, nor would such a

8  rule make sense.  Rather, the requests from counsel helped to show a fact of

9  consequence: that the client's *motivation* in preparing the documents was to obtain

10 the advice of counsel, and thus, the documents were privileged.  Plaintiffs' argument

11 confuses facts a court found *sufficient* in these two cases with what is *necessary* to

12 meet the proper legal standard.  Tellingly, Plaintiffs cite no case holding that

13 privilege can only be established for a client's notes if they are created at the express

14 instruction of counsel.

15     Finally, that Ms. Battle discussed the business proposal with Jon Bock of

16 Sierra Online does not vitiate the privilege for notes that guided her discussions with

17 counsel.  Ms. Battle did not testify that she communicated the contents of her notes to

18 third parties.  And she did *not* say—despite opposing counsel's effort to put such

19 words in her mouth—that "tangibility" was a term she employed in discussions with

20 Mr. Bock.  Instead, *Plaintiffs' counsel* asked whether Ms. Battle discussed with Mr.

21 Bock a requirement that a game have a "tangible physical element" (a term that

22 counsel did not define, and that under Plaintiffs' theory of the case is redundant).  Ms.

23 Battle tentatively responded:"I believe so."  Battle Depo., at 171:14-19, EFC 138, at

24 Exh. B.  However, in the Magistrate's order, counsel's confusing and leading

25 question is treated as if it is Ms. Battle's own testimony, and her actual answer is

26 omitted.  ECF 149, at 1-2.  This mistake, though inadvertent, is the premise of the

27 Magistrate's finding that Ms. Battle communicated her notes to non-lawyers; thus the

28 order should be vacated.  *See Laxalt v. McClatchy*, 602 F. Supp. 214, 216-217 (D.

1    Nev. 1985) (Magistrate's finding is reversible "when, although there is evidence to

2    support it, the reviewing court on the entire evidence is left with the definite and firm

3    conviction that a mistake has been committed.") (internal citations omitted).

4          Rather than using impenetrable legalese about "tangible physical elements"

5    and the like, Ms. Battle used plain English with Mr. Bock.  She said "[t]hat the game

6    needed to have a box with it."  Battle Depo., at 171:14-19, EFC 138, at Exh. B.  Thus,

7    when given a chance to explain what words were employed when speaking to Mr.

8    Bock, Ms. Battle steered clear of "tangibility," a term she reserved for conversations

9    with counsel.  Consequently, the contents of her notes were not revealed and the

10   privilege was never waived.

11         Plaintiffs also say because Ms. Battle generally discussed packaging

12   requirements for video game software with Mr. Bock, *no* related materials can be

13   protected by the privilege.  Opp. at 11-12.  Plaintiffs provide no support for this

14   surprisingly broad assertion either, and the Court need not address it.  This motion

15   only concerns a single document, not entire categories of materials.

## II.   PLAINTIFFS' REQUEST FOR SANCTIONS SHOULD BE DENIED

17         Plaintiffs' request for sanctions should be denied because Zaentz has acted in

18   good faith in seeking to protect its claim of privilege.  Bad faith is required for the

19   court to impose sanctions under its inherent power to prevent abuse of the judicial

20   process.  *See Lasar v. Ford Motor Co.*, 399 F.3d 1101 (9th Cir. 2005).  Sanctions

21   under Federal Rule of Civil Procedure 37 are "appropriate only in extreme

22   circumstances and where the violation is due to willfulness, bad faith, or fault of the

23   party."  *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) (internal

24   quotations omitted).

25         The cases relied on by Plaintiffs, *In re Heritage Bond Litigation*, 223 F.R.D.

26   527 (C.D. Cal. 2004), and *Tacori Enters. v. Beverly Jewellery Co.*, 253 F.R.D. 577

27   (C.D. Cal. 2008), are distinguishable.  In *Heritage Bond*, the court found the

28   defendants' failure to comply with the court order was highly prejudicial to the

1   plaintiffs because of the proximity of depositions and the discovery cut-off date.

2   *Heritage Bond*, 223 F.R.D. at 530.  The *Heritage Bond* court also determined that the

3   challenged documents were "most responsive" to the plaintiffs' request.  *Id.* at 532.

4   In addition, the court concluded the defendants could not rely on the magistrate

5   judge's stay in delaying production of the challenged documents was because the stay

6   was not granted until ***after*** production was required.  *Id.* ("Since [the magistrate] did

7   **not** stay this Court's Order until **after** production was required, [defendants] cannot

8   rely on the stay to justify their failure to timely comply with this Court's Order.").

9        Similarly, in *Tacori*, the court emphasized the defendant's failure to produce a

10  witness who was likely to be a key trial witness and pay certain deposition fees was

11  particularly prejudicial because the discovery deadline had passed and the pre-trial

12  conference was one week away.  *Tacori*, 253 F.R.D. at 583.  In addition, the *Tacori*

13  court noted that defendant had not sought a stay of court's order requiring the

14  defendant to appear.  *Id.* at 584.

15       In contrast, Zaentz has acted in good faith and has not prejudiced Plaintiffs.

16  The discovery deadline in this case is well over two months away.  Plaintiffs have

17  had no need to use the single challenged document that is at issue: no depositions

18  have taken place in the last month and adjudication of dispositive issues has been

19  stayed pending resolution of Plaintiffs' appeal of the Court's denial of their SLAPP

20  motion, on which argument has not even been scheduled.  Further, unlike in *Heritage*

21  *Bond* and *Tacori*, where the discovery sought was "most responsive" and likely to be

22  used at trial, there is a genuine issue whether Plaintiffs are entitled to the challenged

23  document because the Magistrate operated under a mistaken view of the law and

24  facts.  Requiring Zaentz to produce the challenged document while a determination

25  on privilege is pending would undermine the privilege claim.  In addition, the

26  Magistrate granted a stay of the order over Plaintiffs' objection (ECF 159), which

27  Zaentz immediately renewed with this Court.

28

Finally, Plaintiffs have improperly sought fees for the cost of opposing Zaentz's motion. The Ninth Circuit has held that Rule 37 "does not provide [cost] sanctions for defending a motion for reconsideration." *Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Gr.*, 55 F.3d 463, 467 (9th Cir. 1995) *abrogated on other grounds by Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198 (1999). Further, Plaintiffs' assessment of its fees is excessive and unsubstantiated. "In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying hours claimed to have been expended. Those hours may be reduced by the court where documentation of the hours is inadequate . . . ." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987) (internal citations omitted). Plaintiffs provide only Ms. Haye's declaration stating that they generally spent 25 hours preparing the opposition and incurred fees in excess of $12,000. ECF 173 ¶5 ("The Tolkien/HC Parties' counsel spent in excess of 25 hours and incurred in excess of $12,200 in attorneys' fees in drafting, researching and revising the Opposition to Zaentz's Motion for Review."). This hours figure is unreasonable to respond to an issue that was fully briefed to the Magistrate and re-raised in a succinct motion for relief. Aside from that, it is impossible for Zaentz or the court to evaluate Plaintiffs' claim because no detail at all is provided to describe the work done by particular timekeepers or their rates. The request for fees should be denied on that basis alone.

Dated: May 19, 2014                    ARNOLD & PORTER LLP

                                       By: _____
                                           John C. Ulin

                                       Attorneys for Defendant and
                                       Counterclaim Plaintiff THE SAUL
                                       ZAENTZ COMPANY d/b/a Middle-
                                       earth Enterprises, a Delaware
                                       corporation

34732337v3