UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9912 ABC (SJHx) | Date | May 22, 2014 |
|---|---|---|---|
| Title | Fourth Age Limited et al. v. Warner Bros. Digital Distribution Inc et al. | | |

| Present: The Honorable | Audrey B. Collins, United States District Judge | | |
|---|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** ORDER **DENYING** MOTION FOR REVIEW OF MAGISTRATE JUDGE'S ORDER  (In Chambers)

The Court has reviewed all of the papers pertaining to Counterclaim Plaintiff The Saul Zaentz Company's ("Zaentz") Motion for Review and Stay of Magistrate Judge's Non-Dispositive Order ("Motion," docket no. 160), including the papers before Magistrate Judge Hillman when he made the Order under review.  The Motion is **DENIED**.

## I.  BACKGROUND

Zaentz seeks review of Magistrate Judge Hillman's April 8, 2014 Order (docket no. 149) granting Fourth Age Limited, et al.,'s ("Plaintiffs") Motion to Compel.  Therein, Magistrate Judge Hillman rejected Zaentz's claim of attorney-client privilege over a document Zaentz produced in discovery and then "clawed back" as erroneously produced.  The document in question was a business proposal from a third-party Mr. Bock (of Sierra Online) to Ms. Battle, a non-lawyer who was Director of Licensing at Zaentz.  The element of this document that Zaentz claims renders the document privileged is Ms. Battle's margin notation of the word "*tangibility," a note she made on the document after she received it from Mr. Bock.  Zaentz argues that Magistrate Judge Hillman's Order requiring it to produce this document was clearly erroneous because (1) he relied on an incorrect legal standard, and (2) because he treated Plaintiffs' counsel's leading question of Ms. Bock at deposition as Ms. Bock's own testimony.

## II.  DISCUSSION

**A.    Legal Standard for Review of Magistrate Judge's Order**

A district court judge may reconsider a magistrate judge's discovery order only if it the order is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  See also Fed R. Civ. P. 72(a).  A magistrate judge's resolution of pretrial matters is thus entitled to substantial deference and may not be disturbed by a district court absent a finding that the determination was clearly erroneous or contrary to law.  See Wolpin v. Philip Morris Inc., 189 F.R.D. 418, 422 (C.D. Cal. 1999).  "Where the magistrate's decision concerns an evidentiary question of relevance, 'the Court must review the magistrate's order

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9912 ABC (SJHx) | Date | May 22, 2014 |
|---|---|---|---|
| Title | Fourth Age Limited et al. v. Warner Bros. Digital Distribution Inc et al. | | |

with an eye toward the broad standard of relevance in the discovery context. Thus, the standard of review in most instances is not the explicit statutory standard, but the clearly implicit standard of abuse of discretion.'" Id. at 422 (citing Geophysical Systems Corp. v. Raytheon Co., 117 F.R.D. 646, 647 (C.D. Cal. 1987)). A judge abuses his discretion "only when his decision is based on an erroneous conclusion of law or where the record contains no evidence on which he rationally could have based that decision." Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975).

B.  **Legal Standard for Claims of Attorney-Client Privilege**

The attorney-client privilege attaches to communications for which a primary or predominant purpose is to seek legal advice, even if other factors also motivate the client. See, e.g., Griffith v. Davis, 161 F.R.D. 687, 697 (C.D. Cal. 1995); 1 Paul R. Rice, ATTORNEY-CLIENT PRIVILEGE IN THE UNITED STATES § 7:6 ("Although courts occasionally state that the client's communications to the attorney must be 'solely' for the purpose of seeking legal advice for the privilege to apply, there is general agreement that the protection of the privilege applies only if the primary or predominant purpose of the attorney-client consultation is to seek legal advice or assistance."). A party asserting a privilege bears the burden of establishing that the claimed privilege applies. U.S. v. Richey, 632 F.3d 559, 566 (9th Cir. 2011).

