BONNIE E. ESKENAZI (SBN 119401)
BEskenazi@ggfirm.com
ELISABETH A. MORIARTY (SBN 156569)
EMoriarty@ggfirm.com
RICARDO P. CESTERO (SBN 203230)
RCestero@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Plaintiffs and Counterclaim Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOURTH AGE LIMITED, et al., | Case No. CV 12-09912 ABC (SHx) |
| Plaintiffs, | Hon. Audrey B. Collins |
| v. | **APPLICATION FOR ISSUANCE OF LETTER OF REQUEST FOR JUDICIAL ASSISTANCE UNDER HAGUE EVIDENCE CONVENTION** |
| WARNER BROS. DIGITAL DISTRIBUTION, INC., et al., | |
| Defendants. | [Declaration of Julia R. Haye; Letter of Request for Judicial Assistance and [Proposed] Order lodged concurrently herewith.] |
| WARNER BROS. DIGITAL DISTRIBUTION, INC., et al., | |
| Counterclaim Plaintiffs, | |
| v. | |
| FOURTH AGE LIMITED, et al., | |
| Counterclaim Defendants. | |

84971-00003/2133838.1

PLAINTIFFS' APPLICATION FOR
ISSUANCE OF LETTER OF REQUEST

## I. RELIEF REQUESTED

Plaintiffs and Counterclaim Defendants Fourth Age Limited, a United Kingdom corporation; Priscilla Mary Anne Reuel Tolkien, as Trustee of The Tolkien Trust, a United Kingdom Charitable Trust; The J.R.R. Tolkien Estate Limited, a United Kingdom corporation; HarperCollins Publishers, Ltd., a United Kingdom corporation; Unwin Hyman Ltd., a United Kingdom corporation; and George Allen & Unwin (Publishers) Limited., a United Kingdom corporation (collectively, "Plaintiffs") request that this Court issue the concurrently lodged Letter of Request for International Judicial Assistance Under Hague Evidence Convention ("Letter of Request") to the Appropriate Judicial Authority of the Isle of Man for an order requiring production of documents from and deposition of the custodian of records of Microgaming Software Systems, Ltd. ("Microgaming Systems"), a company headquartered in the Isle of Man.

The reasons for issuance of the Letter of Request are simple and straightforward. Plaintiffs allege, among other things, that when Plaintiffs' predecessors-in-interest licensed the film rights to *The Lord of the Rings* and *The Hobbit* (the "Tolkien Works") to the predecessors-in-interest of Defendants and Counterclaim Plaintiffs Warner Bros. Digital Distribution, Inc., Warner Bros. Consumer Products, Inc., Warner Bros. Interactive Entertainment, Inc., Warner Bros. Home Entertainment, Inc., New Line Productions, Inc. (collectively, "Warner"), and The Saul Zaentz Company d/b/a Middle-earth Enterprises ("Zaentz," collectively with Warner, "Defendants"), they also granted Defendants' predecessors-in-interest certain limited merchandising rights. Plaintiffs further alleged that, in recent years, and particularly in the aftermath of the unprecedented financial and critical success of Defendants' and/or their predecessors' films based on the Tolkien Works (the "Films"), Defendants have exceeded the scope of the limited rights granted to them by, among other things, licensing the production and distribution of gambling games (both over the Internet and in brick-and-mortar

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

casinos) featuring characters and story elements from *The Lord of the Rings*. Plaintiffs further allege that gambling constitutes a category of rights which have never been granted to Defendants (and which Plaintiffs themselves would intend never to exploit). Plaintiffs contend that, not only does the production of gambling games patently exceed the scope of Defendants' rights, but this infringing conduct has outraged Tolkien's devoted fan base, causing irreparable harm to Tolkien's legacy and reputation and the valuable goodwill generated by the Tolkien Works.

Plaintiffs are informed and believe that pursuant to an agreement with Defendants, Microgaming Systems developed online gambling games featuring these characters and story elements. (Declaration of Julia R. Haye ("Haye Decl."), at ¶ 2.) Plaintiffs are informed and believe that Microgaming Systems retains within its possession, custody or control documents relevant to Plaintiffs' claims. Plaintiffs are further informed and believe that there is no means of obtaining this evidence other than seeking it directly from Microgaming Systems. (Haye Decl., at ¶ 3.)

Accordingly, Plaintiffs respectfully request that this Court grant their application for issuance of the Letter of Request.

## II. STATEMENT OF FACTS

As alleged in more detail in the Complaint, Plaintiffs' predecessors-in-interest licensed the film rights to *The Lord of the Rings* and *The Hobbit* to Defendants' predecessors in interest in 1969. In doing so, they granted Defendants' predecessors-in-interest limited merchandising rights. Specifically, Defendants' predecessors-in-interest obtained the limited right to use the characters, places, objects and events referred to in *The Lord of the Rings* and *The Hobbit* "solely and only upon and in connection with the manufacture, sale and distribution of … any and all *articles of tangible personal property*, other than novels, paperbacks and other printed published matter…" (emphasis added). To emphasize the limited nature of the grant, Plaintiffs' predecessors-in-interest specifically reserved "the

right to utilize and/or dispose of all rights and/or interests not herein specifically granted."

In recent years, and particularly in the aftermath of the unprecedented financial and critical success of the films based on *The Lord of the Rings*, defendants have, with increasing boldness, engaged in a continuing and escalating pattern of usurping rights to which they are not entitled — rights which belong exclusively to Plaintiffs. For example, although their limited merchandising license only gives them the right to sell *tangible* merchandise, defendants have developed, licensed and/or sold (and continue to develop, license and/or sell) intangible video games featuring characters, events, images and/or story elements from *The Lord of the Rings* and/or *The Hobbit*, which are delivered otherwise than by way of physical media such as DVD or cartridge, including, but not limited to, games delivered by way of electronic download, delivered to mobile telephone networks, tablets and other mobile devices, or to social media websites. To make matters worse, Plaintiffs discovered that Defendants have, in excess of the limited rights granted to them, begun licensing the production and distribution of gambling games (both over the Internet and in brick-and-mortar casinos) featuring characters and story elements from *The Lord of the Rings*.

