BONNIE E. ESKENAZI (SBN 119401)
BEskenazi@ggfirm.com
ELISABETH A. MORIARTY (SBN 156569)
EMoriarty@ggfirm.com
RICARDO P. CESTERO (SBN 203230)
RCestero@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Plaintiffs and Counterclaim Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FOURTH AGE LIMITED, et al.,

Plaintiffs,

v.

WARNER BROS. DIGITAL DISTRIBUTION, INC., et al.,

Defendants.

WARNER BROS. DIGITAL DISTRIBUTION, INC., et al.,

Counterclaim Plaintiffs,

v.

FOURTH AGE LIMITED, et al.,

Counterclaim Defendants.

Case No. CV 12-09912 ABC (SHx)

Hon. Audrey B. Collins

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE UNDER HAGUE EVIDENCE CONVENTION**

[Application for Issuance of Letter of Request for Judicial Assistance, Declaration of Julia R. Haye and [Proposed] Order lodged concurrently herewith.]

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE UNDER HAGUE EVIDENCE CONVENTION (LETTER ROGATORY)**

To:

HIS HONOUR

DEEMSTER DAVID DOYLE QC

HER MAJESTY'S FIRST DEEMSTER AND CLERK OF THE ROLLS

Deemster's Walk, Douglas, Isle of Man, IM1 3AR

The United States District Court for the Central District of California respectfully requests international judicial assistance in relation to a civil proceeding before this Court in the above-captioned matter.

**Background**

1. The above-captioned action is pending in the United States District Court for the Central District of California (the "Action") between Plaintiffs and Counterclaim Defendants Fourth Age Limited, a United Kingdom corporation; Priscilla Mary Anne Reuel Tolkien, as Trustee of The Tolkien Trust, a United Kingdom Charitable Trust; The J.R.R. Tolkien Estate Limited, a United Kingdom corporation; HarperCollins Publishers, Ltd., a United Kingdom corporation; Unwin Hyman Ltd., a United Kingdom corporation; and George Allen & Unwin (Publishers) Limited., a United Kingdom corporation (collectively, "Plaintiffs") and Defendants and Counterclaim Plaintiffs Warner Bros. Digital Distribution, Inc., Warner Bros. Consumer Products, Inc., Warner Bros. Interactive Entertainment, Inc., Warner Bros. Home Entertainment, Inc., New Line Productions, Inc. (collectively, "Warner"), and The Saul Zaentz Company d/b/a Middle-earth

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Enterprises ("Zaentz"). Warner and Zaentz are collectively referred to herein as Defendants.

2. Plaintiffs are represented in the Action by Bonnie E. Eskenazi, Esq., Greenberg Glusker Fields Claman & Machtinger, 1900 Avenue of the Stars, 21st Floor, Los Angeles, CA 90067 USA, (310) 553-3610.

3. Warner is represented in the Action by Daniel Petrocelli, Esq., O'Melveny & Myers, 1999 Avenue of the Stars, 7th Floor, Los Angeles CA USA 90067, (310) 553-6700.

4. Zaentz is represented in this Action by Martin R. Glick, Esq., Arnold & Porter LLP, Three Embarcadero Center, 7th Floor, San Francisco CA USA 94111, (415) 471-3100.

5. Plaintiffs filed a civil complaint on November 19, 2012 alleging causes of action for copyright infringement, breach of contract, and declaratory judgment. Plaintiffs' claims involve merchandising rights in and to Professor J.R.R. Tolkien's literary works *The Lord of the Rings* and *The Hobbit* (the "Tolkien Works"). Professor J.R.R. Tolkien's seminal work *The Lord of the Rings* is one of the most esteemed literary properties of all time.

