BONNIE E. ESKENAZI (SBN 119401)
BEskenazi@ggfirm.com
ELISABETH A. MORIARTY (SBN 156569)
EMoriarty@ggfirm.com
RICARDO P. CESTERO (SBN 203230)
RCestero@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Plaintiffs and Counterclaim Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOURTH AGE LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER BROS. DIGITAL DISTRIBUTION, INC., et al.,<br><br>Defendants.<br><br>WARNER BROS. DIGITAL DISTRIBUTION, INC., et al.,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>FOURTH AGE LIMITED, et al.,<br><br>Counterclaim Defendants. | Case No. CV 12-09912 ABC (SHx)<br><br>*Hon. Audrey B. Collins*<br>*Hon. Stephen J. Hillman*<br><br>**DISCOVERY MATTER**<br><br>**REDACTED DECLARATION OF RACHEL VALADEZ IN SUPPORT OF JOINT STIPULATION RE: MOTION FOR PROTECTIVE ORDER MAINTAINING CONFIDENTIALITY OF PORTIONS OF TRANSCRIPT OF DEPOSITION OF PRISCILLA TOLKIEN**<br><br>**[UNREDACTED EXHIBIT B CONCURRENTLY FILED PROVISIONALLY UNDER SEAL]**<br><br>**[JOINT STIPULATION; DECLARATION OF MOLLY M. LENS AND [PROPOSED] ORDER FILED AND/OR LODGED CONCURRENTLY HEREWITH]**<br><br>**Hearing Date**: June 30, 2014<br>**Hearing Time**: 2:00 p.m.<br>**Hearing Place**: Ctrm. 550, Roybal Building<br>**Discovery Cut-Off**: April 15, 2014<br>**Action Filed**: November 19, 2012<br>**Trial, Pretrial Conf., and Motion Cutoff**: Vacated |

# DECLARATION OF RACHEL VALADEZ

I, Rachel Valadez, declare:

1. I am an attorney duly licensed to practice in all of the courts of the State of California and I am associated with the firm Greenberg Glusker Fields Claman & Machtinger LLP, attorneys of record for Fourth Age Limited, Priscilla Mary Anne Reuel Tolkien, as Trustee of the Tolkien Trust, the J.R.R. Tolkien Estate Limited, Harper Collins Publishers, Ltd., Unwin Hyman, Ltd. and George Allen & Unwin (Publishers), Ltd. (the "Tolkien/HC Parties") herein. The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto under oath.

2. On June 4, 2013, the Court entered as an Order the parties' Stipulated Protective Order Governing Confidential Information (the "Protective Order"). Attached hereto as Exhibit "A" is a true and correct copy of the Protective Order.

3. Defendants and counterclaim plaintiffs Warner Bros. Digital Distribution, Inc., Warner Bros. Home Entertainment, Inc., Warner Bros. Consumer Products, Inc., Warner Bros. Interactive Entertainment, Inc., and New Line Productions, Inc. ("Warner") and The Saul Zaentz Company ("Zaentz") deposed plaintiff and counterclaim defendant Priscilla Mary Anne Reuel Tolkien on February 19, 2014. Attached hereto as Exhibit "B" are true and correct copies of excerpts from the certified copy of Ms. Tolkien's deposition transcript (the "Transcript"), which contain the 10 disputed designations at issue in the Tolkien/HC Parties' Motion for a Protective Order Maintaining the Confidentiality of Portions of the Transcript (the "Designations") (the "Motion"). The 10 Designations are as follows: (1) 44:12-47:22 ; (2) 70:16-70:25; (3) 80:16-84:13; (4) 85:16-109:20; (5) 118:4-131:4; (6) 132:12-140:17; (7) 143:5-148:6; (8) 148:19-161:11; (9) 162:25-282:13; and (10) 283:24-297.

4. On April 14, 2014, pursuant to Section III.E of the Protective Order,

1  the Tolkien/HC Parties served written notice that they were designating the entirety
2  of Ms. Tolkien's deposition transcript as "Confidential." Attached hereto as
3  Exhibit "C" is a true and correct copy of the Tolkien/HC Parties' April 14th written
4  confidentiality designation notice.

