1  DANIEL M. PETROCELLI (S.B. #97802)
   dpetrocelli@omm.com
2  VICTOR JIH (S.B. #186515)
   vjih@omm.com
3  MOLLY M. LENS (S.B. #283867)
   mlens@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, California  90067-6035
   Telephone:   (310) 553-6700
6  Facsimile:   (310) 246-6779

7  Attorneys for the Warner Parties

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOURTH AGE LTD., *et al*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WARNER BROS. DIGITAL DISTRIBUTION, *et al*,<br><br>　　　　　Defendants. | Case No. 12-9912-ABC (SHx)<br><br>**WARNER'S RESPONSE TO APPLICATION FOR ISSUANCE OF LETTER OF REQUEST FOR JUDICIAL ASSISTANCE UNDER HAGUE EVIDENCE CONVENTION**<br><br>**Judge**: Hon. Audrey B. Collins<br>**Magistrate**: Hon. Stephen J. Hillman<br><br>**Discovery Cut-Off**: July 29, 2014 |
| WARNER BROS. DIGITAL DISTRIBUTION INC., *et al*,<br><br>　　　　　Counterclaim Plaintiffs,<br><br>　　v.<br><br>FOURTH AGE LTD., *et al*,<br><br>　　　　　Counterclaim Defendants. | |

The Tolkien/HC Parties' Application for Issuance of Letter of Request for Judicial Assistance (the "Application") does not comply with the laws of the United Kingdom.  United Kingdom law limits a party's right to pretrial discovery, which the Application far exceeds.  While Warner does not object to the Tolkien/HC Parties ultimately obtaining discovery from non-party Microgaming Software Systems Ltd. ("Microgaming"), the Tolkien/HC Parties should be required to narrow their requests to comply with United Kingdom law.

Although the United Kingdom is a signatory to the Hague Evidence Convention, the United Kingdom reserved its rights to impose stricter pretrial discovery standards when evaluating letters rogatory.  *See Blagman v. Apple, Inc.*, 2014 WL 1285496, at *4 (S.D.N.Y. Mar. 31, 2014).  Under United Kingdom law, pretrial depositions are only permitted when "the subject matter of [the] deposition is restricted to the evidence admissible at trial."  *See Blagman*, 2014 WL 1285496 (S.D.N.Y. Mar. 31, 2014) (citing *Apple Computers, Inc. v. Doe*, [2002] EWHC (QB) 2064, 2002 WL 31476324 (Queen's Bench Division Sept. 18, 2002)).  Further, pretrial requests for documents are permitted only if "each document sought is separately described."  *First Am. Corp. v. Price Waterhouse* LLP, 154 F.3d 16, 23 (2d Cir. 1998); *see also International Agreements and Understandings for the Production of Information and Other Mutual Assistance*, 29 INT'L LAW. 780, 827 (1995) (the Foreign Evidence Act adopted by the United Kingdom directs UK "courts executing letters rogatory in civil matters to narrow discovery, for example, to particular documents").  Federal courts routinely deny requests for letters rogatory that exceed these limitations.  *See, e.g., In re Trygg-Hansa Ins. Co., Ltd.*, 896 F. Supp. 624, 628 (E.D. La. 1995) (denying letter rogatory seeking deposition in England because "pretrial discovery against non-parties is [not] allowed in England"); *Commercial Bank of Korea, Ltd. v. Charone, Inc.*, 1992 WL

186037, at *5 (N.D. Ill. July 29, 1992) (denying application as overbroad); *Kia Motors Am., Inc. v. Autoworks Distrib.*, 2007 WL 4372949, at *5 (D. Minn. Sept. 27, 2007) (same).

Here, the Tolkien/HC Parties seek broad discovery from non-party Microgaming. They seek a deposition of Microgaming's custodian of records but have not delineated the scope of the deposition or made any effort to show that the deposition will be limited to evidence admissible at trial. *See* Dkt. 177-1. The Tolkien/HC Parties further seek the production of documents in response to 25 documents requests, none of which request particular documents and most of which are American-styled "all document" requests. *See id.*[1] Thus, even a cursory review of the requested discovery reveals that the discovery is not for use at trial, but rather is a "fishing" expedition that the Tolkien/HC Parties hope might yield some relevant information.

Because the Tolkien/HC Parties' proposed discovery is improper under United Kingdom law, it will likely be refused by the Isle of Man. This Court should accordingly require the Tolkien/HC Parties to revise and narrow their requests in accordance with United Kingdom law.

Dated: June 19, 2014

DANIEL M. PETROCELLI
VICTOR JIH
MOLLY M. LENS
O'MELVENY & MYERS LLP

By: _____
Daniel M. Petrocelli

Attorneys for the Warner Parties

---

[1] These document requests are overbroad even by American-discovery standards. Indeed, the Tolkien/HC Parties' requests to Microgaming are broader than the discovery provided by Warner and Zaentz, the parties in this case.

- 2 -