BONNIE E. ESKENAZI (SBN 119401)
BEskenazi@ggfirm.com
ELISABETH A. MORIARTY (SBN 156569)
EMoriarty@ggfirm.com
RICARDO P. CESTERO (SBN 203230)
RCestero@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOURTH AGE LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER BROS. DIGITAL DISTRIBUTION, INC., et al.,<br><br>Defendants. | Case No. CV 12-09912 ABC (SHx)<br><br>*Hon. Audrey B. Collins*<br>*Hon. Magistrate Stephen J. Hillman*<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO JOINDER BY MGM IN MOTION TO DISQUALIFY GREENBERG GLUSKER** |
| WARNER BROS. DIGITAL DISTRIBUTION, INC., et al.,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>FOURTH AGE LIMITED, et al.,<br><br>Counterclaim Defendants. | [Opposition to Defendant's Motion to Disqualify and Declarations of Bonnie E. Eskenazi, Rachel Valadez and Alan Benjamin filed concurrently herewith]<br><br>Hearing Date: July 22, 2014<br>Hearing Time: 10:00 a.m.<br><br>Discovery Cut-Off: July 29, 2014 |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................1
II. SUMMARY OF RELEVANT FACTS ...............................................................1
III. MGM CANNOT SEEK DISQUALIFICATION OF GREENBERG GLUSKER BECAUSE IT IS A NONPARTY ....................................................2
IV. MGM CANNOT JOIN IN THE DISQUALIFICATION MOTION BECAUSE IT HAS NOT FILED A MOTION TO INTERVENE ................3
V. MGM HAS NOT SATISFIED THE REQUIREMENTS FOR INTERVENTION ...............................................................................................4
VI. EVEN IF MGM WERE ALLOWED TO INTERVENE THE MOTION TO DISQUALIFY SHOULD BE DENIED. ...................................7

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

MGM is not a party to this litigation. It has not intervened, nor has it sought to intervene. MGM nonetheless purports to join in a motion filed by Warner and Zaentz (collectively "Defendants") seeking to disqualify Greenberg Glusker Fields Claman & Machtinger ("Greenberg") as the Tolkien/HC Parties' counsel in this case. To support this novel proposition—that a nonparty may seek disqualification of counsel—MGM offers a mere *two* paragraphs of argument, one of which consists solely of a string of citations to inapposite cases from other jurisdictions and no evidence whatsoever. MGM's half-hearted attempt to join in the Motion to Disqualify should be rejected.

## II. SUMMARY OF RELEVANT FACTS

As set forth in more detail in the concurrently filed Opposition to Warner and Zaentz' Motion to Disqualify, Alan Benjamin and William Bernstein are former in-house lawyers for United Artists Corporation ("UA"). Messrs. Benjamin and Bernstein had a limited role in negotiating the 1969 Agreements by which certain merchandising rights in and to *The Lord of the Rings* and *The Hobbit* (the "Tolkien Works") were granted to UA. In 1976, UA granted all of its rights in the Tolkien Works to Zaentz, who subsequently sublicensed certain of those rights to Warner.

In November 2012, Greenberg filed this lawsuit on behalf of the Tolkien/HC Parties, alleging that Defendants had exceeded the limited grant of merchandising rights contained in the 1969 Agreements. The Tolkien/HC Parties did not sue UA or MGM, nor was there any basis to do so.

In March 2013, Greenberg disclosed Mr. Benjamin as a potential witness with relevant knowledge as part of the Tolkien/HC Parties' Initial Disclosures. Declaration of Rachel Valadez ("Valadez Decl."), ¶ 7, Ex. F. The Initial Disclosures clearly indicated that Mr. Benjamin should be contacted through Greenberg. *Id*. In June and July 2013, Defendants sought to take the depositions of

1  Messrs. Benjamin and Bernstein, and Greenberg Glusker informed Defendants that
2  it would represent the witnesses in those depositions. *Id*. at ¶ 9.
3       Many months later, in December 2013, after the parties had devoted
4  significant resources to learning the facts and issues of the case, developing a case
5  strategy, reviewing tens of thousands of documents, and engaging in discovery,
6  MGM objected to Greenberg's contact with Messrs. Benjamin and Bernstein.
7  Declaration of Molly Lens ("Lens Decl."), Ex. 14. Two months later, in February
8  2014, Defendants raised their own objections. *Id*., Ex. 20. This was nearly a year
9  after the Tolkien/HC Parties served their Initial Disclosures.
10      Then, on June 9, 2014, less than eight weeks before the discovery cutoff
11 (which has already been continued twice), more than a year after Greenberg
12 disclosed that it had been in contact with Mr. Benjamin and nearly a year after
13 disclosing that it had contacted Mr. Bernstein, Defendants filed a motion to
14 disqualify Greenberg as counsel. In a two-paragraph "joinder," MGM purported to
15 join the motion.

