UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9912-ABC (SHx) | Date | June 25, 2014 |
|---|---|---|---|
| Title | Fourth Age LTD, et al., v. Warner Bros., et al., | | |

| Present: The Honorable | Stephen J. Hillman | | |
|---|---|---|---|
| Sandra Butler | | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     (IN CHAMBERS)    **AMENDED ORDER**

Plaintiff's Motion for Protective Order has been taken under submission, and is Denied for the following reasons.

"Confidential Information", as defined in the parties' Stipulated Protective Order, is "confidential or proprietary business, personal or technical information that is not generally known and that the Designating Party would not normally reveal to third parties, or would cause or require third parties to maintain in confidence..."

Using this agreed-upon definition, the court cannot conclude that large passages of Ms. Tolkien's deposition are "Confidential". While many of the questions inquired into Ms. Tolkien's opinions as to Tolkien family relationships, as well as business relationships, the actual answers given were minimal and often imprecise. In other passages, Ms Tolkin disclaimed knowledge of business affairs or legal claims, responses which cannot plausibly be construed as "proprietary business" information. With respect to her personal views on Tolkien family relationships, the vast majority of the questions were based on previously published articles. Ms. Tolkien's answers to such questions were minimal, and certainly cannot be fairly characterized as salacious or embarrassing. See F.R.Civ. P. 26 (c). Nor, in this court's opinion, does the transcript in any manner portray Ms. Tolkien as "foolish or misinformed".

Warner's counsel did not entrap Ms. Tolkien into revealing "Confidential" information. Rather, he simply indicated to her that there was a method in place for parties to designate certain information as "Confidential". Needless to say, he was not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9912-ABC (SHx) | Date | June 25, 2014 |
|---|---|---|---|
| Title | Fourth Age LTD, et al., v. Warner Bros., et al., | | |

required to give Ms.Tolkien detailed legal advice about the mechanics of the Protective Order procedure which permit a party to challenge another party's "Confidentiality" designation.

In sum, Plaintiff has not shown that large (or small) portions of Ms. Tolkien's deposition transcript are deserving of protection. A Protective Order is not necessary to protect her from "embarrassment" or revelation of any proprietary business information. Plaintiff has not rebutted the presumption that the transcript is unworthy of a Protective Order. San Jose Mercury News v. U.S.D.C., 187 F. 3d 1096 (9th Cir. 1999).

The court emphasizes that this Order is limited to Ms. Tolkien's actual deposition testimony, and that the court has not been asked to rule on the propriety of any Confidentiality designation of any Exhibits to the transcript.


cc:   **District Judge Collins**
      **Counsel of Record***
      ***the term "counsel" as used herein also includes any pro se party.**
      **See Local Rule 2.9.3.**

_____ : _____
Initials of Preparer