Robert A. Sacks (SBN 150146)
sacksr@sullcrom.com
Edward E. Johnson (SBN 241065)
johnsonee@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Tel.:   (310) 712-6600
Fax:   (310) 712-8800

*Attorneys for Non-Parties Metro-Goldwyn-Mayer Inc., Metro-Goldwyn-Mayer Studios Inc., Metro-Goldwyn-Mayer Pictures Inc. and United Artists Corporation*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOURTH AGE LTD., *et al*,<br><br>        Plaintiffs,<br><br>    v.<br><br>WARNER BROS. DIGITAL DISTRIBUTION, *et al*,<br><br>        Defendants. | Case No. 12-9912-ABC (SHx)<br><br>**REPLY IN SUPPORT OF MGM'S JOINDER IN WARNER'S AND ZAENTZ'S MOTION TO DISQUALIFY GREENBERG GLUSKER**<br><br>**Judge**: Hon. Audrey B. Collins<br>**Hearing Date**:   July 24, 2014<br>**Hearing Time**:   10:00 a.m.<br><br>**Discovery Cut-Off**: July 29, 2014 |
| WARNER BROS. DIGITAL DISTRIBUTION INC., *et al*,<br><br>        Counterclaim Plaintiffs,<br><br>    v.<br><br>FOURTH AGE LTD., *et al*,<br><br>        Counterclaim Defendants. | |

Non-Parties Metro-Goldwyn-Mayer Inc., Metro-Goldwyn-Mayer Studios Inc. (f/k/a Metro-Goldwyn-Mayer Inc.), Metro-Goldwyn-Mayer Pictures Inc. and United Artists Corporation (collectively, "MGM") respectfully submit this Reply in support of their Joinder in Warner's and Zaentz's Motion to Disqualify Greenberg Glusker.

In opposing the Joinder, the Tolkien/HC Parties raise several technical procedural objections, but they do not dispute the fundamental point—that as the holder of a privilege that has been invaded, MGM has the right to protect its interests. The Tolkien/HC Parties' objections to MGM's Joinder are meritless and their attempt to avoid adjudication of their conduct based on technicalities should be rejected.

*First*, the Tolkien/HC Parties wrongly argue that MGM cannot move to disqualify their counsel because MGM is not a party. (Opp. at 2.) But the Motion to Disqualify *was* brought by parties to the action—MGM is simply joining in **Defendants'** motion. Moreover, the Tolkien/HC Parties rely exclusively on California law, but MGM's standing to join in Defendants' motion turns on federal law, as the Tolkien/HC Parties recognize in their opposition to the Motion to Disqualify. (Opp. to Mot. to Disqualify at 10 n.3 ("'to the extent the question is one of standing, the issue must be resolved under federal law,'" quoting *Colyer* v. *Smith*, 50 F. Supp. 2d 966, 971 (C.D. Cal. 1999)).) As MGM established in its Joinder, under Federal law a non-party may move to disqualify to preserve its attorney-client privilege. (*See* Joinder at 1, citing cases.)

*Second*, the Tolkien/HC Parties fail to cite any authority to support their argument that MGM, as a non-party, should have formally moved to intervene in order to join the Defendants' motion. (Opp. at 3-5.) Although the non-parties in the cases cited by MGM in its Joinder also moved to intervene, none of those cases addressed the question of whether intervention is *required*. It is not—and, indeed, other courts have permitted non-parties to join in motions without first formally

intervening. *See, e.g.*, *In re Motor Fuel Temperature Sales Practices Litig.*, 641 F.3d 470, (10th Cir. 2011) (considering appeal by both parties and non-parties, where the non-parties had joined in the parties' motion but did not move to intervene in the trial court); *OneBeacon Insurance Co.* v. *T. Wade Welch & Assoc.*, 2012 WL 393309, at *4 (S.D. Tex. Feb. 6, 2012) (recognizing non-party's joinder in motion to disqualify although the non-party's motion to intervene was "not yet ripe").

