UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9912 ABC (SHx) | | Date | July 21, 2014 |
|---|---|---|---|---|
| Title | Fourth Age Ltd., et al. v. Warner Bros. Digital Distribution, et al. | | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**          ORDER **DENYING** Motion to Disqualify Greenberg Glusker (In Chambers)

   Pending before the Court is Defendants and Counterclaim Plaintiffs Warner Bros. Home Entertainment Inc., Warner Bros. Entertainment Inc., Warner Bros. Consumer Products Inc., and New Line Productions, Inc. (collectively, "Warner") and The Saul Zaentz Company's ("Zaentz") motion to disqualify Greenberg Glusker, filed on June 9, 2014.  (Docket No. 188.)  Specifically, Warner and Zaentz seek an order (1) disqualifying Greenberg Glusker Fields Claman & Machtinger LLP ("Greenberg") as counsel for Plaintiffs and Counterclaim Defendants Fourth Age Limited, Priscilla Mary Anne Reuel Tolkien, as Trustee of the Tolkien Trust, The J.R.R. Tolkien Estate Ltd., Harper Collins Publishers, Ltd., Unwin Hyman Ltd., and George Allen & Unwin (Publishers), Ltd. (collectively, the "Tolkien/HC Parties"); (2) barring the Tolkien/HC Parties from calling Alan Benjamin or William Bernstein as witnesses at deposition or at trial; and (3) requiring new or separate counsel to examine Benjamin or Bernstein free from any information from Greenberg, if Warner or Zaentz choose to call them as witnesses.  Alternatively, to the extent Greenberg is not disqualified, Warner and Zaentz request an order requiring Greenberg to fully disclose its communications with Benjamin and Bernstein, its records, its notes thereof to the Court for *in camera* review, as well as to MGM, and ordering the deposition of Bonnie Eskenazi on these matters.  Id.

   Non-parties Metro-Goldwyn-Mayer Inc., Metro-Goldwyn-Mayer Studios Inc. (f/k/a Metro-Goldwyn-Mayer Inc.), Metro-Goldwyn-Mayer Pictures Inc. and United Artists Corporation (collectively, "MGM") filed a "Joinder" to Warner and Zaentz's motion on June 9, 2014.  (Docket No. 189.)  Greenberg opposed the disqualification motion on June 23 and Warner and Zaentz replied on July 7.  (Docket Nos. 217, 245.)  The Court finds this matter appropriate for resolution without oral argument and **VACATES** the July 24, 2014 hearing date.  Fed. R. Civ. Proc. 78; Local Rule 7-15.  For the reasons below, the Court **DENIES** the motion.

   The district court has the "primary responsibility" of controlling the conduct of lawyers practicing before it.  Trone v. Smith, 621 F.2d 994, 999 (9th Cir. 1980).  The court has the ability to disqualify an attorney "if their conduct actually interferes with the integrity of the court, or actually produces an appearance of impropriety."  In re Coordinated Pretrial Proceedings in Petroleum Prods.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9912 ABC (SHx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | Fourth Age Ltd., et al. v. Warner Bros. Digital Distribution, et al. | | |

Antitrust Litig., 658 F.2d 1355, 1361 (9th Cir. 1981).  In determining matters of disqualification, the court applies state law, and the Central District has adopted the Rules of Professional Conduct of the State Bar of California.  Local Rule 83-3; In re County of Los Angeles, 223 F.3d 990, 995 (9th Cir. 2000).

      Several interests are implicated by a motion to disqualify counsel.  These interests include a client's right to chosen counsel, an attorney's interest in representing a client, the financial burden of replacing disqualified counsel, and the possibility that tactical abuse underlies the disqualification motion.  People ex. rel. Dept. of Corps. v. SpeeDee Oil Change Sys., Inc., 86 Cal.4th 1135, 1144-45 (1999).  Moreover, when a motion to disqualify is filed by opposing counsel, it should be given "particularly strict judicial scrutiny" because there is such a significant possibility of abuse for tactical advantage.  Optyl Eyewear Fashion Int'l Corp. v. Style Co., Ltd., 760 F.2d 1045, 1050 (9th Cir. 1985).  The Court notes that, "although it is concerned with the integrity of the judicial process and interests of the parties concerned, it is mindful that motions to disqualify must be examined carefully and cautiously because of the heavy burden disqualification imposes on both clients and the courts."  North Pacifica, LLC v. City of Pacifica, 335 F. Supp. 2d 1045, 1052-53 (N.D. Cal. 2004).

      The central issue raised by the disqualification motion is whether retaining former attorneys (Bernstein and Benjamin) who were employed as in-house counsel for a company (United Artists) whose interests in the 1969 Agreements were assigned in part to the moving parties (Warner and Zaentz) violates ethical rules.  MGM, a non-party to this action who has not moved to intervene, purports to "join" in Warner and Zaentz's motion on the grounds that it "has a financial interest in the outcome of the suit" and "is the holder of the privilege that has been invaded."  (Docket No. 189 at 2.)

      While maintaining that its communications were entirely proper, Greenberg ultimately decided "to acquiesce in MGM's demand that Greenberg not have any further contact with" Bernstein and Benjamin.  (Declaration of Rachel Valadez ¶ 11.)  The Tolkien/HC Parties hired separate counsel to handle the percipient depositions of these witnesses.  Id.  In the case of Bernstein, who is in failing health, it appears neither side will be contacting him or taking his deposition.  (Declaration of Bonnie Eskenazi ¶¶ 4-5.)  As to Benjamin, Greenberg attorney Bonnie Eskenazi sent him an email on May 20, 2014, requesting return of the retainer amount previously paid to him and stating, "[W]e have decided to terminate the expert engagement arrangement with you and to refrain from future discussions with you." (Reply Declaration of Victor Jih ¶ 3, Ex. 2.)

      Greenberg's concessions moot the bulk of Warner and Zaentz's requested relief.  Nevertheless, Warner and Zaentz continue to press for Greenberg's disqualification for the alleged misconduct.  After considering the Tolkien/HC Parties right to chosen counsel, Greenberg's years of work on this litigation, the length of time that has passed since Bernstein or Benjamin's involvement with United Artists (approximately 45 years), and the extremely attenuated relationship between Warner and Zaentz and United Artists, the Court concludes that Warner and Zaentz have not met their burden of showing that disqualification is necessary to preserve the integrity of these proceedings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9912 ABC (SHx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | Fourth Age Ltd., et al. v. Warner Bros. Digital Distribution, et al. | | |

      The Court also denies Warner and Zaentz's alternative request for an order for disclosure of Greenberg's communications with Benjamin and Bernstein to the Court for *in camera* review as well as to MGM and for the deposition of Eskenazi. In light of the foregoing, this discovery is likely to be costly and fruitless, and will not advance the litigation.

      Accordingly, Warner and Zaentz's motion to disqualify Greenberg is **DENIED**.

      **IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | | AB |