BONNIE E. ESKENAZI (SBN 119401)
BEskenazi@ggfirm.com
ELISABETH A. MORIARTY (SBN 156569)
EMoriarty@ggfirm.com
RICARDO P. CESTERO (SBN 203230)
RCestero@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Plaintiffs and Counterclaim Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOURTH AGE LIMITED, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WARNER BROS. DIGITAL DISTRIBUTION, INC., et al., <br><br> Defendants. <br><br> WARNER BROS. DIGITAL DISTRIBUTION, INC., et al., <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> FOURTH AGE LIMITED, et al., <br><br> Counterclaim Defendants. | Case No. CV 12-09912 ABC (SHx) <br><br> **DISCOVERY MATTER** <br><br> **PLAINTIFFS' RESPONSE TO WARNER AND ZAENTZ'S JOINT SUBMISSION PURUSANT TO JULY 22, 2014 ORDER** <br><br> **Judge**: Hon. Audrey B. Collins <br> **Magistrate**: Hon. Stephen J. Hillman <br><br> **Discovery Cut-Off**: July 29, 2014 |

The Tolkien/HC Parties submit the following response to Warner and Zaentz's ("Defendants") Joint Submission Pursuant to July 22, 2014 Order.

In its July 22, 2014 Order ("Order") on Defendants' Motion to Compel Documents and Supplemented Privilege Log, the Court took Issue Nos. 3, 4 and 5 under submission; the Court instructed Defendants to identify 50 logged documents they each wished the Court to review *in camera* in connection with Issue No. 3 (communications with the Tolkien Parties' outside counsel Cathleen Blackburn and Steven Maier) and No. 5 (the Tolkien/HC Parties' work production assertions), and 25 documents they each wished the Court to review in connection with Issue No. 4 (the common interest privilege between the Tolkien Parties and the HC Parties). The Court indicated that after receipt of such submission, the Court would then either rule on the submitted issues, or determine that an *in camera* inspection of the selected documents was warranted.

In their Submission, however, Defendants presume that the Court has already ruled on Issue Nos. 3-5 by ordering an *in camera* review of each of the documents identified in its submission. Respectfully, this is not how the Tolkien/HC Parties understood the Court's Order, particularly given that Defendants did not even ask for this remedy in their Motion. In any event, the log entries selected by Defendants all establish on their face a sufficient basis for the privileges asserted, and demonstrate that further *in camera* review of the selected documents is neither necessary nor appropriate for the Court to rule on (and deny the Motion as to) Issue Nos. 3, 4, and 5.

An *in camera* review is a "generally disfavored" remedy. *Newport Pac. Inc. v. Cnty. of San Diego*, 200 F.R.D. 628, 633 (S.D. Cal. 2001); *see OXY Resources California LLC v. Superior Court*, 115 Cal.App.4th 874, 895 (2004) ("In camera review of privileged documents is generally prohibited because 'the privilege is absolute and disclosure may not be ordered, without regard to relevance, necessity or any particular circumstances peculiar to the case'") (quoting *Gordon v. Superior*

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

*Court*, 55 Cal.App.4th 1546, 1557 (1997)); *Diamond State Ins. v. Rebel Oil Co.*, 157 F.R.D. 691, 700 (D. Nev. 1994) ("*In camera* review is generally disfavored."); *PHE, Inc. v. Dep't of Justice*, 983 F.2d 248, 253 (D.C. Cir. 1993) ("[*I*]n camera review is generally disfavored"). This is because "it is neither customary nor necessary to review the contents of the communication in order to determine whether the privilege applies as the court's factual determination does not involve the nature of the communications or the effect of disclosure but rather the existence of the relationship at the time the communication was made, the intent of the client and whether the communication emanates from the client." *Cornish v. Superior Court*, 209 Cal.App.3d 467, 480 (1989).

To this end, "a court should not conduct such a review solely because a party begs it to do so." *Newport Pacific*, 200 F.R.D. at 633 (quoting *Nishika v. Fuji Photo Film Co.*, 181 F.R.D. 465, 466 (D. Nev. 1998)); *see Diamond State*, 157 F.R.D. at 700 n.3 ("a district court should not conduct *in camera* review solely because a party begs it to do so"). Rather, because *in camera* review is an "intrusion," a court must make sure that undertaking such a review is "justified." *In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir. 1992).

To make this determination, a court must ensure that the two-part standard established by the Supreme Court in *United States v. Zolin*, 491 U.S. 554, 572 (1989), is satisfied. First, a party seeking *in camera* review must make a threshold showing of a good-faith belief that the documents in question may reveal evidence to establish the defense claim. *See id*. Second, if such a showing is made, the court must consider whether it is appropriate to conduct the *in camera* review based on a number of factors, including volume of materials, relative importance to the case, and likelihood of establishing the defense claim. *See id*; *Genentech, Inc. v. Insmed Inc.*, 234 F.R.D.667, 671 (N.D. Cal. 2006).[1]

---

[1] Although the *Zolin* court created the two-part test in the context of the crime-fraud exception, *see* 491 U.S. at 572, the Ninth Circuit has held that "the standard

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Bare allegations alone will not satisfy the *Zolin* standard. Instead, the "party seeking the review must make a *factual showing* sufficient to support a reasonable good faith belief that the review will reveal evidence that is not privileged." *Newport Pacific Inc.*, 200 F.R.D. at 633 (emphasis added) (internal quotation marks omitted); *see Vasudevan Software, Inc. v. Microstrategy Inc.*, 2013 WL 1366041, at *2 (N.D. Cal. April 3, 2013) ("in camera review must have a sufficient factual basis before the court will intrude into the privacy of the party asserting the privilege"). Even then, the court "must use its sound discretion to determine whether *in camera* review is appropriate under the facts and circumstances of the particular case." *Diamond State Ins.* 157 F.R.D. at 700 n.3.

