1  BONNIE E. ESKENAZI (SBN 119401)
   BEskenazi@ggfirm.com
2  ELISABETH A. MORIARTY (SBN 156569)
   EMoriarty@ggfirm.com
3  RICARDO P. CESTERO (SBN 203230)
   RCestero@ggfirm.com
4  GREENBERG GLUSKER FIELDS CLAMAN &
   MACHTINGER LLP
5  1900 Avenue of the Stars, 21st Floor
   Los Angeles, California  90067-4590
6  Telephone:  310.553.3610
   Fax:  310.553.0687
7
   Attorneys for Plaintiffs and Counterclaim Defendants
8
                    UNITED STATES DISTRICT COURT
9
                    CENTRAL DISTRICT OF CALIFORNIA
10
   FOURTH AGE LIMITED, et al.,          Case No.  CV 12-09912 AB (SHx)
11
                  Plaintiffs,           Hon. André Birotte, Jr.
12
   v.                                   Hon. Magistrate Stephen J. Hillman
13
   WARNER BROS. DIGITAL                 **DISCOVERY MATTER**
14 DISTRIBUTION, INC., et al.,
                                        **REDACTED VERSION OF
15                Defendants.           CONFIDENTIAL
                                        MEMORANDUM RE:
16                                      PRIVILEGED DOCUMENTS
                                        SELECTED FOR *IN CAMERA*
17                                      INSPECTION PURSUANT TO
                                        MAGISTRATE'S AUGUST 12,
18                                      2014 ORDER AND JUDGE
                                        BIROTTE'S OCTOBER 9, 2014
19                                      ORDER**
20
   WARNER BROS. DIGITAL
21 DISTRIBUTION, INC., et al.,
                                        Courtroom 790
22                Counterclaim Plaintiffs,   Roybal Building
23 v.
24 FOURTH AGE LIMITED, et al.,
25                Counterclaim Defendants.
26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    Pursuant to the Magistrate's Order dated August 12, 2014 and Judge

2   Birotte's Order dated October 9, 2014, plaintiffs and counterclaim defendants

3   Fourth Age Limited, Priscilla Mary Anne Reuel Tolkien, as Trustee of The Tolkien

4   Trust, The J.R.R. Tolkien Estate Ltd., HarperCollins Publishers, Ltd., Unwin

5   Hyman Ltd. and George Allen & Unwin (Publishers), Ltd. (collectively, the

6   "Tolkien/HC Parties") were ordered to lodge 150 of their privileged documents

7   selected by Warner and Zaentz (collectively, "Defendants") for *in camera* review:

8   100 documents with respect to Issue Nos. 3 and 5, and 50 documents with respect

9   to Issue No. 4.

10    To assist the Court in this review, on October 20, 2014, the Tolkien/HC

11   Parties submitted concurrently with the their 150 privileged documents, a brief

12   confidential description of each of the selected documents and a confidential

13   explanation of the basis for each of the Tolkien/HC Parties' privilege assertions (the

14   "Initial Confidential Memorandum").  Because the Initial Confidential

15   Memorandum revealed the contents of communications protected by the attorney-

16   client privilege and/or the attorney work product doctrine, it was lodged with the

17   Magistrate on a confidential basis, and was not filed or served.

18    On October 28, 2014, the Court issued a further Order requesting that the

19   Tolkien/HC Parties "consider sanitizing the [Initial Confidential Memorandum] as

20   they see fit, and then fil[e] and serv[e] it on all parties in advance of the hearing

21   date" concerning the Court's review of the Tolkien/HC Parties' 150 documents.

22   Dkt. 333.  Pursuant to the Court's October 28th Order, the Tolkien/HC Parties

23   hereby submit the below redacted version of the Initial Confidential Memorandum,

24   without waiver of any applicable privileges.

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION

I.      **ISSUE NOS. 3 & 5**

1.      **Document No. 9[1]:**  This lawsuit arises out of a dispute over the scope of merchandising rights in and to Professor J.R.R. Tolkien's seminal literary works The Lord of the Rings and The Hobbit (the "Tolkien Works").  In 1969, the predecessors in interest to the Tolkien/HC Parties granted to certain of Defendants' predecessors in interest limited rights to use the Tolkien Works in connection with "articles of tangible personal property."  In the same 1969 agreement, the predecessors in interest to the Tolkien/HC Parties explicitly reserved to themselves "all rights and/or interests not herein specifically granted."  In this lawsuit, the Tolkien/HC Parties contend that defendants exceeded the scope of the limited merchandise rights by, among other things, licensing and selling (1) gambling games based on the Tolkien Works, (2) "intangible" video games based on the Tolkien Works – i.e., video games that are delivered otherwise than by way of physical media such as DVD or cartridge, including (but not limited to) games delivered by way of electronic download, mobile telephone networks or social media websites (the "Intangible Video Games"), and (3) the right to use trademarks based on the Tolkien Works in connection with services, such as restaurants, hotels and theme parks.

Cathleen Blackburn is currently an attorney with the law firm of Maier Blackburn; she was previously a partner at the law firms of Manches LLP and Morrell, Peel & Gamlen.  Ms. Blackburn is the primary outside counsel for the Tolkien Parties.  She has regularly represented the Tolkien Parties throughout her tenure at each of these firms, and continues to do so today.  In that capacity, Ms. Blackburn regularly provides legal advice to the Tolkien Parties regarding the scope of each parties' respect rights under the 1969 agreements, including without limitation, which rights have been licensed to Zaentz pursuant to the 1969

---

[1] The document numbers correspond to the numbers identified in Warner and Zaentz's Joint Submission re July 22 Order, Dkt. No 285.

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  agreements and which rights have been retained by the Tolkien Parties.

2  Throughout the course of the parties' relationship, issues have regularly arisen with

3  respect to third party requests to license the Tolkien Works or elements therefrom,

4  and whether the requested rights are controlled by the Tolkien/HC Parties or

5  Zaentz.  With respect to outside counsel such as Ms. Blackburn and her partner

6  Steven Maier, the law presumes that communications between a client and its

7  outside counsel are made for the purpose of seeking legal advice.  *U.S. v.*

8  *Chevrontexaco Corp.*, 241 F.Supp.2d 1065, 1076 (N.D. Cal. 2002).

9        Document No. 9 is an email chain dated June 7, 2010 between Baillie

10  Tolkien and Adam Tolkien, representatives of the Tolkien Parties, in which they

11  discuss an inquiry by a third party to use a fictional name which appears in the

12  Tolkien Works in connection with a tree service company.  In their email exchange,

13  the Tolkiens discuss Ms. Blackburn's legal analysis as to ███████████████

14  ████████████████████████████████████████████████

15  ████████████████████████████████████████████████

16  ████████████████████████████████████████████████

17  █████████████.  Ms. Tolkien also details further legal advice which she would like

18  to obtain on the subject, and asks Adam Tolkien to discuss these legal issues with

19  Ms. Blackburn to obtain her advice.

20        As the document plainly reveals, Ms. Tolkien's only purpose in sending the

21  email was to discuss legal advice given by counsel for the Tolkien Parties

22  confidentially with another representative of the Tolkien Parties[2], and to detail

23  further legal advice needed from counsel.  The document is protected by the

24  attorney-client privilege.  As a result, the Court need not reach the issue of whether

25  the attorney work product doctrine applies; however, because the document reveals

26  Ms. Blackburn's mental impressions and conclusions, and legal opinion and

27

28  _____
[2] The "D" referred to in the email chain is Adam Tolkien's father, Christopher Tolkien, another Tolkien family representative.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION

strategy in dealing both with ████████████████████████████ ████████████████████████████ it is shielded from disclosure as attorney work product as well.

2.   **Document No. 10:**  This document is a January 27, 2006 email from Adam Tolkien, representative of the Tolkien Parties, to Cathleen Blackburn, counsel for the Tolkien Parties, and Baillie Tolkien, representative of the Tolkien Parties.  It is an agenda outlining various legal issues to be discussed in an upcoming meeting between representatives of the Tolkien Estate and their counsel; it was prepared as a precursor for future privileged discussions and for the purpose of seeking legal advice on those issues.  The legal issues identified in the email for discussion include



The email is thus a communication between the Tolkiens and their counsel, created for the purpose of seeking legal advice in advance of a meeting with counsel and identifying the legal issues to be discussed with counsel.  On its face, the document is protected by the attorney-client privilege.  Discussions regarding ████ ████████████████████████████████ are also protected by the attorney work product doctrine.

3.   **Document No. 16:**  This documents consists of a January 27, 2006 email from Adam Tolkien to Baillie Tolkien, which forwards a January 26, 2006

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

email from Cathleen Blackburn to Adam Tolkien [it also forwards a copy of the Permissions Guidelines prepared by Ms. Blackburn (although the attachment is not included in this particular version of the email as it existed in the clients' files)].  In the email from Ms. Blackburn to Mr. Tolkien (which Mr. Tolkien forwards to Ms. Tolkien), Ms. Blackburn details



        As is discussed in more detail below, the Tolkien Parties and the HarperCollins Parties are joint owners of the copyrights and trademarks in the Tolkien Works.  Vis-à-vis third parties ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ms. Blackburn regularly provides legal advice to the HarperCollins Parties (and works closely with HarperCollins' legal counsel) regarding the scope of those jointly-held rights, potential infringements and other matters of common legal and commercial interests.  As joint rights holders, the Estate and HarperCollins work together to formulate positions and policies regarding third party requests or potential infringement of the Tolkien Works.  The Permissions Guidelines contain Ms. Blackburn's legal analysis of ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓ and constitute common legal advice given by Ms. Blackburn to the Tolkien Parties and the HC Parties to ensure that both parties handled third

party permissions requests as to their jointly-held rights in a consistent and contractually-appropriate manner.

In sum, Document No. 16 is a communication between Tolkien representatives forwarding a privileged email communication between Mr. Tolkien and the Tolkien Parties' legal counsel about ███████████████████ ████████ which contains legal advice and the mental impressions and conclusions, legal strategy and contractual rights analysis with respect to the handling of permissions requests, it is protected from disclosure by the attorney-client privilege and attorney work product doctrine.

**4.    Document No. 17:** This document consists of a January 12-13, 2006 email exchange between Baillie Tolkien and Adam Tolkien, which forwards and discusses a January 12, 2006 email from Cathleen Blackburn to Mr. Tolkien regarding two third party permissions requests to license the Tolkien Works.  Ms. Blackburn specifically identifies these third party requests as ████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ██████████████████████. Thus, the last email in the chain (p. 2 of the document) is a confidential communication between the Tolkien Parties and their counsel discussing Ms. Blackburn's legal analysis and advice regarding ███████ ███████████████████████████████ it is plainly privileged. The cover email exchange (p. 1 of the document) discusses Ms. Blackburn's early email and the legal analysis and advice contained therein.  It also reflects the Tolkien representatives' intention to discuss these legal issues with Ms. Blackburn at an upcoming meeting.  For this reason, the cover email exchange is also protected from disclosure.

**5.    Document No. 18:** This document is an email chain dated June 7, 2010 between Baillie Tolkien and Adam Tolkien, representatives of the Tolkien Parties, in which they discuss an inquiry by a third party to license a fictional name

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

which appears in the Tolkien Works in connection with a tree service company. It repeats the email chain identified Document No. 9 (see Issue No. 1, above), but contains an additional email between the Tolkien representatives which further discusses and elaborates on Ms. Blackburn's legal analysis as to ███████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████. For each of the reasons set forth in Issue No. 1, above, this document reveals the legal advice, analysis of legal issues, and mental impressions and conclusions of Ms. Blackburn regarding ████████████████████ ███████████████████████████████████ and is therefore protected by the attorney-client privilege and attorney work product doctrine.

    **6.    Document No. 49:** This document is a letter dated October 4, 1983, from Rayner Unwin, then-chairman of George, Allen & Unwin (predecessor-in-interest to the HC Parties), to Frank Richard Williamson (known as Dick Williamson), then-counsel for the Tolkien Parties. Mr. Williamson was formerly the primary outside counsel for the Tolkien Parties. (Later, Ms. Blackburn took over Mr. Williamson's responsibilities as primary outside counsel for the Tolkien Parties when Mr. Williamson retired). Mr. Williamson was a partner at the law firm of Morrell, Peel & Gamlen.

    Because the Tolkien Parties and the HC Parties jointly owned rights in and to the Tolkien Works, the HC Parties frequently asked for and received legal advice from outside counsel for the Tolkien Parties – Mr. Williamson, Ms. Blackburn, Steven Maier, and others – regarding the licensing and administration of their jointly held rights in and to the Tolkien Works. The Tolkien/HC Parties' counsel regularly advised the HC Parties with respect to matters which affected their shared legal and commercial interests as joint rights holders, including, in particular, their joint rights and interests vis-à-vis Defendants and their predecessors-in-interest, and other third party licensees. Moreover, outside counsel for the Tolkien Parties and

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    in- house counsel for the HC Parties regularly shared legal strategies, mental

2    impressions and legal conclusions, in furtherance of their collective efforts to

3    protect and assert the Tolkien/HC Parties' jointly held rights vis-à-vis third parties

4    including Zaentz and Warner.   In short, the legal and commercial interests of the

5    Tolkien Estate and HarperCollins were and are aligned, when these parties dealt

6    with third parties on matters affecting rights in and to the Tolkien Works, and the

7    Estate and HarperCollins worked together (and continue to work together) to

8    further these common legal and commercial interest as against third parties.

9        Indeed, as Defendants themselves have argued in attempting to shield their

10   exchanges with each other from scrutiny, under such circumstances, the common

11   interest privilege applies; those interests "need not be identical at all times [and] are

12   not limited to instances where litigation is already pending."  Dkt. No. 309, at 7:24-

13   25.

14       In Document No. 49, Mr. Unwin seeks Mr. Williamson's legal advice with

15   respect to a certain license with respect to the Tolkien Works entered into between

16   Fantasy Films (a Zaentz entity) and third party Iron Crown Enterprises ("Iron

17   Crown").



23   the document is a

24   confidential communication between holders of a common interest privilege,

25   seeking legal advice with respect to a matter of common interest.  It is therefore

26   protected by the attorney-client privilege.

27       **7.   Document No. 59:**  This document is an agenda for a Tolkien

28   Committee Meeting to be held on September 28, 1994.  As evidenced by the fax

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  transmittal on the top of the document, it was sent from the law firm of Morrell,

2  Peel & Gamlen (at which Mr. Williamson and Ms. Blackburn worked) to

3  Christopher Tolkien.  The Tolkien Parties were able to confirm that the document

4  was prepared by Cathleen Blackburn, counsel for the Tolkien Parties (who was an

5  attorney at Morrell, Peel & Gamlen at the time).  The Tolkien Parties were also able

6  to confirm that it was sent to Christopher Tolkien because the document was

7  collected from Mr. Tolkien's files.

8          Although the document primarily lists matters which are wholly irrelevant to

9  the disputed issues in this litigation and which are not responsive to Defendants'

10  document requests (as narrowed by the parties' meet and confer discussions), there

11  are several matters which relate to legal issues concerning ███████████

12  ███████████████████████████████████

13  ███████████████████████████████████

14  ███████████████████████████████████

15  ███████████████████.  Each of enumerated agenda

16  items identifies categories relates to ███████████████████

17  ███████████████████████████████████

18  ████.  Given that each of these topics necessarily involves legal issues to be

19  discussed between the Tolkien Parties and their counsel, and that the document was

20  prepared by counsel and specifically sent to Mr. Tolkien in advance of and in

21  preparation for their meeting, the document is protected by the attorney-client

22  privilege and attorney work product doctrine.  Defendants are not entitled to

23  discover what issues the Tolkien/HC Parties' counsel deemed critical or important

24  at any given time, nor what issues counsel sought to discuss with its clients, as

25  those decisions necessarily reflect the mental impressions and legal conclusions of

26  counsel.