C.  **Application**

Simply stated, the portions of Ms. Battle's testimony that Zaentz points to as showing that she made the "*tangibility" notation "for the purpose of seeking legal advice" simply do not establish that. The gravamen of Ms. Battle's testimony was that she often discussed proposals like the one in issue with counsel, or that she would sometimes make annotations on them for discussion with counsel; notably absent is any testimony that she did so in this instance or that the particular notation in issue here was for that purpose. As Magistrate Judge Hillman concluded, Ms. Battle's testimony was equivocal at best. Indeed, in context and based on the rest of Ms. Battle's testimony, it is just as likely that she made that notation as preparation for further business discussions with Mr. Bock. Thus, Zaentz did not establish that Ms. Battle made the "*tangibility" notation for the purpose of seeking legal advice or relating to that purpose, either wholly or in part. (As such, Zaentz's objection that Magistrate Judge Hillman applied the incorrect legal standard is moot.) Thus, as Magistrate Judge Hillman concluded, Zaentz did not meet its burden of establishing that the claimed privilege applies.

Zaentz's argument that Magistrate Judge Hillman erroneously construed counsel's leading question as Ms. Battle's testimony is also unavailing. Magistrate Judge Hillman's construction of the testimony was wholly reasonable. However, even were the court to excise the objected-to testimony from the record, Ms. Battle's testimony was hopelessly equivocal on the key question of whether she made the "*tangibility" notation for purposes of seeking legal advice.

In short, Magistrate Judge Hillman's Order was not clearly erroneous or contrary to law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9912 ABC (SJHx) | Date | May 22, 2014 |
|---|---|---|---|
| Title | Fourth Age Limited et al. v. Warner Bros. Digital Distribution Inc et al. | | |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9912 ABC (SJHx) | Date | May 22, 2014 |
|---|---|---|---|
| Title | Fourth Age Limited et al. v. Warner Bros. Digital Distribution Inc et al. | | |

      Zaentz's Motion also asks the Court to stay Magistrate Judge Hillman's Order pending resolution of the Motion. Zaentz should have sought that relief through an ex parte application.[1] As presented, the question of a stay pending resolution of the Motion is to be resolved on the same schedule as the Motion itself, thereby necessarily rendering the stay request moot by the time it became ripe for decision. In addition to failing to establish a time frame for a timely ruling, by failing to seek relief on an ex parte basis, Zaentz also failed to force Plaintiffs to respond to that request expeditiously, and failed to apprise the Court that an urgent question required its immediate attention. The request for a stay is obviously moot and is denied on that basis.

      Plaintiffs' request for sanctions is also denied. Plaintiffs point out that Zaentz has not complied with Magistrate Judge Hillman's order to produce the document in question within ten days of the issuance of his order and seeks sanctions consisting of the attorneys' fees it incurred to oppose the instant Motion. Zaentz does not deny that it has not produced the document, but asserts that it "immediately renewed" the now-expired stay that Magistrate Judge Hillman granted. No party can unilaterally "immediately renew" a stay, let alone in the manner Zaentz attempted to. As noted above, an ex parte application was the appropriate vehicle for obtaining a stay pending resolution of this Motion; Zaentz's request within the instant Motion could not have had its intended effect. The Court can only conclude that Zaentz violated Magistrate Judge Hillman's Order. Nevertheless, Plaintiffs' request for sanctions in the amount of fees it incurred to oppose this Motion has no foundation in that violation: Plaintiffs' would have had to oppose this Motion regardless of whether Zaentz produced the document in the interim. Plaintiffs have not demonstrated that they have suffered any harm from Zaentz's violation. Plaintiffs' request for sanctions is therefore **DENIED**.

### III.  CONCLUSION

      Zaentz's Motion for Review is **DENIED**.

      **IT IS SO ORDERED.**

                                          Initials of Preparer  AB

**cc:**      **Magistrate Judge Hillman**

---

[1] Obviously, a stay could also have been achieved by stipulation and proposed Order accepting the stipulation – a resolution that could have materialized from meeting and conferring prior to filing an ex parte application.