Microgaming Systems is a software development company headquartered in the Isle of Man. (Haye Decl., at ¶ 2.) Plaintiffs are informed and believe that Microgaming Systems entered into an agreement with defendants to develop online gambling games. Plaintiffs are further informed and believe that these gambling games feature characters and story elements from *The Lord of the Rings*. (Haye Decl., at ¶ 2.)

### III.   ARGUMENT

Both the United States and the Isle of Man, as a territory of the United Kingdom, are signatories to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention"). *See*

28 U.S.C. § 1781; *Universal Trading & Inv. Co. v. Kiritchenko*, 2007 WL 295548, at *2 (N.D. Cal. Jan. 30, 2008) (noting that the Isle of Man is a "signator[y] to the Hague Convention"). "The Hague Convention . . . provides the mechanism for the taking of evidence abroad in civil or commercial matters. Application for a letter rogatory to take testimony pursuant to the Hague Convention is an appropriate mechanism for obtaining discovery of a non-party witness in a foreign country." *S.E.C. v. Leslie*, 2009 WL 688836, at *3 (N.D. Cal. March 16, 2009) (internal quotation marks omitted).[1]

"A letter rogatory is a formal written request sent by a court to a foreign court asking that the testimony of a witness residing within that foreign court's jurisdiction be taken pursuant to the direction of that foreign court and transmitted to the requesting court for use in a pending action." *Barnes and Noble, Inc. v. LSI Corp.*, 2013 WL 812331, at *1 (N.D. Cal. March 5, 2013). "A letter rogatory can also include requests for the production of documents." *Id*.

A letter of request "shall specify":

(a) the authority requesting its execution and the authority requested to execute it, if known to the requesting authority; (b) the names and addresses of the parties to the proceedings and their representatives, if any; (c) the nature of the proceedings for which the evidence is required, giving all necessary information in regard thereto; (d) the evidence to be obtained or other judicial act to be performed.

*Leslie*, 2009 WL 688836, at *3 (quoting Hague Evidence Convention, Article 3). "No legalization or other like formality may be required." Hague Evidence Convention, Article 3.

"A court has inherent authority to issue letters rogatory." *Barnes and Noble, Inc.*, 2013 WL 812331, at *2. "Whether to issue such a letter is a matter of

---

[1] "The term 'letter of request' has been substituted in the rule for the term 'letter rogatory' because it is the primary method provided by the Hague Convention. A letter rogatory is essentially a form of letter of request." Fed. R. Civ. P. 28(b) advisory committee's note (1993).

1  discretion for the court." *Id.* "When determining whether to exercise its discretion,
2  a court will generally not weigh the evidence sought from the discovery request nor
3  will it attempt to predict whether that evidence will actually be obtained." *Id.*

4  "The opposing party must show good reason for a court to deny an
5  application for a letter rogatory." *Leslie*, 2009 WL 688836, at *3. "Whether such a
6  showing has been made and whether and in what form a letter rogatory should issue
7  are factual determinations turning upon the circumstances of the particular case."
8  *Id.* (internal quotation marks omitted).

9  Here, the Court should exercise its discretion to grant Plaintiffs' application
10  for issuance of a Letter of Request because (1) the Letter of Request complies with
11  Article 3 of the Hague Evidence Convention and (2) good reason does not exist to
12  deny the application.

13  First, Plaintiffs' Letter of Request, attached hereto, complies with Article 3 of
14  the Hague Convention. Pursuant to Article 3, the Letter of Request specifies: "the
15  authority requesting its execution and the authority requested to execute it"; "the
16  names and addresses of the parties to the proceedings and their representatives";
17  "the nature of the proceedings for which the evidence is required"; and the
18  "evidence to be obtained or other judicial act to be performed." *See Leslie*, 2009
19  WL 688836, at *3. As Article 3 specifies, "[n]o legalization or other like formality
20  may be required."

21  Second, "good reason" does not exist to deny Plaintiffs' application. As
22  discussed above, Plaintiffs claim that Defendants exceeded their limited
23  merchandising rights in *The Lord of the Rings* and *The Hobbit* by, for example,
24  licensing the production and distribution of gambling games featuring characters
25  and story elements from *The Lord of the Rings*. Pursuant to an agreement with
26  Defendants, Microgaming Systems, which is headquartered in the Isle of Man,
27  developed online gambling games featuring these characters and story elements.
28  Plaintiffs are informed and believe that, as a result of this agreement with

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Defendants, Microgaming Systems retains within its possession, custody or control documents relevant to Plaintiffs' claims. Plaintiffs further are informed and believe that there is no other means of obtaining this evidence. Consistent with these beliefs, Plaintiffs have, as set forth in the corresponding attachment, made a narrowly tailored request for documents that are relevant to this action and that will not impose an undue burden on Microgaming Systems. Accordingly, there is not "good reason" to deny Plaintiffs' application. *See Leslie*, 2009 WL 688836, at *3.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court issue a Letter of Request under the Hague Evidence Convention to the Isle of Man to issue a subpoena for production of records from and deposition of the custodian of records of Microgaming Systems as set forth in the corresponding attachment.

DATED: June 3, 2014
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: /s. Bonnie E. Eskenazi
BONNIE E. ESKENAZI (SBN 119401)