6. Plaintiffs allege, among other things, that when Plaintiffs' predecessors-in-interest licensed the film rights to *The Lord of the Rings* and *The Hobbit* to Defendants' predecessors-in-interest in 1969, they also granted Defendants' predecessors-in-interest certain limited merchandising rights. Plaintiffs further alleged that, in recent years, and particularly in the aftermath of the unprecedented financial and critical success of the Defendants' and/or their predecessors' films based on the Tolkien Works (the "Films"), Defendants have exceeded the scope of the limited rights granted to them by, among other things, licensing the production and distribution of gambling games (both over the Internet and in brick-and-mortar casinos) featuring characters and story elements from *The Lord of the Rings*. Plaintiffs further allege that gambling constitutes a category of

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

rights which have never been granted to Defendants (and which Plaintiffs themselves would intend never to exploit). Plaintiffs contend that, not only does the production of gambling games patently exceed the scope of Defendants' rights, but this infringing conduct has outraged Tolkien's devoted fan base, causing irreparable harm to Tolkien's legacy and reputation and the valuable goodwill generated by the Tolkien Works.

7. Plaintiffs seek as relief, among other things, damages exceeding $80 million, permanent injunctive relief, and declaratory relief.

8. Plaintiffs have submitted testimony to this Court, in the form of a sworn declaration, that Microgaming Software Systems Ltd. ("Microgaming Systems") developed online gambling games pursuant to an agreement with Defendants.

9. Plaintiffs have further represented that, as a result of the agreement, Microgaming Systems retains within its possession, custody or control documents relevant to Plaintiffs' claims and which will be necessary evidence , in particular, as to the existence or otherwise of such agreement, and the terms thereof, and the alleged infringing online gambling games and the alleged infringing activities of Microgaming Systems in marketing and operating such systems, as well as evidencing the appropriate level of quantum of damages in the event that liability is proved.

10. Plaintiffs have also represented that Microgaming Systems is headquartered in the Isle of Man, at the following address: MGS House, Circular Road, Douglas, Isle of Man, IM1 1BL United Kingdom. As Microgaming Systems is not a party to the above styled claim and the said documents are located outside the jurisdiction of the United States District Court, Central District of California, the said Court hereby requests the assistance of the Judiciary of the Isle of Man to render such assistance as it considers appropriate.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**Assistance sought**

11. It is necessary for the purpose of justice and for the due determination of the Action that such documents as are identified in the attached Exhibit A and are in Microgaming Systems' possession, custody or control be produced and/or otherwise made available for the purposes of the determination of the Action .

12. In particular, the United States District Court for the Central District of California would respectfully request that:

A. arrangements be made that Microgaming Systems be required to conduct a reasonable search for such documents as are identified in the attached Exhibit A and are in Microgaming Systems' possession, custody or control;

B. arrangements be made that following such reasonable searches any documents located by Microgaming Systems as set out in the attached Exhibit A be identified by way of a list to be prepared by a proper officer of Microgaming Systems, with such list to be verified by way of an affidavit sworn by a proper officer of Microgaming Systems setting out the searches which were made for such documents and that such list and affidavit, together with copies of the documents listed in an appropriate electronic format, be provided to the Plaintiffs per their Isle of Man Advocate Charles Coleman of Gough Law Limited and the Defendants' nominated Isle of Man advocate within a set period of time;

C. the deponent of the affidavit referred to hereinabove be made available for sworn examination;

D. the Plaintiffs and Defendants be given leave to use the documents disclosed pursuant to this Letter of Request in the above styled Action before the United States District Court for the Central District of California but not in any other proceedings without such further leave of the Isle of Man Court as may be deemed appropriate; and

E. the requirement to produce such documents and swear such affidavits in pursuance of this Letter of Request be subject to all protections of law

regarding self-incrimination and legal privilege as any party would be afforded pursuant to the laws of the Isle of Man.

13. This Court is willing to provide similar assistance to judicial authorities of the Isle of Man. The Tolkien Parties also are willing to reimburse the judicial authorities of the Isle of Man and Microgaming Systems for reasonable, proper and actual costs incurred by Microgaming Systems and/or the judicial authorities of the Isle of Man in connection with the collection and production of documents and any sworn examination in response to this Letter of Request.

The undersigned, Hon. Audrey B. Collins, United States District Judge for the Central District of California, hereby requests, in the interests of justice, and in conformity with Article 3 of the Hague Convention on the Taking of Evidence in Civil or Commercial Matters, that the Appropriate Judicial Authority of the Isle of Man order Microgaming Systems to produce and other otherwise make available for examination any documents appearing on Exhibit A attached hereto which are in Microgaming Systems' possession, custody, or control, and that the proper custodian of the documents produced be made available for sworn examination.