5      5. On April 22, 2014, Molly Lens, counsel for Warner, wrote to counsel
6  for the Tolkien/HC Parties purporting to object to the Tolkien/HC Parties' April
7  14th designations under Section VIII of the Protective Order. Attached hereto as
8  Exhibit "D" is a true and correct copy of Ms. Lens' April 22nd objection on behalf
9  of Warner.

10     6. On May 12, 2014, I wrote to Ms. Lens via email stating that Warner's
11 April 22nd objection was inadequate under the terms of the Protective Order, and
12 asking Warner to provide the basis for its objection as required under Section VIII
13 of the Protective Order. Attached hereto as Exhibit "E" is a true and correct copy
14 of my May 12th email to Ms. Lens.

15     7. Ms. Lens responded to my May 12th email that same day, stating that
16 the basis for Warner's objection was that: 1) it disagreed that Ms. Tolkien is
17 frequently under public scrutiny; and 2) it believed it was improper for a party to
18 designate the entirety of a transcript as confidential. Attached hereto as Exhibit "F"
19 is a true and correct copy of Ms. Lens' responsive May 12th email to me.

20     8. Thereafter, on May 14, 2014, Ms. Lens, myself and my colleague,
21 Ricardo P. Cestero, also counsel for the Tolkien/HC Parties, conducted a telephonic
22 "meet and confer" call, in an attempt to resolve the parties' dispute with regard to
23 the Transcript confidentiality designations. Ms. Lens reiterated Warner's objection
24 to designating the entirety of the Transcript as confidential and asked that the
25 Tolkien/HC Parties propose more specific designations. Ms. Lens further stated
26 that Warner believed the public was entitled to access the information contained in
27 the Transcript and that the confidentiality designation would impose an additional
28 burden on Warner due to its having to file any portions of the Transcript submitted

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

to the Court under seal. Counsel for the Tolkien/HC Parties explained that the reason for the initial blanket confidentiality designation was that much of the Transcript consisted of confidential material related to Ms. Tolkien's and her family's personal lives, as well as proprietary information related to the business of the Tolkien family. Counsel for the Tolkien/HC Parties further explained that it seemed the only reason Warner would object to the confidentiality designation would be if it intended to use the Transcript for some improper purpose.

9. In consideration of Warner's stated objections during the May 14th call, on the morning of May 20, 2014, I wrote to Ms. Lens via email, stating that although the Tolkien/HC Parties believed it was appropriate to designate the entirety of the Transcript as confidential, they were willing to compromise in an attempt to avoid unnecessarily burdening the Court, and were willing to limit their confidentiality designations to 16 specific portions of the Transcript. My May 20th email further stated that to the extent Warner continued to object to any designations, it was the Tolkien/HC Parties' position that the new designations restarted the 45 day objection period under Section VIII.B of the Protective Order and that Warner should notify me immediately if it disagreed with that position. Attached hereto as Exhibit "G" is a true and correct copy of my May 20th email to Ms. Lens.

10. Notwithstanding the Tolkien/HC Parties' May 20th request, at 6:59 p.m. on Friday, May 23, 2014 – the Friday before the Memorial Day holiday weekend – Ms. Lens wrote to me to inform the Tolkien/HC Parties that Warner did in fact object to 11 of the Tolkien/HC Parties' 16 specific designations, and that it was unwilling to agree to extend the time by which plaintiffs were required to file a motion for relief from the Court. Attached hereto as Exhibit "H" is a true and correct copy of Ms. Lens' May 23rd email.

11. Attached hereto as Exhibit "I" is a true and correct copy of the Court's April 8, 2012 order establishing the initial case schedule in this matter.

12. Attached hereto as Exhibit "J" is a true and correct copy of the Court's August 28, 2013 order vacating the trial date in this matter and extending the discovery cutoff to April 15, 2014.

13. Attached hereto as Exhibit "K" is a true and correct copy of the Court's April 14, 2014 order which, among other things, further extends the discovery cutoff to July 29, 2014.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of June, 2014 at Los Angeles, California.

/s/ Rachel Valadez
Rachel Valadez