### III. MGM CANNOT SEEK DISQUALIFICATION OF GREENBERG GLUSKER BECAUSE IT IS A NONPARTY

18      By its "joinder," MGM seeks to disqualify Greenberg. However, "[a] motion
19 to disqualify conflicted counsel ***cannot be brought*** where there is no pending
20 litigation or ***where the person seeking the disqualification (whose interests are***
21 ***adversely affected) is not a party to the litigation***." Vapnek, et al., *Cal. Practice*
22 *Guide: Professional Responsibility* (The Rutter Group 2013) ¶ 4:318 (emphasis
23 added); *Machado v. Superior Court*, 148 Cal.App.4th 875, 881 (2007) (approving
24 the treatise as a correct statement of the "general rule" in California, but
25 nevertheless allowing alleged alter ego to move to disqualify). MGM concedes that
26 it is not a party. Joinder at p. 2:1. Thus, under the rule set forth above, MGM
27 cannot seek to disqualify Greenberg.
28

84971-00003/2192389.5      2      OPPOSITION TO MGM JOINDER IN MOTION TO DISQUALIFY

## IV. MGM CANNOT JOIN IN THE DISQUALIFICATION MOTION BECAUSE IT HAS NOT FILED A MOTION TO INTERVENE

Even though MGM is not a party, it purports to "join" Defendants' motion to disqualify. However, MGM does not cite to a single authority supporting the proposition that a nonparty has standing to *join* a motion to disqualify counsel. Instead, in *each* of the cases relied on by MGM, the nonparties seeking to disqualify counsel filed motions to *intervene* in the lawsuit. *See Med. Diagnostic Imaging, PLLC v. CareCore Nat'l, LLC*, 542 F.Supp.2d 296, 299 (S.D.N.Y. 2008) (motion to intervene filed concurrently with motion to disqualify – intervention granted, disqualification denied); *Oxford Sys., Inc. v. CellPro, Inc.*, 45 F.Supp.2d 1055, 1058 (W.D. Wash. 1999) (non-party successfully intervened and then successfully disqualified counsel); *Greene, Tweed of Del., Inc. v. DuPont Dow Elastomers, L.L.C.*, 202 F.R.D. 426, 428 n.3 (E.D. Pa. 2001) (non-party sought to intervene for purpose of joining in motion to disqualify expert witness); *Ledwig v. Cuprum S.A.*, 2004 WL 573650, at *1 (W.D. Tex. Jan. 28, 2004) (motion to intervene granted, motion to disqualify granted); *Enzo Biochem, Inc. v. Applera Corp.*, 468 F. Supp. 2d 359, 360 (D. Conn. 2007) (motion to intervene granted, motion to disqualify denied); *In re Grand Jury Subpoena*, 274 F.3d 563, 570 (1st Cir. 2001) (motion to intervene granted to allow non-party to file a motion to quash a subpoena; motion to quash subsequently denied).

In all of these cases, the court only considered the nonparty's motion to disqualify counsel (or to quash a subpoena) after the court had determined that the nonparty met the standard for intervention. *See, e.g., Med. Diagnostic Imaging, PLLC*, 542 F.Supp.2d at 299, 304-05 (denying nonparties' motion to disqualify only *after* determining that the nonparties could intervene). Although MGM has not sought to intervene, even its own parenthetical explanations of these cases establish that a nonparty must file a motion to intervene before seeking to disqualify counsel. *See* Joinder at 2:10-21. Because MGM did not file a motion to

1 intervene, the Court should reject its "joinder."

## V. MGM HAS NOT SATISFIED THE REQUIREMENTS FOR INTERVENTION

A nonparty may intervene as a matter of right if, on "timely motion," it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. § 24(a). A nonparty may obtain permissive intervention if, on "timely motion," it "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. § 24(b)(1). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. § 24(b)(3). "The movant bears the burden of establishing its right to intervene." Moore, et al., *Moore's Federal Practices* § 24.03[1][a] (3d ed.); *see Perry v. Schwarzenegger*, 630 F.3d 898, 903, 905 (9th Cir. 2011).

"A *motion* to intervene *must* be served on the parties as provided in Rule 5. The *motion must* state the grounds for intervention and be accompanied by a *pleading* that sets out the claim or defense for which intervention is sought." FED. R. CIV. P. § 24(c) (emphasis added). These requirements insure that a Court is able to determine whether a party even meets the standard for intervention. "Compliance with these requirements is mandatory." Moore, *supra*, at § 24.20; *see Beckman Indus, Inc.. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) (noting that, at minimum, the pleading accompanying the motion to intervene must "fully state[ ] the legal and factual grounds for intervention"); *Gaskin v. Pennsylvania*, 231 F.R.D. 195, 196 n.1 (E.D. Pa. 2005) (denying motion to intervene for failure to strictly comply with Rule 24(c)).