Moreover, to the extent intervention is necessary, the Court may construe MGM's Joinder as a motion to intervene. *See, e.g.*, *Montgomery* v. *Rumsfeld*, 572 F.2d 250, 255 (9th Cir. 1978) (treating attempt to add plaintiffs by amending the complaint as a motion to intervene); *Farina* v. *Mission Investment Trust*, 615 F.2d 1068, 1075 (5th Cir. 1980) ("it was within the discretion of the District Court to treat the motion to remove as also a motion to intervene").

*Third*, the Tolkien/HC Parties err in citing Fed. R. Civ. P. 24(c) to support their contention that the Joinder should be rejected because MGM did not file a proposed pleading. (Opp. at 5.) Rule 24(c) provides that motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought," but MGM is not asserting a claim or defense—it is merely joining in a motion. Thus there was no "pleading" to file, beyond the Joinder itself. The Ninth Circuit has "approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion." *Beckman Iindustries, Inc.* v. *Int'l Insurance Co.*, 966 F.2d 470, 474 (9th Cir. 1992) (approving intervention where non-party did not file pleading, but sought intervention only to modify a protective order); *Medical Diagnostic Imaging, PLLC* v. *CareCore Nat., LLC*, 542 F. Supp. 2d 296, 305 (S.D.N.Y. 2008) ("a strict application of the intervention rules, in light of a colorable assertion that ethical considerations may warrant disqualification of counsel, should not prevent the Court from examining the merits of such a claim. The rules governing intervention are better suited to

addressing whether outside parties may intervene to assert substantive claims, rather than allegations which implicate the integrity of the adversarial process—a process the Court has an obligation to protect.").

*Fourth*, the Tolkien/HC Parties incorrectly argue that MGM has not established that it has an interest in preventing the disclosure of its privileged information. (Opp. at 5.) The Motion to Disqualify and the supporting evidence submitted by Warner and Zaentz—as well as the Tolkien/HC Parties' own evidence—establish that Messrs. Benjamin and Bernstein provided legal counsel to United Artists Corp. ("UA") in negotiating and implementing the 1969 Agreements, which are at the center of this case. (Mot. to Disqualify at 4 [Dkt. No. 188]; Lens Decl. Exs. 1-7 [Dkt. No. 188-1]; Benjamin Decl. ¶ 2 [Dkt. No. 220].) As UA's attorneys, Messrs. Benjamin and Bernstein are conclusively presumed to have obtained UA's privileged information related to this lawsuit. *See Flatt* v. *Superior Court*, 9 Cal. 4th 275, 282 (1994). Nor is there any question that MGM has an economic interest in this litigation, a point which the Tolkien/HC Parties have never disputed. To the extent there is any doubt, MGM is submitting the Declaration of Edward Slizewski confirming its interest. Finally, the Tolkien/HC Parties argue that there is no evidence that MGM is the corporate successor to UA (Opp. at 6-7), but UA itself is one of the MGM entities joining in the Motion to Disqualify.

*Fifth*, the Tolkien/HC Parties disingenuously assert that MGM's efforts to preserve its privilege are untimely. (Opp. at 6.) As set forth more fully in Warner's and Zaentz's Reply brief, MGM acted promptly and diligently upon learning of this issue, and the time that has passed is largely a result of the efforts by MGM, Warner and Zaentz to resolve this matter informally and the Tolkien/HC Parties' failure to immediately and forthrightly disclose the nature and extent of their communications with Mr. Benjamin and Mr. Bernstein.

For the foregoing reasons and those set forth in Warner's and Zaentz's moving and reply papers, MGM respectfully joins in Warner's and Zaentz's motion to disqualify Greenberg Glusker and for related relief.

Dated: July 7, 2014

Respectfully submitted,

/s/ Robert A. Sacks
Robert A. Sacks (SBN 150146)
Edward E. Johnson (SBN 241065)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067-1725
(310) 712-6600
(310) 712-8800 facsimile

*Attorneys for Non-Parties Metro-Goldwyn Mayer Inc., Metro-Goldwyn-Mayer Studios Inc., Metro-Goldwyn-Mayer Pictures Inc. and United Artists Corporation*