In *In re Grand Jury Investigation*, for example, the Ninth Circuit affirmed a district court's decision to reject a party's request for *in camera* review, explaining:

> In this case, the [defendant's] privilege log and accompanying affidavits are sufficient to establish that the attorney-client privilege applies to the eleven withheld documents. Thus, the [plaintiff] must establish a sufficient factual basis for the court to conduct an *in camera* inspection. The [plaintiff] has failed to provide an adequate factual showing to allow review. Moreover, even if the [plaintiff] had provided a sufficient factual basis to support such a good faith belief, we would not find that the district court abused its discretion. Therefore, the court did not err in refusing to conduct a review of the documents.

974 F.2d at 1075.

That is precisely the circumstance here. Defendants do not and cannot make any showing, much less a sufficient factual showing, demonstrating that an *in*

---

established in *Zolin* for crime-fraud *in camera* review applies equally well when a party seeks *in camera* review to contest assertions of the privilege." *In re Grand Jury Investigation*, 974 F.2d at 1074.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

*camera* review is likely to reveal evidence which is not privileged. Indeed, Defendants did not even <u>request</u> an *in camera* inspection as a potential remedy. Defendants' portion of the Joint Stipulation sought only two alternative forms of relief: Defendants' argued that because the Tolkien/HC Parties' privilege log purportedly was inadequate, that they should either provide more information or be forced to produce their privileged documents. *See* Joint Stipulation, at 21:3-12, 30:20-31:8, 39:1-6, EFC 242-1.[2] The only asserted basis for Defendants' requested relief was that the Tolkien/HC Parties' privilege log entries were insufficient and failed to adequately disclose or describe information substantiating their privilege assertions. *Id*. **The Court expressly <u>rejected</u> Defendants' contentions and the relief requested, ruling that the Tolkien/HC Parties' current privilege log was <u>sufficient</u>.** Order, at Issue No. 1, EFC 280. That should end the inquiry.

Put another way: Defendants have only argued that the Tolkien/HC Parties' log entries were insufficient to establish any basis for privilege, and that is the reason all of the documents on the log should be disclosed. Defendants did <u>not</u> submit any factual evidence whatsoever to demonstrate that an *in camera* inspection is likely to reveal that the documents set forth on Plaintiffs' privilege log are not in fact privileged. Not only is this an inadequate showing under *Zolin*, but it is one that has already been flatly rejected by the Court once the Court ruled that Plaintiffs' privilege log was sufficient. Consequently, there is no legitimate factual basis to justify an intrusion into the Tolkien/HC Parties' privileged documents.

If, however, the Court is inclined to order an *in camera* inspection of the selected documents *sua sponte*, notwithstanding that Defendants failed to request such relief, the Tolkien/HC Parties respectfully request that they be granted the

---

[2] Defendants casually refer to the possibility of *in camera* review in their reply Supplemental Memorandum, presumably to sandbag Plaintiffs, precluding them from having an opportunity to respond. Defendants did not actually request such relief in their Motion.

same relief and be permitted to select 150 of Defendants' alleged privileged documents for a similar *in camera* inspection. Had Defendants actually met and conferred on the issue and/or requested such relief in their Motion (giving the Tolkien/HC Parties a full and fair opportunity to respond), the Tolkien/HC Parties would have demonstrated that any *in camera* inspection should be ordered as to all parties, not just the Tolkien/HC Parties, because the Tolkien/HC Parties have similar concerns regarding Defendants' privilege assertions. These include, without limitation: (1) Zaentz's assertion of privilege with respect to communications with its key business executive Al Bendich – particularly at a time when Mr. Bendich was no longer even licensed to practice law; (2) Warner's assertion of privilege with respect to communications with Benjamin Zinkin, even though Mr. Zinkin worked as both a business affairs executive and in a legal capacity, (3) Defendants' assertion of a common interest privilege with respect to communications between them that far predate the time at which this dispute arose, and (4) Defendants' assertion of a purported common interest privilege with respect to communications with other third party sublicensees of the Tolkien Works. And these are merely examples.

Given that (i) Defendants' Motion simply challenged the sufficiency of the entries on the Tolkien/HC Parties' log and (ii) Defendants failed to meet and confer on the substantive basis for the Tolkien/HC Parties' privilege assertions or any need for *in camera* review, the Tolkien/HC Parties respectfully request that if Defendants are given the opportunity to pierce beyond the sufficiency of the log entries to conduct what is, in essence, a substantive "check" by the Court of those entries, then the Tolkien/HC Parties should be granted the same opportunity to do so with respect to Defendants' privilege entries.

| | | |
|---|---|---|
| 1 | DATED: August 5, 2014 | GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP |
| 2 | | |
| 3 | | |
| 4 | | By: */s/ Bonnie E. Eskenazi*<br>BONNIE E. ESKENAZI (SBN 119401) |

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590