27          **8.**    <u>Document No. 86:</u>  This document is a March 18, 1998 fax letter from

28  Cathleen Blackburn to Christopher Tolkien, which outlines several legal items Ms.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Blackburn intends to discuss with Mr. Tolkien.  On its face, the document is a confidential attorney-client privileged communication.  The document details a select list of items which Ms. Blackburn intends to discuss with her client.  The selection of each of the items for discussion reflects Ms. Blackburn's mental impressions and conclusion that the items raise legal issues which need to be discussed.

Merely by way of example, item 2 tees up for discussion



.  Similarly, items 1 and 4 relate to

a legal matter which Ms. Blackburn clearly intended to discuss with her client.  The document constitutes a confidential communication between attorney and client, and reveals the legal advice, analysis of legal issues, and mental impressions and conclusions of Ms. Blackburn.  It is therefore protected by the attorney-client privilege and attorney work product doctrine.

9.     **Document No. 99**:  This document is the December 1998 version of the Tolkien Permission Guidelines,

.  The Tolkien/HC Party witnesses have consistently testified that this is a confidential document prepared by Cathleen Blackburn for internal use by the Tolkien/HC Parties.  The Permissions Guidelines were created to provide legal guidance to the Tolkien/HC Parties, as co-owners of rights in and to the Tolkien Works, in administering their jointly held rights in the Tolkien Works (and other Tolkien-related works not at issue in this litigation), including the manner in which the Tolkien/HC Parties license rights to third parties.  The document reflects Ms.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   Blackburn's legal analysis, mental impressions and conclusions regarding the

2   respective legal rights of the Tolkien/HC Parties and the appropriate manner for

3   administering the rights jointly held by the Tolkien/HC Parties.  It is a confidential

4   document prepared by Ms. Blackburn, reflecting her legal advice, mental

5   impressions and conclusions with respect to matters of common interest affecting

6   the Tolkien/HC Parties' jointly held legal and commercial rights.  Through these

7   Permissions Guidelines, the Tolkien Estate and HarperCollins worked together to

8   formulate positions and policies regarding third party requests or potential

9   infringements of their jointly-held rights.  The document is protected under the

10  common interest privilege.

11       Moreover, this particular version of the Permissions Guidelines is a version

12  forwarded by Ms. Blackburn to Christopher Tolkien, and contains Ms. Blackburn's

13  explanatory handwritten notes and updates in the margin on virtually every page of

14  the document.  For this reason as well, the document is an attorney-client privileged

15  communication reflecting Ms. Blackburn's work product; it should not be

16  disclosed.

17       **10.**   <u>**Document No. 100**</u>:  This document is a September 2, 2005 email

18  from Cathleen Blackburn to Christopher and Baillie Tolkien.  Adam Tolkien, as a

19  representative of the Tolkien Parties (at@laphalene.org) and Steven Maier, Ms.

20  Blackburn's partner and litigation counsel for the Tolkien Parties, are copied on the

21  email.  The email discusses ███████████████████████████████

22  ████████████████████████████████████.  We know from

23  testimony and other documents produced in the case that various legal disputes and

24  other matters at issue among Zaentz and the Tolkien Parties were discussed at the

25  September 7 meeting, including: (a) legal disputes over who had the right to

26  register trademarks in International Class 16 and the appropriate merchandising

27  royalty rate for merchandise sublicensed by Zaentz to New Line; (b) the

28  negotiations occurring at the time over the stage rights amendment to the 1969

Agreements; (c) Zaentz's requests (i) to use the name Tolkien Enterprises beyond the contractually-allotted time, (ii) to give its computer games licensee the right to use quotations from the Tolkien Works; and (iii) the availability of the film and other rights in and to Professor Tolkien's other works; and various other legal matters in issue at the time. In Document No. 100, Ms. Blackburn ████████████ ███████████████████████████████████████████████████████████████ ████████████████████████████████████████. This document is plainly a confidential communication between Ms. Blackburn and her clients reflecting the legal advice, mental impressions and conclusions of counsel. It is protected by the attorney-client privilege and attorney work product doctrine.

    **11.** <u>**Document No. 146:**</u> This document is an agenda outlining matters to be discussed at an upcoming Tolkien Committee Meeting between Cathleen Blackburn, representatives of HarperCollins, and representatives of the Tolkien Estate. We believe the document was prepared by Cathleen Blackburn to identify issues which she intended to discuss with Tolkien Estate representatives and their joint rights holder, HarperCollins. Although the document primarily lists matters which are wholly irrelevant to the disputed issues in this litigation and which are not responsive to Defendants' document requests (as narrowed by the parties' meet and confer discussions), there are several matters which relate to legal issues concerning ███████████████████████████████████████████████████ ████████████████████████████████████████████████. Each of these identified categories relates to subjects of shared legal interest between the Estate and HarperCollins, vis-a- vis third parties, and the Tolkien/HC Parties were meeting to discuss these issues and to formulate positions and responsive action items in order to protect and enforce their jointly-held rights. We know that Ms. Blackburn sent the agenda to her client, because the document was located in Christopher Tolkien's files. As a result, the document is protected by the attorney-client privilege. Defendants are not entitled to discover what issue the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

12 REDACTED MEMORANDUM RE: DOCUMENTS SELECTED FOR *IN CAMERA* INSPECTION

1  Tolkien/HC Parties' counsel deemed critical or important at any given time and
2  which it sought to discuss with its clients, as those decisions necessarily reflect the
3  mental impressions and legal conclusions of counsel, and constitute protected work
4  product.  That members of HarperCollins attended the meeting at issue does not
5  destroy the privilege – the relevant agenda items concern subjects of shared legal
6  and commercial interest between the Tolkien Estate and HarperCollins, as joint
7  rights holders.  The common interest privilege therefore applies.

8      **12.**  **Document No. 153:**  This document is a confidential attorney-client
9  privileged fax transmission letter, dated February 21, 1993, from outside counsel
10  Cathleen Blackburn to her client, Christopher Tolkien.  The letter discusses ▮
11  ███████████████████████████████████████████████████████████
12  ██████████████████████████████.  The letter also details
13  communications between Ms. Blackburn and the Tolkien Parties' U.S.-based
14  attorney, Paul Sleven, ████████████████████.  The document reveals the
15  legal advice, mental impression and conclusions of both Ms. Blackburn and Mr.
16  Sleven; as such, it is protected by the attorney-client privilege and attorney work
17  product doctrine.

18      The letter also reflects the legal advice, mental impressions and conclusions
19  of Ms. Blackburn with respect to discussions concerning ████████████
20  ████████████████████████████████.  The letter
21  further reflects Ms. Blackburn's legal analysis with respect to ███████████
22  ███████████████████████████████████
23  ███████████████████████████████████
24  ███████████████████████████████████
25  ████████████████.  Both of these matters reflect the legal advice, mental
26  impressions and conclusions of counsel, and are protected by the attorney-client
27  privilege and attorney work product doctrine for this reason as well.

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

13

**13.**   **Document No. 155**:  This document is a confidential attorney-client privileged fax letter, dated February 6, 1993, from Christopher Tolkien to his attorney, Cathleen Blackburn.  As referenced in the letter, Mr. Tolkien writes to Ms. Blackburn ████████████████████████████████████████ ██████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████. Given that the letter is a confidential attorney-client communication from Mr. Tolkien to Ms. Blackburn and seeks her legal advice, and also reflects communications from the Tolkien Parties' counsel Mr. Williamson, it is unquestionably protected by the attorney-client privilege.  Additionally, Defendants are not entitled to discover what issue the Tolkien/HC Parties' counsel deemed critical or important at any given time and which it sought to discuss with its clients, as those decisions necessarily reflect the mental impressions and legal conclusions of counsel, and constitute protected work product.

**14.**   **Document No. 170**:  This document is the same email chain discussed above as Document No. 18 (Issue No. 5, above).  For the reasons discussed above, the document should not be produced.

**15.**   **Document No. 172**:  This email chain is an excerpt of the same email chain included in Document No. 17 (Issue No. 4, above).  For the reasons discussed above, the document should not be produced.

**16.**   **Document No. 173**:  This document is an attorney-client privileged email, dated January 16, 2006, from Adam Tolkien to Cathleen Blackburn.  In this email, Mr. Tolkien discusses Ms. Blackburn's recent email concerning her analysis of ██████████████████████████████████████ ████████████████████████████████████████

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  ████████████████████████████████████████████

2  ████████████████████████. Mr. Tolkien clearly sent this email as a

3  precursor to future discussions with his counsel; the document describes the legal

4  advice he is seeking from Ms. Blackburn regarding ████████████ the

5  document is a protected attorney-client privileged communication. In addition,

6  because the email also quotes from and references Ms. Blackburn's prior email to

7  Mr. Tolkien, it also reflects Ms. Blackburn's legal analysis, mental and impressions

8  and conclusions and is also protected by the attorney work product doctrine.

9      **17.**   **Document No. 174:**  This document is an attorney-client privileged

10  email, dated January 17, 2006, from Cathleen Blackburn to Adam Tolkien. It is

11  Ms. Blackburn's reply to Mr. Tolkien's January 16, 2006 email (Document No.

12  173, discussed at Issue No. 16, above). Ms. Blackburn answers in detail Mr.

13  Tolkien's questions regarding █████████████████████████████

14  ████████████. She also explains the basis for the legal positions taken

15  by the Tolkien Estate ████████████████████████████

16  ████████████████. Manifestly, this document reflects Ms.

17  Blackburn's legal analysis, mental and impressions and conclusions and is

18  protected by both the attorney-client privilege and attorney work product doctrine.

19      **18.**   **Document No. 202:**  This document is an attorney-client privileged

20  fax transmission with cover note from Cathleen Blackburn to Christopher Tolkien,

21  dated June 21, 1996, which attaches a draft agenda for an upcoming June 27, 1996

22  Tolkien Committee Meeting. As indicated in the cover note, the draft agenda was

23  prepared by Ms. Blackburn and sent to Mr. Tolkien for his review. (The fax

24  transmission also attached additional non-privileged attachments which have been

25  previously produced to the extent responsive, and are not part of the logged

26  document.)

27      Although the document primarily discusses matters which are wholly

28  irrelevant to the disputed issues in this litigation and which are not responsive to

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Defendants' document requests (as narrowed by the parties' meet and confer discussions), there are several matters which relate to legal issues concerning ███████

██████████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████████

██████████████████████████████

█████████████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████████

███. Given that each of these topics necessarily involves legal issues to be discussed between the Tolkien Parties and their counsel (and, later, joint rights holder HarperCollins), and given that the document was prepared by counsel and specifically sent to Mr. Tolkien in advance of the meeting for his review, the document is protected by the attorney-client privilege and attorney work product doctrine.  Defendants are not entitled to discover what issue the Tolkien/HC Parties' counsel deemed critical or important at any given time and which it sought to discuss with its clients, as those decisions necessarily reflect the mental impressions and legal conclusions of counsel.

Moreover, to the extent Ms. Blackburn later forwarded the agenda to HarperCollins' David Brawn (as the cover letter suggests), the privilege would not be vitiated, because the matters at issue constitute legal matters of common interest between the Tolkien Parties and the HarperCollins Parties concerning ██████

██████████████████████████████████████

███████████.

**19.**   **Document No. 213:**  This is an attorney-client privileged letter from Cathleen Blackburn to Christopher Tolkien, dated November 12, 1998, which transmits correspondence from Laurie Battle (Zaentz's former head of licensing) at

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Tolkien Enterprises, predecessor-in-interest to Zaentz, regarding ███████ as well as an attorney-client privileged letter from Priscilla Tolkien to Ms. Blackburn.  This document only consists of the privileged cover letter and does not include the attachments (which were either separately logged or produced, as appropriate).  "Sierra" refers to Sierra Online, a video game company who entered into a sublicense with Zaentz to create video games based on the Tolkien Works.  Sierra had proposed that a recording artist, Loreena McKennitt, compose some songs to be incorporated into their computer game and a derivative soundtrack album, and Ms. McKennitt wanted permission to use words and lyrics from the Tolkien Works in those songs.  At the time, Ms. Blackburn was advising her clients the Tolkien Estate as to the legal issues surrounding ██████████████████████████ ████████████████████████████████████████.  This letter is a precursor to a future discussion between Ms. Blackburn and her client concerning ████████████████████████████████████████████.  Defendants are not entitled to discover what issues the Tolkien/HC Parties' counsel, Ms. Blackburn, deemed critical or important at any given time, or what issues counsel sought to discuss with her clients.  Those decisions necessarily reflect the mental impressions and legal conclusions of counsel; the document reflects protected work product and constitutes an attorney-client privileged communication.

**20.**  **Document No. 240:**  This document is a faxed letter dated April 30, 1999, from Cathleen Blackburn to Adrian Laing, general counsel at HarperCollins, and David Brawn, publishing executive at HarperCollins.  The document transmits a fax from Ms. Blackburn to Al Bendich, a senior executive at Zaentz, regarding "Sierra On-line Computer Games."  The non-privileged attachment was not withheld on privilege grounds.  ███████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590



1
2
3
4
5
6
7
8
9
10
11
12
13
14 . Here again, defendants are not entitled to discover what

15 legal issues Ms. Blackburn was discussing with counsel for the Estate's joint

16 copyright holder, HarperCollins, at any given time.

17 **21.** <u>**Document No. 241:**</u>  This document is an attorney-client privileged

18 fax transmittal and cover note from Cathleen Blackburn to Christopher Tolkien,

19 dated April 26, 1999, which transmits a privileged letter from Jeremy Nussbaum,

20 the Tolkien Parties U.S.-based outside counsel (attorney at Kay Collyer & Boose)

21 to Ms. Blackburn regarding

22 . Document No. 241 only includes the cover sheet, and

23 does not include the underlying privileged letter from Ms. Blackburn to Mr.

24 Nussbaum.  Given that this letter transmits to Mr. Tolkien a privileged

25 communication concerning a legal issue

26 it reflects Ms. Blackburn's legal analysis, mental

27 impressions and conclusions, and it is protected by the attorney-client privilege and

28 attorney work product doctrine.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

22.   **Document No. 244**:  This document is an attorney-client privileged letter from Dick Williamson, the Tolkien Parties' former attorney, to his clients John Tolkien, Michael Tolkien and Priscilla Tolkien, cc: Christopher Tolkien, dated December 9, 1983.  In his letter, Mr. Williamson reports to his clients on ███████ ██████████████████████████████████████████████████████████ ████████████████████████████.  The letter details Mr. Williamson's analysis as to ████████████████████ as well as his mental impressions and conclusions, and advice concerning ████████████████████.  He also reports to his clients on various matters not relevant to the issues in dispute here and/or concerning works other than the Tolkien Works (which matters are non-responsive to defendants' discovery requests).  Mr. Williamson also discusses ██████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████.  The document reflects Mr. Williamson's legal analysis, mental and impressions and conclusions.  It is protected by the attorney-client privilege and attorney work product doctrine.