DATED: __________, 2014

_______________________________
Hon. Audrey B. Collins
United States District Judge

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**EXHIBIT A TO LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE UNDER HAGUE CONVENTION (LETTER ROGATORY) MICROGAMING SOFTWARE SYSTEMS, LTD.**

## DEFINITIONS

As used herein, the following terms shall have the following defined meanings:

1. The terms "YOU," "YOUR," and "YOURS," mean Microgaming Software Systems, Ltd., as well as its respective officers, employees, agents, directors, attorneys, representatives, affiliates, subsidiaries, parents, or any person acting on their behalf, and each of them.

2. The term "WARNER" means Warner Bros. Home Entertainment, Inc., Warner Bros. Entertainment, Inc., Warner Bros. Consumer Products, Inc., Warner Bros. Digital Distribution, Inc., New Line Productions, Inc., as well as their respective officers, employees, agents, directors, attorneys, representatives, affiliates, subsidiaries, or any person acting on their behalf, and each of them.

3. The term "ZAENTZ" means The Saul Zaentz Company d/b/a Middle-earth Enterprises, as well as its respective officers, employees, agents, directors, attorneys, representatives, affiliates, including but not limited to, The Saul Zaentz Company d/b/a Tolkien Enterprises, subsidiaries, or any person acting on their behalf, and each of them.

4. The term "LORD OF THE RINGS" means the three volume literary work by the author J.R.R. Tolkien, which consists of "The Lord of the Rings: The Fellowship

of the Ring," "The Lord of the Rings: The Two Towers," and "The Lord of the Rings: The Return of the King."

5. The term "THE HOBBIT" means the literary work by the author J.R.R. Tolkien of the same name.

6. The term "TOLKIEN WORKS" means the LORD OF THE RINGS and THE HOBBIT.

7. The "LOTR FILMS" means the three films thus far produced and distributed by WARNER and/or New Line Cinema Corp., released in 2001, 2002, and 2003, based on LORD OF THE RINGS.

8. The "HOBBIT FILMS" means the three films produced and/or distributed, or yet to be produced and/or distributed, by WARNER, one of which was released in 2012, based on THE HOBBIT.

9. The term "GAMBLING GAME(S)" means games of chance (which may also involve an element of skill), including without limitation, online slot machines, with or without progressive or other forms of jackpot, lottery ticket games (so-called "scratchers"), or other wager games, or any element or component of any of the foregoing.

10. The term "LICENSEE(S)" means any party, as well as their respective officers, employees, agents, directors, attorneys, representatives, affiliates, subsidiaries,

or any person acting on their behalf, and each of them, licensed, authorized, or permitted by YOU to manufacture, operate, market, sell, distribute, or otherwise offer to the public any GAMBLING GAME.

  11. The term "DOCUMENT(S)" shall encompass all writings and electronically stored information ("ESI"), including, without limitation, handwriting, typewriting, printing, photostats, photographs, tapes, films, recordings, electronically or digitally encoded, information stored in any electronic medium (i.e., any medium relating to technology having electrical, digital, magnetic, wireless, optical, electromagnetic, or similar capabilities) and every other means of recording upon any tangible thing and form of communication or representation, graphic or other information, including originals, identical copies, translations and drafts thereof and all copies bearing notations and marks not found on the original.  The term DOCUMENT includes, without limitation, files stored on computer discs, computer hard drives, network servers, nodes (i.e., any devices connected to network servers), servers maintained by internet service providers or outside parties (e.g., Google Docs), and removable media (e.g., magnetic tapes, CD-ROMs, DVDs, floppy disks, diskettes, SD cards, USB or "thumb" drives, etc.) or any electronic storage devices, including, without limitation, electronic mail messages, Microsoft Word, Excel and PowerPoint files, PDF files, digital photographs and images, information stored in databases, electronically-stored voice mail messages, electronically-stored facsimiles, archives of conversations held via instant messaging programs (e.g., AOL Instant Messenger or "AIM," Yahoo Messenger, MSN Messenger, ICQ, Skype, etc.),