Here, MGM has not even tried to meet these mandatory requirements. To the extent that MGM's "joinder" can be construed as an attempt to intervene in this

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  litigation, MGM has not met the procedural prerequisites for intervention. First,
2  Rule 24(c) provides that an intervenor *must* file a motion to intervene. As
3  discussed above, this precisely what is required by MGM's own cases, which
4  require that a nonparty must bring a motion to intervene before bringing a motion to
5  disqualify counsel. *See, e.g., Med. Diagnostic Imaging, PLLC*, 542 F.Supp.2d at
6  299, 304-05. MGM has not filed a motion to intervene. Rather, it has simply tried
7  to "join" in Defendants Motion to Disqualify. On this basis alone, the Court cannot
8  allow MGM to intervene.

9  Second, Rule 24(c) requires that a proposed intervenor file an accompanying
10 "pleading" that "fully" sets out "the legal and factual grounds for intervention." *See*
11 *Beckman Indus., Inc.*, 966 F.2d at 474. MGM does not purport to have filed such a
12 "pleading," much less one that "fully" states the "legal and factual grounds for
13 intervention." For example, although MGM claims "it has a financial interest in the
14 outcome of the suit" (Joinder at 2:6), it has not filed a declaration or any other
15 evidence supporting this claim. Moreover, MGM does not even explain what its
16 supposed "financial interest" is. At most, MGM seems to suggest that it might be
17 entitled to share in certain merchandising revenue. But, even this is unclear. And,
18 even if MGM did have a right to share in certain merchandising revenue, there is no
19 suggestion that merely having a passive financial interest in the activity that is the
20 subject of this dispute would justify intervention. Accordingly, MGM's supposed
21 financial interest in this case is not grounds to allow it to intervene.

22 MGM also claims it must "protect its attorney-client privilege." Joinder at
23 2:9. However, MGM does not explain the supposed basis for its claim of privilege.
24 MGM offers no evidence or testimony that any purportedly privileged
25 communications are at risk. There is no evidence that an attorney-client
26 relationship ever existed between MGM and Messrs. Benjamin or Bernstein. Nor is
27 there any evidence that Messrs. Benjamin and Bernstein were privy to privileged
28 communications regarding the subject matter of this lawsuit. Indeed, as set forth in

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Exhibits A through E attached to the Valadez Decl., there is reason to believe that Messrs. Bernstein and Benjamin were negotiating business terms of the 1969 Agreement, not providing legal advice. Accordingly, it is clear that MGM has not complied with the "mandatory" procedural requirements for intervention. *See* Moore, *supra*, at § 24.20.

Even if MGM had met with these requirements, it has not met its burden to establish the right to intervene. MGM cannot establish that any attempt to intervene would be timely given that it learned of Greenberg's contact with Mr. Benjamin on March 29, 2013, yet then waited more than a year to seek disqualification. *See, e.g., Orange Cnty. v. Air Cal.*, 799 F.2d 535, 537-39 (9th Cir. 1986) (denying motion to intervene as untimely); *In re Schugg*, 2013 WL 5718945, at *3 (D. Ariz. Oct. 21, 2013) (denying motion to intervene made "late in discovery" where movant waited more than eleven months to seek intervention).

MGM also has not established that its interest in preventing the disclosure of purportedly confidential communications between Messrs. Benjamin and Bernstein and MGM's purported predecessor-in-interest more than four decades ago is likely to be impaired by the disposition of this action. *See Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) (requiring that an intervenor have a "'significant protectable interest' relating to the property or transaction that is the subject of the action"); *Hartford Cas. Ins. Co. v. Am. Dairy & Food Consulting Labs., Inc.*, 2010 WL 2510999, at *6 (E.D. Cal. June 17, 2010) (finding that the relationship between two matters was "attenuated" where there was more than a 15-year passage of time between the matters [as compared to this case, where the passage of time has been three times that – 45 years]). To the contrary, the evidence conclusively establishes that neither Mr. Benjamin nor Mr. Bernstein shared any confidential information with Greenberg, and that Greenberg has now agreed not to have any direct contact with either of these witnesses on a going forward basis. What's more, there is no evidence whatsoever that MGM is in fact the corporate successor in interest to the

1   United Artists entity that executed the 1969 Agreements.

2   Accordingly, MGM has no basis to intervene in this case.

## VI. EVEN IF MGM WERE ALLOWED TO INTERVENE THE MOTION TO DISQUALIFY SHOULD BE DENIED.

For all the reasons set forth in the concurrently filed Opposition to Warner and Zaentz's Motion to Disqualify, which will not be repeated here, there is absolutely no basis for disqualifying Greenberg.

## VII. CONCLUSION

Based on the foregoing, MGM cannot seek disqualification of Greenberg in this case because it is a nonparty to the underlying litigation. Even if MGM could seek disqualification, it has not satisfied and cannot satisfy the procedural prerequisites for doing so. As such, Greenberg requests that this Court reject MGM's attempt to join the motion to disqualify.

DATED: June 23, 2014

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: /s. Bonnie E. Eskenazi
BONNIE E. ESKENAZI (SBN 119401)