23.   **Document No. 250**:  This is another attorney-client privileged communication from Mr. Williamson to John, Michael and Priscilla Tolkien dated January 17 1983.  Mr. Williamson discusses a variety of topics, most of which are wholly irrelevant to the disputed issues in this litigation and which are not responsive to Defendants' document requests (as narrowed by the parties' meet and confer discussions).  However, there are a few relevant legal matters discussed, including ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████.  Plainly, this document is protected by the attorney-client privilege and attorney work product doctrine.

24. **Document No. 252:**  In this letter to HarperCollins' Rayner Unwin dated May 5, 1982, Mr. Williamson discusses details of ███████████████ ██████████████████████████████████████████████████. United Artists is the predecessor-in-interest to Defendants under the 1969 Agreements and Schedule D.  Mr. Williamson's letter is sent in the context of ████████████████████████████████████████ ██████████████████████████████. Mr. Williamson provides his legal analysis to the Estate's joint rights holder as to ███████████████████ ███████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████. As is discussed above, the Estate and HarperCollins worked together to formulate positions and policies regarding third party requests or potential infringement of the Tolkien Works. Here, Mr. Williamson is providing legal analysis and advice on a matter of common interest. The legal interests of the Estate and HarperCollins were squarely aligned.  The document is a protected common interest communication.

25. **Document No. 518:**  The documents logged as Nos. 518 and 518A-I consist of 10 attachments to a September 1, 2010 cover email from HarperCollins' Finance Director, Ed Kielbasiewicz to HarperCollins' General Counsel, Simon Dowson-Collins.  During privilege review, the original cover email and many of the attachments were deemed to be non-responsive, ████████████████████ ████████████████████████████████████ a matter irrelevant to the issues in dispute in this case.  (Other of the attachments were produced in another form, as set forth below).  However, due to an administrative error in culling the document electronically, the cover email was pulled as non-responsive, but the attachments were inadvertently logged in error.  None of the documents identified as No. 518 should be produced, as they are either (a) non-responsive, (b) privileged or (c) have been produced in another form.  Specifically:

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

(a) No. 518 is a cover email between HarperCollins executive (Mr. Kielbasiewicz) and HarperCollins' General Counsel (Mr. Dowson-Collins), in which Mr. Kielbasiewicz seeks legal advice about ██████████████████ ██████████████. It is non-responsive, but also privileged on its face and highly confidential. As noted, it had originally been culled as non-responsive.

(b) No. 518A is an attachment to the original privileged email. It is an email from Robin Thomson (HarperCollins royalty department) to Mr. Kielbasiewicz, forwarding an email from Gloria Adams (assistant in HarperCollins' legal department) to David Brawn and Robin Thomson, cc David Daley, a HarperCollins in-house attorney. That email attaches an email from General Counsel Mr. Dowson-Collins to Cathleen Blackburn. The subject, ████████████ ████████████████. The attachment is non-responsive, but also privileged and confidential.

(c) No. 518B is an attachment to the original privileged email. It is an email from Mr. Thomson to Mr. Kielbasiewicz, forwarding an email chain between attorney David Daley and Robin Thomson, again discussing division of revenues between the Estate and HarperCollins. These emails are non-responsive, but also privileged and confidential. No. 518B also attaches (i) a copy of the executed stage rights amendment dated as of September 27, 2006. That amendment has previously been produced, as PLAINTIFFS025830-847; (ii) a copy of an October 27, 2006 letter and royalty statement from Zaentz to HarperCollins, previously produced as PLAINTIFFS025823-24 and 25828-29; and (iii) a letter dated May 11, 2007 from Gavin Stenton, an attorney at the law firm Manches LLP (counsel for the Estate), to Robin Thomson, cc David Brawn, David Daley and Zaentz executive Al Bendich, which discusses stage rights royalties and is wholly non-responsive, as evidenced by the fact that Zaentz did not produce this document from its own files.

(d) No. 518C is an attachment to the original privileged email. It is an email from Mr. Thomson to Mr. Kielbasiewicz, forwarding an email from attorney David

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Daley to Robin Thomson, ████████████████████████████████████

████████████.  The emails are non-responsive, but also privileged and

confidential.  No. 518C also attaches three documents: (i) a copy of the November

16, 1981 letter agreement, previously produced as PLAINTIFFS037652-657; (ii) a

copy of the October 20, 1975 amendment to the 1969 agreements, previously

produced as PLAINTIFFS006098-6104; and (iii) a file memorandum prepared by

Dick Williamson, sent to HarperCollins as joint copyright holder, in which Mr.

Williamson provides his legal interpretation and analysis of ████████████

████████████████████████████████████████████████████████████

████████████.  Mr. Williamson also discusses in detail the legal advice and

analysis received from outside counsel Saul Meyers and Harold Berkowitz (from

the law firm of Szold, Brandwen, Meyers & Altman) – the New York lawyers who

negotiated the 1969 Agreements on behalf of the Estate and HarperCollins.  This

last attachment clearly reflects the impressions and legal conclusions of Messrs.

Williamson, Meyers and Berkovitz, as well as confidential communications

between the New York lawyers and their clients concerning ████████████

████████████.  The document is plainly privileged.

        (e) No. 518D is an attachment to the original privileged email.  It is an email

from Mr. Thomson to Mr. Kielbasiewicz, forwarding an email chain between

HarperCollins in house attorney David Daley, HarperCollins General Counsel

Simon Dowson-Collins, Robin Thomson and David Brawn, again discussing

division of revenues between the Estate and HarperCollins.  The email reveals the

legal advice, mental impressions and conclusions of HarperCollins' in house

attorneys concerning both ████████████████████████████████

████████████████████████████████████████.  The emails

are non-responsive, but also privileged and confidential.  Earlier emails in the chain

are between Cathleen Blackburn, Robin Thomson and David Brawn.  In these

emails, Ms. Blackburn provides her legal analysis concerning ████████████

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1 ███████████████████████████████████████████

2 ███████████████████████████████████████████

3 ██████████████████. These are matters of common interest, and

4 are protected from discovery. The remaining discussion ██████████

5 ██████████████████████ which, again, is wholly non-responsive.

(f) No. 518E is an attachment to the original privileged email. It is an email from Mr. Thomson to Mr. Kielbasiewicz, forwarding an email chain between HarperCollins in house attorney David Daley, HarperCollins General Counsel Simon Dowson-Collins, Robin Thomson and David Brawn, again discussing ████████████████████████. The email is an attorney-client privileged communication between HarperCollins employees and HarperCollins in house counsel, and it reveals the legal advice, mental impressions and conclusions of HarperCollins' in house attorneys concerning ██████████ ███████████████████████████████████████████ ██████████████████. The emails are non-responsive, but also privileged and confidential. The earlier emails in the chain, between Cathleen Blackburn and Robin Thomson, are the same emails discussed in No. 518D, and should not be disclosed for the reasons discussed above.

(g) No. 518F is an attachment to the original privileged email. It is an email from Mr. Thomson to Mr. Kielbasiewicz, forwarding an email chain between HarperCollins in house attorney David Daley, HarperCollins General Counsel Simon Dowson-Collins, Robin Thomson and David Brawn. It is essentially a continuation of the discussion described in 518D and E, concerning ██████████ ███████████████████████. For the reasons discussed above, the attachment is non-responsive, privileged and highly confidential.

(h) No. 518G is an attachment to the original privileged email. It is an email from Mr. Thomson to Mr. Kielbasiewicz, forwarding the email chain between Cathleen Blackburn, Robin Thomson and David Brawn discussed in Nos. 518D-F,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   above.  For the reasons discussed above, the attachment should not be produced.

2   However, the document also attaches a December 2, 1936 Agreement between

3   Professor Tolkien and George Allen & Unwin, Ltd, which was previously produced

4   as PLAINTIFFS044328-42330A.

5       (i) No. 518H is an attachment to the original privileged email.  It is an email

6   from Mr. Thomson to Mr. Kielbasiewicz.  <u>The email makes clear that all of the</u>

7   <u>previous attachments discussed herein as 518A-G, are privileged</u> – Mr. Thomson

8   notes that he will be forwarding ███████████████████████████████

9   ████████████████████████████████████████████████

10  ████████████████████████████████████████████████

11  ████████████████████████████████████████████████

12  This demonstrates that this entire Document No. 518, reflects the legal

13  investigation and analysis of HarperCollins attorney David Daley and are is

14  privileged (in addition to being non-responsive).  The document also forwards the

15  exchange between Cathleen Blackburn, Robin Thomson and David Brawn

16  discussed in Nos. 518D-F, above.  And, it attaches a series of royalty statements

17  from Zaentz which were previously produced as PLAINTIFFS001472-1493.

18      (j) No. 518I is an attachment to the original privileged email.  It is an email

19  from Mr. Thomson to Mr. Kielbasiewicz, forwarding an email chain between

20  HarperCollins attorneys David Daley and Simon-Dowson Collins and Harper

21  Collins employees David Brawn, Robin Thomson and Ed Kielbasiewicz, reflecting

22  counsel's legal advice and analysis.  It also includes a draft email prepared by

23  David Daley, which Mr. Thomson indicates was never sent.  The document is non-

24  responsive, but it is also is an attorney client privileged document and an attorney

25  work product communication between HarperCollins and its in house counsel.

26      **26.   Document No. 842:**  This document is a 2011 email chain discussing

27  ████████████████████████████████████████████████

28  ████████████████████████████████████████

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1 ████████████. The chain begins with an email dated February 16, 2011,

2 from Lucy Vanderbilt, Group Rights Director at HarperCollins, to Simon Dowson-

3 Collins, General Counsel for HarperCollins, asking for legal advice and assistance

4 on the issue and forwarding an earlier email discussion between Ms. Vanderbilt and

5 Juliet Mason at Zaentz.  Ms. Vanderbilt's email to Mr. Dowson-Collins is

6 forwarded to various people within HarperCollins:  Robin Thompson (royalties

7 department at HarperCollins), Ed Kielbasiewicz (HarperCollins' Finance Director

8 and Company Secretary), David Brawn and Eleanor Goymer (head of fiction

9 publishing rights at HarperCollins).  The email chain continues among these

10 internal HarperCollins recipients, and the discussion centers around ████

11 ████████████████████. Because questions are posed to Mr.

12 Dowson-Collins, the document constitutes an attorney-client privileged

13 communication.  However, in reviewing the document for this in camera

14 submission, we realized that the document should more appropriately have been

15 redacted, since the portion of the email chain constituting the discussion between

16 Ms. Vanderbilt and Ms. Mason (from Zaentz) is not privileged.  We will therefore

17 produce the document in redacted form.

18     **27.    Document No. 852:**  This is a letter from David Brawn at

19 HarperCollins to Cathleen Blackburn dated November 21, 1997, concerning █



20-25 ████████████████████████████████████████

25 ██████████. The communication is made to facilitate Ms. Blackburn's

26 protection of the Estate and HarperCollins' jointly held rights.  The Estate and

27 HarperCollins' legal interests are aligned, and Ms. Blackburn and Mr. Brawn were

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

working together to further that common legal interest.  The document is thus protected from disclosure.

28.     **Document No. 936:**   This is a letter from Rayner Unwin to Dick Williamson dated February 2, 1982.  Mr. Unwin details ███████████████ ███████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ █████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████.  Mr. Unwin, on behalf of HarperCollins' predecessor George Allen & Unwin, co-owner with the Estate of intellectual property, is seeking legal advice from Mr. Williamson regarding ██████████████████████████████████████████████ ████████████████████████████████████.  The common interest privilege applies in this context.

29.     **Document No. 992:**   This is a memo dated December 19, 1991 from Mary Butler, former publishing executive at HarperCollins, to Pam White, a HarperCollins Rights and Contracts Manager.  Prior to sending the memo, Ms. Butler had discussed with Dick Williamson whether the Estate and HarperCollins, as joint copyright owners in and to the Tolkien Works, ██████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ████████████████████████████████████.  It is protected by the common interest privilege.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

30.   **Document No. 1005:**  This is a letter from Cathleen Blackburn to HarperCollins' Mary Butler dated July 22, 1993, enclosing a draft letter to Laurie Battle (licensing executive at Zaentz) and an accompanying draft table, concerning computer games.  (The draft was logged separately and is not part of this document).  At the time, the Tolkien/HC Parties and Zaentz were engaged in a dispute over computer games.  Zaentz had begun to contend that the newer types of computer games being developed by HarperCollins' third party licensee under certain 1990 and 1991 licenses were more "graphics-based" than "text-based," and thus more appropriately fell on Zaentz's side of the "line."  As joint rights holders in the Tolkien Works, the Tolkien Estate and HarperCollins were working closely together to protect their jointly held rights and in anticipation of potential litigation with Zaentz.  In the course of this dispute, Laurie Battle had asked Ms. Blackburn to prepare a chart detailing the computer games that had been licensed by HarperCollins to date, and to provide a "clear picture" of the history of such licensing.  Ms. Blackburn had indicated to Ms. Battle that she would be soliciting the assistance of Mary Butler in that endeavor.  This document was prepared to facilitate Ms. Blackburn's and Ms. Butler's joint efforts to deal with Zaentz on the disputed computer games issue and protect and assert the Tolkien/HC Parties' common legal interests.

31.   **Document No. 1040**. This is a letter from Rayner Unwin to Dick Williamson discussing an enclosed letter from Beam Software (which has been produced as PLAINTIFFS037190-91).  The document reflects ███████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ██████████████████.  The Tolkien Estate and HarperCollins were working together to protect and enforce their jointly-held rights in and to the Tolkien Works. The document is thus protected as a common interest communication.

**32.**   **Document No. 1062**.  This is a typewritten agenda in preparation for a meeting between HarperCollins and Dick Williamson, with handwritten notes, dated June 29, 1988.  We believe that the document was prepared by Mary Butler, and that the handwritten notes were made by Ms. Butler during the meeting, reflecting matters that were discussed at the meeting.  Many of the matters listed in the document are wholly irrelevant to the disputed issues in this litigation and are not responsive to Defendants' document requests (as narrowed by the parties' meet and confer discussions).  There are, however, several issues discussed concerning ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████████████.  The document reflects privileged communications on matters of common interest.  Defendants are not entitled to discover what legal and commercial issues the parties were discussing concerning their shared rights, at any given time.

**33.**   **Document No. 1072.**  In this February 4, 1988 letter to Dick Williamson, Rayner Unwin solicits Mr. Williamson's legal advice in connection with ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████  The document clearly seeks Mr. Williamson's legal advice on matters of common interest between the Tolkien Estate and HarperCollins, and is privileged and protected from disclosure.

**34.**   **Document No. 1088.**  This draft agenda was prepared by Cathleen Blackburn to outline matters to be discussed with HarperCollins and Tolkien Estate representatives at an upcoming meeting. Although the document primarily lists matters which are wholly irrelevant to the disputed issues in this litigation and

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

which are not responsive to Defendants' document requests (as narrowed by the parties' meet and confer discussions), there are several matters which relate to legal issues concerning ██████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████. These are matters of common interest between the Tolkien Parties and their joint rights holders, HarperCollins. Defendants are not entitled to discover what issue the Tolkien/HC Parties' counsel deemed critical or important at any given time, as those decisions necessarily reflect the legal advice, mental impressions and legal conclusions of counsel, including on matters in dispute in this litigation. For the reasons discussed above, the document is privileged and protected from disclosure.