electronically-stored images from security cameras, and information from GPS tracking devices, files stored on cellular telephones, pagers and other handheld devices (e.g., Palm Pilots, Blackberries, PocketPCs, Smartphones, iPhones, etc.) or any other electronically stored information; affidavits; analyses; appointment books; appraisals; articles from publications; cables; calendars; charts; checks (cancelled or uncancelled) ; check stubs; confirmations; contracts; correspondence; credit card receipts; desk calendars; desk pads; diaries; drafts; estimates; evaluations; filings; financial statements; forms; invoices; journals; ledgers; letters; words; sounds; symbols; lists; memoranda; minutes; notations; notes; opinions; orders; pamphlets; papers; personnel files; permanent files; temporary files; pictures; press releases; projections; prospectuses; publications; receipts; recordings of meetings and conversations; reports; statements; statistical records; studies; summaries; tabulations; telegrams; telephone records; telex messages; text messages; time sheets; transcripts; understandings; videotapes; vouchers; work papers and sheets; or things similar to any of the foregoing, or any combination thereof, however denominated.

12. The term “ELECTRONIC MAILING(S)” means any electronic mailings, emails, messages, solicitations, or other marketing or promotional materials, whether solicited or unsolicited, transmitted to any PERSON (as defined below) by email, text or direct message, and/or any other electronic form of transmission.

13. The term “PERSON(S)” means any individual, corporation, partnership, association, and/or any other form of business organization.

14. The term "COMMUNICATIONS" means any and all contact between two or more PERSONS including, without limitation, all written contact by such means as letters, memoranda, telegrams, and e-mail and including, without limitation, all oral contact by such means as face-to-face meetings and telephone conversations. For the avoidance of doubt, COMMUNICATIONS refers to such contact between any two or more PERSONS, including, without limitation, internal contact between YOUR employees and/or WARNER or ZAENTZ employees, as well as contact between WARNER, ZAENTZ, YOU, and/or any other third parties.

15. Any words used in the singular form shall also embrace and be read and applied as the plural form also, and vice versa.

16. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

**INSTRUCTIONS**

1. The DOCUMENTS to be produced are those within YOUR possession, custody or control. If YOU object to any request for production or part thereof on the basis of the protections afforded attorney work product, attorney-client privilege, or other privilege or protection, identify the privilege or protection claimed, as well as each DOCUMENT for which such privilege or protection is claimed, together with the following information with respect to each such DOCUMENT:

(1) the date of the DOCUMENT;

(2) the name of its author(s);

  (3) the name of each recipient;

  (4) a general description of the subject matter;

  (5) the location or custodian of each copy; and

  (6) the basis of any claim of privilege.

2. If there is any request for production to which YOU can respond only in part, YOU are required to provide as complete a response as possible.

3. YOU are to produce electronically stored information ("ESI") in the following form(s): (a) bates-numbered, single-paged, electronically searchable TIFF images, with parent-child relationships of DOCUMENTS kept intact (e.g., an e-mail message must remain connected with its attachments), with no "de-duping" across the data set, with an Ipro load file (or an ASCII delimited text file with all images and data cross-referenced) containing the document breaks, a csv or dat file containing the beginning and ending document breaks, with no "locked" data and all associated embedded data and metadata intact, including without limitation, BEG_BATES, END_BATES, BEG_ATTACH_BATES, END_ATTACH_BATES, DOC_DATE, DOC_TITLE, DOC_CHAR, AUTHOR, RECIPIENT, CC, BCC, OCR TEXT, DATETIME, TOTAL_PAGES, NATIVE FILE NAME, AUTHORC, APPNAME, VERSION, ATTACH_CNT, ATTACH_LST, CDATE, CDATE_ONLY, CTIME_ONLY, E_CDATE, E_CDATEONLY, E_CTIMEONLY, CREATIONDA, CREATOR, D_CREATED, DTCDATEONL, DTCTIMEONL, DT_LASTSAVE, DISCOVERY_P, ENTRY_ID, FILESIZE, IMAGELENGTH, IMAGEWIDTH, LAST_ACCESS, DO_LASTACCE, TO_LASTACCE, LASTMODI, LMDATEONLY, LMTIMEONLY, LOCATION, MD5HASH, E_MD5HASH, SHA, MESG_HDR, MESG_ID, NAME, OWNER, PR_CONVERSA, PR_CREATION, PR_INTERNET, PR_LASTMODI, PR_MESSAGES, PR_SENDEREM, PR_SENDERNA,