**35.** __Document No. 1090__. This agenda was prepared by Cathleen Blackburn in advance of a meeting on March 27, 2001. It contains the handwritten notes of David Brawn, which we believe were made at the meeting with Ms. Blackburn. The document details several matters which relate to legal issues concerning ███████████████████████████████ ████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ██████████████████ another matter of common interest among the parties. The agenda items themselves, and Mr. Brawn's handwritten notes on these items, reveal the legal advice, mental impressions and legal conclusions of counsel on matters of common interest between HarperCollins and the Tolkien Estate. For the reasons set forth above, the document is privileged.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590



**36.** <u>**Document No. 1091**</u>.  This is a faxed memorandum from Cathleen Blackburn to Nicola Holmes in the Legal and Contracts department at HarperCollins.  The memo discusses ██████████████████████████ ████████████████ █ █████████████████████ ████████████████████████████████ ████████████████████████████████ ██████████████████████████████ ████████████████████████████ ████████████████████████████ ███████████████████████████ and HarperCollins had sought the legal advice of Cathleen Blackburn on the matter.  In this document, Ms. Blackburn discusses her legal interpretation and analysis regarding the ████████████████████████ ███████████████████████████  The document discloses Ms. Blackburn's legal analysis, interpretation and advice on matters of common interest between the Estate and HarperCollins.  It should not be produced.

**37.** <u>**Document No. 1098.**</u>  In this July 17, 1996 letter from Cathleen Blackburn to David Brawn, Ms. Blackburn sets out her legal advice, mental impressions and legal conclusions concerning ██████████████████████ ███████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ █████████████████████████ █████████████████████████ █████████████████████████ ████████████████████████

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  ████████████████████████████████████████████████████

2  ███████████████████████████████████████████. Ms.

3  Blackburn does so in furtherance of the parties' shared legal and commercial rights.

4  The communication is protected by the common interest privilege.

5       **38.**   **Document No. 1106**.  This is an April 23, 1999 fax letter from

6  Cathleen Blackburn to the Tolkien Estate's U.S.-based outside counsel, Jeremy

7  Nussbaum of the Kay Collyer &Boose firm, seeking legal consultation and advice

8  concerning ██████████████████████████████████████

9  ██████████████████████████████████████████

10  ████████████████████████████████████████████

11  ██████████████████████████████████████████

12  ███████████████████████████████████████.

13  This is clearly an attorney-client privileged communication.  It also reveals Ms.

14  Blackburn's mental impressions, legal conclusions and analyses, and thus the

15  document constitutes attorney work product as well.

16       **39.**   **Document No. 1107**.  This is an April 26, 1999 faxed letter from

17  Cathleen Blackburn to David Brawn, concerning ████████████████

18  ██████████████████████.  The letter attaches the April 26, 1999 fax

19  from Ms. Blackburn to Christopher Tolkien attaching her letter to outside counsel

20  Jeremy Nussbaum, separately logged as No. 241 (Issue No. 21, above).  As

21  discussed above in Issue Nos. 20 and 21, the matter being discussed between and

22  among the Estate, HarperCollins, and counsel is the legal dispute with Zaentz

23  regarding ████████████████████████████████████

24  ██████████████████████████████████████████

25  ██████████████████.  As joint rights holders in and to the Tolkien Works, the

26  Tolkien/HC Parties shared a common interest privilege with respect to

27  administration and licensing of their joint rights, including with respect to ██████

28  ████████████████████████████████████████

**GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP**
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

5 ███████████████████████. Here again, defendants are

6 not entitled to discover what legal disputes Ms. Blackburn was discussing with the

7 Estate's joint copyright holder, HarperCollins, at any given time.

8     **40.**   **Document No. 1131.**  This are typewritten notes prepared by Mary

9 Butler, memorializing the discussions at a January 27, 1986 meeting with Dick

10 Williamson, his colleague at the law firm of Morrell, Peel & Gamlen, attorney

11 Philip Bradley, and Rayner Unwin.  Much of the document discusses matters that

12 are non-responsive and wholly irrelevant to the present case, such as ███████

21 ██████████  These legal matters were discussed in confidence by joint rights

22 holders in furtherance of protecting and asserting their shared rights.  The document

23 should not be produced.

24     **41.**   **Document No. 1151.**  This is a letter from Dick Williamson to Rayner

25 Unwin dated November 25, 1986 in which Mr. Williamson details several legal

26 issues arising out of ███████████████████████████████████

28 ████████████████████████████████████ as a result,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

32

the document reveals the mental impressions and conclusions of counsel on a matter of common interest between the Estate and HarperCollins.  Mr. Williamson further advises Mr. Unwin as to how he believes the Tolkien/HC Parties should handle certain of these matters.  Mr. Williamson is clearly providing legal advice on matters of common interest between the Tolkien Estate and HarperCollins to protect and enforce their jointly held rights ███████████████████████.  The document is protected by the common interest privilege.

42.   **Document No. 1166**.  This is a letter from Dick Williamson to Rayner Unwin dated December 24, 1985 concerning a third party permission request to produce a dramatic performance of The Hobbit.  Mr. Unwin had sent the request to Mr. Williamson to seek his legal advice and counsel as to ████████████ ██████████████████.  In this document, Mr. Williamson provides his legal advice and conclusions on the subject, as well as █ ███████████████████████████████████████ █████████████████ Mr. Williamson's legal advice as to how to best protect and enforce the Tolkien Estate and HarperCollins' jointly held rights, are matters of common legal and commercial interest between the Estate and HarperCollins.

43.   **Document No. 1167**.  This is a letter dated December 3, 1985 from Rayner Unwin to Dick Williamson, enclosing correspondence concerning a third party permission request about a potential theme park (the enclosure is not included as part of this document).  Mr. Unwin notes ████████████████ ███████████████ and asks Mr. Williamson to provide his legal opinion.  The matter at issue involves efforts to assert and protect the Tolkien Estate and HarperCollins' jointly held rights vis-à-vis third parties.  The document is protected as a common interest communication.

44.   **Document No. 1185**.  This is an April 11, 1984 letter from Rayner Unwin to Dick Williamson concerning ████████████████████████████

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

███████████████████████████████████

██████████████████████████. The document reveals

communications about matters of common interest, including ████████████

███████████████████████████. The document is a

protected common interest communication.

**45.**   **Document No. 1202.**  This March 4, 1982 letter from Dick

Williamson to Mr. Stuart A. Galloway, Esq. has already been produced as

PLAINTIFFS010650 and again as PLAINTIFFS013142.  The document was

mistakenly put on the privilege log in error.

**46.**   **Document No. 1212.**  This letter from Dick Williamson to Rayner

Unwin dated December 23, 1982 relates to ████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████.  The "Roy Gainsburg" to which Mr. Williamson refers is an

attorney at Szold & Brandwen in New York – outside counsel who was advising

the Tolkien/HC Parties in connection with this and other matters.  The document is

protected as a common interest communication.

**47.**   **Document No. 1221.**  In or about the spring of 1983, the Tolkien/HC

Parties had discovered an infringing product – the Hobbit Icon Mini-Computer.

███████████████████████████████████

████████.  In this June 28, 1983 letter, Rayner Unwin is seeking Mr. Williamson's

legal advice as to ████████████████████████████████

████████████.  This is a common interest communication concerning a legal matter

involving the protection and enforcement of the Tolkien/HC Parties' jointly held rights, and is thus protected from disclosure.

48.   **Document No. 1223**.  This document has already been produced as PLAINTIFFS044226.  The document was mistakenly put on the privilege log in error.  However, because it is a non-identical copy of the previously produced document (it has a few handwritten notations), the Tolkien/HC Parties will produce this version of the document to defendants.

49.   **Document No. 1253**.  In this March 26, 1987 document, Rayner Unwin seeks Mr. Williamson's legal advice as to ██████████████████████ ██████████████████████████████████████████████████ ████████████████.   The Estate's and HarperCollins' legal and commercial interests in dealing with this third party are wholly aligned, and Mr. Unwin and Mr. Williamson were working together ██████████████████████████████ ████████████████████████.   The document is a protected common interest communication.

50.   **Document No. 1262**.   This document is an agenda outlining matters to be discussed at an upcoming Tolkien Committee Meeting between Cathleen Blackburn, representatives of HarperCollins, and representatives of the Tolkien Estate.  Although the document primarily lists matters which are wholly irrelevant to the disputed issues in this litigation and which are not responsive to Defendants' document requests (as narrowed by the parties' meet and confer discussions), there are several matters which relate to legal issues concerning ██████████████████ ██████████████████████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ Each of these identified categories relates to subjects of shared legal interest between the Estate and HarperCollins vis-a- vis third parties, and the Tolkien/HC

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION

Parties were meeting to discuss these issues and to formulate positions and responsive action items in order to protect and enforce their jointly-held rights. Defendants are not entitled to discover what particular legal issues the Tolkien/HC Parties were discussing at any given time.

51.   **Document No. 1276.**  This is an agenda detailing matters to be discussed between the Tolkien/HC Parties and Mr. Williamson at an upcoming meeting.  Although the document primarily lists matters which are wholly irrelevant to the disputed issues in this litigation and which are not responsive to Defendants' document requests (as narrowed by the parties' meet and confer discussions), there are several matters which relate to legal issues concerning ████████ ███████████████████████████████████████████████████████ ████████████████████████████████████████████ ███████████████████████████████████████████████. These are matters of shared legal interest between the Tolkien Parties and their joint rights holders, HarperCollins.  This is a protected common interest communication.

52.   **Document No. 1286.**  These are Mary Butler's notes of her conversation with Dick Williamson on August 28, 1991.  Although the document discusses matters which are wholly irrelevant to the disputed issues in this litigation and which are not responsive to Defendants' document requests (as narrowed by the parties' meet and confer discussions), there are several matters reflected which relate to legal issues concerning ████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████. These were matters of shared legal and commercial interest between the Estate and HarperCollins, and Ms. Butler's communications with Mr. Williamson were made in furtherance of their commonly-held rights.  This is a protected common interest communication.  Defendants are not entitled to discover what particular legal issues

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION

1   the Tolkien/HC Parties were discussing at any given time particularly where, as

2   here, those interests are aligned as against Zaentz (and other third parties).

3       **53.**    **Document No. 1289.**  These are Mary Butler's notes of a meeting with

4   Dick Williamson on January 21, 1990. Although the document discusses matters

5   which are wholly irrelevant to the disputed issues in this litigation and which are

6   not responsive to Defendants' document requests (as narrowed by the parties' meet

7   and confer discussions), there are several matters reflected which relate to legal

8   issues concerning ████████████████████████████████████████████

9   ████████████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████████████

11  ███████████████████████████████████████████. The

12  document clearly reflects the mental impressions and conclusions of counsel: it

13  discusses, for example, communications between Mr. Williamson and outside

14  counsel Paul Sleven about ████████████████████████████████████

15  ████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████

18  ████████. It also reflects the legal advice of in house HarperCollins attorney

19  Patrick Swaffer concerning ██████████████████████. [After the Tolkien/HC

20  Parties' filed their Confidential In Camera Brief, they learned that Mr. Swaffer was

21  former outside counsel for HarperCollins.] Because it reflects the legal advice,

22  mental impressions and conclusions of counsel on matters of common interest, the

23  document should not be produced.

24      **54.**    **Document No. 1315.**  This document is an agenda outlining matters to

25  be discussed at an upcoming Tolkien Committee Meeting between Dick

26  Williamson, Cathleen Blackburn, Rayner Unwin, David Young and Mary Butler.

27  Although the document primarily lists matters which are wholly irrelevant to the

28  disputed issues in this litigation and which are not responsive to Defendants'

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

37

document requests (as narrowed by the parties' meet and confer discussions), there are several matters which relate to legal issues concerning ███████████ ███████████████████████████████████████████████████████████████████ █████████████████████████████████████████. The document also contains Mary Butler's handwritten notes, taken at the meeting to memorialize issues discussed.  These notes reflect subjects of shared legal interest between the Estate and HarperCollins, vis-a- vis Zaentz, and the Tolkien/HC Parties' shared legal positions and conclusions concerning such matters, such as, for example, █ ████████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████. These communications were made (and the notes memorializing them were taken) in order to protect and enforce the Tolkien/HC Parties' jointly-held rights. Defendants are not entitled to know what legal issues the Tolkien/HC Parties discussed at any given time.  The document is a protected common interest communication.

**55.**   **Document No. 1324.**  This is an agenda detailing matters to be discussed between the Tolkien Parties, the HarperCollins Parties, Cathleen Blackburn and HarperCollins in-house counsel Adrian Laing.  Although the privilege log dates this document as January 10, 2000, that is a typographical error. Plaintiffs have confirmed that the date of the document is January 10, 1995. Although the document primarily lists matters which are wholly irrelevant to the disputed issues in this litigation and which are not responsive to Defendants' document requests (as narrowed by the parties' meet and confer discussions), there are several matters which relate to legal issues concerning ███████████ ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████ █████████████████████████████████████████████ ████████████. The document indicates which legal matters are going to be

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   addressed by attorney Adrian Laing ("AL" in the document) and that Jim Fox,

2   another in house attorney for HarperCollins, will be briefed by Mr. Laing about

3   ██████████████████████████████.   Defendants are not entitled to discover

4   what issue the Tolkien/HC Parties' counsel jointly deemed critical or important at

5   any given time, nor are they permitted to learn what matters were being handled by

6   HarperCollins in house counsel at any given time, as those decisions necessarily

7   reflect the legal advice, mental impressions and legal conclusions of counsel.  For

8   the reasons discussed above, the document is privileged.

9       **56.**   **Document No. 1326**.  This is the same document as Document No. 59

10  (Issue No. 7), above, except that it contains additional handwritten notes of Mary

11  Butler concerning the discussions she had with Ms. Blackburn on the subjects

12  listed.  For the reasons set forth above, the document is privileged.

13      **57.**   **Document No. 1334**.  This is an agenda detailing matters to be

14  discussed between the Tolkien/HC Parties and Cathleen Blackburn at an upcoming

15  meeting.  Although the document primarily lists matters which are wholly

16  irrelevant to the disputed issues in this litigation and which are not responsive to

17  Defendants' document requests (as narrowed by the parties' meet and confer

18  discussions), there are several matters which relate to legal issues concerning ████

19  ████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████

22  ████████████████████.  These are all subjects of shared legal and commercial

23  interest between the Estate and HarperCollins, and the Estate and HarperCollins

24  were working jointly to further those common interests as against third parties.

25      **58.**   **Document No. 1369.**   This is a June 5, 1984 letter from David

26  Fielder, editorial director at HarperCollins, to Dick Williamson, concerning █

27  ████████████████████████████████████████████████

28  ████████████████████.  Mr. Williamson had been providing legal advice to the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION

Estate and HarperCollins jointly as to ███████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

███████████████████████████. The letter is both a

follow up and a precursor to legal discussions between Mr. Williamson and

HarperCollins impacting the parties shared legal rights vis-à-vis third parties Beam

and Zaentz.  The document is a protected common interest communication.

**59.**  **Document No. 1418.**  This is the same document as Document No.

1088 (Issue No. 34, above).  For the reasons set forth above, the document is

privileged.

**60.**  **Document No. 1433**  This is an agenda prepared by Cathleen

Blackburn detailing matters to be discussed between the Tolkien Estate and their

attorney, Cathleen Blackburn, at an upcoming meeting on July 16, 2007.  Although

the document primarily lists matters which are wholly irrelevant to the disputed

issues in this litigation and which are not responsive to Defendants' document

requests (as narrowed by the parties' meet and confer discussions), there are several

matters which relate to legal issues concerning ███████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████. The

document was prepared as a precursor to discussions between Ms. Blackburn and

her clients; defendants are not entitled to discover what issue the Tolkien Parties'

counsel deemed critical or important at any given time, as those decisions

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION

1    necessarily reflect the legal advice, mental impressions and legal conclusions of

2    counsel.  For the reasons discussed above, the document is privileged.