PR_TRANSPOR, PRIMARYAUT, PRODUCER, PUBLISHER, E_RDATE, E_RDATEONLY, E_RTIMEONLY, E_SUBJECT, RECIPIENTS, REVISION_DA, SENT_DT, SENTDTONLY and SENTTMONLY; (b) for electronically stored audio and/or video files, please produce them in accordance with subsection (a), except that they should be produced not as TIFF images, but in their native format or, if they are a file type that is proprietary and not readily accessible, in a format that is widely used (e.g., MPEG, WAV, etc.); and (c) for electronically stored information in databases, please produce such information in accordance with subsection (a), except that the data should be isolated and copied into a new database file to the extent it is possible to do so and to do so without altering the associated metadata or embedded data and to the extent the information can be useable without access to the rest of the database (if that is not the case, then the responding party should meet and confer with the propounding party to address the production of data from databases). Plaintiffs hereby reserve the right to request that some or all of the requested documents be produced in native format if certain information can only be ascertained with the native file (e.g., to see "embedded data" in certain documents, such as seeing the formulas used, if any, to create the information in certain cells in a spreadsheets or to see the relationship between certain cells).

**DOCUMENTS TO BE PRODUCED**

1. All agreements between YOU, on the one hand, and WARNER and/or ZAENTZ, on the other hand, relating to any GAMBLING GAME(S) featuring characters, events, images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS, including, without limitation, the agreements dated as of December 4, 2009 and/or as of December 11, 2009 between Microgaming Software

Systems, Ltd. and Warner Bros. Digital Distribution, a division of Warner Bros. Home Entertainment, Inc., and any amendments or modifications thereto.

2. All agreements between YOU, on the one hand, and any and all LICENSEES, on the other hand, relating to any GAMBLING GAME(S) featuring characters, events, images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS.

3. DOCUMENTS sufficient to identify each GAMBLING GAME licensed, manufactured, operated, marketed, sold, distributed, or otherwise offered to the public by YOU, or any of YOUR LICENSEES (including the total number of licenses granted by YOU), featuring characters, events, images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS.

4. All DOCUMENTS constituting or reflecting requests for approval and/or the approval by WARNER or ZAENTZ of each GAMBLING GAME YOU, or any of YOUR LICENSEES, licensed, manufactured, operated, marketed, sold, distributed, or otherwise offered to the public featuring characters, events, images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS.

5. DOCUMENTS sufficient to show the time period(s) and territories in which each GAMBLING GAME featuring characters, events, images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS was marketed, sold, operated, distributed, or otherwise offered to the public.

6. DOCUMENTS sufficient to identify each and every method of advertising, sale or promotion of any GAMBLING GAMES featuring characters, events, images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS utilized by YOU or any of YOUR LICENSEES, including without limitation each and every email marketing campaign (whether sent to unsolicited recipients or other categories of recipients), direct mailing campaign, Internet advertisement, or other promotional or marketing materials.

7. A sample of each ELECTRONIC MAILING or direct mailing sent by YOU, or any of YOUR LICENSEES, to any potential customer or consumer relating to any GAMBLING GAMES featuring characters, events, images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS.

8. DOCUMENTS sufficient to identify the total number of ELECTRONIC MAILINGS sent by YOU, or any of YOUR LICENSEES, to any potential customer or consumer relating to any GAMBLING GAMES featuring characters, events, images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS.

9. Each and every mailing list utilized by YOU or any of YOUR LICENSEES to send advertisements, ELECTRONIC MAILINGS or direct mailings to any potential customer or consumer relating to any GAMBLING GAMES featuring characters, events,

images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS.

10. All DOCUMENTS constituting or reflecting any requests for approvals made by YOU to WARNER or ZAENTZ with respect to any advertisements, ELECTRONIC MAILINGS, direct mailings, or other promotional materials relating to any GAMBLING GAMES featuring characters, events, images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS.