3        **61.    Document No. 1457.**  This document consists of an email from

4    HarperCollins' David Brawn to HarperCollins in house attorney David Daley and

5    HarperCollins marketing executive Barry Clark, forwarding an email from Cathleen

6    Blackburn (via her assistant Ms. Peedell) and an attached summary of meeting

7    between HarperCollins executives David Brawn, Barry Clark, David Daley,

8    Cathleen Blackburn and her colleague at Manches, attorney Edward Humphries.

9    This attached meeting summary details legal matters which were discussed at the

10   meeting, including ████████████████████████████████████████

11   ████████████████████████████████████████████████████████

12   ████████████████████████.  The document plainly reflects advice, and mental

13   impressions and conclusions of counsel for HarperCollins and counsel for the

14   Tolkien Estate, who were working together to further their shared legal and

15   commercial interests as joint rights holders.

16       **62.    Document No. 1470.**  This is a letter dated September 12, 1969 from

17   Rayner Unwin to Dick Williamson, concerning the negotiation and execution of the

18   contracts at the heart of this litigation – the 1969 Agreements and Schedules D.

19   Mr. Williamson provided legal advice to the Estate and HarperCollins on these

20   matters, as joint rights holders. ████████████████████████████████

21   ████████████████████████████████████████████████████████

22   ████████████████████.  The document reflects shared legal matters between the

23   Estate and HarperCollins concerning the state and status of these contracts; this

24   common interest communication should not be produced.

25       **63.    Document No. 1524.**  These are undated handwritten notes prepared

26   by Mary Butler addressing various issues impacting the Estate and HarperCollins'

27   shared legal and commercial rights.  Most of the notes discuss matters which are

28   wholly irrelevant to the disputed issues in this litigation and which are not

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

responsive to Defendants' document requests (as narrowed by the parties' meet and confer discussions). There are, however, several matters which relate to legal issues concerning ███████████████████████████████████████████ ███████████████████████████████████████████ ████████████████████. The document reflects legal discussions Ms. Butler was having with Ms. Blackburn at the time concerning ██████████████████. Defendants are not entitled to discover what shared legal issues the Estate and HarperCollins were discussing at the time. These are protected common interest communications.

    **64.**   **Document No. 1525.**  This is a letter from Dick Williamson to Rayner Unwin dated December 29, 1983. It is sent in connection with the dispute between the Tolkien/HC Parties and Zaentz concerning █████████████████████ ███████████████████████████████████████████ ██████████████████████. The document reflects Mr. Williamson's legal advice, mental impressions and conclusions and legal opinions and strategy ███████████████ with respect to this matter of shared legal interest.

    **65.**   **Document No. 1575.**  This is a letter dated August 3, 2000 from Cathleen Blackburn to the Tolkien Estate's U.S.-based outside counsel, Jeremy Nussbaum of the law firm of Kay Collyer & Boose. Ms. Blackburn solicits Mr. Nussbaum's legal advice concerning ██████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ██████████████████████. The document unquestionably is protected by the attorney-client privilege and the attorney work product doctrine.

    **66.**   **Document No. 1801.** This is a memorandum prepared by the Tolkien Estate's attorney, Cathleen Blackburn, summarizing her mental impressions and

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  legal conclusions following a July 24, 2001 meeting with representatives from

2  Zaentz.  Mr. Nussbaum, the Tolkien Estate's U.S.-based outside counsel, and Ms.

3  Blackburn's colleague, attorney Edward Humphries, were also in attendance.

4  ████████████████████████████████████████████

5  ████████████████████████████████████████████

6  ████████████████████████████████████████████

7  ████████████████████████.  Messrs. Nussbaum and Humphries and Ms.

8  Blackburn were not acting in a "business capacity," contrary to what Defendants

9  would have the Court believe.  These attorneys attended the meeting as counsel for

10  the Tolkien Parties, to protect and assert their clients' legal rights (as well as those

11  of joint rights holders HarperCollins).  These notes by the Tolkien Estate's counsel

12  are unquestionably her attorney work product, and they are not discoverable.  They

13  reflect her mental impressions and conclusions, in that they reveal what she felt was

14  important to memorialize, and her interpretation of the matters discussed at the

15  meeting.  Additionally Ms. Blackburn prepared these notes for her client

16  Christopher Tolkien's information, and another identical version of this document

17  was forwarded to Mr. Tolkien.  Accordingly, even if the work product doctrine did

18  not apply, the document is protected by the attorney-client privilege.  We note that

19  Warner has withheld similar documents prepared by its in house attorney Ben

20  Zinkin.

21  　　　67.　　**Document No. 1828.**  This is an email from HarperCollins' David

22  Marshall to Cathleen Blackburn dated August 11, 1998, seeking her legal advice

23  ████████████████████████████████████████████

24  ████████████████████████████████████████████

25  ████████████████████████████████████████████

26  ████████████████████████████████████████████

27  As is set forth above, employees of HarperCollins regularly sought Ms.

28  Blackburn's legal advice and counsel in dealing with third parties concerning rights

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION

jointly held by the Estate and HarperCollins, and Ms. Blackburn provided that legal advice as to how to best protect and assert those commonly held rights.  This document concerns subjects of shared legal interests between the Estate and HarperCollins, and Ms. Blackburn and Mr. Marshall were working jointly to further that common legal interest as against third parties.

68.   **Document No. 1829**.  This email is Ms. Blackburn's response to Mr. Marshall's request for legal advice concerning █████████████████████ referenced in Document No. 1828, above.  Ms. Blackburn provides Mr. Marshall with her legal analysis of ████████████████████████████████████████████████████████████████████████████████████████████.  The document reflects Ms. Blackburn's legal advice, analysis, mental impressions and conclusions, and is a protected common interest document for the reasons set forth above.

69.   **Document No. 2057**.  This document is a September 6, 1989 letter from Dick Williamson to Nigel Palmer, a solicitor at S.J. Berwin & Co. specializing in film and television.  Mr. Palmer was retained to represent and advise the Estate and consult with Mr. Williamson in connection with ████████████████████████████████████████████████.  In this document, Mr. Williamson provides his analysis of the factual and legal history, provides his legal opinion and contractual analysis as to ████████████████ flags various legal questions and concerns, for which he and the Estate seek Mr. Palmer's advice, given his specialized knowledge bearing on the issues under negotiation.  He does so in order to give solicitor Palmer the background factual information and legal landscape, so that Mr. Palmer can provide legal advice to the Estate.  The document also reflects communications Mr. Williamson had with Professor Tolkien and other Estate representatives.  The document is protected under the attorney-client privilege and attorney work product

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  doctrine, as would be any other communication between co-counsel on such legal

2  matters.

3      **70.**  **Document No. 2127**.  This document is an Attendance Note prepared

4  by Cathleen Blackburn reflecting her conversation with her clients Christopher and

5  Baillie Tolkien on July 26, 2001.  Most of the document concerns matters which are

6  wholly irrelevant to the disputed issues in this litigation and which are not

7  responsive to Defendants' document requests (as narrowed by the parties' meet and

8  confer discussions).  There is a section, however, detailing Ms. Blackburn's

9  discussions with her clients concerning ███████████████████████████

10 ████████████████████.  The discussion is rife with Ms. Blackburn's

11 mental impressions and conclusions, as well as her legal advice as ██████████████

12 ██████████████████████████████████████████████████

13 ██████████████████████████████████████████████████

14 ████████████████████████████.  The document is protected

15 under the attorney-client privilege and attorney work product doctrine.

16     **71.**  **Document No. 2129**.  This is a letter from HarperCollins' David

17 Marshall to Cathleen Blackburn dated July 11, 2001.  Mr. Marshall is seeking legal

18 advice from Ms. Blackburn concerning ███████████████████████████

19 ████████████████████████████████████████████████

20 ████████████████████████████████████████████████

21 ████████████████████████████████████████████████████

22 ████████████████████████████████████████████████

23 ████████████████████████████████████████████████████

24 ██████████████████████████████████████████████████

25 ██████████████████████████████████████████.  This is a

26 protected common interest communication.

27     **72.**  **Document No. 2158**.  This is a letter from Dick Williamson to his

28 client, Christopher Tolkien, copying Rayner Unwin, dated May 31, 1979.  The



letter discusses ███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████. Mr. Williamson also

discusses his strategy ████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████

█████████████████████████████████████████████. The

document reflects Mr. Williamson's legal advice to his client, and also reflects his

analysis, mental impressions and conclusions, and thus the communication is

protected by the attorney-client privilege and the attorney work product doctrine.

The fact that Mr. Unwin is copied does not destroy the privilege, as HarperCollins

and the Estate had a common interest in acting together vis-à-vis third parties such

as Zaentz to protect and assert their jointly held rights.

   **73.** <u>**Document No. 2191**</u>.   This is a February 24, 2000 letter from

Cathleen Blackburn to her client, Priscilla Tolkien, in which she provides her legal

advice and analysis concerning ███████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████. She also describes her

conversation with another Tolkien representative, Christopher Tolkien, and details

his confidentially-communicated views on the matter.  The document is a protected

attorney-client privileged communication; it is also protected as attorney work

product because it reveals the mental impressions and conclusions of counsel.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION

74. **Document No. 2196**. In this March 19, 1996 letter to David Marshall, Cathleen Blackburn responds to Mr. Marshall's request for legal advice as to ███ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███. Ms. Blackburn provides her legal analysis and advice, and her recommendation as to how the matter should be handled. The document is a common interest communication designed to protect, assert and enforce the Tolkien/HC Parties' jointly-held rights vis-à-vis third parties.

75. **Document No. 2198**. This is a cover letter from Cathleen Blackburn to Rayner Unwin enclosing the same agenda contained in Document No. 202 (Issue No. 18), above. The matters discussed in the agenda are subjects of shared legal and commercial interest between the Estate and HarperCollins, as joint rights holders; the Estate and HarperCollins were working together to further those common interests and against third parties, including Zaentz. For the reasons discussed above, the document should not be disclosed.

76. **Document No. 2200**. This is a cover letter from Cathleen Blackburn to David Brawn enclosing the same agenda contained in Document No. 202 (Issue No. 18) and Document No. 2198 (Issue No. 75), above. The matters discussed in the agenda are subjects of shared legal and commercial interest between the Estate and HarperCollins, as joint rights holders; the Estate and HarperCollins were working together to further those common interests and against third parties. For the reasons discussed above, the document should not be disclosed.

77. **Document No. 2202.** This is a fax from David Brawn to Cathleen Blackburn dated February 11, 2003 enclosing a third party permission request. The enclosure is not part of this document and has been separately produced as PLAINTIFFS012531-33. The document also contains a handwritten notation from Ms. Blackburn reflecting her mental impressions and conclusions as to how the matter should be handled. ████████████████████████████████████████████

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████. As a

3 result the common interest privilege applies to protect the document from

4 disclosure.

5     **78.** __Document No. 2237__.  This is a presentation document created by

6 HarperCollins and provided to Cathleen Blackburn in connection with a meeting

7 dated March 18, 2004.  The meeting – and the document prepared for the meeting –

8 was designed to further the common legal and commercial interests shared by and

9 between the Tolkien Estate and HarperCollins respecting the Tolkien Works.  The

10 document is intended to act as an Agenda for the matters to be discussed with Ms.

11 Blackburn (see p. 2).  Most of the document concerns matters which are wholly

12 irrelevant to the disputed issues in this litigation and which are not responsive to

13 Defendants' document requests (as narrowed by the parties' meet and confer

14 discussions).  There is a section, however, entitled ███████████████

15 ██████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████

17 ██████████████████████████████████████████████████████

18 ████████████████████████████████████████████████████

19 ████████████████████████████████████████████████████

20 ██████████████████████████████████████████████████████

21 ██████████████████████████████████████████████████

22 ██████████████████████████████████████████████████

23 ██████████████████████. The document also contains Ms. Blackburn's handwritten

24 notes reflecting her mental impressions and conclusions on these matters.  These

25 are all subjects of shared legal interest between the Estate and HarperCollins, and

26 the Estate and HarperCollins were working jointly to further those common

27 interests as against third parties, including Warner and Zaentz.

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

79.  **Document No. 2315**.  This is an agenda detailing matters to be discussed between the Tolkien Estate and their attorney, Cathleen Blackburn, at an upcoming meeting on July 16, 2007.  Although the document primarily lists matters which are wholly irrelevant to the disputed issues in this litigation and which are not responsive to Defendants' document requests (as narowed by the parties' meet and confer discussions), there are several matters which relate to legal issues concerning ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.  Defendants are not entitled to discover what issue the Tolkien Parties' counsel deemed critical or important at any given time, as those decisions necessarily reflect the legal advice, mental impressions and legal conclusions of counsel.  The document is plainly protected by the attorney client privilege and the attorney work product doctrine.  It reflects legal matters which Ms. Blackburn intends to discuss with her clients.

80.  **Document No. 2413**.  This is the same document as Document No. 146 (Issue No. 11, above).  For the reasons set forth above, the document is privileged.

81.  **Document No. 2414**.  This is the same agenda as Document No. 146 (Issue No. 11) and Document No. 2413 (Issue No. 80), except that it is a draft version and contains Cathleen Blackburn's handwritten notations and revisions.  For the reasons set forth above, the document is privileged.

82.  **Document No. 2575**.  This document is a chain of emails between Cathleen Blackburn and Steven Maier, U.K. outside counsel for the Tolkien Estate,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

and Barry Slotnick and Seth Gelblum, of the Loeb & Loeb firm, U.S. outside counsel for the Tolkien Estate, dated December 15 and 23, 2004. The email chain forwards an October 22, 2004 email between these parties and Norman Rudman, outside counsel for Zaentz (which email has previously been produced in another form). Loeb & Loeb represented the Tolkien Estate in a variety of legal matters, including in connection with the negotiations with Zaentz of an amendment to the 1969 Agreement concerning stage rights. This email chain concerns the stage rights negotiations, and reflects the legal advice, mental impressions and legal conclusions, and strategy of the Tolkien Estate's counsel in connection therewith. The document is protected under the attorney-client privilege and the attorney work product doctrine.

83.     **Document No. 2608**. This is an email chain between Cathleen Blackburn and her client Adam Tolkien discussing a variety of legal disputes ongoing at the time between the Tolkien/HC Parties and Zaentz, including:

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████

██████████. Mr. Tolkien had asked for Ms. Blackburn's advice and counsel on these and other matters relating to ██████████████████████████ and Ms. Blackburn provides that advice and analysis in her response. The document plainly constitutes and attorney-client privileged communications, and reflects Ms. Blackburn's attorney work product.

84.     **Document No. 2633**. This document consists of a chain of emails exchanged between HarperCollins and Cathleen Blackburn in late 2004 and early

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   2005.  The first email in the chain is an email from David Brawn to Ms. Blackburn

2   copied to HarperCollins employees Amanda Ridout, Trevor Dolby and Chris

3   Smith.  The email discusses ███████████████████████████████████

4   ███████████████████████████████████.  A series of emails follow

5   between Ms. Blackburn and Mr. Brawn.  Most of those emails discuss attempts to

6   schedule a meeting to discuss the proposal and other matters.  But certain of the

7   emails discuss the legal implications █████████████████████████████

8   ██████████████████████████████████████████████████

9   ██████████████████████████████████████████████

10  ████████████████████████████████████████████

11  ██████████████████████████████████████████.  She

12  offers her legal advice, mental impressions and conclusions, █████████████

13  ██████████████████████████████████████████████████

14  █████████████████████████████████████████████████

15  █████████████████████████████████████████████

16  ████████████████████████████████████████████████

17  ██████████████████████████████████████████████████.