11. All DOCUMENTS constituting or reflecting the approval by WARNER or ZAENTZ of any advertisements, ELECTRONIC MAILINGS, direct mailings, or other promotional materials relating to any GAMBLING GAMES featuring characters, events, images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS.

12. All DOCUMENTS constituting or reflecting any requests for approvals made by any of YOUR LICENSEES to YOU with respect to any advertisements, ELECTRONIC MAILINGS, direct mailings, or other promotional materials relating to any GAMBLING GAMES featuring characters, events, images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS.

13. All DOCUMENTS constituting or reflecting the approval by YOU of any of YOUR LICENSEES' advertisements, ELECTRONIC MAILINGS, direct mailings, or other promotional materials relating to any GAMBLING GAMES featuring characters,

events, images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS.

14. All DOCUMENTS, including COMMUNICATIONS, exchanged between YOU, on the one hand, and WARNER and/or ZAENTZ, on the other hand, relating to the development of any GAMBLING GAMES featuring characters, events, images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS, including, without limitation, DOCUMENTS related to the inclusion or exclusion of any characters, events, images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS in any GAMBLING GAMES.

15. All DOCUMENTS, including COMMUNICATIONS between YOU, on the one hand, and WARNER and/or ZAENTZ, on the other hand, relating to the marketing, advertising or promotion of any GAMBLING GAMES featuring characters, events, images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS.

16. All DOCUMENTS relating to YOUR, WARNER's or ZAENTZ's right to include characters, events, images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS in any GAMBLING GAMES.

17. All DOCUMENTS relating to any indemnity as between YOU, on the one hand, and WARNER and/or ZAENTZ, on the other hand, relating to any GAMBLING GAMES featuring characters, events, images and/or story elements from the TOLKIEN

WORKS, the LOTR FILMS, or the HOBBIT FILMS, including, without limitation, any request by YOU that WARNER or ZAENTZ indemnify YOU or return money to YOU as a result of any claims by any third party, including the claims asserted by the plaintiffs in the above-entitled action.

18. All agreements relating to the termination of any agreement between YOU and WARNER relating to any GAMBLING GAMES featuring characters, events, images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS, including, without limitation (a) the Settlement and Release Agreement dated May 2, 2011 between Microgaming Software Systems, Ltd. and Warner Bros. Digital Distribution, a division of Warner Bros. Home Entertainment, Inc., and (b) the Settlement and Release Agreement dated December 21, 2011 between Microgaming Software Systems, Ltd. and Warner Bros. Digital Distribution, a division of Warner Bros. Home Entertainment, Inc.

19. All DOCUMENTS, including COMMUNICATIONS, concerning or evidencing the negotiations between YOU and WARNER relating to the termination of any agreement between YOU and WARNER with respect to any GAMBLING GAMES featuring characters, events, images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS.

20. All agreements or other DOCUMENTS between YOU and any LICENSEE that constitute or reflect the modification, suspension, or termination of their right to

license, manufacture, sell, operate, distribute, or otherwise offer to the public any GAMBLING GAMES featuring characters, events, images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS.

21. DOCUMENTS sufficient to show all revenues YOU received, and when YOU received such revenues, in connection with any GAMBLING GAMES featuring characters, events, images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS.

22. All royalty statements YOU sent to WARNER or ZAENTZ relating to any GAMBLING GAMES featuring characters, events, images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS.

23. All revenue projections relating to any GAMBLING GAMES featuring characters, events, images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS.

24. All DOCUMENTS relating to any objection, criticism, or dissatisfaction by any PERSON regarding any GAMBLING GAMES featuring characters, events, images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS, that relates to the GAMBLING GAMES' inclusion or use of characters, events, images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS, or that relates to the use of that PERSON's likeness or image in connection with the GAMBLING GAMES.

25. All DOCUMENTS relating to any future plans, including, without limitation, potential, cancelled, or stalled plans, to develop or exploit any GAMBLING GAMES featuring characters, events, images and/or story elements from the TOLKIEN WORKS, the LOTR FILMS, or the HOBBIT FILMS.