18  Ms. Blackburn is providing legal advice to HarperCollins on various legal and

19  commercial matters of common legal interest.  The Estate and HarperCollins were

20  working jointly to further that common interest as against third parties.  The

21  document is a protected common interest privilege.

22      **85.   <u>Document No. 2634</u>**.  This is a letter dated August 22, 2006 from

23  Cathleen Blackburn to HarperCollins Director of Legal Affairs, Simon Dowson-

24  Collins, regarding █████████████████████████████████████████

25  ████████████████████████████████████████████

26  ████████████████████████████████████████.  The letter

27  discusses in detail Ms. Blackburn's contractual analysis █████████████████

28  ██████████████████████████████████████████████████

1 ███████████████████████████████████████████████████

2 ███████████████████████████████████████████████████

3 ██████████████████████████████████████.  The

4 letter also attaches the current draft of the stage rights amendment, which has been

5 produced separately.  Ms. Blackburn, as counsel for the Estate, and Mr. Dowson-

6 Collins, as in-house counsel for HarperCollins, work together frequently to protect,

7 assert and enforce the Tolkien/HC Parties' jointly held rights as against third

8 parties, including Zaentz.  This document is protected by the common interest

9 privilege that attaches to such communications.

10    **86.**  **Document No. 2696**.  This is a letter from Cathleen Blackburn to

11 Mary Butler at HarperCollins dated June 29, 1994.  The letter discusses ████████

12 ████████████████████████████████████████████

13 ████████████████████████████████████████████

14 ███████████████████████████████████████████████████

15 ███████████████████████████████████████████████

16 ███████████████████████████████████████████

17 ███████████████████████████████.  This letter is a

18 confidential communication between Ms. Blackburn and Ms. Butler on the subject,

19 discussing Ms. Blackburn's legal analysis, mental impressions and legal

20 conclusions concerning these issues.  The document is a confidential

21 communication between joint rights holders concerning subjects of shared legal and

22 commercial interest.

23    **87.**  **Document No. 2710**.  This document was withheld in error and will

24 be produced.  The court should note that the bottom email in the chain was

25 produced in a different form (as PLAINTIFFS030199-200), but the full email chain

26 was inadvertently not produced.  We note that Warner did not produce their copy of

27 this email chain from their own files; we assume Warner believed the document to

28 be non-responsive.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION

**88.**   **Document No. 2720**.   This document consists of the following: (1) an email from Tolkien Estate attorney Piers Clayden to HarperCollins' in house counsel Thomas Jarvis, cc: Cathleen Blackburn, and David Brawn and Chris Smith of HarperCollins, forwarding (2) a letter from Piers Clayden to Thomas Jarvis discussing ███████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████.   Ms. Blackburn and her colleagues at Manches, and in house counsel for HarperCollins, often work together frequently to protect, assert and enforce the Tolkien/HC Parties' jointly held rights as against third parties.   The document concerns a subject of shared legal and commercial interest between the Estate and HarperCollins, who were working together to protect and assert those commonly held interests.

**89.**   **Document No. 2722**.   This is an email dated October 13, 2006 from HarperCollins in house attorney David Daley to various HarperCollins employees: Robin Thomson and Jim Holden (both worked in royalties); Simon Dowson-Collins, Director of Legal Affairs; Ed Kielbasiewicz (HarperCollins' Finance Director and Company Secretary); David Brawn (publishing); Lucy Vanderbilt (Group Rights Director) and Gloria Adams (former assistant for Legal Affairs at HarperCollins).   The email attaches the stage rights amendment to the 1969 Agreements, although that agreement is not included in this document. ██ ████████████████████████████████████████████████.   A fortiori, it is an attorney-client communication and should not be produced.

**90.**   **Document No. 2723**.   This email dated October 11, 2007 from Cathleen Blackburn (through her assistant Nicola Peedell) to Robin Thomson and David Brawn at HarperCollins is among the emails discussed above in connection

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

with document No. 518D and E (Issue No. 25 above).  In this email, Ms. Blackburn

provides her legal analysis concerning ████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████.  These are matters of shared legal and commercial

interest and should not be disclosed to defendants. The email also discusses ██

████████████████████████████ which, again, is wholly non-

responsive.  For the reasons discussed above, the document should not be produced.

> **91.**  __Document No. 2724.__  This December 14, 2007 email is Robin
Thomson's response to Ms. Blackburn's email, Document No. 2723, above (Issue
No. 90).  It is also included in the emails discussed at Document No. 518D and E,
above (Issue No. 25).

> **92.**  __Document No. 2727.__  This is a June 15, 2010 email from David
Brawn to Eleanor Goymer concerning ██████████████████████

████████████████████████████████████████████

████.  As the email reflects, Mr. Brawn has been consulting with Cathleen
Blackburn as to ████████████████████████████████

████.  The ████████████ impacted the Estate's and HarperCollins' shared legal
and commercial rights.  This is a protected common interest communication.

> **93.**  __Redacted Document PLAINTIFFS012605.__  As reflected in the non-
redacted portion of this document, Linda Kalin of Zaentz had asked Chris Smith to
comment on proposed wording for Zaentz's Tolkien Enterprises website.  The
language on which Mr. Smith is asked to comment relates to third party inquiries
about rights to produced printed published matter.  Because Zaentz's question
implicated the legal rights of the Tolkien Estate and HarperCollins as joint rights
holders, Mr. Smith forwarded the request to Cathleen Blackburn and raised some of
his legal questions and concerns regarding ██████████████████.  An

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

exchange between Mr. Smith and Ms. Blackburn follows.  In responding to Mr. Smith, Ms. Blackburn advises ███████████████████████████████████ ████████████████████████████████████████████████████████████

The emails between Mr. Smith and Ms. Blackburn have properly been redacted, as they were prepared and exchanged for the purpose of giving or obtaining legal advice in order to protect, assert and enforce the Tolkien/HC Parties' shared legal and commercial interests as against third parties.

94.   **Redacted Document PLAINTIFFS013723**.  The redacted portion of this document contains an email discussion between HarperCollins' Chris Smith and Cathleen Blackburn concerning ████████████████████████ ██████████████████████████████████████.  Ms. Blackburn and Mr. Smith discuss ████████████████████████████████████████████ ████████████████████████████.  Mr. Smith and Ms. Blackburn are communicating confidentially about shared legal and commercial matters that impact the Tolkien/HC Parties.  Defendants are not entitled to learn what matters of common interest were being discussed between the Estate and HarperCollins at any given time.  The document is a protected common interest communication.

95.   **Redacted Document PLAINTIFFS013754**.  The non-redacted portion of this document consists of an email chain between Chris Smith, Cathleen Blackburn, David Brawn and a representative of third party Prima Games asking for approval for the cover of Prima's Two Towers strategy guide.  The last email in the chain, between Chris Smith and Cathleen Blackburn, has been redacted.  In this redacted email, Ms. Blackburn provides legal advice to Mr. Smith in order to protect and assert the Tolkien/HC Parties' jointly held rights as against third party Prima Games.  Ms. Blackburn advises Mr. Smith ████████████████████████████ █████████████████████████████████████████ ████████████████████████████████████

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION

1   ███████   This is a common interest communication reflecting Ms. Blackburn's

2   legal advice, mental impressions and legal conclusions.  Ms. Blackburn and Mr.

3   Smith were working together in furtherance of those commonly held legal rights.

4   The document was properly redacted.

5        **96.**   **Redacted Document PLAINTIFFS039736**.   The redacted portion of

6   this document is an email exchange between Cathleen Blackburn, and David Brawn

7   and Paula Johnson at HarperCollins.  They are discussing ████████████

8   ████████████████████████████████████████████████

9   ████████████████████████████████.  Mr. Brawn

10  seeks Ms. Blackburn's legal advice as to whether ██████████████

11  ████████████████████████████████████████████████

12  ████████████████.  In response, Ms. Blackburn provides her

13  legal analysis as to both the copyright issues and the underlying contractual scheme

14  between the Tolkien/HC Parties and Zaentz as to who owns what rights.  Ms.

15  Blackburn and Mr. Brawn are communicating confidentially concerning matters

16  which affect the Tolkien/HC Parties' shared legal and commercial rights, ████

17  ████████████████████████████████████████████

18  ████████████████ in order to protect and assert these joint rights.  The

19  redacted portions are protected common interest communications, and should not

20  be produced.

21       **97.**   **Redacted Document PLAINTIFFS043480**.  The following text has

22  been redacted from this email chain between Cathleen Blackburn and David Brawn:

23  ████████████████████████████████████████████████

24  ████████████████████████████████████████████

25  ████████████████████████████████████████████████

26  ████████████████████████ This redacted text reflects

27  a legal matter of common interest that Ms. Blackburn intends to discuss with

28  HarperCollins at the upcoming meeting referenced in the email chain.  The subject

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1 concerns ███████████████████████████████████████

2 ████████████████████████████████████████████

3 ████████████████████████. The document was properly redacted

4 pursuant to the common interest privilege.

5      **98.**   **Redacted Document PLAINTIFFS043711.** This document was

6 originally redacted, but on a second-level review of another , more complete copy

7 of this same email chain, it was determined that the document should be produced

8 in un-redacted form. The complete, un-redacted document was produced as

9 PLAINTIFFS043468-43471; due to an administrative error, the second copy of the

10 document was produced in redacted form. In any event, defendants do have a

11 complete version of this document.

12      **99.**   **Redacted Document PLAINTIFFS044225**. This document is Mary

13 Butler's typewritten file note concerning a February 17 telephone call with Zaentz's

14 Laurie Battle. The redacted portions of the document all reflect legal advice

15 obtained from "FRW," meaning Dick Williamson, in connection with ████

16 ████████████████████████████████████████████

17 ████████████████████. The communications were designed to assist

18 the Tolkien/HC Parties in protecting, asserting and enforcing their jointly held

19 rights as against Zaentz and other third parties. Such communications are protected

20 by the common interest privilege.

21      **100.**   **Redacted Document PLAINTIFFS047018**. The following text has

22 been redacted from these handwritten notes of Mary Butler: █████████████

23 █████████████ This redacted note reflects Ms. Butler's question for Dick

24 Williamson concerning a legal matter of common interest between the Tolkien

25 Estate and HarperCollins as joint rights holders, namely, █████████████

26 ████████████████████████████████████████████

27 ████████████. These are subjects of shared legal interest between the Estate and

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION

1    HarperCollins, and Ms. Butler and Mr. Williamson were working jointly to further

2    those common legal interests as against Zaentz.

3

4    **II.    ISSUE NO. 4**

5        **1.    Document No. 135**:  This is a December 17, 1991 letter from Dick

6    Williamson to Mary Butler, in which Mr. Williamson communicates his legal

7    position ███████████████████████████████████████████████████

8    ████████████████████████████.  The communication was made in

9    furtherance of the Estate's and HarperCollins' joint efforts to protect and enforce

10   their commonly held legal and commercial rights vis-à-vis a third party.

11       **2.    Document No. 255**.  This document is another copy of the

12   HarperCollins presentation discussed above at Issue No. 78 (Document No. 2237).

13   This copy does not contain Ms. Blackburn's handwritten notes.  For the reasons set

14   forth above, the document is protected from disclosure by the Tolkien/HC Parties'

15   common interest in protecting, enforcing and asserting their jointly held rights.

16       **3.    Document No. 865**.  As is discussed above, attorneys Cathleen

17   Blackburn and Adrian Laing, on behalf of their respective clients the Tolkien Estate

18   and HarperCollins, worked closely together in protecting and enforcing the

19   Tolkien-related rights their clients share, including with respect to various legal

20   disputes and rights-related and discussions with third parties such as Zaentz.  This

21   particular document was sent by Cathleen Blackburn to Adrian Laing one day after

22   the Tolkien/HC Parties received a May 16, 1996 letter from Zaentz's outside

23   counsel, Mal Burnstein, in which Mr. Burnstein took the position that Zaentz, not

24   HarperCollins, should have the right to license any computer game that used

25   graphics, rather than words or text, as its primary tool.  In her letter, Ms. Blackburn

26   shares her legal analysis, mental impressions and legal conclusions regarding ███

27   ████████████████████████████████████████████████████████

28   ████████████████████████████████████████████████████

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

2 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  Ms. Blackburn copies David Brawn

3 at HarperCollins, but that does not destroy the common interest privilege that

4 attaches to this document.  The document concerns a subject of shared legal interest

5 between the Estate and HarperCollins, who were working jointly to protect and

6 assert their common legal interest as against Zaentz.  The matter of common

7 interest is at the heart of the current litigation, and reveals ▇▇▇▇▇▇▇▇▇▇▇

8 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  This document

9 should not be produced.

10    **4.    Document No. 883**.  This is a letter from Cathleen Blackburn to Mary

11 Butler dated October 15, 1993.  The letter addresses various specific instances in

12 which the Tolkien Estate and HarperCollins were working together to protect and

13 enforce their jointly held rights vis-à-vis third parties, including among ▇▇▇▇

14 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

15 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

16 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

17 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  The

18 document references an attached draft letter prepared by Ms. Blackburn concerning

19 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ but that draft is not included in this particular

20 document.  The document is a common interest communication sent in furtherance

21 of the Tolkien/HC Parties' joint efforts to protect and enforce their shared legal and

22 commercial rights vis-à-vis third parties.

23    **5.    Document No. 894**.  This document is a January 14, 1993 letter from

24 Cathleen Blackburn to Mary Butler, passing on her and Dick Williamson's legal

25 advice concerning ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

26 ▇▇▇▇▇▇▇▇▇▇  Ms. Blackburn's letter reflects Mr. Williamson's assessment

27 of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

28 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  The letter

was sent in furtherance of the Tolkien/HC Parties' efforts to protect and assert their jointly held rights vis-à-vis third party Zaentz.  The letter reflects the legal advice, mental impressions and conclusions of counsel on matters of common interest.

**6.**   **Document No. 962**.  This is a typewritten memorandum prepared by Mary Butler to David Young detailing her May 12, 1994 telephone conversation with Cathleen Blackburn, in which she and Ms. Blackburn discussed ███████ ████████████████████████████████████████████████ ███████████████████████████████████████████████ ████████████████████████████████████████.  There is also an agenda detailing issues Ms. Butler intends to discuss with Ms. Blackburn, including ██████████████████████████████████████████████████.  The memorandum discusses communications between Ms. Butler and Ms. Blackburn in furtherance of the Tolkien/HC Parties' efforts to protect, assert and enforce their jointly held rights vis-à-vis third party Zaentz.  It reflects the legal advice, mental impressions and conclusions of counsel, and is a protected common interest communication.

**7.**   **Document No. 983**.  This is a September 21, 1992 letter from Mary Butler to Cathleen Blackburn soliciting ████████████████████████ ████████████████████████████████████████████████████ █████████████████████████████████████████████████ ███████████████████████████████████████████████████ ████████████████████████.  Because Ms. Butler is soliciting Ms. Blackburn's legal advice as to ████████████████████████████████ ████████████████████████ the document is a protected common interest communication.  (The document references an attached draft agreement, but that draft is not part of this document.  Nor is the May 2, 1990 agreement referenced in the postscript).  Ms. Butler and Ms. Blackburn were working jointly

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION

1 to further the Tolkien/HC Parties' shared legal and commercial interests as against

2 third parties.

3 **8.** **Document No. 997**.  In this August 18, 1994 letter from Mary Butler

4 to Cathleen Blackburn, Ms. Butler responds to Ms. Blackburn's question as to

5 ███████████████████████████████████████████████████

6 ███████████████████████████████████████████████

7 ███████████████████████████████████████████████████

8 ████████████████████████████████████████████

9 ████████████.  The communication was made in furtherance of the Tolkien/HC

10 Parties' joint efforts to protect, assert and enforce their shared legal and commercial

11 rights █████████████████████████████████ and is

12 thus protected as a common interest communication.  (The note referenced in the

13 postscript is not part of this document).

14 **9.** **Document No. 998**.  This is a January 30, 1994 letter from Mary

15 Butler to Cathleen Blackburn, in which Ms. Butler solicits Ms. Blackburn's legal

16 advice as to ███████████████████████████

17 █████████████████████████████████████████████████████

18 ████████████████████████████████████████████████

19 ████████████████████████████████████████████

20 ████████████████████████████████████████████

21 ██████████████████████████████████████████████████

22 ████████████████████████████████████████████

23 ███████████████.  The communication was made in furtherance of the

24 Tolkien/HC Parties' efforts to protect, assert and enforce their jointly held rights as

25 against third party Zaentz in connection with a legal dispute between them, and is

26 thus protected as a common interest communication.

27 **10.** **Document No.  1017**.  This is a letter from Rayner Unwin to Dick

28 Williamson, cc: HarperCollins' employees Robin Hyman, Mary Butler, Marjorie

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION

1   Nelson and Jane Johnson, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

3   Mr. Unwin has prepared the draft, but sends it to Mr. Williamson for his legal

4   analysis and comment as to ▮▮▮▮▮▮▮▮▮▮▮▮.  As Mr. Unwin explains,

5   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  He asks Mr. Williamson

11   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12   ▮▮▮▮▮▮▮ are both communications from Mr. Unwin soliciting legal advice

13   on matters of common interest between the Tolkien Estate and HarperCollins. ▮▮

14   ▮▮▮▮▮ in particular, is a document intended to facilitate the Tolkien/HC Parties

15   efforts to protect, assert and enforce their jointly held legal and commercial rights

16   vis-à-vis third parties.  These are protected common interest communications.

17        **11.**    **Document No. 1029**.  This is a May 11, 1989 letter from Rayner

18   Unwin to Dick Williamson discussing two matters of common legal and

19   commercial interest between the Tolkien/HC Parties and third parties. ▮▮▮▮▮▮

20   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

21   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

22   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

23   ▮▮▮▮▮.  Mr. Unwin asserts his view as to the legal position ▮▮▮▮▮▮

24   ▮▮▮▮▮▮▮▮▮▮▮ and attaches a draft agreement for Mr.

25   Williamson's review.  He solicits Mr. Williamson's comments and legal advice ▮

26   ▮▮▮▮▮▮.  Mr. Unwin sent this document to Mr. Williamson in furtherance

27   of the common legal and commercial interest between the Tolkien Estate and

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION

HarperCollins, as joint rights holders in and to the Tolkien Works. The document is protected from discovery.

12. **Document No. 1092**. This document is an October 15, 1997 letter from Cathleen Blackburn to David Brawn, discussing a third party permission request for an interactive Tolkien dictionary. ███████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████ Ms. Blackburn provided this advice and counsel in furtherance of the common legal interest between the Estate and HarperCollins, as joint rights holders seeking to protect their legal and commercial interests as against Zaentz (as well as the inquiring third party). This is a protected common interest communication.

13. **Document No. 1105**. In this August 4, 1998 letter to Cathleen Blackburn (cc HarperCollins employee David Marshall), David Brawn addresses a request from Zaentz's Laurie Battle for permission to allow its sublicensee Sierra Online to create a premium, specially packaged edition of Sierra's computer game which might include a copy of the three volumes of The Lord of the Rings. ██

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████. Mr. Brawn sent this to Ms. Blackburn in furtherance of the common legal and commercial interest between the Tolkien Estate and

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

REDACTED MEMORANDUM RE: DOCUMENTS SELECTED FOR *IN CAMERA* INSPECTION

HarperCollins, to protect and assert their jointly held rights vis-à-vis third parties Zaentz and Sierra Online.  The document is thus protected from discovery.

**14.    Document No. 1110.**  This is a July 31, 1997 fax from Cathleen Blackburn to David Brawn addressing three matters of common legal and commercial interest between the Tolkien Estate and HarperCollins.  Two of the matters concern works other than The Lord of the Rings and The Hobbit, and are thus wholly irrelevant to the issues presented in this litigation:  (1) a third party request for the film rights in Tolkien's *Roverandum* (a matter wholly irrelevant to the issues presented in this litigation); and (2) audio books of *Sir Gawain and the Green Knight, Pearl and Sir Orfeo*.  The third common interest issue relates to ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████ ████████████.  In this document, Ms. Blackburn provides her legal advice, mental impressions and legal conclusions on these matters.  She also advises Mr. Brawn ████████████████████████████████████ ████████████████████████████████████ ████████  Ms. Blackburn sent this letter to Mr. Brawn to further the common legal and commercial interest between the Tolkien Estate and HarperCollins, and to protect and assert their jointly held rights vis-à-vis third parties.  The document is thus protected from discovery.

**15.    Document No. 1114.**  This is a letter from Cathleen Blackburn to David Marshall, cc David Brawn and Duncan Carson – all HarperCollins employees – reflecting her legal advice and analysis of ████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    ████████████████████████.  The letter is sent to

2    further the Tolkien/HC Parties' common legal and commercial interest vis-à-vis

3    third parties, and to protect and enforce those jointly held rights. The document is a

4    protected common interest communication.

5        **16.   Document No. 1278**.  This is an agenda prepared by Mary Butler in

6    anticipation of an upcoming June 15, 1992 meeting between HarperCollins and the

7    Tolkien Estate and its outside counsel.  Ms. Butler forwards the agenda to Manches

8    attorneys Dick Williamson, Cathleen Blackburn and Nigel Rootes, as well as

9    internally within HarperCollins to Rayner Unwin, Jonathan Lloyd and Mike

10   Cheyne.  Although the document primarily lists matters which are wholly irrelevant

11   to the disputed issues in this litigation and which are not responsive to Defendants'

12   document requests (as narrowed by the parties' meet and confer discussions), there

13   are a few matters which relate to legal issues concerning █████████████

14   ████████████████████████████████████

15   ████████████████████████████████

16   ████████████████████████████████

17   ████████████████████████████████████

18   █████████████████████████████████

19   ██████████████████████████.  Given that each of these

20   topics necessarily involves legal issues to be discussed between the Tolkien Parties

21   and their counsel, and HarperCollins as joint rights holders seeking to protect and

22   enforce their common legal and commercial interests vis-à-vis third parties, the

23   document is protected from disclosure.

24       **17.   Document No. 1287**.  These are typewritten draft notes prepared by

25   Dick Williamson of a meeting he had with HarperCollins representatives, including

26   Mary Butler, Rayner Unwin and in house HarperCollins attorney Patrick Swaffer,

27   on March 27, 1991.  [After the Tolkien/HC Parties' filed their Confidential In

28   Camera Brief, they learned that Mr. Swaffer was former outside counsel for

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

HarperCollins.]  The document contains Ms. Butler's handwritten revisions to the draft notes, which she communicated to Dick Williamson in an April 5, 1991 telephone conversation.  Although the document primarily lists matters which are wholly irrelevant to the disputed issues in this litigation and which are not responsive to Defendants' document requests (as narrowed by the parties' meet and confer discussions), the document reflects several common legal and commercial issues which were the subject of discussion at the meeting, including ███████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████████████████████ ████████████████████████████████████████.  Given that each of these topics necessarily involves legal issues to be discussed between the Tolkien Parties and their counsel, and HarperCollins as joint rights holders seeking to protect and enforce their common legal and commercial interests vis-à-vis third parties, the document is protected from disclosure.   Defendants are not entitled to discover what legal issues the Estate and HarperCollins were discussing in furtherance of their jointly held rights.

**18.**   **Document No. 1326**.  This agenda for an upcoming September 28, 1994 meeting is the same as Document No. 59 (Issue No. 7, Section I above); however, this document also includes handwritten notes which we believe were prepared by Mary Butler at the meeting, memorializing the discussion about various common interest matters.  For the reasons set forth above, the document is protected from disclosure.

**19.**   **Document No. 1396**.  This is a letter dated December 7, 1999 from Cathleen Blackburn to HarperCollins' Director of Legal Affairs (at the time), Adrian Laing.  Ms. Blackburn discusses ███████████████████████ ██████████████████████████████████████████

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION



. This document is classic example of a common interest communication sent to protect, assert and enforce jointly held rights as against a third party.

20.   **Document No. 1425**.  This is an agenda prepared by Mary Butler in anticipation of an upcoming September 28, 1993 meeting between HarperCollins and the Tolkien Estate and its outside counsel Dick Williamson and Cathleen Blackburn.  The document also contains Ms. Butler's handwritten notes taken at the meeting.  Although the document primarily lists matters which are wholly irrelevant to the disputed issues in this litigation and which are not responsive to Defendants' document requests (as narrowed by the parties' meet and confer discussions), there are a few matters which relate to legal issues concerning

. There are also agenda items referencing legal disputes between the Tolkien/HC Parties and other third parties,

. Each of relevant enumerated agenda items identifies categories relates to issues concerning

. Given that each of these topics necessarily involves legal issues to be discussed between the Tolkien Parties and their counsel,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION

and HarperCollins as joint rights holders seeking to protect and enforce their common legal and commercial interests vis-à-vis third parties, the document is protected from disclosure.

21.     **Document No. 1428**.  This copy of the December 1998 Tolkien Permissions Guidelines is the same as Document No. 99 (Issue No. 9, Section I above), except that it does not have Cathleen Blackburn's handwritten notations. For the reasons discussed above, the document should not be produced.

22.     **Document No. 1429**.  In this March 25, 1996 letter to David Brawn, Cathleen Blackburn discusses the permissions guidelines she has prepared.  She encloses copies for Mr. Brawn, HarperCollins' in house counsel David Daley, and others at HarperCollins (David Marshall and Jane Johnson).  The enclosure is not attached to this document, but is discussed below under Issue No. 23, Document No. 1430.  For the reasons discussed above, Ms. Blackburn prepared the Permissions Guidelines to provide legal guidance to both the Tolkien and the HC Parties, as joint owners of rights in and to the Tolkien Works, in administering their jointly-held rights in the Tolkien Works (and other Tolkien-related works not at issue in this litigation), including ███████████████████████████████ ████████████████████████████████████████████████ ███████████████████████████████████.  The document is a confidential common interest communication.

23.     **Document No. 1430**.  This document is the March 1996 Tolkien Permission Guidelines attached to Ms. Blackburn's March 25, 1996 letter (Document No. 1429, Issue No. 22, Section II above).  For the reasons discussed above, the document is a confidential common interest communication and should not be produced.

24.     **Document No. 1431**.  This document is the July 1996 version of the Tolkien Permissions Guidelines prepared by Cathleen Blackburn.  For the reasons

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

discussed above, the document is a confidential common interest communication and should not be produced.

**25.** __Document No. 1461__. This is an internal HarperCollins memorandum dated October 18, 1993 from Mary Butler to David Young, with handwritten notes. Although the document primarily lists matters which are wholly irrelevant to the disputed issues in this litigation and which are not responsive to Defendants' document requests (as narrowed by the parties' meet and confer discussions), there are a few matters which relate to legal issues concerning ███████████. There are also agenda items referencing legal disputes between the Tolkien/HC Parties and other third parties, including ████████████. Although neither Ms. Butler nor Mr. Young are attorneys, the memorandum reflects the legal advice, mental impressions and conclusions of attorneys Cathleen Blackburn, Dick Williamson and Paul Sleven concerning ██████████████.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1

2

3

4

5

6 [REDACTED] These are merely examples.  The

7 document details numerous confidential, common interest communications

8 designed to further the Tolkien Estate's and HarperCollins' efforts, as joint rights

9 holders, to protect, assert and enforce their jointly held legal and commercial rights

10 as against third parties, including Zaentz.  It should not be produced.

11      26.   **Document No. 1468**.  This is a November 27, 1967 letter from Rayner

12 Unwin to Professor J.R.R. Tolkien, copied to Professor Tolkien's attorney Dick

13 Williamson, concerning [REDACTED]

14 [REDACTED]. As noted above, Mr. Williamson was

15 providing legal advice to both the Estate and HarperCollins during the course of

16 these negotiations, as the parties were both contracting with United Artists with

17 respect to their shared copyrights in and to the Tolkien Works. [REDACTED]

18 [REDACTED]

19 [REDACTED]

20 [REDACTED]. The document is a confidential and protected

21 common interest communication.

22      27.   **Document No. 1469**.  This letter was sent by Rayner Unwin to

23 Professor Tolkien and Dick Williamson two days after the last Document

24 (Document No. 1468). [REDACTED]

25 [REDACTED]

26 [REDACTED]

27 [REDACTED]

28 [REDACTED]. For the reasons discussed in

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION

Section II Issue No. 26 (Document 1468), this document is a confidential and protected common interest communication.

28.  **Document No. 1545.**  This document was prepared by Mary Butler to memorialize the discussions at a meeting between various HarperCollins employees (Rayner Unwin, Robin Hyman, Mark Streatfeild, Elizabeth Sich and Jane Johnson). Although none of these people are attorneys, the discussion at the meeting, and thus the minutes, reflect communications between HarperCollins and Dick Williamson concerning various matters, most of which are non-responsive and irrelevant to the issues presented in this litigation.  There are some notes, however, concerning what Mr. Williamson told Rayner Unwin (RSU) about ███████████████████ ████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████ ███████████.  These are subjects of shared legal interest between the Estate and HarperCollins, vis-a- vis third parties, and the HarperCollins employees were meeting to communicate internally about these confidential common interest discussions with Mr. Williamson.

29.  **Document No. 1551.**  This document is an agenda prepared by Mary Butler outlining matters to be discussed at an upcoming Tolkien Committee Meeting.  The document was sent to various HarperCollins employees and Dick Williamson.   Although the document primarily lists matters which are wholly irrelevant to the disputed issues in this litigation and which are not responsive to Defendants' document requests (as narrowed by the parties' meet and confer discussions), there are several matters which relate to legal issues concerning ████████ ███████████████████████████████████ ██████████████████████████████████ ██████████████████████████████████████ ██████████████████  Each of these identified categories relates to

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1 subjects of shared legal interest between the Estate and HarperCollins, vis-a- vis

2 third parties, and the Tolkien/HC Parties were meeting to discuss these issues and

3 to formulate positions and responsive action items in order to protect and enforce

4 their jointly-held rights.   Defendants are not entitled to discover what particular

5 legal issues the Tolkien/HC Parties were discussing at any given time.   The

6 document is a protected common interest communication.

7    30.    **Document No. 1738.**  This is a chain of emails between and among

8 Cathleen Blackburn, and David Brawn and Eleanor Goymer of HarperCollins

9 arising from a request by the Tolkien/HC Parties' Slovakian publishers to record

10 and distribute a Lord of the Rings radio broadcast on CD.  Ms. Goymer notes



11 and she asks for Ms. Blackburn's legal

12 advice as

16 . These

17 communications were made in furtherance of the Tolkien/HC Parties' efforts to

18 protect, assert and enforce their jointly held rights.  Ms. Goymer sought Ms.

19 Blackburn's legal advice as to

20 . Ms.

21 Blackburn provided that legal advice, supported by her mental impressions, legal

22 analysis and legal conclusions.  The document is a protected common interest

23 communication.

24    31.    **Document No. 1741.** In this letter dated November 25, 1997 to

25 Duncan Carson of HarperCollins' legal, contracts and permissions group, Ms.

26 Blackburn discusses

1　████████████████████████████████████████

2　████████████████████████████████████████

3　█████████████████████████████████████

4　████████████████████████████████████

5　████████████████████This document underscores that ███

6　███████████████████████████████████████

7　███████████████████████are confidential communications in furtherance

8　of the Tolkien/HC Parties efforts to protect, assert and enforce their jointly held

9　rights as against third parties, including Zaentz.  Such documents, including this

10　document, are privileged and should not be disclosed.

11　　　　**32.**　　**Document No. 1932**.  This is the same document as Document No.

12　1738, Issue No. 30, Section II, above.  For the reasons discussed above, the

13　document should not be produced.

14　　　　**33.**　　**Document No. 2031**.  In this June 8, 1995 letter to David Brawn,

15　Cathleen Blackburn responds to Mr. Brawn's request for legal advice as to ████

16　███████████████████████████████████.  She

17　provides her legal analysis, mental impressions and legal conclusions as to ████

18　███████████████████████████████████

19　███.  This is a communication in furtherance of the Tolkien/HC Parties' common

20　legal and commercial interest in connection with the Tolkien Works, and should not

21　be disclosed.

22　　　　**34.**　　**Document No. 2104**.  Professor Tolkien sent this December 2, 1968

23　letter to the team involved in advising him on the negotiations of the 1969

24　Agreements between the Estate, HarperCollins' predecessor George Allen &

25　Unwin, and defendants' predecessor United Artists – agent H.N. Swanson, attorney

26　Dick Williamson, and publisher Rayner Unwin.  ████████████████

27　███████████████████████████████.  The

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

73

document is a protected attorney client privileged communication and is also a common interest communication.

35.   **Document No. 2108**.  This is a January 27, 1969 letter from attorney Dick Williamson to his client, Professor Tolkien.  In the letter, Mr. Williamson discusses various legal and confidential financial issues concerning Professor Tolkien.  Among other things, Mr. Williamson discusses ██████████████████ ███████████████████████████████████████████████████████ ████████████████████████████████.  The document is protected from discovery under the attorney-client privilege and the attorney work product doctrine.

36.   **Document No. 2122**.  This is a series of emails between Peter Sherrott at HarperCollins and Cathleen Blackburn arising from a request by the Tolkien/HC Parties' U.S. publisher Houghton Mifflin to use an extract of text from the Tolkien Works digitally on fixed media.  Because Mr. Sherrott ████████████████ ████████████████████████ he asks Ms. Blackburn for her legal advice as to ██████████████████████████████████.  Ms. Blackburn responds, first with some questions, then with her legal analysis and recommendation as to how the parties should proceed to protect and assert their jointly held legal and commercial rights.  The document is a common interest communication and should not be produced.

37.   **Document No. 2124.**  This document is a portion of the email chain discussed as Document No. 2122, Issue No. 36, Section II above.  For the reasons discussed above, the document should not be produced.

38.   **Document No. 2217**.  This document is a portion of the email chain discussed above as Document No. 1738, Issue No. 30, Section II above.  For the reasons discussed above, it should not be produced.

39.   **Document No. 2305.**  This document is a memorandum prepared by Cathleen Blackburn reflecting the draft minutes of a meeting held on February 11,

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590



2000 between representatives of HarperCollins, the Tolkien Estate and Ms. Blackburn.  The document contains Mr. Brawn's handwritten revisions to the minutes, which he forwarded to Ms. Blackburn.   Most of the document addresses matters which are wholly irrelevant to the disputed issues in this litigation and which are not responsive to Defendants' document requests (as narrowed by the parties' meet and confer discussions),  There are, however, a few matters discussed which relate to legal issues concerning ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████.  The memorandum reflects the legal advice, mental impressions and conclusions of Cathleen Blackburn, and details numerous confidential, common interest communications designed to further the Tolkien Estate's and HarperCollins' efforts, as joint rights holders, to protect, assert and enforce their jointly held legal and commercial rights as against third parties, including Zaentz and Warner.  It should not be produced.

40.   **Document No. 2644.**  This is a March 26, 1992 letter from Dick Williamson to Mary Butler, responding to her March 24 letter concerning ████████████████████████████████████████████████████████████████████████████

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION

███████████████████████████████████████████████.
Mr. Williamson's letter was sent in response to Ms. Butler's request for legal advice, and in furtherance of the Tolkien/HC Parties' joint efforts to assert, protect and enforce their shared rights in and to the Tolkien Works, vis-à-vis third parties ██████████████████████████████.  The document is a common interest communication which should not be produced.

41.  **Document No. 2698**.  This is an April 19-20 email chain between David Brawn and various HarperCollins executives (Clive Malcher, Chris Smith, Kate Fitzpatrick and Chris Michaels).  Mr. Brawn email states on its face that he is reporting back internally within HarperCollins about his communications with "the Tolkien Estate's lawyer," meaning Cathleen Blackburn, concerning ████████ █████████████████████████████████████████.  Mr. Brawn and Ms. Blackburn were working together to formulate a joint policy and procedure with respect to this potential third party use, in order to protect and assert the shared legal and commercial rights of the Tolkien Estate and HarperCollins.  Mr. Brawn quotes Ms. Blackburn's legal advice and analysis.  The document reflects a confidential common interest communication and should not be produced.

42.  **Document No. 2718**.  This is an August 13, 2002 email from Manches attorney Edward Humphries to David Brawn, cc Cathleen Blackburn and HarperCollins' employee Barry Clark, attaching notes memorializing a meeting between these individuals in June, 2002.  Much of the document addresses matters which are wholly irrelevant to the disputed issues in this litigation and which are not responsive to Defendants' document requests (as narrowed by the parties' meet and confer discussions).  There are, however, a few matters discussed which relate to legal issues concerning ███████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590



█████████

█████████

████████.  The discussion contained in this section of the notes reflects and reveals the Tolkien/HC Parties' legal strategy as well as the mental impressions and conclusions, and legal advice of counsel acting on the Tolkien/HC Parties' behalves.  There is also a discussion of ████████

█████████

█████████

█████████

████████.  The memorandum reflects the legal advice, mental impressions and conclusions and legal strategies of counsel and details numerous confidential, common interest communications designed to further the Tolkien Estate's and HarperCollins' efforts, as joint rights holders, to protect, assert and enforce their jointly held legal and commercial rights as against third parties, including Zaentz and Warner.  The document should not be produced.

**43.**   **Document No. 2721**.  This is an April 17, 2003 email from Manches attorney Claire Smith to David Brawn, attaching notes memorializing a meeting between Mr. Brawn, Barry Clark, Ms. Smith, Ms. Blackburn, Steven Maier and Manches attorney Piers Clayden on March 25, 2003.  Most of the document addresses matters which are wholly irrelevant to the disputed issues in this litigation and which are not responsive to Defendants' document requests (as narrowed by the parties' meet and confer discussions).  There are, however, a few matters discussed which relate to legal issues concerning ████████

█████████

█████████

█████████

█████████

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  ███████████████████. The discussion contained in this section of the notes

2  reflects and reveals the Tolkien/HC Parties' legal strategy as well as the mental

3  impressions and conclusions, and legal advice of counsel acting on the Tolkien/HC

4  Parties' behalves.  There is also a discussion of ████████████████████

5  ████████████████████████████████████████

6  ██████████████████████████████████████. The

7  memorandum reflects the legal advice, mental impressions and conclusions and

8  legal strategies of counsel and details numerous confidential, common interest

9  communications designed to further the Tolkien Estate's and HarperCollins'

10 efforts, as joint rights holders, to protect, assert and enforce their jointly held legal

11 and commercial rights as against third parties, including Zaentz and Warner.  The

12 document should not be produced.

13       44.   **Document No. 2725**.  This is more of the email chain discussed above

14 at Section I Issue 90 (Document 2723) and Document No. 518D and E (Section I,

15 Issue No. 25).  For the reasons discussed above, the document should not be

16 produced.

17       45.   **Redacted Document PLAINTIFFS014153-54.**  The redacted portion

18 of this document is an email from David Brawn to Cathleen forwarding an

19 (unredacted) email chain between Mr. Brawn and New Line's David Imhoff, in

20 advance of a discussion Mr. Brawn is scheduled to have with Ms. Blackburn as to

21 how to respond.  As the unredacted portion of the document reflects, the

22 Tolkien/HC Parties raised a legal dispute with New Line concerning role playing

23 game books issued by New Line's third party licensee Decipher.  The Tolkien/HC

24 Parties contended that this form of merchandising fell within their reserved rights.

25 He raises other scope of rights issues as to whether quotations have appropriately

26 been used by this sub-licensee.  Mr. Imhoff, on behalf of New Line, essentially

27 blames Zaentz/Tolkien Enterprises.  He notes that the dispute "appears to be a legal

28 difference of opinion beyond New Line and Harper Collins' scope."  He suggests

1   that the Tolkien/HC Parties raise the dispute with Zaentz.  The redacted portion of

2   the document is between Mr. Brawn and Ms. Blackburn alone, and discusses the

3   Tolkien/HC Parties' joint legal position concerning this dispute between the

4   Tolkien/HC Parties, and Mr. Brawn is soliciting Ms. Blackburn's legal advice as to

5   how to proceed.  Mr. Brawn and Ms. Blackburn are acting in concert to protect,

6   assert and enforce the Tolkien/HC Parties' jointly held rights as against Zaentz,

7   New Line and Decipher.  The redacted email is a protected common interest

8   communication.

9        **46.    Redacted Document PLAINTIFFS014286**.  The redacted portion of

10   this document is an email from HarperCollins' David Marshall to Cathleen

11   Blackburn, discussing the forwarded (unredacted) email from Paul Butterfield of

12   third party Monolith Productions; the redacted portion also contains Ms.

13   Blackburn's handwritten notations.  Third party Monolith Productions had inquired

14   as to who owned what rights with respect to computer games based on the Tolkien

15   Works.  Mr. Marshall forwards the email to Ms. Blackburn to solicit her legal

16   advice as to █████████████████████████████████████████

17   ██████████████████████  to protect and assert their rights vis-à-vis this third

18   party request.  Mr. Marshall also asks for Ms. Blackburn's legal advice concerning

19   ██████████████████████████████████████████████

20   ██████████████████████████████████████████████

21   ██████████████████████████████████████████████

22   ████████████████.  Mr. Marshall and Ms. Blackburn are acting in concert to

23   protect, assert and enforce the Tolkien/HC Parties' jointly held rights as against

24   third parties.  The redacted email and accompanying handwritten notes reflecting

25   Ms. Blackburn's mental impressions and legal conclusions are protected by the

26   common interest privilege.

27        **47.    REDACTED DOCUMENT PLAINTIFFS019665-66.**  The redacted

28   portion of this document is an email from Cathleen Blackburn to David Brawn (and

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

a forwarding email to Cathleen Blackburn from her assistant, Nicola Peedell, cc another Manches legal assistant Leslie Dancy), discussing a request from third party Pearson Learning Solutions for digital rights to use text from The Lord of the Rings.  The first redacted email is between Ms. Blackburn and her legal assistants; those are clearly privileged and should not be produced.  In the second redacted email, Ms. Blackburn provides Mr. Brawn with her legal analysis as to ████████

██████████████████████████████████████████████████████████████

████████████████████████.  Ms. Blackburn and Mr. Brawn are acting in concert to protect, assert and enforce the Tolkien/HC Parties' jointly held rights as against this third party.  The redacted email is a protected common interest communication.

**48.   Redacted Document PLAINTIFFSO37209-210.**  The redacted portion of this document is a handwritten post it note prepared by HarperCollins in-house attorney Karly Last during the course of the document collection process in this litigation.  It reflects the file location of this document, and was placed on the document to facilitate return of the document to its proper location once the document was scanned for production.  Due to a clerical error, the post it note was not removed before the document was scanned.  The note was thus redacted as it was wholly irrelevant and non-responsive and not part of this document, and was prepared by counsel during the course of this litigation.  Additionally, a clean and unredacted version of the document was previously produced as PLAINTIFFS037211-37257.

**49.   Redacted Document PLAINTIFFS037403**.  This is a letter from Rayner Unwin to Christopher Tolkien dated December 7, 1983.  Most of the redacted content concerns matters which relate to works that are not at issue in this litigation (The History of Middle-earth" and "The Book of Lost Tales II."); it is thus wholly irrelevant to the disputed issues in this litigation and not responsive to Defendants' document requests (as narrowed by the parties' meet and confer discussions), and was properly redacted on that basis.  The first paragraph of the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

REDACTED MEMORANDUM RE:
DOCUMENTS SELECTED FOR *IN CAMERA*
INSPECTION

1    letter, however, relates to a discussion between Dick Williamson and Mr. Unwin

2    concerning ████████████████████████████████████████████████████

3    █████████████████████████████████████████████████████████████████

4    ████████████████████████████████████████. The redaction reflects

5    Mr. Williamson's mental impressions and conclusions ██████████████████

6    █████████████████████████████████████████████████████████████████

7    ████████████████████████████████████████████████████████████

8    ███████████████████. The redacted content is a protected common interest

9    communication.

10        **50.   Clawed-Back Document PLAINTIFFS 043462--63**.  This document

11   is an email chain between Cathleen Blackburn and HarperCollins' Barry Clark; the

12   first email in the chain is also copied to David Brawn.  The document was clawed

13   back at Mr. Clark's deposition, as it had been inadvertently produced.  The

14   document relates to a discussion between Mr. Clark and third party Vivendi, who

15   had approached Mr. Clark to discuss some promotional ideas they wanted to pursue

16   in connection with a planned computer game launch based on the Tolkien Works.

17   █████████████████████████████████████████████████████████

18   ████████████████████████████████████████████████████████████████

19   █████████████████████████████████████████████████████████████

20   ██████████████████████████████████████████████████████████

21   ███████████████████████████████████████████████████████████

22   ██████████████████████████████████████. As a result of his concern about the legal

23   implications of Vivendi's request, he emailed Ms. Blackburn for her legal

24   perspective on the proposal.  He did not seek, nor did he understand Ms.

25   Blackburn's reply to convey, her opinion on the marketing or commercial merits of

26   Vivendi's promotion proposal.  The marketing and commercial aspects of the

27   proposal were Mr. Clark's area of expertise. The only reason he emailed Ms.

28   Blackburn regarding Vivendi's promotional proposal was to obtain her legal advice

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

as to whether Vivendi's proposal was legally permissible.  The document is a

protected common interest communication.


DATED:  October 20, 2014          GREENBERG GLUSKER FIELDS
                                  CLAMAN & MACHTINGER LLP


                                  By:  /s. Bonnie E. Eskenazi
                                       BONNIE E. ESKENAZI (SBN 119401)

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

84971-00003/2232144.8                    82